ACCEPTED
01-15-00423-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
5/6/2015 7:40:32 PM
CHRISTOPHER PRINE
CLERK

No. 01-15-00423-CV _____

FILED IN
1st COURT OF APPEALS
HOUSTON, TX
MAY 6, 2015
CHRISTOPHER A. PRINE,
CLERK

IN THE

_____ JUDICIAL DISTRICT COURT OF APPEALS

at HOUSTON, TEXAS

IN RE 8650 FRISCO, LLC d/b/a ESTILO GAUCHO BRAZILIAN STEAKHOUSE, MANDONA, LLC, GALOVELHO, LLC, BAHTCHE, LLC, CLAUDIO NUNES, and DAVID JEIEL RODRIGUES,
Relators

ORIGINAL PROCEEDING FROM THE 133rd JUDICIAL DISTRICT COURT

OF

HARRIS COUNTY, TEXAS

PETITION FOR WRIT OF MANDAMUS

*MOSSER LAW PLLC*
James C. Mosser
Texas Bar No. 00789784
Nicholas D. Mosser
Texas Bar No. 24075405
Paul J. Downey
Texas Bar No. 24080659
2805 Dallas Parkway, Suite 220
Plano, Texas 75093
Tel. (972) 733-3223
Fax (469) 626-1073
courtdocuments@mosserlaw.com
**LAWYERS FOR RELATORS**

RELATORS REQUEST ORAL ARGUMENT
RELATORS REQUEST TEMPORARY RELIEF

PETITION FOR WRIT OF MANDAMUS                                      i

## <u>IDENTITY OF PARTIES & COUNSEL</u>

The following is a complete list of the parties, the attorneys, and any other person who has an interest in the outcome of this lawsuit:

**Relators**
8650 Frisco, LLC, d/b/a Estilo Gaucho Brazilian Steakhouse;
Mandona, LLC;
Galovelho, LLC;
Bahtche, LLC;
Claudio Nunes; and
David Jeiel Rodrigues
represented by:

*MOSSER LAW PLLC*
James C. Mosser
Texas Bar No. 00789784
Nicholas D. Mosser
Texas Bar No. 24075405
Paul J. Downey
Texas Bar No. 24080659
2805 Dallas Parkway, Suite 220
Plano, Texas 75093
Tel. (972) 733-3223
Fax (469) 626-1073
courtdocuments@mosserlaw.com

**Respondent**
Honorable Jaclanel McFarland
Judge Presiding
133rd Judicial District Court
Harris County Civil Courthouse
201 Caroline, 11th Floor
Houston, Texas 77002
Tel. 713-368-6200

**Real Parties In Interest**
Los Cucos Mexican Café VIII, Inc.;

Los Cucos Mexican Café IV, Inc.;
Manuel Cabrera; and
Sergio Cabrera,
represented by

Stephens & Domnitz, PLLC
Kelly Stephens
Texas Bar No. 19158300
P.O Box 79734
Houston, Texas 77279-9734
Tel. 281-394-3287
Fax 832-476-5460
kstephens@stephensdominitz.com

Hawash, Meade, Gaston, Neese, & Cicack LLP
Andrew K. Meade
Texas Bar No. 24032854
Jeremy M. Masten
Texas Bar No. 24083454
Samuel B. Haren
Texas Bar No. 24059899
2118 Smith Street
Houston, Texas 77002
Tel. 713-658-3001
Fax. 713-658-9011
ameade@hmgnc.com
jmasten@hmgnc.com
sharen@hmgnc.com

Cox Smith Matthews Incorporated
David Kinder
Texas Bar No. 11432550
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205
Tel. 210-554-5500
Fax. 210-226-8395
dkinder@coxsmith.com

# TABLE OF CONTENTS

**IDENTITY OF PARTIES & COUNSEL**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . **ii**

**TABLE OF CONTENTS**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **iv**

**INDEX OF AUTHORITIES**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **vi**

**STATEMENT OF THE CASE**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **viii**

**STATEMENT OF JURISDICTION**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . **x**

**ISSUES PRESENTED**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **xi**

**STATEMENT OF FACTS**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **1**

**ARGUMENT**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **5**

    *Standard of Review*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **6**

    Los Cucos' Fourth Amended Petition Nonsuits All Prior Claims on which the July 28, 2014 Enforcement Order Is Based. . . . . . . . . . . **8**

    This Voluntary Dismissal Is a Nonsuit. . . . . . . . . . . . . . . . . . . . . . **10**

    This Nonsuit Also Disposes of 8650 Frisco,LLC's Derivative Claims. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **11**

    This Nonsuit Disposed of the Trial Court's July 28, 2014 Order . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **13**

    Counsel for Los Cucos Has Failed to Comply with the Discovery Process; Therefore, Respondent Abused her Discretion in ordering The Production of Documents Or Discovery Sanctions. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **15**

    Respondent's April Orders Constitute a Clear Abuse of Discretion Because the Discovery Sought Was Served on the Requesting Party . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **17**

    There Is No Adequate Remedy by Appeal for These Abuses of Discretion. . . . . . . . . . . . . . . . . . . . . . . . . . . **23**

**PRAYER**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **24**

**CERTIFICATION**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **25**

**CERTIFICATE OF COMPLIANCE.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . **25**

**CERTIFICATE OF SERVICE.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **25**

**APPENDIX AND RECORD..** . . . . . . . . . . . . . . . . . . . . . . . . . . . . **27**

# INDEX OF AUTHORITIES

**<u>CASES</u>**

*Able Supply Co. v. Moye,* 898 S.W.2d 766, 772 (Tex. 1995). . . . . . . . . . . 8

*Aetna Cas. & Sur. Co. v. Specia,* 849 S.W.2d 805, 806 (Tex. 1993). . . 13, 15

*Anderson v. City of Seven Points,* 806 S.W.2d 791, 793 (Tex. 1991). . . . 8, 17

*B & W Supply, Inc. v. Beckman,* 305 S.W. 3d 10, 16 (Tex.App.–Houston [1st Dist] 2009, pet. denied). . . . . . . . . . . . . . . . . . . . . . . 21

*Bair v. Hagans,* 838 S.W.2d 677, 681 (Tex.App.–Houston [1st Dist] 1992, writ denied). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

*BHP Petroleum Co. Inc. v. Millard,* 800 S.W.2d 838, 841 (Tex. 1990). . 12, 13

*C/S Solutions, Inc. v. Energy Maintenance Svcs. Grp. LLC.* 274 S.W.3d 299, 306 (Tex.App.–Houston [1st Dist] 2008, no pet.). . . . . . . . . . . . . . . . 11

*City of Dallas v. Albert,* 354 S.W.3d 368, 375 (Tex. 2011). . . . . . . . . . . . 11

*Dolenz v. All Saints Episcopal Hosp.* 638 S.W.2d 141, 142 (Tex.App.–Fort Worth 1982, writ ref'd n.r.e). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Epps v. Fowler,* 351 S.W.3d 862, 868 (Tex. 2011). . . . . . . . . . . . . . . . . . 10

*FKM Prtshp. v. Board of Regents of the Univ. of Houston Sys.* 255 S.W.3d 619, 633 (Tex. 2008).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*In re BDPJ Houston, LLC,* 420 S.W.3d 309 (Tex.App–Houston [14th Dist.] 2013)(original proceeding). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20-22

*In re CSX Corp.,* 124 S.W.3d 149, 152 (Tex. 2003). . . . . . . . . . . . . . 20, 23

*In re Estate of Kidd,* 812 S.W.2d 356, 359 (Tex.App.–Amarillo 1991, writ denied). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [12](#)

*In re Prudential*, 148 S.W.3d 124, 135-36 (Tex. 2004). . . . . . . . . . . . . . . [7](#)

*In re Team Rocket, L.P.* 256 S.W.3d 257, 259 (Tex. 2008) (original proceeding). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [6](#), [7](#)

*Randolph v. Jackson Walker, L.L.P.* 29 S.W.3d 271, 274-275 (Tex.App.–Houston [14th Dist.] 2000, pet. denied).. . . . . . . . . . . . . . . . [10](#)

*UTMB v. Estate of Blackmon,* 195 S.W.3d 98, 101 (Tex. 2006). . . . . . . . . [12](#)

*Villafani v. Trejo,* 251 S.W.3d 466, 469 (Tex. 2008). . . . . . . . . . . . . [13](#), [14](#)

*Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). . . . . . . . . . . . [7](#), [8](#), [17](#)


**RULES**

TEX. R. CIV. P. 021a. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [18](#), [19](#)

TEX. R. CIV. P. 063. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [9](#)

TEX. R. CIV. P. 065. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [9](#)

TEX. R. CIV. P. 096. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [11](#)

TEX. R. CIV. P. 162. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [10](#), [11](#)

TEX. R. CIV. P. 192.3. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [22](#)

TEX. R. CIV. P. 192.7. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [16](#)

TEX. R. CIV. P. 215.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [16](#), [17](#)

## STATEMENT OF THE CASE

1.  This petition for writ of mandamus is taken from breach of contract suit in which the Real Parties in Interest allege that the Relators have breached a settlement agreement that ended a prior lawsuit. The Real Party in Interest seeks judgment for actual damages totaling $900,000, the cost of Relator's alleged breach.

2.  Respondent in this case is the Honorable Jaclanel McFarland, who presides over the 133rd Judicial District Court located in Harris County at the Harris County Civil Courthouse, 201 Caroline, 11th Floor, Houston, Texas 77002.

3.  Relators seek relief from Respondent's April 1, 2015 Order mandating the production of certain discovery to which the Real Parties in Interest were not entitled.

4.  Additionally, Relators seek relief from Respondent's April 27, 2015 Order barring Relators from conducting discovery related to defending against the breach of contract claim; granting $1,000.00 in attorneys fees to the Real Parties in Interest for costs incurred in securing production of the documents; and deeming conclusively established the issue of irreparable harm to Real Parties in Interest

from the lack of a signed note and security interest.

# STATEMENT OF JURISDICTION

This Court has jurisdiction to issue a writ of mandamus. TEX. GOVT. CODE § 22.221(b)(1). That section permits this Court to issue a writ of mandamus against a judge of a district court in the court of appeals district. Harris County is within the First and Fourteenth Court of Appeals Districts. TEX. GOVT. CODE § 22.201(b), (o). The 133rd Judicial District Court is seated in Harris County. TEX. GOVT. CODE § 24.235. Thus, the 133rd Judicial District Court is within these Courts' Appeals Districts. *See id; see also* TEX. GOVT. CODE § 22.201(b), (o).

## <u>ISSUES PRESENTED</u>

The issues presented in this petition are:

1.    Whether the most recent amendment to Real Parties' in Interest Petition acts to affirmatively non-suit the claims from the original lawsuit, the answer is Yes.

2.    Whether the nonsuit renders Respondent's July 28, 2014 discovery order a nullity, the answer is Yes.

3.    Whether Real Parties in Interest failed to follow the proper discovery procedures before filing its improperly titled Second Motion to Enforce the Court's Order and for Sanctions the answer is Yes.

4.    Whether the April 1, 2014 order and the April 27, 2014 order compel the production of discovery that is patently irrelevant, the answer is Yes.

5.    Whether the April 1, 2014 and April 27, 2014  constitute an abuse of discretion, the answer is Yes.

6.    Whether there is an adequate remedy by appeal for this abuse of discretion, the answer is No.

## STATEMENT OF FACTS

1. On March 12, 2014, Real Parties in Interest (hereinafter "Los Cucos") filed their original petition relating to a business startup, alleging breach of contract, conversion, fraud, fraudulent inducement, civil conspiracy, alter ego, unjust enrichment, quantum merit, all base on an oral contract, and requesting an accounting, all of which stemmed from the business operated by the Relators (hereinafter "8650 Frisco, LLC"). App. at 15-25.

2. Then, one month later, Los Cucos served 8650 Frisco, LLC, with its first set of discovery requests. App. at 26-37, 8650 Frisco, LLC, filed its original answer this same day. App. at 38-41. 8650 Frisco, LLC, objected to Los Cucos' discovery requests which eventually became the subject of an order compelling production of documents issued by the Respondent on July 28, 2014. App. at 93-94. Respondent's order called for the documents to be "produced at [Attorney in Charge for Los Cucos Office] by August 1, 2014 at 5:00 P.M. in accordance with Los Cucos' Counsel's request that he be served electronically so he "can get ready for depositions" scheduled for August 4, 2014. *Compare* App. at 70 *with* App. at 94. 8650 Frisco,

LLC complied with this order by serving Los Cucos with the compelled discovery at 4:47PM on Friday, August 1, 2014 via the E-File Texas filing and service portal. App. at 335-36.

3.    On Monday, August 4, 2014, the parties met in Houston at Los Cucos' attorney's office for depositions, which had been ordered and scheduled that day by the court. App. at 86; 106. Depositions began as ordered, and continued throughout the day and were adjourned, the next day, August 5, 2014, the parties sua sponte opened settlement discussions and reached a settlement agreement which was then dictated to the court reporter and agreed to, with all counsel and clients present. The agreement was subsequently filed with the court. App. at 95-99.  These negotiations were conducted and this agreement was reached without the attorney in charge, Counsel for Los Cucos ever having opened the e-mail he received which contained the discovery materials ordered produced by the Respondent on July 28, 2014. App. at 335-36; App. at 339.

4.    Between August 4, 2014, and January 21, 2015, disagreements arose between the parties over the form of the "standard bank type document" which prevented the parties from jointly executing the

same documents. App. at 107-08. Despite this, 8650 Frisco, LLC signed a note and has made all payments to Los Cucos as agreed. App. at 107. 8650 Frisco, LLC is presently current on the monthly payments. App. at 107.

5. On January 21, 2015, Los Cucos amended its live pleading a fourth time, the last time. App. at 100-110. This pleading contains a singular cause of action alleging a breach of the agreement struck by the litigants on August 4, 2014, that was filed with the court. App. at 108. The claims alleging a breach of the agreement that created the restaurant, conversion, fraud, fraudulent inducement, civil conspiracy, alter ego, unjust enrichment, quantum merit and requesting an accounting are no longer present in the fourth amended pleading. *Compare* App. at 20-22 *with* App. at 108. Los Cucos has not made any discovery requests in connection with the claim contained in this latest pleading. App. at 440.

6. Instead, on February 20, 2015, Los Cucos filed a Motion to Compel discovery of the documents which were the subject of the Respondent's July 28, 2014 order with the Respondent and which 8650 Frisco, LLC had properly served responses pursuant to Tex. R.

Civ. P. 21 and 21a, on Los Cucos. App. at 111-328. 8650 Frisco, LLC objected to the court's order to the re-production of the these same previously produced documents in its response to Los Cucos' motion. App. at 329-36. 8650 Frisco, LLC supplemented its response after receiving a letter from Counsel for Los Cucos, which acknowledged the production via E-File, but contended that because the email, <u>receipt</u> was not opened by Counsel for Los Cucos before 5:00PM on August 1, 2014, 8650 Frisco, LLC had failed to comply with the court's order compelling production. App. at. 337-341. Even though the eservice transmission shows that it was sent at 4:47pm. Los Cucos set this motion for hearing which took place on March 30, 2015, at which time the judge granted the motion to compel the production of the previously produced documents and ordered them to be produced again in the July 28, 2014 order by no later than 5:00PM on April 1, 2015. App. at 1.

7. 8650 Frisco, LLC made several attempts to serve these documents on Counsel for Los Cucos. App. at 342-59. Of the three firms representing Los Cucos, only Mr. Kinder successfully received copies of the documents via facsimile. App. at 342. In spite of this

service, Counsel for Los Cucos maintained that 8650 Frisco, LLC had failed to comply with the court's order by not serving enough responsive documents. App. at 360. Los Cucos filed a Third Motion to Enforce the Court's Order and for Sanctions. App. at 360-429. Again, 8650 Frisco, LLC responded to the Motion to Enforce. App. at 430-38. The Court held a hearing on this matter on April 27, 2015, and without evidence, granted *ex parte*, the relief requested by Los Cucos, specifically:

a.    That 8650 Frisco, LLC is barred from further discovery until a representative signs a sworn affidavit of compliance with this order;

b.    that 8650 Frisco, LLC shall pay $1000.00 to Los Cucos for their costs incurred in securing production of the Documents, and;

c.    That the issue of whether Plaintiff's face irreparable harm from the lack of the note and security required by the parties' contract is conclusively established in [Los Cucos'] favor. App. at 2-3.

8.    This original proceeding follows.

## ARGUMENT

9. Respondent's conduct in this case merits the relief of a writ of mandamus because Respondent has decided without any basis in law or fact that Los Cucos is entitled to certain discovery despite Los Cucos' voluntary nonsuit of the claims to which that discovery is related.

10. Additionally, the Respondent has allowed Los Cucos to rely on an order that does not survive nonsuit to make demands for discovery entirely outside the traditional discovery process with respect to a wholly original claim. Finally, Respondent's conduct in foreclosing 8650 Frisco, LLC's discovery right, and conclusively establishing an unplead element of a claim other than breach of contract severely impairs 8650 Frisco, LLC's ability to present a viable claim or defense to the suit.

### Standard of Review

11. A relator is entitled to the extraordinary writ of mandamus if the trial court clearly abused its discretion and the relator has no adequate remedy by appeal. *In re Team Rocket, L.P.* 256 S.W.3d 257, 259 (Tex. 2008) (original proceeding). A trial court abuses its discretion if it acts in an unreasonable or arbitrary manner without reference to

guiding rules and principles. *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex. 1992). A trial court has no "discretion" in determining what the law is or applying the law to the facts. *Id.* at 840. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ. *Id.*

12. Additionally, the relator must have no adequate remedy by appeal. *In re Prudential,* 148 S.W.3d 124, 135-36 (Tex. 2004). Determining whether an appellate remedy is adequate involves balancing "practical and prudential" considerations, such as the inevitability of reversal and the waste of judicial resources on a proceedings. *In re Team Rocket, L.P.* 256 S.W.3d at 262. An appellate remedy is inadequate "where a discovery order compels the production of patently irrelevant or duplicative documents, such that it clearly constitutes harassment or imposes a burden on the producing party far out of proportion to any benefit that may obtain to the requesting party." *See Walker v. Packer,* 827 S.W.2d at 843. Further, mandamus will issue where a party's ability to present a viable claim or defense at trial is vitiated or severely compromised by the trial

court's discovery error. *Able Supply Co. v. Moye,* 898 S.W.2d 766, 772 (Tex. 1995).

13. Finally, a writ of mandamus will issue to compel the performance of a ministerial act or duty. *Walker v. Packer,* 827 S.W.2d at 839. An act is ministerial when the law clearly spells out a duty to be performed by a public official with such certainty that nothing is left to the official's discretion. *Anderson v. City of Seven Points,* 806 S.W.2d 791, 793 (Tex. 1991).

14. Here, the Respondent's reliance on an order that does not survive nonsuit as grounds for a subsequent motion to enforce; Respondent's command to produce documents irrelevant to the lone claim presented by Los Cucos; and Respondent's sanctions barring discovery by 8650 Frisco, LLC and conclusively establishing a claim that remains not pleaded by Los Cucos all constitute reversible error with no adequate remedy by appeal, for which a writ of mandamus is the only corrective action.

## Los Cucos' Fourth Amended Petition Nonsuits All Prior Claims on which the July 28, 2014 Enforcement Order Is Based

15. Pleadings may be amended at any time prior to trial, so long as the amendment does not operate as a surprise to the opposite party.

TEX. R. CIV. P. 63. Unless the substituted instrument shall be set aside on exceptions, the instrument for which it is substituted shall no longer be regarded as a part of the pleading in the record of the cause. TEX. R. CIV. P. 65. As the Supreme Court of Texas has stated, "Amended pleadings and their contents take the place of prior pleadings. So *causes of action not contained in amended pleadings are effectively dismissed at the time the amended pleading is filed.*" *FKM Prtshp. v. Board of Regents of the Univ. of Houston Sys.* 255 S.W.3d 619, 633 (Tex. 2008) (emphasis added).

16.  As previously stated, Los Cucos' original petition contained claims alleging breach of the agreement that created the restaurant, conversion, fraud, fraudulent inducement, civil conspiracy, alter ego, unjust enrichment, quantum merit and requesting an accounting. App. at 20-22. The Fourth Amended Petition contains a lone claim for breach of contract relating exclusively to the settlement created and agreed to on August 4, 2015. App. at 108. Hence, by operation of law, Los Cucos voluntarily dismissed all prior claims when it filed its Fourth Amended Petition on January 21, 2015. *See* TEX. R. CIV. P. 65; *see also FKM Prtshp. v. Board of Regents of the Univ. of*

*Houston Sys.* 255 S.W.3d at 633.

## THIS VOLUNTARY DISMISSAL IS A NONSUIT

17. Because an amended pleading supersedes and supplants all previous pleadings, an amendment of the pleading can work as a nonsuit of parties and claims. *See Randolph v. Jackson Walker, L.L.P.* 29 S.W.3d 271, 274-275 (Tex.App.–Houston [14th Dist.] 2000, pet. denied.) ("Therefore on appeal, the doctor could not complain of the trial court's action upon his original plea for injunction because that cause of action was abandoned when he went to trial on his third amended petition.")(*citing Dolenz v. All Saints Episcopal Hosp.* 638 S.W.2d 141, 142 (Tex.App.–Fort Worth 1982, writ ref'd n.r.e)). Omitting a claim from an amended petition indicates an intent to nonsuit that claim. *Dolenz v. All Saints Episcopal Hosp.* 638 S.W.2d 141, 142 (Tex.App.–Fort Worth 1982, writ ref'd n.r.e). A written order of nonsuit is not required. TEX. R. CIV. P. 162; *Epps v. Fowler,* 351 S.W.3d 862, 868 (Tex. 2011). Thus, Los Cucos' dismissal of claims via amendment is a nonsuit of those claims, and even Counsel for Los Cucos admits as much. *See Randolph v. Jackson Walker, L.L.P.* 29 S.W.3d at 274-275; *See also* App. at 114-15. ("That motion to

transfer was filed before the settlement agreement was made and *only addresses claims which are no longer asserted in this action"*). (emphasis added). The nonsuit necessarily affects orders entered in this case pursuant to the non-suited claims, specifically the July 28, 2014 order.

## THIS NONSUIT ALSO DISPOSES OF 8650 FRISCO, LLC'S DERIVATIVE CLAIMS

18.  Because Los Cucos has taken a nonsuit of all claims made prior to January 21, 2015, 8650 Frisco, LLC's derivative claim, its request for declaratory judgment, is mooted. When a nonsuit is taken, the dismissal does not prevent the defendant from being heard on its own claims for affirmative relief. TEX. R. CIV. P. 96; 162; *City of Dallas v. Albert,* 354 S.W.3d 368, 375 (Tex. 2011). The distinction between a true Rule 162 nonsuit and a voluntary dismissal under Rule 63 has no practical effect when a plaintiff files a written "nonsuit" that abandons the case as to certain claims so long as the written "nonsuit" does not run afoul of the time restrictions in Rule 63. *C/S Solutions, Inc. v. Energy Maintenance Svcs. Grp. LLC.* 274 S.W.3d 299, 306 (Tex.App.–Houston [1st Dist] 2008, no pet.). For a claim to qualify as a claim for affirmative relief under TEX. R. CIV. P. 162, it

must allege the defendant has a cause of action on which it can recover independent of the plaintiff's claims, even if the plaintiff abandons or is unable to establish its claims. *UTMB v. Estate of Blackmon,* 195 S.W.3d 98, 101 (Tex. 2006).

19. A claim that mirrors the controlling issues in a case is not an independent claim for affirmative relief. *In re Estate of Kidd,* 812 S.W.2d 356, 359 (Tex.App.–Amarillo 1991, writ denied). A declaratory judgment that denies the existence of a contract filed in response to a breach of contract claim is not an independent claim for affirmative relief. *BHP Petroleum Co. Inc. v. Millard,* 800 S.W.2d 838, 841 (Tex. 1990)(*citing Newman Oil Co. v. Alkek,* 614 S.W.2d 653 (Tex.Civ.App.–Corpus Christi 1981, writ refused n.r.e.)("We hold that the above allegations pled in defendants' counterclaim are not any averments of fact upon which affirmative relief could be granted. They are merely denials of plaintiff's cause of action.").

20. In this case, 8650 Frisco, LLC has filed a declaratory judgment action seeking a declaration that no contract exists between the parties, a fact which Los Cucos would have had to prove as part of its breach of contract claim. App. at 39-40. The nonsuit of Los Cucos' original

breach of contract claim thus disposes of 8650 Frisco, LLC's action seeking declaratory judgment. *See BHP Petroleum Co. Inc. v. Millard,* 800 S.W.2d at 841.

### THIS NONSUIT DISPOSED OF THE TRIAL COURT'S JULY 28, 2014 ORDER

21.  Whether the July 28, 2014 order survives nonsuit depends on the nature of the order. One unique effect of a nonsuit is that it can vitiate certain interlocutory orders, rendering *them moot and unappealable*. *Villafani v. Trejo,* 251 S.W.3d 466, 469 (Tex. 2008) (Emphasis added). Sanctions orders may survive nonsuit, depending on the purpose of the sanction. *Aetna Cas. & Sur. Co. v. Specia,* 849 S.W.2d 805, 806 (Tex. 1993). If a sanction is aimed at insuring a party is afforded a fair trial and not subjected to trial by ambush, the reason for imposing the sanction no longer exists after a party takes a nonsuit. *Id.* at 806-07. Conceivably, an order compelling discovery, like Respondent's July 28, 2014 order, could be considered a sanction, as it is available to the moving party under TEX. R. CIV. P. 215.1. This court, however, has held that "an order to compel is not a lesser sanction under rule 215.[2(b)]." *Bair v. Hagans,* 838 S.W.2d 677, 681 (Tex.App.–Houston [1st Dist] 1992,

writ denied). Because the July 28, 2014 order is not a lesser sanction, it is a simple interlocutory order that was extinguished the moment Los Cucos nonsuited the claims from which the discovery and the order itself emanated. *See Villafani v. Trejo,* 251 S.W.3d at 469; *Id.*

22.    If the court is of a mind that the order to compel constitutes a sanction, then the purpose of the order, to compel the production of documents needed for depositions, ceased to exist the moment the parties entered into the settlement agreement, or when they were eserved. App. at 97-98. This concept is underscored by the fact that Counsel for Los Cucos made a special point of stating his specific need for the documents during a hearing, then subsequently entered into a settlement agreement without ever having viewed the documents. *See* App. at 70, 97-98, 335, 339-40. Neither did he complain of any failure to produce the documents or of their substance during the deposition or the subsequent settlement negotiations[1], waiting only until he amended Los Cucos' suit to

---

[1]TEX. R. CIV. P. 8 states "All communications from the court *or to other counsel* with respect to a suit *shall* be sent to the attorney in charge." The rule further defines counsel in charge as "the attorney whose signature appears on the initial pleadings...unless another attorney is specifically designated therein." Kelly Stephens is

complain of breach of contract and a lack of documents. App. at 97-98, 100-110, 113-115. Thus, the purpose for any sanction ceased to exist by the conclusion of the settlement agreement and that purpose was fully extinguished at the moment of nonsuit. *See Aetna Cas. & Sur. Co. v. Specia,* 849 S.W.2d at 806.

23.    Consequently, the July 28, 2014 order does not survive the nonsuit. *See id.*

**COUNSEL FOR LOS CUCOS HAS FAILED TO COMPLY WITH THE DISCOVERY PROCESS; THEREFORE, RESPONDENT ABUSED HER DISCRETION IN ORDERING THE PRODUCTION OF DOCUMENTS OR DISCOVERY SANCTIONS.**

24.    As of May 3, 2015, Counsel for Los Cucos has not made any requests for production relating to the lone breach of contract claim relating to the settlement agreement asserted in its Fourth Amended Petition. Counsel instead relies exclusively on the July 28, 2014 order as the vehicle by which it claims to be entitled to discovery. App. at 110-16, 360-63. Texas Rule of Civil Procedure 215.1(b) states:

> "If a party fails to respond that discovery will be permitted *as requested* or fails to permit discovery *as requested in response to a request for inspection submitted under Rule 196*, the discovering party may move for an order compelling...inspection or production in accordance with

---

the attorney in charge, but Andrew Meade handled the deposition of Claudio Nunes on August 4, 2014.

the request or may apply to the court in which the action is pending for the imposition of any sanction in which the action is pending for the imposition of any sanction authorized by Rule 215.2(b)..."

TEX. R. CIV. P. 215.1(b)(3)(D)

25. By its own terms, the rule contemplates that the requesting party must at least request discovery from the party from whom discovery is sought before the court can even hear a motion to compel discovery. *See* TEX. R. CIV. P. 215.1(b)(3)(D). As the Texas Rules of Civil Procedure make clear, a request for production must be made in writing. TEX. R. CIV. P. 192.7(a).

26. Because the July 28, 2014 order is moot for the reasons listed above, Los Cucos failed to make a showing that it ever propounded requests for production related to its Sole Breach of Contract claim. App. at 110-116, 360-63. Thus, Los Cucos has failed to meet a necessary prerequisite to a motion to compel or a motion for sanctions. *See* TEX. R. CIV. P. 215.1(b)(3)(D). Because the court had no evidence before it that Los Cucos had ever propounded a discovery request based upon the live pleading to 8650 Frisco, LLC, the court had no discretion to grant the Second and Third Motions to Compel, rendering denial a ministerial act in which the law clearly

spells out a duty to be performed by the Respondent with such certainty that nothing is left to the Respondent's discretion. *See Anderson v. City of Seven Points,* 806 S.W.2d 791, 793 (Tex. 1991). At the very least, this constitutes a clear abuse of discretion, because a trial court has no "discretion" in determining what the law is or applying the law to the facts. *Walker v. Packer,* 827 S.W.2d at 840.

**RESPONDENT'S APRIL ORDERS CONSTITUTE A CLEAR ABUSE OF DISCRETION BECAUSE THE DISCOVERY SOUGHT WAS SERVED ON THE REQUESTING PARTY**

27. TEX. R. CIV. P. 215.1 also requires a showing that the party on whom discovery was served must *fail to respond,* that discovery will be permitted as requested or *fail to permit discovery* as requested in response to a request...submitted under Rule 196. TEX. R. CIV. P. 215.1(b)(3)(D) (emphasis added). If this court finds that the Court's July 28, 2014 order survives nonsuit and that Los Cucos properly noticed 8650 Frisco, LLC, the court should conclude nonetheless that the Court's April Orders constitute an abuse of discretion, as Los Cucos did not make a viable showing that 8650 Frisco, LLC failed to comply with the discovery rules or the Court's July 28, 2014 order.

28. As stated previously, the July 28, 2014 Order required that 8650 Frisco, LLC, comply with Respondent's Order by serving the

PETITION FOR WRIT OF MANDAMUS                                          17

requested documents electronically "in Plaintiff's Office no later than 5:00 PM on August 1, 2014." App. at 94. 8650 Frisco, LLC complied with this order by serving Los Cucos with the compelled discovery at 4:47PM on Friday, August 1, 2014 via the E-File Texas filing and service portal. App. at 335-36. Electronic Service, a method which undoubtedly includes the E-File Texas filing and service portal, is complete on transmission of the document to the serving party's electronic filing service provider. TEX. R. CIV. P. 21a(b)(3). The electronic filing manager will send confirmation of service to the serving party. *Id*. Thus, by operation of the Texas Rules of Civil Procedure, 8650 Frisco, LLC complied with the court's order. *See id.*

29. In choosing to maintain its Second Motion to Enforce, Counsel for Los Cucos stated that:

> "Your exhibit shows that the documents were not sent to your e-service until 4:46 p.m. My email shows that the same were not forwarded to me until 5:47 p.m. Even then, it was not the documents that were delivered by a notice that they had been placed in the e-service and could be downloaded. Thus, your delivery was not, as ordered, by 5:00 p.m. and as you know, I did not receive the documents." App. at 339.

Despite the clear directive to the contrary contained in TEX. R. CIV. P. 21a(b)(3), and its counsel's acknowledgment that he received the

e-file link, Los Cucos represented to the court that it was never served the documents which were the subject of the July 28, 2014, order. App. at 360.

30. This argument cannot stand as it places the control over the service of documents in the hands of the party requesting the documents, who may freely create a violation of an order to produce by ignoring its e-mail. Additionally, this argument ignores TEX. R. CIV. P. 21a which states "Electronic service is complete on transmission of the document to the serving party's electronic filing service provider." Because the Court ordered electronic service in accordance with Los Cucos' requests, it bound itself to follow the Texas Rules of Civil Procedure and thus had no discretion to rule that there was no service. *See* App. at 94. Consequently, Respondent abused its discretion in ordering the production of documents in the April 1, 2015 order when they had already been produced, in finding that the documents had never been produced in the April 27, 2015 order, and in sanctioning 8650 Frisco, LLC. *See* TEX. R. CIV. P. 21a(b)(3).

**THE REQUESTED DISCOVERY IS NOT RELEVANT TO LOS CUCOS SOLE CLAIM FOR RELIEF**

31. Generally, the scope of discovery is within the trial court's discretion.

*In re CSX Corp.,* 124 S.W.3d 149, 152 (Tex. 2003)(citing *Dillard Dep't Stores, Inc. v. Hall,* 909 S.W.2d 491, 492 (Tex. 1995)). However, the trial court must make an effort to impose reasonable discovery limits. *Id.* (citing *In re American Optical,* 988 S.W.2d 711, 713 (Tex. 1998). The trial court abuses its discretion by ordering discovery that exceeds that permitted by the rules of procedure. *Id.* (citing *Texaco, Inc. v. Sanderson,* 898 S.W.2d 813, 815 (Tex. 1995).

32. Usually, the scope of discovery includes any unprivileged information that is *relevant to the subject of the action*, even if it would be inadmissible at trial, so long as the information is reasonably calculated to lead to the discovery of admissible evidence. *In re BDPJ Houston, LLC,* 420 S.W.3d 309 (Tex.App–Houston [14th Dist.] 2013)(original proceeding)(citing TEX. R. CIV. P. 192.3(a))(emphasis added). Information is relevant if it tends to make the existence of any fact that is of consequence *to the determination of the action* or defense more or less probable than it would be without such information. *Id.* (citing TEX. R. EVID. 401)(emphasis added).

33. Los Cucos' sole claim for relief states, "The defendants have breached the Rule 11 agreement by failing to execute the formal

settlement agreement, the promissory note, and the appropriate security documents as set forth in the Rule 11 agreement." App. at 108. Nothing in the Second Motion to Enforce filed on February 20, 2015 relates at all to whether there has been a breach of the settlement agreement, because all of this requested discovery relates to causes of action that Los Cucos has since nonsuited. App. at 15-37,114. The requested discovery does not tend to "make the existence of any fact of consequence" to the breach of the Rule 11 Agreement "more or less probable." *See In re BDPJ Houston, LLC,* 420 S.W.3d at 309.

34. Furthermore, the issue of whether the Real Parties in Interest face "irreparable harm from the lack of the note/security (sic) required by the parties' contract" is not an element of a breach of contract suit, and thus is not relevant to this suit.

35. The essential elements of a breach of contract claim are (1) the existence of a valid contract, (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained as a result of the breach. *B & W Supply, Inc. v. Beckman,* 305 S.W. 3d 10, 16 (Tex.App.–Houston

[1st Dist] 2009, pet. denied).

36. Los Cucos' claim that "Plaintiffs require information from the Financial Documents to assess Defendant's compliance with their settlement obligations" simply does not relate to any of the elements of a breach of contract suit, and thus discovery on this basis is not reasonably calculated to lead to any admissible evidence that tend to prove or disprove any facts of consequence. *Compare* App. at 114 *with id.*; *In re BDPJ Houston, LLC*, 420 S.W.3d at 309.

37. Finally, Los Cucos' claim that "Information concerning Plaintiff's prior claims is relevant to respond to Defendants' frivolous motion to transfer arguments" is without merit, and even Respondent thought as much, as she denied the motion to transfer prior to ever hearing Los Cucos' Second Motion to Enforce the Court's Order. *Compare* App. at 1 *with* App. at 439. In so ruling, Respondent found the documents the subject of her July 28, 2014 order had no bearing on the motion to transfer venue then currently before the court, underscoring the patent irrelevance of the documents to which Los Cucos believes it is entitled. *See In re BDPJ Houston, LLC,* 420 S.W.3d at 309; TEX. R. CIV. P 192.3(a).

## There Is No Adequate Remedy by Appeal for These Abuses of Discretion

38. The Supreme Court of Texas has held that "where a discovery order compels production of 'patently irrelevant or duplicative documents'... there is no adequate remedy by appeal because the order 'imposes a burden on the producing party far out of proportion to any benefit that may obtain to the requesting party." *In re CSX Corp.* 124 S.W.3d 149, 153 (Tex. 2003)(citing *Walker v. Packer,* 827 S.W.2d 833, 843 (Tex. 1992)).

39. The documents in question are patently irrelevant to the breach of contract claim contained in Los Cucos' live pleading, its Fourth Amended Petition. *Compare* App. at 26-37, 93 *with* App. at 108; *See Id.*

40. Additionally, because 8650 Frisco, LLC, has already tendered service of these documents to the Attorney in Charge for Los Cucos, ordering that these documents be tendered again is unnecessarily duplicative. *See In re CSX Corp.* 124 S.W.3d 149, 153 (Tex. 2003).

41. Respondent's April Orders impose "a burden on the producing party far out of proportion to any benefit that may obtain to the requesting party" such that there simply is no adequate remedy on appeal. *See*

*Id.*

42. For these reasons, a writ of mandamus should issue, requiring Respondent to vacate her April 1, 2015 Order Compelling Production of Documents and her April 27, 2015 Order Compelling Production of Documents and imposing sanctions on 8650 Frisco, LLC. *See id;* TEX. R. CIV. P. 215.1(b)(3)(D)*; see also* App. at 1; 2-3.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Relators pray that this court find that Respondent abused her discretion in compelling production of the documents requested by the Real Parties in Interest and imposing sanctions on the Relators, find that there is no adequate remedy by appeal, and issue a writ of mandamus compelling Respondent to vacate her April 1, 2015 order compelling discovery, and her April 27, 2015 order compelling discovery and imposing sanctions.

Respectfully Submitted, MOSSER LAW PLLC


s/ James C. Mosser
James C. Mosser
Texas Bar No. 00789784
Nicholas D. Mosser
Texas Bar No. 24075405
Paul J. Downey
Texas Bar No. 24080659

PETITION FOR WRIT OF MANDAMUS                                  24

Mosser Law, PLLC
2805 Dallas Parkway Suite 222
Plano, Texas 75093
Telephone 972-733-3223
Facsimile 469-626-1073
courtdocuments@mosserlaw.com
**LAWYERS FOR DEFENDANTS 8650 FRISCO, LLC, D/B/A 8650 FRISCO, LLC BRAZILIAN STEAKHOUSE; MANDONA, LLC; GALOVELHO, LLC; BAHTCHE, LLC; CLAUDIO NUNES; AND DAVID JEIEL RODRIGUES**

## CERTIFICATION

I certify that I have reviewed the petition and conclude that every factual statement in the petition is supported by competent evidence included in the attached appendix or record and I certify that the documents attached in the appendix are true and correct copies of the originals.

/s/ Paul J. Downey
Paul J. Downey

## CERTIFICATE OF COMPLIANCE

I certify that there are 4907 words in this document, and that I relied on the word count function of WordPerfect X6, which was used to prepare this document.

/s/ Paul J. Downey
Paul J. Downey

## CERTIFICATE OF SERVICE

I certify that on May 6, 2015, this document was served on the following parties or counsel of records in accordance with Texas Rule of Appellate Procedure 9.5:

**Respondent**
Honorable Jaclanel McFarland
Judge Presiding

133rd Judicial District Court
Harris County Civil Courthouse
201 Caroline, 11th Floor
Houston, Texas 77002
Tel. 713-368-6200

**Real Parties In Interest**
Los Cucos Mexican Café VIII, Inc.; Los Cucos Mexican Café IV, Inc.; Manuel Cabrera, and Sergio Cabrera,
represented by
Kelly Stephens
Texas Bar No. 19158300
P.O Box 79734
Houston, Texas 77279-9734
Tel. 281-394-3287
Fax 832-476-5460
kstephens@stephensdominitz.com

/s/ Paul J. Downey
_____
Paul J. Downey

**CAUSE NO. 2014-10896**

| | | |
|---|---|---|
| LOS CUCOS MEXICAN CAFÉ VIII, | § | IN THE DISTRICT COURT |
| INC., LOS CUCOS MEXICAN | § | |
| CAFÉ IV, INC., MANUEL | § | |
| CABRERA, and SERGIO | § | |
| CABRERA | § | |
| PLAINTIFFS, | § | |
| | § | |
| V. | § | 133rd JUDICIAL DISTRICT |
| | § | |
| 8650 FRISCO LLC, MANDONA | § | |
| LLC, GALOVELHO LLC, | § | |
| BAHTCHE LLC, CLAUDIO | § | |
| NUNES, AND DAVID JEIEL | § | |
| RODRIGUES | § | |
| DEFENDANT. | § | OF HARRIS COUNTY, TEXAS |

## <u>APPENDIX AND RECORD</u><br><u>TABLE OF CONTENTS</u>

Exhibit A - Respondent's Order dated April 1, 2015 Compelling Production of Documents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . App. 1

Exhibit B - Respondent's Order dated April 27, 2015 Compelling Production of Documents and Imposing Sanctions;. . . . . . . . . . . . . App. 2

Exhibit C - TEX. R. CIV. P. 21a.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . App. 4

Exhibit D - TEX. R. CIV. P. 63.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . App. 6

Exhibit E - TEX. R. CIV. P. 65.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . App. 7

Exhibit F - TEX. R. CIV. P. 96.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . App. 8

Exhibit G - TEX. R. CIV. P. 162. . . . . . . . . . . . . . . . . . . . . . . . . . . . App. 9

Exhibit H - TEX. R. CIV. P. 192.3. . . . . . . . . . . . . . . . . . . . . . . . . . App. 10

PETITION FOR WRIT OF MANDAMUS                                    27

Exhibit I - TEX. R. CIV. P. 192.7. . . . . . . . . . . . . . . . . . . . . . . . . App. 12

Exhibit J - TEX. R. CIV. P. 215.1. . . . . . . . . . . . . . . . . . . . . . . . App. 13

Exhibit K - Plaintiff's Original Petition. . . . . . . . . . . . . . . . . . . . . App. 15

Exhibit L - Plaintiff's Set of Discovery Requests, April 14, 2014. . . App. 26

Exhibit M - Defendant's Original Answer. . . . . . . . . . . . . . . . . . . . App. 38

Exhibit N - Transcript of Hearing, July 28, 2014. . . . . . . . . . . . . . App. 42

Exhibit O - Respondent's July 28, 2014, Order Compelling Production of Documents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . App. 93

Exhibit P - August 5, 2014 Transcript of Settlement Agreement. . . App. 95

Exhibit Q - Plaintiff's Fourth Amended Petition. . . . . . . . . . . . . . App. 100

Exhibit R - Plaintiff's Second Motion to Enforce Court's Order. . . App. 111

Exhibit S - Defendant's Response to Second Motion to Enforce.. App. 329

Exhibit T - Defendant's Supplement to Response to Second Motion to Enforce. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . App. 337

Exhibit U - Letter to Attorney Kelly Stephens regarding service of Documents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . App. 342

Exhibit V - Plaintiff's Third Motion to Enforce Court's Order. . . . . App. 360

Exhibit W - Defendant's Response to Plaintiff's Third Motion to Enforce. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . App. 430

Exhibit X - Respondent's Order Denying Defendant's Motion to Transfer Venue. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . App. 439

Exhibit Y - Unsworn Declaration of Paul J. Downey regarding Plaintiff's

Discovery Requests. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . App. 440

Exhibit Z - Statement of No Evidence. . . . . . . . . . . . . . . . . . . . . App. 442

**CAUSE NO. 2014-10896**

| | | |
|---|---|---|
| LOS CUCOS MEXICAN CAFÉ VIII, INC., LOS CUCOS MEXICAN CAFÉ IV, INC., MANUEL CABRERA, and SERGIO CABRERA PLAINTIFFS, | § § § § § § § § | IN THE DISTRICT COURT |
| V. | § § | 133rd JUDICIAL DISTRICT |
| 8650 FRISCO LLC, MANDONA LLC, GALOVELHO LLC, BAHTCHE LLC, CLAUDIO NUNES, AND DAVID JEIEL RODRIGUES DEFENDANT. | § § § § § § § | OF HARRIS COUNTY, TEXAS |

## UNSWORN DECLARATION OF PAUL J. DOWNEY

1. My name is Paul J. Downey. I am of sound mind, capable of making this unsworn declaration, and personally acquainted with the facts herein stated.

2. I am a lawyer at Mosser Law, PLLC.

3. I am one of the custodians of the records at Mosser Law, PLLC.

4. Attached hereto are the following 444 pages of records from Mosser Law, PLLC. These records are kept by Mosser Law, PLLC in the regular course of business, and it was in the regular course of business of Mosser Law, PLLC, that an employee or representative of Mosser Law PLLC, with knowledge of the act or event recorded,

made the records.

5. The records were made at or near the time of the event, or reasonably soon thereafter.

6. The records attached hereto are exact duplicates of the originals and contain:

   a. Exhibit A - Respondent's Order dated April 1, 2015 Compelling Production of Documents;

   b. Exhibit B - Respondent's Order dated April 27, 2015 Compelling Production of Documents and Imposing Sanction;

   c. Exhibit C - TEX. R. CIV. P. 21a;

   d. Exhibit D - TEX. R. CIV. P. 63;

   e. Exhibit E - TEX. R. CIV. P. 65;

   f. Exhibit F - TEX. R. CIV. P. 96;

   g. Exhibit G - TEX. R. CIV. P. 162;

   h. Exhibit H - TEX. R. CIV. P. 192.3;

   i. Exhibit I - TEX. R. CIV. P. 192.7;

   j. Exhibit J - TEX. R. CIV. P. 215.1;

   k. Exhibit K - Plaintiff's Original Petition;

   l. Exhibit L - Plaintiff's Set of Discovery Requests, April 14, 2014

   m. Exhibit M - Defendant's Original Answer;

n. Exhibit N - Transcript of Hearing, July 28, 2014;

o. Exhibit O - Respondent's July 28, 2014 Order Compelling Production of Documents;

p. Exhibit P - August 5, 2014, Transcript of Settlement Agreement;

q. Exhibit Q - Plaintiff's Fourth Amended Petition;

r. Exhibit R - Plaintiff's Second Motion to Enforce Court's Order;

s. Exhibit S - Defendant's Response to Second Motion to Enforce;

t. Exhibit T - Defendant's Supplement to Response to Second Motion to Enforce;

u. Exhibit U - Letter to Attorney Kelly Stephens regarding service of Documents;

v. Exhibit V - Plaintiff's Third Motion to Enforce Court's Order;

w. Exhibit W - Defendant's Response to Plaintiff's Third Motion to Enforce.

x. Exhibit X - Respondent's March 23, 2015 Order Denying Defendant's Motion to Transfer Venue

y. Exhibit Y - Unsworn Declaration of Paul J. Downey regarding Plaintiff's Discovery Requests.

My name is Paul James Downey, my date of birth is January 19, 1984, and

my address is C/O Mosser Law, PLLC, 2805 Dallas Parkway, Suite 222, Plano, Texas 75093, United States of America. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Collin County, State of Texas on the 5th Day of May, 2015.

Paul J. Downey

3/30/2015 4 07 31 PM
Chris Daniel - District Clerk
Harris County
Envelope No 4698208
By GENTRY, EUNIECY M
Filed 3/30/2015 4 07 31 PM

CAUSE NO 2014-10896

| | | |
|---|---|---|
| LOS CUCOS MEXICAN CAFE VIII, INC , LOS CUCOS MEXICAN CAFE IV, INC , MANUEL CABRERA, and SERGIO CABRERA, <br> *Plaintiffs* | § § § § § § § | IN THE DISTRICT COURT OF |
| v | § § | |
| 8650 FRISCO, LLC D/B/A ESTILO GAUCHO BRAZILIAN STEAKHOUSE, MANDONA, LLC, GALOVELHO, LLC, BAHI CHE, LLC, CLAUDIO NUNES, and DAVID JEIEL RODRIGUES, <br> *Defendants* | § § § § § § § | HARRIS COUNTY, TEXAS <br><br> 133rd JUDICIAL DISTRICT |

## ORDER GRANTING IN PART AND DENYING IN PART
## PLAINTIFFS' MOTION TO ENFORCE THE COURT'S ORDER

On this day the Court came to consider Plaintiffs Second Motion to Enforce the Court's Order and for Sanctions (the "Motion") After considering the facts, law, and argument of counsel, the Court has decided to grant the Motion in part and deny the Motion in part

Defendants are ordered to produce all documents identified in the Court's July 28, 2014 Order on Defendants Motion to Stay All Matters and Plaintiffs' Third Motion to Compel This production must be made by 5 00 p m on Wednesday, April 1, 2015 to both Sam Haren and Kelly Stephens

Plaintiffs' and Defendants' requests for sanctions are denied

Signed on the ___1___ day of ___April_____, 2015

_____
Judge Presiding

Exhibit A                                                                                         App. 1

| | | |
|---|---|---|
| LOS CUCOS MEXICAN CAFE VIII, INC , LOS CUCOS MEXICAN CAFE IV, INC , MANUEL CABRERA, and SERGIO CABRERA, *Plaintiffs* | § § § § § § § § | IN THE DISTRICT COURT OF |
| v | § § § | |
| 8650 FRISCO, LLC D/B/A ESTILO GAUCHO BRAZILIAN STEAKHOUSE, MANDONA, LLC, GALOVELHO, LLC, BAHTCHE, LLC, CLAUDIO NUNES, and DAVID JEIEL RODRIGUES, *Defendants* | § § § § § § § | HARRIS COUNTY, TEXAS<br><br>133rd JUDICIAL DISTRICT |



### Order Granting Plaintiffs' Third Motion To Enforce The Court's Order

On this day the Court came to consider Plaintiffs' Third Motion to Enforce the Court's Order (the "Motion") After considering the facts, law, and argument of counsel, the Court has decided to GRANT the Motion Defendants will produce all documents responsive to Requests for Production 1, 2, 3, 4, 5, 7, and 8 contained in Exhibit 1 to the Motion (the "Documents") This pioduction must be made through hand delivery during normal business hours to Andrew Meade or Samuel Haien at HAWASH MEADE GASTON NEESE & CICACK LLP, 2118 Smith, Houston, Texas 77002

The Couit fuither finds that Defendants violated three of the Court's prior ordeis by failing to produce responsive documents This misconduct is part of a larger pattern of improper objections, meritless motions, frivolous arguments, feigned ignoiance of basic factual and legal issues, and dishonest gamesmanship in violation of Texas Rule of Civil Procedure 13 Pievious warnings from the Court have been ineffective in forcing Defendants to comply with the Court's

Unofficial Copy Office of Chris Daniel District Clerk

Exhibit B                                                                                              App. 2

orders or with Texas law, and another warning is unlikely to achieve better results  Moreover, another warning would only encourage Defendants to continue their egregious behavior in the future

Accordingly, the Court imposes the following sanctions

- Defendants may not conduct additional discovery in this matter until a representative of 8650 Frisco, LLC signs a sworn affidavit of compliance with this order,

- Defendants shall pay $ _1,000.00_ to Plaintiffs for their costs incurred in securing production of the Documents, and

- the issue of whether Plaintiffs face irreparable harm from the lack of the note/security required by the parties' contract is conclusively established in Plaintiffs' favor

Should Defendants fail to comply with this order within forty-eight hours of the signature hereof, Defendants and their attorneys of record will be asked to personally appear and show cause as to why they should not be held in contempt of this Court

Signed on the _21_ day of _April_____, 2015

_____
Judge Presiding

Unofficial Copy Office of Chris Daniel District Clerk

2

Vernon's Texas Rules Annotated
   Texas Rules of Civil Procedure
      Part II. Rules of Practice in District and County Courts
         Section 1. General Rules (Refs & Annos)

TX Rules of Civil Procedure, Rule 21a

Rule 21a. Methods of Service

Currentness

(a) *Methods of Service*. Every notice required by these rules, and every pleading, plea, motion, or other form of request required to be served under Rule 21, other than the citation to be served upon the filing of a cause of action and except as otherwise expressly provided in these rules, may be served by delivering a copy to the party to be served, or the party's duly authorized agent or attorney of record in the manner specified below:

(1) Documents Filed Electronically. A document filed electronically under Rule 21 must be served electronically through the electronic filing manager if the email address of the party or attorney to be served is on file with the electronic filing manager. If the email address of the party or attorney to be served is not on file with the electronic filing manager, the document may be served on that party or attorney under subparagraph (2).

(2) Documents Not Filed Electronically. A document not filed electronically may be served in person, mail, by commercial delivery service, by fax, by email, or by such other manner as the court in its discretion may direct.

(b) *When Complete*.

(1) Service by mail or commercial delivery service shall be complete upon deposit of the document, postpaid and properly addressed, in the mail or with a commercial delivery service.

(2) Service by fax is complete on receipt. Service completed after 5:00 p.m. local time of the recipient shall be deemed served on the following day.

(3) Electronic service is complete on transmission of the document to the serving party's electronic filing service provider. The electronic filing manager will send confirmation of service to the serving party.

(c) *Time for Action After Service*. Whenever a party has the right or is required to do some act within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, three days shall be added to the prescribed period.

(d) *Who May Serve*. Notice may be served by a party to the suit, an attorney of record, a sheriff or constable, or by any other person competent to testify.

WestlawNext © 2015 Thomson Reuters. No claim to original U.S. Government Works. **Exhibit C** **App. 4**

(e) *Proof of Service*. The party or attorney of record shall certify to the court compliance with this rule in writing over signature and on the filed instrument. A certificate by a party or an attorney of record, or the return of the officer, or the affidavit of any other person showing service of a notice shall be prima facie evidence of the fact of service. Nothing herein shall preclude any party from offering proof that the document was not received, or, if service was by mail, that the document was not received within three days from the date that it was deposited in the mail, and upon so finding, the court may extend the time for taking the action required of such party or grant such other relief as it deems just.

(f) *Procedures Cumulative*. These provisions are cumulative of all other methods of service prescribed by these rules.

**Credits**

Aug. 18, 1947, eff. Dec. 31, 1947. Amended by orders of July 21, 1970, eff. Jan. 1, 1971; Oct. 3, 1972, eff. Feb. 1, 1973; July 11, 1977, eff. Jan. 1, 1978; June 10, 1980, eff. Jan. 1, 1981; Dec. 5, 1983, eff. April 1, 1984; April 24, 1990, eff. Sept. 1, 1990; Dec. 11, 2013, eff. Jan. 1, 2014.

**Editors' Notes**

**COMMENT--2013**

Rule 21a is revised to incorporate rules for electronic service in accordance with the Supreme Court's order--Misc. Docket No. 12-9206, amended by Misc. Docket Nos. 13-9092 and 13-9164--mandating electronic filing in civil cases beginning on January 1, 2014.

Notes of Decisions (327)

Vernon's Ann. Texas Rules Civ. Proc., Rule 21a, TX R RCP Rule 21a
Current with amendments received through 3/15/2015

 © 2015 Thomson Reuters. No claim to original U.S. Government Works.

 Exhibit C © 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Rules Annotated
  Texas Rules of Civil Procedure
    Part II. Rules of Practice in District and County Courts
      Section 4. Pleading
        A. General

TX Rules of Civil Procedure, Rule 63

Rule 63. Amendments and Responsive Pleadings

Currentness

Parties may amend their pleadings, respond to pleadings on file of other parties, file suggestions of death and make representative parties, and file such other pleas as they may desire by filing such pleas with the clerk at such time as not to operate as a surprise to the opposite party; provided, that any pleadings, responses or pleas offered for filing within seven days of the date of trial or thereafter, or after such time as may be ordered by the judge under Rule 166, shall be filed only after leave of the judge is obtained, which leave shall be granted by the judge unless there is a showing that such filing will operate as a surprise to the opposite party.

**Credits**
Oct. 29, 1940, eff. Sept. 1, 1941. Amended by orders of July 26, 1960, eff. Jan. 1, 1961; April 24, 1990, eff. Sept. 1, 1990.

Notes of Decisions (724)

Vernon's Ann. Texas Rules Civ. Proc., Rule 63, TX R RCP Rule 63
Current with amendments received through 3/15/2015

Exhibit D                                                              App. 6   1

Vernon's Texas Rules Annotated
  Texas Rules of Civil Procedure
    Part II. Rules of Practice in District and County Courts
      Section 4. Pleading
        A. General

TX Rules of Civil Procedure, Rule 65

Rule 65. Substituted Instrument Takes Place of Original

Currentness

Unless the substituted instrument shall be set aside on exceptions, the instrument for which it is substituted shall no longer be regarded as a part of the pleading in the record of the cause, unless some error of the court in deciding upon the necessity of the amendment, or otherwise in superseding it, be complained of, and exception be taken to the action of the court, or unless it be necessary to look to the superseded pleading upon a question of limitation.

**Credits**
Oct. 29, 1940, eff. Sept. 1, 1941.

Notes of Decisions (101)

Vernon's Ann. Texas Rules Civ. Proc., Rule 65, TX R RCP Rule 65
Current with amendments received through 3/15/2015

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.

Exhibit E

Vernon's Texas Rules Annotated
  Texas Rules of Civil Procedure
    Part II. Rules of Practice in District and County Courts
      Section 4. Pleading
        C. Pleadings of Defendant

TX Rules of Civil Procedure, Rule 96

Rule 96. No Discontinuance

Currentness

Where the defendant has filed a counterclaim seeking affirmative relief, the plaintiff shall not be permitted by a discontinuance of his suit, to prejudice the right of the defendant to be heard on such counterclaim.

**Credits**

Oct. 29, 1940, eff. Sept. 1, 1941.

Notes of Decisions (10)

Vernon's Ann. Texas Rules Civ. Proc., Rule 96, TX R RCP Rule 96
Current with amendments received through 3/15/2015

**End of Document**
© 2015 Thomson Reuters. No claim to original U.S. Government Works.

WestlawNext © 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Rules Annotated
Texas Rules of Civil Procedure
Part II. Rules of Practice in District and County Courts
Section 7. Abatement and Discontinuance of Suit

TX Rules of Civil Procedure, Rule 162

Rule 162. Dismissal or Non-Suit

Currentness

At any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit, which shall be entered in the minutes. Notice of the dismissal or non-suit shall be served in accordance with Rule 21a on any party who has answered or has been served with process without necessity of court order.

Any dismissal pursuant to this rule shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief or excuse the payment of all costs taxed by the clerk. A dismissal under this rule shall have no effect on any motion for sanctions, attorney's fees or other costs, pending at the time of dismissal, as determined by the court. Any dismissal pursuant to this rule which terminates the case shall authorize the clerk to tax court costs against dismissing party unless otherwise ordered by the court.

**Credits**
Oct. 29, 1940, eff. Sept. 1, 1941. Amended by orders of Dec. 5, 1983, eff. April 1, 1984; July 15, 1987, eff. Jan. 1, 1988.

Notes of Decisions (639)

Vernon's Ann. Texas Rules Civ. Proc., Rule 162, TX R RCP Rule 162
Current with amendments received through 3/15/2015

 © 2015 Thomson Reuters. No claim to original U.S. Government Works.

WestlawNext © 2015 Thomson Reuters. No claim to original U.S. Government Works. **Exhibit G**

Vernon's Texas Rules Annotated
Texas Rules of Civil Procedure
Part II. Rules of Practice in District and County Courts
Section 9. Evidence and Discovery (Refs & Annos)
B. Discovery
Rule 192. Permissible Discovery: Forms and Scope; Work Product; Protective Orders; Definitions
(Refs & Annos)

TX Rules of Civil Procedure, Rule 192.3

192.3. Scope of Discovery

Currentness

(a) *Generally.* In general, a party may obtain discovery regarding any matter that is not privileged and is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party. It is not a ground for objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

(b) *Documents and Tangible Things.* A party may obtain discovery of the existence, description, nature, custody, condition, location, and contents of documents and tangible things (including papers, books, accounts, drawings, graphs, charts, photographs, electronic or videotape recordings, data, and data compilations) that constitute or contain matters relevant to the subject matter of the action. A person is required to produce a document or tangible thing that is within the person's possession, custody, or control.

(c) *Persons with Knowledge of Relevant Facts.* A party may obtain discovery of the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case. A person has knowledge of relevant facts when that person has or may have knowledge of any discoverable matter. The person need not have admissible information or personal knowledge of the facts. An expert is "a person with knowledge of relevant facts" only if that knowledge was obtained first-hand or if it was not obtained in preparation for trial or in anticipation of litigation.

(d) *Trial Witnesses.* A party may obtain discovery of the name, address, and telephone number of any person who is expected to be called to testify at trial. This paragraph does not apply to rebuttal or impeaching witnesses the necessity of whose testimony cannot reasonably be anticipated before trial.

(e) *Testifying and Consulting Experts.* The identity, mental impressions, and opinions of a consulting expert whose mental impressions and opinions have not been reviewed by a testifying expert are not discoverable. A party may discover the following information regarding a testifying expert or regarding a consulting expert whose mental impressions or opinions have been reviewed by a testifying expert:

(1) the expert's name, address, and telephone number;

(2) the subject matter on which a testifying expert will testify;

(3) the facts known by the expert that relate to or form the basis of the expert's mental impressions and opinions formed or made in connection with the case in which the discovery is sought, regardless of when and how the factual information was acquired;

WestlawNext © 2015 Thomson Reuters. No claim to original U.S. Government Works.

(4) the expert's mental impressions and opinions formed or made in connection with the case in which discovery is sought, and any methods used to derive them;

(5) any bias of the witness;

(6) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of a testifying expert's testimony;

(7) the expert's current resume and bibliography.

(f) *Indemnity and Insuring Agreements.* Except as otherwise provided by law, a party may obtain discovery of the existence and contents of any indemnity or insurance agreement under which any person may be liable to satisfy part or all of a judgment rendered in the action or to indemnify or reimburse for payments made to satisfy the judgment. Information concerning the indemnity or insurance agreement is not by reason of disclosure admissible in evidence at trial.

(g) *Settlement Agreements.* A party may obtain discovery of the existence and contents of any relevant portions of a settlement agreement. Information concerning a settlement agreement is not by reason of disclosure admissible in evidence at trial.

(h) *Statements of Persons with Knowledge of Relevant Facts.* A party may obtain discovery of the statement of any person with knowledge of relevant facts--a "witness statement"--regardless of when the statement was made. A witness statement is (1) a written statement signed or otherwise adopted or approved in writing by the person making it, or (2) a stenographic, mechanical, electrical, or other type of recording of a witness's oral statement, or any substantially verbatim transcription of such a recording. Notes taken during a conversation or interview with a witness are not a witness statement. Any person may obtain, upon written request, his or her own statement concerning the lawsuit, which is in the possession, custody or control of any party.

(i) *Potential Parties.* A party may obtain discovery of the name, address, and telephone number of any potential party.

(j) *Contentions.* A party may obtain discovery of any other party's legal contentions and the factual bases for those contentions.

**Credits**
Aug. 5, 1998 and amended Nov. 9, 1998, eff. Jan. 1, 1999.

Notes of Decisions (179)

Vernon's Ann. Texas Rules Civ. Proc., Rule 192.3, TX R RCP Rule 192.3
Current with amendments received through 3/15/2015

**End of Document**                    © 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Rules Annotated
  Texas Rules of Civil Procedure
    Part II. Rules of Practice in District and County Courts
      Section 9. Evidence and Discovery (Refs & Annos)
        B. Discovery
          Rule 192. Permissible Discovery: Forms and Scope; Work Product; Protective Orders; Definitions (Refs & Annos)

TX Rules of Civil Procedure, Rule 192.7

192.7. Definitions

Currentness

As used in these rules--

(a) *Written Discovery* means requests for disclosure, requests for production and inspection of documents and tangible things, requests for entry onto property, interrogatories, and requests for admission.

(b) *Possession, Custody, or Control* of an item means that the person either has physical possession of the item or has a right to possession of the item that is equal or superior to the person who has physical possession of the item.

(c) A *Testifying Expert* is an expert who may be called to testify as an expert witness at trial.

(d) A *Consulting Expert* is an expert who has been consulted, retained, or specially employed by a party in anticipation of litigation or in preparation for trial, but who is not a testifying expert.

**Credits**
Aug. 5, 1998 and amended Nov. 9, 1998, eff. Jan. 1, 1999.

Notes of Decisions (10)

Vernon's Ann. Texas Rules Civ. Proc., Rule 192.7, TX R RCP Rule 192.7
Current with amendments received through 3/15/2015

**End of Document**
© 2015 Thomson Reuters. No claim to original U.S. Government Works.

 WestlawNext © 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Rules Annotated
  Texas Rules of Civil Procedure
    Part II. Rules of Practice in District and County Courts
      Section 9. Evidence and Discovery (Refs & Annos)
        B. Discovery
          Rule 215. Abuse of Discovery; Sanctions (Refs & Annos)

TX Rules of Civil Procedure, Rule 215.1

215.1. Motion for Sanctions or Order Compelling Discovery

Currentness

A party, upon reasonable notice to other parties and all other persons affected thereby, may apply for sanctions or an order compelling discovery as follows:

(a) *Appropriate Court.* On matters relating to a deposition, an application for an order to a party may be made to the court in which the action is pending, or to any district court in the district where the deposition is being taken. An application for an order to a deponent who is not a party shall be made to the court in the district where the deposition is being taken. As to all other discovery matters, an application for an order will be made to the court in which the action is pending.

(b) *Motion.*

  (1) If a party or other deponent which is a corporation or other entity fails to make a designation under Rules 199.2(b)(1) or 200.1(b); or

  (2) If a party, or other deponent, or a person designated to testify on behalf of a party or other deponent fails:

    (A) to appear before the officer who is to take his deposition, after being served with a proper notice; or

    (B) to answer a question propounded or submitted upon oral examination or upon written questions; or

  (3) if a party fails:

    (A) to serve answers or objections to interrogatories submitted under Rule 197, [1] after proper service of the interrogatories; or

    (B) to answer an interrogatory submitted under Rule 197; or

    (C) to serve a written response to a request for inspection submitted under Rule 196, [2] after proper service of the request; or

    (D) to respond that discovery will be permitted as requested or fails to permit discovery as requested in response to a request for inspection submitted under Rule 196;

    the discovering party may move for an order compelling a designation, an appearance, an answer or answers, or inspection or production in accordance with the request, or apply to the court in which the action is pending for the imposition of any sanction authorized by Rule 215.2(b) without the necessity of first having obtained a court order compelling such discovery.

When taking a deposition on oral examination, the proponent of the question may complete or adjourn the examination before he applies for an order.

If the court denies the motion in whole or in part, it may make such protective order as it would have been empowered to make on a motion pursuant to Rule 192.6.

(c) *Evasive or Incomplete Answer.* For purposes of this subdivision an evasive or incomplete answer is to be treated as a failure to answer.

(d) *Disposition of Motion to Compel: Award of Expenses.* If the motion is granted, the court shall, after opportunity for hearing, require a party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay, at such time as ordered by the court, the moving party the reasonable expenses incurred in obtaining the order, including attorney fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust. Such an order shall be subject to review on appeal from the final judgment.

If the motion is denied, the court may, after opportunity for hearing, require the moving party or attorney advising such motion to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

If the motion is granted in part and denied in part, the court may apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner.

In determining the amount of reasonable expenses, including attorney fees, to be awarded in connection with a motion, the trial court shall award expenses which are reasonable in relation to the amount of work reasonably expended in obtaining an order compelling compliance or in opposing a motion which is denied.

(e) *Providing Person's Own Statement.* If a party fails to comply with any person's written request for the person's own statement as provided in Rule 192.3(h), the person who made the request may move for an order compelling compliance. If the motion is granted, the movant may recover the expenses incurred in obtaining the order, including attorney fees, which are reasonable in relation to the amount of work reasonably expended in obtaining the order.

**Credits**
Oct. 29, 1940, eff. Sept. 1, 1941. Amended by orders of Aug. 5, 1998, and Nov. 9, 1998, eff. Jan. 1, 1999.

Notes of Decisions (51)

Footnotes
1      Vernon's Ann.Rules Civ.Proc., rule 197.1 et seq.
2      Vernon's Ann.Rules Civ.Proc., rule 196.1 et seq.
Vernon's Ann. Texas Rules Civ. Proc., Rule 215.1, TX R RCP Rule 215.1
Current with amendments received through 3/15/2015

 © 2015 Thomson Reuters. No claim to original U.S. Government Works.

WestlawNext © 2015 Thomson Reuters. No claim to original U.S. Government Works. Exhibit J

CAUSE NO. **2014- 10896**

| | |
|---|---|
| LOS CUCOS MEXICAN CAFÉ VIII, INC., LOS CUCOS MEXICAN CAFÉ' IV, INC., MANUEL CABRERA, and SERGIO CABRERA<br><br>　　　Plaintiffs,<br><br>VS.<br><br>8650 FRISCO, LLC d/b/a ESTILO GAUCHO BRAZILIAN STEAKHOUSE, MANDONA, LLC, GALOVELHO, LLC, BAHTCHE, LLC, CLAUDIO NUNES and DAVID JEIEL RODRIGUES<br><br>　　　Defendants. | IN THE DISTRICT COURT OF<br><br><br><br>HARRIS COUNTY, TEXAS<br><br><br><br><br>**133ʳᵈ**___ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiffs, Los Cucos Mexican Café VIII, Inc., Los Cucos Mexican Café IV, Inc., Manuel Cabrera and Sergio Cabrera, file this their Original Petition against Defendants, 8650 Frisco, LLC d/b/a Estilo Gaucho Brazilian Steakhouse, Mandona, LLC, Galovelho, LLC, Bahtche, LLC, Claudio Nunes a/k/a Alex Nunes and David Jeiel Rogrigues, and for cause of action would show:

### Discovery Control Plan

1.　Plaintiffs intend to conduct discovery under Level 3 of Rule 190.3 of the Texas Rules of Civil Procedure.

2.　Plaintiffs seek damages within the jurisdictional limits of this Court, monetary relief over $1,000,000.

### Parties

3.　Plaintiff, Los Cucos Mexican Café VIII, Inc., ("Los Cucos VIII") is a Texas Corporation with its principal place of business in Houston, Harris County, Texas.

Exhibit K                                                                App. 15

4. Plaintiff, Los Cucos Mexican Café IV, Inc., ("Los Cucos IV") is a Texas Corporation with its principal place of business in Houston, Harris County, Texas.

5. Plaintiff, Manuel Cabrera is an individual who resides in Austin County, Texas.

6. Plaintiff, Sergio Cabrera is an individual who resides in Houston, Harris County, Texas.

7. Defendant, 8650 Frisco, LLC, ("8650 Frisco") is a Texas limited liability company doing business as Estilo Gaucho Brazilian Steakhouse, with its principal place of business at 8650 Highway 121, Frisco, Collin County, Texas, which may be located for service of process by and through its Registered Agent:

> Hoffman Kaliser & Messina, P.C.
> 17950 Preston Road, Suite 230
> Dallas, Dallas County, Texas 75252

8. Defendant, Mandona, LLC, ("Mandona") is a Texas limited liability company with its principal place of business at 8650 Highway 121, Frisco, Collin County, Texas, which may be located for service of process by and through its Registered Agent:

> Hoffman Kaliser & Messina, P.C.
> 17950 Preston Road, Suite 230
> Dallas, Dallas County, Texas 75252

9. Defendant, Galovelho, LLC, ("Galovelho") is a Texas limited liability company with its principal place of business at 8650 Highway 121, Frisco, Collin County, Texas, which may be located for service of process by and through its Registered Agent:

> Hoffman Kaliser & Messina, P.C.
> 17950 Preston Road, Suite 230
> Dallas, Dallas County, Texas 75252

10.    Defendant, Bahtche, LLC, ("Bahtche") is a Texas limited liability company with its principal place of business at 8650 Highway 121, Frisco, Collin County, Texas, which may be located for service of process by and through its Registered Agent:

> Hoffman Kaliser & Messina, P.C.
> 17950 Preston Road, Suite 230
> Dallas, Dallas County, Texas 75252

11.    Defendant, Claudio Nunes a/k/a Alex Nunes ("Nunes") is in individual citizen of Texas who may be located for service of process at his principal place of business:

> Claudio "Alex" Nunes
> 8650 HW 121
> Frisco, Collin County, Texas 75034

12.    Defendant, David Jeiel Rodrigues ("Rodrigues") is in individual citizen of Texas who may be located for service of process at his principal place of business:

> David Jeiel Rodrigues
> 8650 HW 121
> Frisco, Collin County, Texas 75034

## Venue & Jurisdiction

13.    Venue is proper under TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1) because a substantial part of the events giving rise to this lawsuit occurred within this county.

14.    Jurisdiction is proper in this Court because the parties are all Texas residents and the amount in controversy is within the jurisdictional limits of the court.

## Factual Background

15.    Manuel Cabrera and Sergio Cabrera are the owners and operators of a number of Mexican restaurants branded and known as Los Cucos Mexican Café. Each restaurant is a separate legal entity registered with the State of Texas. Los Cucos VIII and Los Cucos IV are two of these entities.

Exhibit K                                                              App. 17

16.     Sometime in 2010, Nunes approached Sergio Cabrera with the idea to enter into a venture to build and operate a Brazilian steakhouse.

17.     Initially, the parties agreed that Los Cucos VIII, Inc., would fund the construction and outfitting of the restaurant and that Nunes would manage the construction and build out, and then Nunes would operate the restaurant. The parties agreed that Los Cucos VIII would support the operating restaurant until such time as it began to make money on a consistent basis by:

   a.     directly funding the construction and outfitting of the structure;

   b.     guaranteeing the property lease on the real estate;

   c.     guaranteeing the food and drink vendors supplying the restaurant; and,

   d.     contributing such cash flow such that for the first month, the restaurant could pay Nunes a management fee.

18.     At some point in the negotiation, Rodrigues entered the picture as a partner with Nunes in the anticipated project.

19.     Eventually, in approximately March, 2012, the project developed into the following corporate structure:

   a.     8650 Frisco was set up to be the operating restaurant entity.

   b.     Galovelho was set up to be a member in 8650 Frisco and to represent the ownership of Nunes and Rodriques.

   c.     Mandona was set up by Nunes and Rodriques to be the manager of 8650 Frisco.

   d.     Los Cucos VIII was to be a member in 8650 Frisco and to represent the interest of Manuel and Sergio Cabrera.

Exhibit K                                                                                App. 18

e.      All assets contributed to or which were developed as the property of the venture were to be owned by 8650 Frisco.

20.      In the beginning, as agreed, bank accounts were set up in the name of 8650 Frisco and all parties had access to such accounts.

21.      Further, it was the agreement that after the first month of operation:

a.      If the available distributable cash was less than or equal to $20,000.00, it would be split 50/50 between the members;

b.      If the available distributable cash was greater than $20,000 and Los Cucos VIII had not been fully paid back its cash contributions the cash would be paid $10,000 to Galovelho and the remainder would be paid to Los Cucos VIII; and,

c.      If the available distributable cash was greater than $20,000 and Los Cuco VIII had been fully paid back its cash contributions the cash would be paid to each member on a 50/50 basis.

22.      Los Cucos VIII put in excess of $1.2 million into the project from 2010 through early 2013.

23.      Los Cucos IV paid for and loaned to the project equipment and furniture costing in excess of $60,000. In particular, Los Cucos IV paid for two large Brazilian grills and had them shipped to the United States. These grills are highly specialized and not readily available on the U.S. market.

24.      Manuel and Sergio Cabrera were required to and did personally guarantee the real estate lease.

25.      The restaurant has been operating since Feb 2013 and on information and belief is generating $40,000.00 to $60,000.00 per month in distributable cash.

Page 5 of 10

Exhibit K                                                                                    App. 19

26.     In March 2012, Los Cucos VIII began to propose a written company agreement to control the operation of the project.  Galovelho, Nunes, Rodrigues and Mandona have refused and continue to refuse to execute such agreement.

27.     Upon information and belief 8650 Frisco has over the last year of operation built a cash surplus in excess of $180,000.00, yet Los Cucos has not been received any distributions.

28.     Plaintiffs recently discovered that Galovelho, Nunes, Rodrigues and Mandona have moved the bank accounts of 8650 Frisco and are denying Los Cucos VIII access to same in violation of the agreement.

29.     Galovelho, Nunes, Rodrigues and Mandona have taken total control of the project and have not issued Los Cucos VIII its agreed ownership interest in 8650 Frisco.  In addition, they have hidden the partnership assets and bank accounts and refuse to account for same to Los Cucos VIII.

30.     It has been learned that Bahtche, a company owned and controlled by Nunes and Rodrigues has applied to the United States Patent and Trademark office for a Trademark on the name Estilo Gaucho Brazilian Steakhouse. This name and/or mark is the property of 8650 Frisco.

31.     Los Cucos IV has made written demand for the return of its property. 8650 Frisco, Galovelho, Mandona, Nunes, and Rodrigues have refused to return same and/or have refused to allow Los Cucos IV entry upon the property to collect said property.

**Causes of Action**

A.     **Breach of Contract**

32.     Los Cucos VIII asserts a cause of action for breach of the agreement to develop and operate 8650 Frisco as to all Defendants.

Page 6 of 10

Exhibit K                                                                                App. 20

## B.    Conversion

33.    Defendants have converted Los Cucos IV's property by wrongfully exercising dominion and control over it.

34.    Defendants have converted certain bank accounts belonging to 8650 Frisco.

35.    Bahtche, the direction and control of Nunes and Rodrigues has converted the trade name and mark of 8650 Frisco.

## C.    Fraud/Fraudulent Inducement

36.    Defendants' conduct constitutes actual fraud against Los Cucos VIII.

37.    The acts of fraud were intentional and were meant specifically to enrich Defendants to the detriment of Los Cucos VIII. Los Cucos VIII has suffered damage as a result of Defendants' fraudulent conduct.

38.    Defendants' fraudulent representations were made with the specific intent to cause and have caused Manuel and Sergio Cabrera to guarantee the lease for 8650 Frisco.

## D.    Civil Conspiracy

39.    Nunes, Rodrigues, Mandona, Galovelho, 8650 Frisco and Bahtche have combined to accomplish the unlawful purposes (or lawful purposes by unlawful means) of fraud, breach of fiduciary duty, and conversion as enumerated above. Defendants had a meeting of the minds on their objects and courses of action.

## E.    Alter Ego

40.    Plaintiffs assert that 8650 Frisco, Mandona, Galovelho and Bahtche are a mere tools or business conduits (alter ego) of Nunes and Rodrigues. Nunes and Rodrigues are the principal/only shareholders of 8650 Frisco, Mandona, Galovelho and Baheche, such that there is such unity between Nunes/Rodrigues and 8650 Frisco, Mandona, Galovelho and Baheche, that

Exhibit K                                                                      App. 21

any separation of entities has ceased from a liability perspective. As such there is joint and several liability between Nunes, Rodrigues and 8650 Frisco, Mandona, Galovelho and Baheche.

**F.     Unjust Enrichment/Quantum Meruit**

41.     Plaintiffs assert that Defendants have been unjustly enriched by the receipt of money and the receipt and use of property belonging to Plaintiffs.  Defendants received the money and property knowing that the Plaintiffs expected to be compensated, but Defendants made use of and benefited from the money and property without returning any value to Plaintiffs.

**F.     Accounting**

42.     Los Cucos VIII seeks an accounting from Nunes, Rodrigues and 8650 Frisco, Mandona, Galovelho and Baheche for amounts due under the agreement that have been diverted by Defendants.

**Damages**

43.     Plaintiffs seek actual damages in excess of the minimum jurisdiction of this court.

44.     Plaintiffs seek exemplary damages in amount not to exceed twice the actual damages shown.

**Attorneys' Fees**

45.     Plaintiff is entitled to recover the attorneys' fees that it incurs in prosecuting the above stated claims pursuant to Chapters 37 and 38 the TEX CIV. PRAC. & REM. CODE as well as other laws and statutes of the State of Texas.

**Conditions Precedent**

46.     All conditions precedent to Plaintiffs' claims and causes of action have been performed or have occurred.

Page 8 of 10

### Prayer

47.    For these reasons, Plaintiffs ask that it be awarded the following relief:

a.    that the Court order an accounting;

b.    that Plaintiffs be awarded their actual, special and consequential damages;

c.    that Plaintiffs be awarded exemplary damages;

d.    that Plaintiffs be awarded costs and  attorneys' fees;

e.    that Plaintiffs be awarded pre and post-judgment interest; and

f.    that Plaintiffs receive all other relief, at law or in equity, to which they may be justly entitled.

Respectfully submitted,
STEPHENS & DOMNITZ, PLLC

/s/Kelly D. Stephens
Kelly D. Stephens
SBN:  19158300

P.O. Box  79734
Houston, Texas  77279-9734
Tel:     281-394-3287
Fax:    832-476-5460
kstephens@stephensdomnitz.com

ATTORNEY FOR PLAINTIFFS
LOS CUCOS MEXICAN CAFÉ VIII, Inc.,
LOS CUCOS MEXICAN CAFÉ IV, Inc.,
MANUEL CABRERA, and
SERGIO CABRERA

Exhibit K                                                                                  App. 23

**HAWASH MEADE GASTON NEESE & CICACK LLP**

/s/ Andrew K. Meade
Andrew K. Meade
State Bar No. 24032854
2118 Smith Street
Houston, Texas 77002
713-658-9006 (Direct & Fax)
ameade@hmgllp.com

ATTORNEYS FOR PLAINTIFFS
LOS CUCOS MEXICAN CAFÉ VIII, Inc.,
LOS CUCOS MEXICAN CAFÉ IV, Inc.,
MANUEL CABRERA, and
SERGIO CABRERA

Exhibit K                                                                    App. 24

# STEPHENS & DOMNITZ, PLLC

## ATTORNEYS AT LAW

P.O. Box 79734
HOUSTON, TEXAS 77279-9734

*TELEPHONE* 281-394-3287
*FACSIMILE* 713-476-5460



| To: | Nick Mosser, The Mosser Law Firm | From: | Kelly D. Stephens |
|---|---|---|---|
| Fax: | 972-267-5072 | Pages: | 11 _ Including cover |
| Phone: | | Date: | March 13, 2014 |
| Re: | Los Cucos v. 8650 Frisco | CC: | |

☐ Urgent    ☐ For Review    ☐ Please Comment    ☐ Please Reply    ☐ Please Recycle

● **Comments:**

Copy of Plaintiffs Original Petition

Exhibit K                                                                          App. 25

| LOS CUCOS MEXICAN CAFE | § | IN THE DISTRICT COURT OF |
|---|---|---|
| VIII, INC.; LOS CUCOS MEXICAN | § | |
| CAFE IV, INC.; MANUEL | § | |
| CABRERA; and SERGIO | § | |
| CABRERA, | § | |
| *Plaintiffs* | § | |
| | § | |
| **v.** | § | |
| | § | |
| | § | HARRIS COUNTY, TEXAS |
| 8650 FRISCO, LLC D/B/A ESTILO | § | |
| GAUCHO BRAZILIAN | § | |
| STEAKHOUSE; MANDONA, LLC; | § | |
| GALOVELHO, LLC; BAHTCHE, | § | |
| LLC; CLAUDIO NUNES; and | § | |
| DAVID JEIEL RODRIGUES, | § | |
| *Defendants* | § | **133rd JUDICIAL DISTRICT** |

## PLAINTIFFS' FIRST SET OF DISCOVERY REQUESTS TO 8650 FRISCO, LLC D/B/A ESTILO GAUCHO BRAZILIAN STEAKHOUSE

TO:   Defendant 8650 Frisco, LLC d/b/a Estilo Gaucho Brazilian Steakhouse, by and through its counsel of record, Nicholas D. Mosser and Benjamin Casey, Mosser Law PLLC, 17110 Dallas Parkway, Suite 290, Dallas, Texas 75248.

Pursuant to the Texas Rules of Civil Procedure, Plaintiffs Los Cucos Mexican Café VIII, Inc., Los Cucos Mexican Café IV, Inc., Manuel Cabrera, and Sergio Cabrera ("Plaintiffs") serve their First Set of Requests for Admissions, Requests for Production and First Set of Interrogatories on Defendant 8650 Frisco, LLC d/b/a Estilo Gaucho Brazilian Steakhouse ("Defendant") as authorized by Rules 196 and 198, TEX. R. CIV. P. Defendant must specifically admit or deny and produce all requested documents in its possession, custody, or control (as they are kept in the ordinary course of business or organized and labeled to correspond with categories in each request) for inspection and

Exhibit L                                                                              App. 26

copying, and not more than 30 days after service, at the office of HAWASH MEADE GASTON NEESE & CICACK LLP, 2118 Smith Street, Houston, Texas 77002.

Respectfully submitted,

STEPHENS & DOMNITZ, PLLC

*/s/ Kelly D. Stephens*
Kelly D. Stephens
SBN:  19158300
P.O. Box 79734
Houston, Texas  77279-9734
Tel:     281-394-3287
Fax:     832-476-5460
kstephens@stephensdomnitz.com


**HAWASH  MEADE  GASTON  NEESE & CICACK LLP**


 /s/ *Andrew K. Meade*
Andrew K. Meade
State Bar No. 24032854
Jeremy M. Masten
State Bar No. 24083454
2118 Smith Street
Houston, Texas 77002
713-658-9006 (Direct & Fax)
ameade@hmgllp.com
jmasten@hmgllp.com

ATTORNEYS FOR PLAINTIFFS
LOS CUCOS MEXICAN CAFÉ VIII, Inc.,
LOS CUCOS MEXICAN CAFÉ IV, Inc.,
MANUEL CABRERA, and
SERGIO CABRERA

2

Exhibit L                                                                                    App. 27

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document has been served to the following pursuant to the Texas Rules of Civil Procedure on April 14, 2014.

> *Via Fax: 972-267-5072 and*
> *email: courtdocuments@mosserlaw.com*
> James C. Mosser
> Nicholas D. Mosser
> Mosser Law PLLC
> 17110 Dallas Pkwy, Suite 290
> Dallas, TX 75248


> */s/ Andrew K. Meade*
> Andrew K. Meade

3

Exhibit L

App. 28

1.    As used throughout this request (including these definitions and instructions), the term "documents" means each and every document (as defined in Rule 34, FED. R. CIV. P.), all electronically stored information, and each and every tangible thing, including but not limited to both electronic and hard copy documents, in the possession, custody, or control of Plaintiff, whether a copy, draft, or original, wherever located, with all exhibits, attachments, and schedules, including but not limited to the following: correspondence and drafts of correspondence; notes or summaries of conversations; income tax returns, forms, schedules, or worksheets; inter- and intra-office memoranda; reports; comments; worksheets; plans; minutes; notes; notices or notifications; findings; conclusions; memoranda; contracts or agreements of any kind; brochures, circulars, bulletins, advertisements, sales catalogs or literature; packages, packaging, and package inserts; notes, records, summaries, or other reports of conferences, meetings, visits, surveys, discussions, inspections, examinations, reviews or telephone conversations; purchase orders, quotations, estimates, invoices, bids, receipts, or acknowledgements, including the reverse sides of all such documents with printing, typing or writing on the reverse sides; bills of lading and other shipping documents; credit agreements or credit memoranda; contract or lease offers or proposals; executed or proposed agreements, contracts, franchise agreements, licenses, leases, insurance policies and riders, or options; proposals; diaries; desk calendars, appointment books, or telephone call books; property valuations or appraisals, and their updates; affidavits, depositions, transcripts and statements, or summaries or excerpts thereof; stenographic notes; books and records; financial data; stock certificates and evidence of stock ownership; newspaper or magazine articles; pamphlets, books, texts, notebooks, magazines, manuals, journals, and publications; notepads, tabulations, data compilations, calculations, or computations; schedules; drafts; charts and maps; forecasts and projections; drawings, designs, plans, specifications, graphs, blueprints, sketches, or diagrams; orders; pleadings and court filings; checks and check stubs (front and back); records or transcripts of statements, depositions, conversations, meetings, discussions, conferences or interviews, whether in person or by telephone or by other means; workpapers; printouts or other stored information from computers or other information retention or processing systems; e-mail or electronic mail or communications, in whatever form; instant messages in whatever form; photographic matter or sound reproduction matter however produced, reproduced or stored; government reports, regulations, filings or orders; any other written, printed, typed, taped, recorded, or graphic matters; any exhibits, attachments, or schedules to or with the foregoing; any drafts of the foregoing; and any copies or duplicates of the foregoing that are different because of marginal or handwritten notations, or because of any markings thereon or alterations thereof.

2.    All electronically stored information should be produced as an electronic copy, preserving all metadata.

4

Exhibit L                                                                                                    App. 29

3.      Throughout this request (including these definitions and instructions), the term "communications" means any and all of the following: writings, oral communications, electronic communications (including emails, text messages, and instant messages), wire communications, conversations by telephone, meetings, and any contact, oral or written, formal or informal, at any time or place, and under any circumstance whatsoever, in which information of any nature was transmitted or exchanged in any form or by any medium.

4.      Throughout this request (including these definitions and instructions), the phrases "relating to," "relates to," "related to," "regarding," and "in relation to" mean constituting or evidencing, and directly or indirectly mentioning, describing, referring to, pertaining to, being connected with, reflecting upon, or concerning the stated subject matter.

5.      Throughout this request (including these definitions and instructions), the words "any" and "all" shall be considered to include "each" and "each and every."

6.      Throughout this request (including these definitions and instructions), the singular of any word shall include the plural, and the plural of any word shall include the singular. The masculine form shall include the feminine and neutral forms. The terms "and" and "or" shall mean "and/or" inclusively.

7.      Throughout this request (including these definitions and instructions), the terms "you" and "your" refer to the party responding to the request, as well as his, her, or its present and former agents, employees, counselors, consultants, representatives, attorneys, and any other person or entity acting or purporting to act on behalf of or under the control of the responding party.

8.      Throughout this request (including these definitions and instructions), "Defendant" and "Frisco" mean 8650 Frisco, LLC d/b/a Estilo Gaucho Brazilian Steakhouse, a named defendant in this matter. The term "Defendant" or "Frisco" also includes Defendant's present and former agents, employees, counselors, consultants, representatives, attorneys, and any other person or entity acting or purporting to act on its behalf or under its control.

9.      Throughout this request (including these definitions and instructions), the term "Plaintiff" or "Plaintiffs" means any named Plaintiff in this matter, including their present and former agents, employees, counselors, consultants, representatives, attorneys, and any other person or entity acting or purporting to act on its behalf or under their or its control.

10.     Throughout this request (including these definitions and instructions), "Los Cucos" means Los Cucos Mexican Café VIII, Inc. and Los Cucos Mexican Café IV,

5

Exhibit L                                                                App. 30

Inc., named defendants in this matter and includes any present and former agents, employees, counselors, consultants, affiliates, subsidiaries, representatives, attorneys, and/or any other person or entity acting or purporting to act on the behalf or under the control of Los Cucos.

11. If you contend that any document requested here need not be produced under a privilege or other protection against disclosure, provide an itemized log of the document(s) being withheld from production. In the log, specify the date of each such document, its author(s), all recipient(s), and any person(s) copied on the document, the paragraph of this request to which the document responds, and a brief description of the document's contents that supplies enough detail to assess the applicability of the privilege or protection being claimed. In addition, please specify the privilege or protection upon which you rely as their basis for withholding the document(s) from production.

12. If you intend to produce any electronic document or information in response to this request, please contact counsel for Los Cucos to discuss the form in which such electronic document or information will be produced.

13. If you have any questions about this request, please contact counsel for Los Cucos promptly for clarification.

14. Unless otherwise stated, the time period covered by this request is January 1, 2010 to the present.

15. You are reminded of your duty under Rule 193.5, Tex. R. Civ. P., to amend or supplement any response that was incomplete or incorrect when made or that, although correct and complete when made, is no longer complete and correct.

6

Exhibit L App. 31

Admit or deny the following:

**Admission No. 1.** 8650 Frisco, LLC received money from Los Cucos Mexican Café VIII, LLC.

**Admission No. 2.** 8650 Frisco, LLC intended to treat the money it received from Los Cucos Mexican Cafe VIII, LLC as a loan.

**Admission No. 3.** 8650 Frisco, LLC intended to treat the money it received from Los Cucos Mexican Cafe VIII, LLC as an investment.

**Admission No. 4.** 8650 Frisco, LLC intended to repay the money it received from Los Cucos Mexican Cafe VIII, LLC.

**Admission No. 5.** 8650 Frisco, LLC did not intend to repay the money it received from Los Cucos Mexican Cafe VIII, LLC.

**Admission No. 6.** 8650 Frisco, LLC received money from Los Cucos Mexican Cafe IV, LLC.

**Admission No. 7.** 8650 Frisco, LLC intended to treat the money it received from Los Cucos Mexican Cafe IV, LLC as a loan.

**Admission No. 8.** 8650 Frisco, LLC intended to treat the money it received from Los Cucos Mexican Cafe VI, LLC as an investment.

**Admission No. 9.** 8650 Frisco, LLC intended to repay the money it received from Los Cucos Mexican Cafe IV, LLC.

**Admission No. 10.** 8650 Frisco, LLC did not intend to repay the money it received from Los Cucos Mexican Cafe IV, LLC.

**Admission No. 11.** 8650 Frisco, LLC received money from Manuel Cabrera.

**Admission No. 12.** 8650 Frisco, LLC intended to treat the money it received from Manuel Cabrera as a loan.

**Admission No. 13.** Admit that 8650 Frisco, LLC intended to treat the money it received from Manuel Cabrera as an investment.

**Admission No. 14.** 8650 Frisco, LLC intended to repay the money it received from Manuel Cabrera.

7

Exhibit L

**Admission No. 15.** 8650 Frisco, LLC did not intend to repay the money it received from Manuel Cabrera.

**Admission No. 16.** 8650 Frisco, LLC received money from Sergio Cabrera.

**Admission No. 17.** 8650 Frisco, LLC intended to treat the money it received from Sergio Cabrera as a loan.

**Admission No. 18.** 8650 Frisco, LLC intended to treat the money it received from Sergio Cabrera as an investment.

**Admission No. 19.** 8650 Frisco, LLC intended to repay the money it received from Sergio Cabrera.

**Admission No. 20.** 8650 Frisco, LLC did not intend to repay the money it received from Sergio Cabrera.

**Admission No. 21.** 8650 Frisco, LLC received equipment from Los Cucos Mexican Cafe IV, LLC.

**Admission No. 22.** 8650 Frisco, LLC received furniture from Los Cucos Mexican Cafe IV, LLC.

**Admission No. 23.** 8650 Frisco, LLC is currently using equipment it received from Los Cucos Mexican Cafe IV, LLC.

**Admission No. 24.** 8650 Frisco, LLC is currently using furniture it received from Los Cucos Mexican Cafe IV, LLC.

**Admission No. 25.** 8650 Frisco, LLC is currently using equipment paid for by from Los Cucos Mexican Cafe IV, LLC.

**Admission No. 26.** 8650 Frisco, LLC is currently using furniture paid for by Los Cucos Mexican Cafe IV, LLC.

**Admission No. 27.** 8650 Frisco, LLC did not pay Los Cucos Mexican Cafe IV, LLC for any equipment or furniture.

**Admission No. 28.** Los Cucos Mexican Cafe IV, LLC did not gift furniture to 8650 Frisco, LLC.

8

Exhibit L                                                                                    App. 33

**Admission No. 29.** Los Cucos Mexican Cafe VIII, LLC did not gift money to 8650 Frisco, LLC.

**Admission No. 30.** Admit that Manuel Cabrera did not gift money to 8650 Frisco, LLC.

**Admission No. 31.** Sergio Cabrera did not gift money to 8650 Frisco, LLC.

**Admission No. 32.** 8650 Frisco, LLC is currently operating at a net profit.

**Admission No. 33.** 8650 Frisco, LLC is currently operating at a new loss.

**Admission No. 34.** 8650 Frisco, LLC is currently using the name Estilo Goucho Brazilian Steakhouse.

**Admission No. 35.** 8650 Frisco, LLC is has been using the name Estilo Goucho Brazilian Steakhouse since February, 2013.

**Admission No. 36.** 8650 Frisco, LLC has assigned, in writing, its rights to the mark Estilo Gaucho Bazilian Steakhouse to Bahtche, LLC.

**Admission No. 37.** 8650 Frisco, LLC has not assigned, in writing, its rights to the mark Estilo Gaucho Brazilian Steakhouse to Bahtche, LLC.

**Admission No. 38.** 8650 Frisco, LLC has received compensation from Bahtche, LLC for the ownership of the mark Estilo Gaucho Brazilian Steakhouse.

**Admission No. 39.** 8650 Frisco, LLC has not received compensation from Bahtche, LLC for the ownership of the mark Estilo Gaucho Brazilian Steakhouse.

**Admission No. 40.** Estilo Gaucho Brazilian Steakhouse is a trade name of 8650 Frisco, LLC.

**Admission No. 41.** 8650 Frisco, LLC does business as Estilo Gaucho Brazilian Steakhouse.

Exhibit L

App. 34

## Requests for Production

**Request No. 1.** Produce all documents and records provided to or received from 8650 Frisco, LLC's accountants (including, but not limited to Mike Verucchi, CPA, Holtman & Company, LLC, or Hal Holtman, CPA), which relate in any way to 8650 Frisco, LLC.

**Request No. 2.** Produce all documents and records in the possession of 8650 Frisco, LLC's accountants (including, but not limited to Mike Verucchi, CPA, Holtman & Company, LLC, or Hal Holtman, CPA), which relate in any way to 8650 Frisco, LLC.

**Request No. 3.** Produce all financial records of 8650 Frisco, LLC.

**Request No. 4.** Produce all accounting records of 8650 Frisco, LLC.

**Request No. 5.** Produce all bank statements of 8650 Frisco, LLC.

**Request No. 6.** Produce all point of sale data and reports related to 8650 Frisco, LLC.

**Request No. 7.** Produce all tax records (including all 1099 forms, W-2 forms, and K-1 forms) related to 8650 Frisco, LLC.

**Request No. 8.** Produce all communications and correspondence with 8650 Frisco, LLC's accountants (including, but not limited to Mike Verucchi, CPA, Holtman & Company, LLC, or Hal Holtman, CPA), which relate in any way to 8650 Frisco, LLC.

**Request No. 9.** Produce all payroll records for 8650 Frisco, LLC.

**Request No. 10.** Produce all records of money received from any Plaintiff in this lawsuit.

**Request No. 11.** Produce all records of money paid or distributed to any Plaintiff in this lawsuit.

**Request No. 12.** Produce all correspondence and communications with each Plaintiff in this lawsuit.

**Request No. 13.** Produce all agreements, including all drafts of agreements, between the Parties, which relate in any way to 8650 Frisco, LLC.

10

Exhibit L                                                                                    App. 35

**Request No. 14.** Produce all leases and related documents (e.g., guarantees), which relate to the premises currently occupied by 8650 Frisco, LLC.

**Request No. 15.** Produce all records of financial transactions between 8650 Frisco, LLC and Claudio Nunes.

**Request No. 16.** Produce all records of financial transactions between 8650 Frisco, LLC and David Jeiel Rodrigues.

**Request No. 17.** Produce all corporate records of 8650 Frisco, LLC.

**Request No. 18.** Produce quarterly and annual profit and loss statements for 8650 Frisco, LLC from its creation through the present (update quarterly through trial).

**Request No. 19.** Produce quarterly and annual balance sheet statements for 8650 Frisco, LLC from its creation through the present (update quarterly through trial).

**Request No. 20.** Produce all communications and correspondence related to any of the Plaintiffs in this lawsuit.

**Request No. 21.** Produce all records of cash receipts and cash deposits for 8650 Frisco, LLC.

**Request No. 22.** Produce all records, including invoices, for all equipment and furniture purchased for use by 8650 Frisco, LLC.

**Request No. 23.** Produce all documents which reflect or relate to the application to the United States Patent and Trademark office for the mark Estilo GAucho Brazilian Steakhouse.

**Request No. 24.** Produce the assignment of ownership rights for the mark Estilo Gaucho Brazilian Steakhouse to Bahtche, LLC.

**Request No. 25.** Produce documents reflecting the exchange of compensation by and between 8650 Frisco, LLC and Bahtche, LLC, related to the mark Estilo Gaucho Brazilian Steakhouse.

11

Exhibit L

## FIRST SET OF INTERROGATORIES

**Interrogatory No. 1.** Identify and explain in detail the terms upon which Los Cucos Mexican Cafe VIII, LLC provided money to 8650 Frisco, LLC.

**Interrogatory No. 2.** If you contend that the money provided to 8650 Frisco, LLC by Los Cucos Mexican Cafe VIII, LLC was a loan, describe in detail the basis of that contention and terms of the loan.

**Interrogatory No. 3.** If you contend that they money provided to 8650 Frisco, LLC by Los Cucos Mexican Cafe VIII, LLC was an investment, describe in detail the basis of that contention and terms of the investment.

**Interrogatory No. 4.** Identify and describe in detail the equipment and furnishings provided to 8650 Frisco, LLC by Los Cucos Mexican Cafe, IV.

**Interrogatory No. 5.** If you contend that the parties had an agreement as to 8650 Frisco, LLC's use of the equipment and furniture provided to 8650 Frisco, LLC by Los Cucos Mexican Cafe, IV, identify and describe in detail the basis of that contention and terms of the agreement.

**Interrogatory No. 6.** Identify and describe in detail the source, date of purchase, and cost of all equipment and furnishings used at 8650 Frisco, LLC.

**Interrogatory No. 7.** Detail the circumstances and terms under which the mark Estilo Gaucho Brazilian Steakhouse was transferred to Bahtche, LLC.

12

Exhibit L                                                                                   App. 37

## CAUSE NO. 2014-10896

| | | |
|---|---|---|
| **LOS CUCOS MEXICAN CAFÉ VIII, INC., LOS CUCOS MEXICAN CAFÉ IV, INC., MANUEL CABRERA, and SERGIO CABRERA PLAINTIFFS,** | § § § § § § § | **IN THE DISTRICT COURT OF** |
| **V.** | § § | **HARRIS COUNTY, TEXAS** |
| **8650 FRISCO, LLC d/b/a ESTILO GAUCHO BRAZILIAN STEAKHOUSE, MANDONA, LLC, GALOVELHO, LLC, BAHTCHE, LLC, CLAUDIO NUNES and DAVID JEIEL RODRIGUES DEFENDANTS.** | § § § § § § § § § § | **133rd JUDICIAL DISTRICT** |

## DEFENDANTS' ORIGINAL ANSWER

**Subject to Defendants' Motion to transfer Venue and without waiving same, Pursuant to Rules 84 and 86:**

**NOW COMES** 8650 Frisco, LLC d/b/a Estilo Gaucho Brazilian Steakhouse, Mandona, LLC, Galovelho, LLC, Bahtche, LLC, Claudio Nunes and David Jeiel Rodrigues ("Defendants") and file this original answer to the original petition filed by Los Cucos Mexican Café VIII, Inc., Los Cucos Mexican Café IV, Inc., Manuel Cabrera, and Sergio Cabrera ("Plaintiffs") and shows the Court:

## GENERAL DENIAL

Defendants Original Answer Subject to
Motion to Transfer Venue

1 of 4

Exhibit M

App. 38

In accordance with Rule 92 of the Texas Rules of Civil Procedure, Defendants exercise their legal right to require Plaintiffs to prove their allegations contained in their pleadings. Accordingly, Defendants generally deny the allegations of Plaintiffs' pleading and demand strict proof of the allegations by a preponderance of evidence.

## AFFIRMATIVE DEFENSES

1.    Defendants are not liable to Plaintiffs because of Plaintiffs Fraud.

2.    Defendants are not liable to Plaintiffs because of the Statute of Frauds.

3.    Defendants are not liable to Plaintiffs because there is no written agreement as recited by Plaintiffs.

4.    Defendants are not liable to Plaintiffs because there is no oral agreements as recited by Plaintiffs.

## VERIFIED PLEAS

5.    Defendants deny that there is any partnership as pleaded by Plaintiffs.

## COUNTER CLAIM: DECLARATORY JUDGMENT

6.    Defendants request a declaratory judgment that there was never an agreement between any of the Defendants and any of the Plaintiffs as alleged by Plaintiffs. Defendants request the court to determine the rights of Defendants in relation to the Plaintiffs.

7.    Defendants request the court to award attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code §37.009.

## DISCLOSURES

Defendants request that Plaintiffs make disclosure as required under Texas Rules of Civil Procedure 194.

## PRAYER

Defendants request that all relief sought by Plaintiffs be denied, that Plaintiffs take nothing by this suit, and that Defendants recover all costs and attorney's fees,  together with such other and further relief to which it may be justly entitled.

Respectfully submitted, *MOSSER LAW PLLC,*

/s/ James. C. Mosser
James C. Mosser
Texas Bar No. 00789784
Nicholas D. Mosser
Texas Bar No. 24075405
Benjamin Casey
Texas Bar No. 24087267
17110 Dallas Parkway Suite 290
Dallas, TX 75248
Tel. (972) 733-3223
Fax. (972) 267-5072
courtdocuments@mosserlaw.com
**Lawyers for Defendants**.

Defendants Original Answer Subject to
Motion to Transfer Venue                                                3 of 4

## CERTIFICATE OF SERVICE

I certify that on April 14, 2014, a true and correct copy of this document was served to the following pursuant to Texas Rules of Civil Procedure 21 & 21(a) on the following:

Kelly Stephens
P.O. Box 79734
Houston, Texas 77279-9734
832-476-5460 (Facsimile)

/s/ Nicholas D. Mosser
Nicholas D. Mosser

                    REPORTER'S RECORD

                 VOLUME 1  OF  1  VOLUME

                 CAUSE NO.  2014-10896


LOS CUCOS MEXICAN CAFE VIII § IN THE DISTRICT COURT OF
                            §
VS.                         § HARRIS COUNTY, T E X A S
                            §
8650 FRISCO, LLC            § 133RD JUDICIAL DISTRICT



*****************************************************

                      MOTIONS

*****************************************************


                On the 28th day of July, 2014, the
following proceedings came on to be heard in the
above- entitled and numbered cause before the
HONORABLE JACLANEL McFARLAND, Judge Presiding of the
133rd District Court of Houston, Harris County, Texas.
                Proceedings reported by stenographic
method.



                    LaVEARN IVEY

                 DEPUTY COURT REPORTER

                  133rd DISTRICT COURT

                  HARRIS COUNTY, TEXAS

A P P E A R A N C E S:


FOR THE PLAINTIFFS:
           MR. KELLY D. STEPHENS
           State Bar No. 19158300
           Stephens & Dominitz PLCC
           P. O. Box 79734
           Houston, Texas 77297-9734
           281.394.3287

           MR. ANDREW K. MEADE
           State Bar No. 24032854
           MR. SAMUEL D. HAREN
           State Bar No. 24059899
           Hawash Meade Gaston Neese & Cicack LLP
           2118 Smith Street
           Houston, Texas  77002
           713.658.9006




FOR THE DEFENDANTS:
           MR. NICHOLAS D. MOSSER
           State Bar No. 24075405
           Mosser Law PLLC
           17110 Dallas Parkway
           Suite 290
           Dallas, Texas 75248
           972.733.3223

July 28, 2014

THE COURT: If all the attorneys would announce themselves and who they represent.

MR. MEADE: For the plaintiffs, Andrew Meade, Sam Haren and Kelly Stephens.

MR. MOSSER: Nicholas Mosser for 8650 and the remainder of the defendants.

THE COURT: Very well. Now I don't know what order you want to take them in. The first one I happen to have on the docket is the motion to transfer. Want to do that one first, want to do another one first, do you --

MR. MOSSER: Sorry to interrupt, Your Honor. I prefer to do that one first because I believe the remainder will become moot after that point.

THE COURT: Okay. Go ahead.

MR. MEADE: On the motion to transfer, Your Honor, you had mentioned that you were pushing that off until after we got our depositions.

THE COURT: That's right because there were all those motions to quash.

MR. MEADE: They are next week. The depositions are scheduled for next week.

THE COURT: That's right. I did say that.

Were these not the ones that there was motions to quash? Have y'all worked some of those out?

MR. MEADE: We have depositions set for Monday and Tuesday of next week, Your Honor.

THE COURT: Well, let's --

MR. MEADE: On the motion to quash.

THE COURT: I just assumed you had some.

MR. MOSSER: Your Honor, I called and confirmed that this hearing on motion to transfer venue was scheduled for today.

THE COURT: Okay, that's fine.

MR. MOSSER: Your Honor, we specifically deny the venue facts pleaded by plaintiffs. They have filed no response to any of our specific denials. They have produced no prima facie evidence of any of their venue facts. We allege that venue is mandatory and permissive in Collin County and we have not had any response to our supplemental motion. Their timeframe to respond or amend the pleading is over. And the facts are properly pleaded and alleged. Any facts that are not controverted by opposing counsel are deemed accepted as true. And I believe this court has no other choice but to transfer this case into Collin County.

THE COURT: Counsel.

MR. MEADE: Your Honor, I actually -- I

don't have a copy of the motion. I didn't know that it was set for today because my understanding from our last hearing was that it was going to be continued and put off until after we were able to get the depositions so as not to allow counsel to basically -- trying to figure out the right way to put it nicely. To play discovery games and continually push off the depositions until after they can get their motion to transfer venue set.

I think we have pled sufficient venue facts. I looked at this issue last -- a month and a half ago so I don't remember what the exact facts are but they included, for example, that my clients were contacted by the defendants regarding this investment by the defendants reaching out to the clients in Harris County. And that my clients paid from Harris County $948 thousand and change and that the place for repayment was Harris County. That the reaching out to induce the investment and the location for place of payment alone are sufficient to establish venue here and are dispositive of the issue.

If Your Honor is inclined to need more venue facts or more briefing on that issue I would be happy to give it to you. But I think those facts that we have already pled and established are sufficient in and of itself.

THE COURT: Counsel, when you got your

notice to him --

MR. MOSSER: It's been e-filed, Your Honor.

THE COURT: Well, have you got it?

MR. MOSSER: Yes, Your Honor.

THE COURT: Did you conference with him before you reset it and gave him notice that it was set?

MR. MOSSER: We only reset it based on the court's request, we reset it from August 4th to July 28th.

THE COURT: That's because y'all were supposed to have already done depositions, right?

MR. MEADE: Your Honor, this setting of July 28th was set prior to the last hearing that we had and, Your Honor, at that last hearing because we couldn't -- I was going to take a vacation -- our last hearing I think was June 23rd. I was going to be on vacation and we couldn't get deposition dates set to occur due to Mr. Mosser's father not being able to come to Houston for the depositions until after the date that they had set for their motion to transfer venue. I said -- I requested from the court that we put off the hearing on their motion to transfer venue until after I was able to get the depositions and Your Honor indicated that you would. They never reset their motion but Your Honor passed the hearing orally.

THE COURT: I remember.

MR. MOSSER: Your Honor, there was no notice of any of that other than the hearing. If that actually took place in the hearing then I believe that should have been on the docket and addressed on the docket and it should have been reset there. We have no order on any of this, I have no transcript on any of this --

THE COURT: I think your dad was on the phone.

MR. MOSSER: I believe he was. But I believe this is still properly set. There is no verified motion for continuance.

THE COURT: Have you got a certificate of conference where you conferenced with him about this motion?

MR. MOSSER: We attempted numerous times to illustrate to each one of these issues.

THE COURT: Counsel, I asked you a specific question. You got a certificate of conference on this motion?

MR. MOSSER: Yes, Your Honor, I do. As of March 14th we have been trying to transfer this.

THE COURT: No, on this one that was set for today.

MR. MOSSER: On this one that's set for

today.

THE COURT: And you conferenced about it being set for today? Because isn't this -- is this the original one?

MR. MOSSER: Yes, Your Honor.

THE COURT: Well, but we have had a lot of stuff since then.

MR. MOSSER: I supplemented it based on the second amended petition and that's the venue facts we specifically deny. And there has been no response on it.

THE COURT: Okay. Well, I am going to continue it until after the depositions just like I told your dad. So let's move to the next one.

Okay. To be continued on the court's own motion.

MR. MOSSER: Your Honor, we request that the remainder of these motions also be continued until after the motion to transfer venue.

THE COURT: Denied.

Okay. The next thing I have got is -- because you filed something on July first on your motion to transfer. Did you send that to him?

MR. MOSSER: Yes, Your Honor.

THE COURT: And you said it was set for hearing today?

MR. MOSSER: I filed all the notices of hearing and I filed supplements.

THE COURT: And you conferenced with him that it was set for today?

MR. MOSSER: I filed the notice of hearing, Your Honor.

THE COURT: Yeah. I see a notice of conference on here.

Okay. So going to the next motion that's set, I think was on the subpoena issue, right?

MR. MEADE: The Mike Verucchi subpoena issue.

THE COURT: Right.

MR. MEADE: And Your Honor, we have as you know, we have been attempting to perform written and oral discovery in this case for five months now. And one of the issues was subpoenaing the initial accountant which was Hal Holtman. The defendants sent a letter to Hal Holtman instructing him not to comply with that subpoena.

THE COURT: Oh, I remember.

MR. MEADE: And telling him to destroy the documents and we had moved to compel and protection on that. And we got those documents compelled. And the defendants have identified in response to request for disclosure their new accountant as Mr. Verucchi. We have

sent a subpoena to Mr. Verucchi and the defendants filed a motion to quash. The exclusive basis of the motion to quash is that it calls for production, our subpoena calls for production outside of 150 miles and thus is outside the subpoena range. The location for production pursuant to subpoena is Mr. Verucchi's offices, not Harris County. And therefore it doesn't violate the 150 mile limitation.

The defendants have also represented in a letter that they have provided us with all of Mr. Verucchi's documents. But the only documents that we have been provided with in response to discovery, and this goes to the next motion, too, but I am going to hold off on that for a minute. But it's an important note to remember.

The only documents they have provided us in June in response to the court's order on our motion to compel in the Verucchi subpoena is to produce to us -- at the last hearing the court, Mr. Mosser asked that we give the Holtman documents, we had received them, give him a copy and we produced them, we Bates labeled and produced them to him -- we didn't Holtman Bates labeled?

MR. HAREN: No --

MR. MEADE: So we produced the Holtman documents to Mr. Mosser's firm. Mr. Mosser produced the Holtman backed -- documents back to us with only one page

addition and that was the cover letter. And that's the only thing we have been given. He says I have given you all -- now given you all of Mr. Verucchi's documents and all the financial documents we have in our possession.

With all due respect, even if I believe that to be true I'm entitled to production from Mr. Verucchi, and the exclusive basis for the motion to quash being 150 mile limitation, it's not valid. Like I said we called for production at Mr. Verucchi's office.

MR. MOSSER: Your Honor, I have attempted to resolve this without having a motion to compel. I didn't think it was necessary. I didn't think once we produced the documents and they are basically the same documents. I mean the transfer of accountants in this case was Mr. Holtman was the accountant for 8650. He produced all these documents. After we received them. Those are all the documents that we had in our possession that were responsive to Verucchi's subpoena. Verucchi does not believe -- I have talked to him, he does not have any more documents other than those documents he received directly from Mr. Holtman. Those are the financial records that he has in his possession.

THE COURT: But he needs to say it under oath.

MR. MOSSER: I believe that without the

need of doing the motion to compel, without the need of a subpoena our production of those same documents are sufficient. Otherwise motion to compel, it's just not necessary based on the fact we have produced all responsive documents. I don't think he needs to say it under oath. We produced them and represent that those are the documents that we have, and of course we are under the obligation to supplement, but those are the documents he received from Mr. Holtman and that's all he's got.

THE COURT: So why don't you want him to say that and swear to it?

MR. MOSSER: Because I believe that they are required to go through us on proper discovery and not go through and try to circumvent the discovery process by using a subpoena.

THE COURT: Well, they are asking a third party, they subpoenaed a third party on a deposition on written questions.

MR. MOSSER: In specific attempt to circumvent requesting the documents from us and allowing us to control the process and the information released. I believe it's our right to object and make the call for privileges and specifically they are asking for every social security number of every employee of 8650 and every other entity involved in this. We have made that

objection and the objection has not been put before this court and I do not believe it's proper to produce that volume of personal information without redacting it. And that's what we did when we took that information, we redacted that information and produced it back.

THE COURT: Well, it looks like to me they would prove these up under business records with this subpoena.

MR. MEADE: One of the issues that we are trying to do, Your Honor, is to prove up the business records through the subpoena, of course. But No. 2, what I just heard again blows my mind and that is that counsel says no, you can't go request documents directly from a third party. We get to control the information that you are allowed to get. And we are going to take the documents from a third party. And the only objection they raised in response to Mr. Verucchi, again the subpoena, was 150 mile range. No privilege issue on this one like Holtman, anything like that. And now what they are saying is we are going to take the documents from him. We are going to just represent to you in a letter that this is all he has, trust us on it, and we are going to go through and redact some information and control the flow of the information back to you.

They haven't disclosed anybody else who is an

accountant for the enterprise. They have not, and I find this very interesting, supplemented their discovery because we are going to get to that next as they can concede they have the obligation to do.

No, they don't get -- one of the reasons you go to third parties to get things is so that the other side doesn't -- if for example you don't 100 percent trust them to disclose documents, and I don't, you don't have to go directly to that party. You can go to third parties in possession of the documents.

And with Mr. Verucchi in particular, at the last hearing the reason they were saying they didn't have to produce these records was Mr. Verucchi had them and he was not within their possession -- it was not in his possession, custody and control. That's the only objection. Our own accountant.

Now they are saying, no, we get to go to that accountant, get the documents, redact them, choose which documents to give you.

I mean, we're entitled to go to the third party. They raise one objection, it's invalid, and so the motion to quash should just be overruled.

THE COURT: Do you want to say anything else, counsel?

MR. MOSSER: Your Honor, I don't believe

the motion to quash was invalid, however I withdrew it on the representation that I produced those documents that are responsive to his subpoena request. I don't believe just like I can't --

THE COURT: So did you set up another date where they could go do it?

MR. MOSSER: No, Your Honor, I don't believe it was necessary. I believe that the only thing that they wanted out of this was documents, documents that Mr. Holtman came and produced to them months before we ever got copies of those documents and those documents are all they seem to care about.

The only other thing, the only other reason that Mr. Verucchi has complained about is the volume of papers that opposing counsel is delivering on him and interfering with the operation of his business. And this is the reason we believe they are subpoenaing Mr. Verucchi.

If they really truly wanted these documents from us then they would have made the request, they would have objected to or they would have put a motion to compel on the remainder of our objections out there and compelled us to produce those documents.

I produced them both in response to his subpoena and in response to the discovery requests that

they made and I don't believe either of these motions to compel are proper today because we have done everything that they are seeking to accomplish.

THE COURT: You are going to stipulate that they are the business records, and not ---

MR. MOSSER: As far as Mr. Holtman has prepared the business records and they are accurate based on Mr. Holtman, I think -- 7,000 pages of documents, Your Honor, I have not had an opportunity to go and verify that they are accurate and correct, and Mr. Holtman has done his job correctly.

THE COURT: So you don't know.

MR. MOSSER: I don't know yet. 7,000 pages, Your Honor.

THE COURT: So these are the same documents that the CPA in New Braunfels --

MR. MEADE: Hal Holtman.

THE COURT: That you told them to destroy?

MR. MOSSER: I told him to deliver copies to my office and destroy his copies. I did not tell him to destroy the documents, Your Honor.

THE COURT: Your motion is granted other than I did strike out the sanction. Okay. Next.

MR. MEADE: Next is our motion to compel the discovery that Mr. Mosser said we should have prepared

and served on them and should have been compelled. And actually this isn't a motion to compel, this is a motion to enforce the court's order on our prior motion to compel.

We have served the defendants with request for production for all of their financial records. And, Your Honor, they refused to produce them under a myriad of objections. We filed a motion to compel. That motion to compel was heard on June 23rd. Your Honor overruled the objections and ordered the production of the documents.

Since that time, we wrote a letter to defendants asking them to produce the documents. They didn't. We wrote them another letter asking them to produce the documents and they responded saying we didn't get your first letter, not agreeing to produce anything.

Subsequently in the lead-up to today's hearing they produced the Verucchi Holtman documents with cover letter reproducing back to us the documents we have already produced to them in the case and informing us that they are standing on the objections that they previously -- that the court previously overruled other than the objection as to privilege because in their view the only objection before the court although we asked the court to overrule and the court did all of their objections to the request for production. They are taking

the position that the only objection that was overruled was the objection as to the accountant privilege.

And again we are asking for a lot of financial information. We have already talked about why we need the financial information in the prior hearing. The court's already compelled the production of it. And the defendants have just refused.

I am now taking their depositions next Monday and Tuesday, so it's a little bit urgent that we get these documents.

And in response to Mr. Mosser's previous point about the on-going duty to supplement, that's one of the primary issues here. Because they have taken -- the defendants have taken the position that, look, you got the snapshot of the way that the financial picture of this enterprise existed at the time that Mr. Holtman produced documents in April. And therefore you have all the records. But this is an operating business enterprise that has daily -- it's a restaurant. It has daily financial records.

We also don't have any of the tax returns, of course, as the court's already -- so the issue is that we need everything that the defendants have, every financial document that they have. And yes, they do have a duty to supplement and we are going to be encouraging them through

this process to continue to supplement the records.

But they need to give us everything they have up until today's date and they need to do it like yesterday so that I can get ready for the depositions on Monday and Tuesday.

The court has already ordered this. So we are not here on a motion to compel but a motion to enforce. This is why we have asked for a penalty to be imposed of a thousand dollars a day until the Court's prior order is compiled with.

MR. MOSSER: Your Honor, only three objections were placed before the court during the last motion to compel. The only three objections -- opposing counsel misstates most of the correspondence between us. The only three objections that were at point at the last motion to compel and they are even subsections of his motion are there is no accountant-client privilege in Texas which is incorrect. There is no tax return privilege which is incorrect and not entirely what I said I don't believe. I believe that their confidential and privileged information and private information and the bank records are discoverable.

We didn't object that the bank records are discoverable. We objected that the way they produced them are not the proper method of production. There is cases

that we cited in our response to the motion to compel that, A, bank records are the bank's records, not the client's records.

Those are the only three objections placed before the court. We have received no signed order and no order indicating from the court oral or otherwise indicating that all of the objections either before or not before the court were overruled. So our remaining objections were still in place.

Now despite that, I have produced the documents that are responsive to their specific requests. If they don't have the tax returns that will fall to Mr. Holtman and he should be here explaining why he didn't produce the tax records. We have produced everything we received from Mr. Holtman. He was in possession of those documents and we have done everything possible we should do.

I sent letters to opposing counsel saying I don't see the need for this hearing given that I have produced as much information as I have responsive to your request. Now I have redacted some. I redacted information dealing with other employees' social security numbers. I don't believe that's proper to produce any documents with other people's social security numbers on it. It's an invasion of their privacy and as we have seen

with the subpoenas to third parties, all they intend to do is harass the remaining employees. They are seeking out documents rather than going through the normal discovery process by subpoenaing or using back channels in order to get documents from Mr. Holtman and subpoenaing Mr. Verucchi and including him on things that should go through us.

I believe it's my responsibility to object and help try to control the flow of documents that are not permissible. That way I don't waive my objections.

THE COURT: Did you give me an order to sign on this?

MR. MEADE: We did give Your Honor an order to sign on the prior motion to compel. I don't believe that Your Honor did ever sign the order. But you did -- and one of the issues was you did order the production and overruled all of their objections on the record.

Your Honor did not give them a deadline. Which is why we wrote them afterwards saying please do it within 10 days. And when they didn't do it within 10 days we said, you know, please -- previously, you know, do it within 10 days, again giving them 20 days.

But the point is we still don't have the production. All I am hearing from the other side is, hey,

we gave you the Holtman documents, I mean we have given you -- whatever you can discover, this is why you go to third parties because the only thing that they are willing to give us is what we have already discovered from third parties.

And they are not going to stand here I believe -- nobody is going to stand here and take the position there is not a single financial record in this case after April of 2014. Nor a single financial record that wasn't in the possession, custody and control of Mr. Holtman. They have certainly not certifying that that's true. And if they are going to take the position that the universe of documents in this case is going to be the Holtman production and that they are never going to show up with another one at another hearing or trial or deposition, I mean that would be an interesting position for him to take. And we can try the case on the Holtman documents but they are not -- they are certainly not the world of responsive documents.

This is an on-going like I said business enterprise. A restaurant that's open six or seven days a week that has cash registers, bank accounts and generates financial documents.

On the tax return issue, no, we didn't get tax returns from Mr. Holtman. If the defendants do not have a

tax return despite being an operating business enterprise since 2012 then they are certify in a response there are no responsive documents in the proper place, in response to the request for production.  Then we will know there are no tax return documents.  Not just simply saying look at the Holtman documents.  And avoiding addressing the Court's prior ruling.

THE COURT:  Well, I have one concern with it, and that is your motion is to enforce the court's order and if I didn't sign an order, then I have got a problem with that.  Where is the order?

MR. MEADE:  And the thing is, Your Honor, you certainly ordered it orally but you didn't put it in writing.

THE COURT:  I know I ordered an orally but I need to sign an order if I did not.

There is not one in the --

MR. MEADE:  I'm sorry, Your Honor, I didn't mean to cut you off.

THE COURT:  Well, let me just see if we can -- did you file it electronically, or what did you do?

MR. MEADE:  Well, I think we are required and did file it electronically.  I think we had to do everything electronically.

THE COURT:  Well, I am going to pull it up

and then I don't have to sign yours that's been marked on.

MR. MEADE: The one issue I want to mention here, Your Honor, we that did withdraw at the last hearing our request for the court to assess attorneys fees against the defendants and their counsel. That order includes that request and we did withdraw that request.

THE COURT: All right. So let's see what we have got electronically filed. So you think you filed it when you were here June 23rd.

MR. MEADE: Should have been filed in advance of that.

MR. HAREN: It would be the proposed order on response to the motion to stay all matters and our third motion to compel.

MR. MOSSER: Your Honor, I have a clean copy with some hole punches in it if you would like to see that. I have a proposed order. My objection is that only three issues were brought up in the motion to compel, not all of our objections.

THE COURT: Well, you ordered a transcript, right?

MR. MOSSER: Yes, Your Honor.

THE COURT: Have you got it with you?

MR. MOSSER: No, we have not received the transcript.

THE COURT: I thought you said in there that you did have the transcript.

MR. MOSSER: I have a transcript from the temporary injunction hearing. That's the only transcript we have managed to get yet.

THE COURT: As I now recall, my court reporter is now on vacation. There was some issue of y'all not wanting to pay for it.

MR. MOSSER: No, Your Honor, we sent a check out the day we got the invoice from her.

THE COURT: Well, but I remember that conversation "that's not the way we do it in Dallas or our word is good and therefore" --

MR. MOSSER: I don't believe that occurred.

THE COURT: Well, I believe her, and I notice y'all had referenced something in your response about how long it took you to get it. As I recall the reason was it took her a long time to get a check. She wasn't going to start on it till she got a check.

MR. MOSSER: Your Honor, I have a certified letter indicating when she received the check and when she deposited the check so I know we have sent out a check for that transcript.

THE COURT: For the one that you have?

MR. MOSSER: For the one that took about two or three months to get. I do not know about the other one. I know we sent out the check from that as well.

THE COURT: Once you sent out the check how long did you take to get it?

MR. MOSSER: About two or three months. Once sent it out and saw it was deposited.

THE COURT: Okay. We have been busy. That's the only order? This isn't it. Is there one that I haven't signed that was filed before June?

MR. HAREN: I believe it was filed on June 11, 2014, envelope No. 1510270.

THE COURT: Motion to stay and plaintiff's third motion to compel, that was it?

MR. MEADE: Correct. The way that that had happened procedurally, Your Honor, was that the defendants filed a motion to stay while they were awaiting the transcript of the temporary injunction hearing because they wanted to stay all discovery and proceedings in this action until they could have their motion for venue set. We pointed out to the court that the rules specifically state that discovery proceeds while you await a motion on motion to transfer venue and the court overruled that objection as well.

THE COURT: Obviously I didn't grant any

sanctions.

MR. MEADE: No, we withdrew that request, Your Honor.

THE COURT: Okay.

MR. MOSSER: Your Honor, if I may also make an objection. Your court has local rules that require certain level of conference before any motion. These two motions have not been conferred on. They represent that only one email was the attempt. They never made multiple attempts as required under the rules and I believe these are improper to be heard today over my motion to transfer venue which was set.

THE COURT: You didn't do that on your motion to transfer.

MR. MOSSER: I beg to differ, Your Honor. I have a certificate of conference --

THE COURT: Back from March, not for this setting. And I just saw one on theirs.

MR. MOSSER: It says that they made one e-mail attempt and that's it.

THE COURT: I have seen several letters back and forth.

MR. HAREN: Your Honor, I can provide you with multiple letters reminding them of their obligations under the court's order and asking them to withdraw their

motion to quash because their objection was invalid.

THE COURT: Yes.

MR. MEADE: Your Honor, I think in the context of what you are seeking from the relief from the court should inform the court and what conference is necessary. When you are seeking to compel discovery that the other side has, you know, repeatedly quashed, quashed the subpoenas, quashed the depositions, refusing to provide discovery and written you letters saying that they are not going to provide it to you, you know, sending them a letter that says, look, we are filing this motion and we would like to confer, we tried to call, nobody called back and then sending me a letter saying one phone call wasn't enough, so I wrote my phone number on the front of it, on the front of their letter and said call me at this number, my direct line and I sent it back to them. I never heard back.

I am not going to spend my day making phone calls to people who don't want to talk to me and don't want to cooperate in the discovery and litigation proceeding.

THE COURT: When is your first deposition?

MR. MEADE: Monday, Your Honor. Taking two depositions on Monday, two individual depositions on Monday, corporate representative depositions on Tuesday.

THE COURT: Okay. Here is what I have done. I have signed this order that was prepared and filed back on June 11th. I have scratched out the court finding that defendant's counsel has abused the discovery process, that paragraph and the attorneys fees paragraph, I have scratched those out and then I have added the documents must be produced by August 1, 2014 at 5:00 p.m.

MR. MEADE: Thank you, Your Honor.

THE COURT: That means you have to work --

MR. MEADE: And one -- because I have just been dealing with it for a little while, produce doesn't mean put in the mail at 5:00 o'clock p.m., sent from Dallas to arrive several days later but I would like that they be produced at my offices. And they can produce them electronically as we do. That's the best method, of course. But they be produced at my offices by 5:00 o'clock so I can get ready for depositions.

Thank you, Your Honor.

THE COURT: Okay. I added "at plaintiff's attorneys office".

MR. MEADE: Thank you, Your Honor.

THE COURT: You understand that, counsel?

MR. MOSSER: I object to it. I believe the method of service is proper under Supreme Court rules method of service.

THE COURT: But do you understand my order?

MR. MOSSER: Yes, Your Honor.

THE COURT: Here is your copy. Counsel, here is your copy.

MR. MEADE: Okay. Next, and I am going to have my associate deal with the next issue. The deposition topics of the corporate representatives.

Before we get to that issue, we have noticed a site inspection, Your Honor, for August 1st. The defense counsel has stated that they aren't going to allow it to go forward at 8650 Frisco. They have not objected to it formally.

THE COURT: I don't think that's on --

MR. MOSSER: I don't think either of these issues are before the court today.

THE COURT: I don't think so.

MR. MEADE: We may be back down here shortly, Your Honor.

THE COURT: I am sure you will.

MR. MEADE: I will let Mr. Haren address the deposition.

MR. MOSSER: I don't believe that's before the court either, Your Honor.

THE COURT: I do have that on here.

MR. MOSSER: I do not have notice of that.

THE COURT: Well, maybe I don't. Motion to compel production which I just did.

MR. HAREN: It's styled as plaintiff's response to defendant's supplemental objections to deposition topics.

THE COURT: Well, I have your motion but I don't know that I have a docket on that issue. So I didn't set that for hearing today.

MR. MOSSER: Your Honor, if it helps I called the court and inquired of the hearings set for today. A motion to compel and motion to enforce the court's order and I believe my motion to transfer venue and those were the three set.

THE COURT: I mean I have got it pulled. I have got defendant's supplemental objections to deposition topics that was filed on 7-21. And I have got plaintiff's response but you don't think it's set?

THE CLERK: I don't know what this is.

THE COURT: Yeah. I see it says our comment -- clerk does this. Filed 7-18, 2 on docket. Now I don't know because I had a lot more than two motions I read early this morning.

MR. MEADE: This docket has three motions set, Your Honor, and my associate does have a copy of the

notice of hearing on this.

THE COURT: Okay. Let me see it.

When was that filed with the court?

MR. HAREN: I believe that was filed contemporaneous with the motion.

THE COURT: Okay. Which was?

MR. HAREN: 7-22 at 8:04 p.m., envelope 1912898.

THE COURT: So let me ask you this. Is this one of the depositions y'all are taking next week?

MR. MEADE: These are the corporate representatives depositions to occur on Tuesday of next week, yes.

THE COURT: Okay. So they need to be heard.

MR. MEADE: Yes.

THE COURT: Okay. You filed your -- I mean obviously on the 21st you filed a supplemental.

Tell me where because I don't see -- I didn't have it in my notebook that my clerks prepared and I'm going back and looking, where -- who is Mike Verucchi?

MR. HAREN: Mike Verucchi is the CPA who we are attempting to subpoena documents from.

THE COURT: Okay. So that doesn't have anything to do with the corporate rep?

MR. HAREN: No, Your Honor.

THE COURT: All right. That's what I thought.

So the first thing I have got on deposition topics is filed on 7-21 which I have in my notebook, defendants' supplemental objections to deposition topics. When was the original filed?

MR. MOSSER: It was filed in response to I believe the original set of deposition topics. I'm not sure if it was the original or second set.

THE COURT: What was the date?

MR. HAREN: The original objections were filed on June 5th in response to the second set of notices.

THE COURT: Let me go back. I see it. Okay.

Okay. I'm ready to listen.

MR. MOSSER: Your Honor, if I could get a couple of moments to at least pull up the documents?

THE COURT: Sure, go ahead.

Tell me when you are ready, counsel.

MR. MOSSER: I am just looking at the supplement, Your Honor.

THE COURT: I have got the supplement. Do you want me to hand you my copy?

Exhibit N

MR. MOSSER: I have got the original objections. I was just looking for the other one.

THE COURT: Here it is, counsel.

MR. MOSSER: May I approach? Thank you, Judge.

THE COURT: Okay. Let's go. We have other people waiting.

MR. HAREN: Your Honor, I think you are familiar with the background so we can --

THE COURT: I am.

MR. HAREN: -- save quite a bit of that.

We have noticed several topics for deposition of their corporate representatives. They objected to several of these.

First is a topic about the ownership and operation of 8650 Frisco which is the entity that operates the restaurant.

We have asked all of the defendants to testify as to their knowledge of the, of their ownership -- sorry, asked all the defendants to testify as to their knowledge of the ownership and operation of 8650 Frisco. We believe this is necessary in order for us to see what, get all of the information we can about 8650 Frisco since the ownership and operation of the entity is the whole point of the lawsuit as well as to see what these entities know

about the person they are receiving distributions and assets from. Because some causes of action are that they have received -- that 8650 Frisco has improperly diverted its assets to other companies and these companies have received them. We want to know if they knew who they were getting it from and what they knew about the circumstances of their receivable property.

The next objection are to things that have never happened. They say that this company has never had dealings with plaintiffs, therefore it shouldn't be forced to put up a corporate representative.

That's all fine and good but that's an answer. If they have no knowledge of something they should testify under oath we have no knowledge of that, and that should be a pretty easy topic to prepare their representatives for.

The next is acceptance of funds and furniture from plaintiff that this -- this transaction is a mess. People -- different entities gave different money to different entities and it's hard to tell who got what and we would like to know what each individual defendant received from the plaintiff so we can keep our cause of action straight and our damages model centered.

The next category is the awareness of business operations of plaintiffs. This is relative to their

motion to transfer and specifically their allegations that we have committed perjury in any number of ways regarding our own business operations.

Their views of what our business operation is discoverable because it directly rebuts what their arguments are.

Next is the ownership of a trademark. They say there is no trademark. And we would just like them to say that under oath.

Next there is testimony as to the ownership of 8650 Frisco. We think all of the defendants should have to testify as to their knowledge of that because it's a relevant fact and because we think all of the defendants may actually claim to own it at some point.

And finally there is questions about corporate governance of defendants, that this is relevant because we need to see how these companies operate because we are alleging alter ego and various veil piercing theories and we need to see how they operate so we know how to pierce it.

And those were all of their objections.

THE COURT: Counsel, you want to respond?

MR. MOSSER: Your Honor, I don't believe we have ever said that there is no trademark. I believe we said certain entities don't own a trademark. We have

said --

THE COURT: Say whatever your people need to say under oath. It's a question. They will answer whatever they answer.

MR. MOSSER: I think launching into a discovery process that is patently overbroad. Seeking information about entities that are not involved in a transaction that they don't even understand what's going on, I don't think it's proper to continue and bring in all of these entities into a process of discovery and set them up for a corporate representative deposition if they had no involvement in the process. If they had no involvement in any of the alleged transactions.

I think we said that several times in response to either admissions or in our answer and that has been filed.

THE COURT: But they are all defendants, right?

MR. MOSSER: Improperly, yes, Your Honor.

MR. MEADE: And Your Honor, just to satisfy the curiosity I will just walk through who the defendants are real quickly and why they are the defendants. 8650 Frisco LLC. That's the entity that we gave $948 thousand and change to which we allege an ownership interest and which there are some documents

going back and forth. That entity does business as Estilo Gaucho Brazilian Steakhouse, okay? There is a trademark for that. That trademark is in defendants Bahtche, BAHTCHE, LLC. For some reason, and Bahtche is owned by defendants Claudio Nunes and David Jeiel. David Jeiel and Claudio Nunes are defendants, also known as Mandona LLC. Mandona LLC operates and manages 8650 Frisco LLC. Galovelho LLC, the other defendant, the last remaining one, is owned by Claudio Nunes and David Jeiel Rodriguez and that is the entity that holds their ownership interest in 8650 Frisco, LLC. I believe I have got that corporate structure right but I would like to examine the defendants on that corporate structure.

THE COURT: Okay.

MR. MOSSER: Your Honor, if they would have pled that, that would be fine to make this argument now. They have not pled that recitation of any of these facts. They have merely said plaintiffs and defendants most of the time in their petition.

THE COURT: I mean I have heard that before. This isn't the first time I have heard that, how they think it all links up and, you know, the discovery is going to flesh it out; either it is or it isn't. I am sure if they find out that as you allege there is an improper party, then they are going to probably dismiss

them.   Because nobody wants to cloud the case.

Okay. I'm going to order the --

MR. MOSSER:  Your Honor, if I may make my record though as to the objection.

THE COURT:  Yes.

MR. MOSSER:  We make the objection as to the ownership and operation of 8650, because 8650 alone should be charged with informing the parties on the ownership and operation of 8650.  I should not have to have an unrelated entity like Bahtche describe the ownership and operation of another entity like 8650.

I have used the example of -- opposing counsel objects to my example of trying to depose Ford on Microsoft's ownership and operation.  I believe entities are set up distinctly to be separate entities under the Business Organizations Code and the corporate rep from one of the entities that is that entity that they are trying to get this information on should be deposed as to those issues. I don't think it's proper just like it's not proper to serve a discovery request on Bahtche to try to get 8650's documents and records.

The Supreme Court case law that deals specifically with that issue and I believe that comparison is apt to deposition topics as well.  The specific details of the discovery or the deposition topic should be limited

to ones that those corporate reps are charged with that knowledge on.

The distribution and assets of 8650, if 8650 made distributions or -- distributions of either funds or assets then 8650 is capable and able to talk about it.  We shouldn't have to produce a corporate rep for all of this to say, no, we didn't do this.  This is 8650's distribution, operation of their company is the one that they are trying to get the information on.

Similarly, the dealings with the other parties.  As I have said, we have made that statement affirmatively that two entities, I believe Mandona and Bahtche, the two we have represented, have never had any dealings with any of the plaintiffs.  Those entities are there for business organizations purposes and I don't believe the proper party.

I have got to wait a certain amount of time in order to file no-evidence summary judgments on this but if there is no document that they have that proves the relationship and dealings between those entities then I believe that's going to be the next course of action.

THE COURT:  But counsel, that's why they want to depose them.

MR. MOSSER:  They don't have any documents that support this.  This is a fishing expedition.

MR. MEADE: Your Honor, I have got over 7,000 documents. A lot of them support -- I didn't come up with this structure out of thin air. Almost humorous aspect to the position that defense counsel has taken, if this was the only issue I was having to deal with from them I would probably laugh about it. They have told me that one corporate representative is going to testify on behalf of all of these different entities. David Jeiels Rodrigues, the defendant, he is going to be the corporate representative for all these defendants next Tuesday. Well, to then say, well, wait, Mandona has no knowledge of 8650 Frisco's dealings but that David Jeiel Rodrigues is going to testify as to the corporate representative for Mandona and 8650 Frisco but 8650 Frisco has knowledge of it, it blows my mind.

I want to find out what the defendants know about the structure. I have got a bunch of documents I want to cross examine them on and I have got some open-ended questions and I would like to get their answers to. And I need each defendant to give me their position. And if the position is we don't know from each defendant, that's fine, too. They can stick to it. But they have got to answer the question. I need it from each one. For example, 8650 Frisco may have given an asset, somebody else received it. I want to know what they gave as

reciprocity for receiving that, the circumstances under which that happened. There is a lot of transactions here. There is going to be a lot of discovery; we are just getting started.

THE COURT: Anything else?

MR. MOSSER: I have never even gotten a chance to go through the rest of my objections

THE COURT: Go ahead.

MR. MOSSER: I'm glad opposing counsel thinks this is humorous. The business code says these are separate entities. They are not a method to amalgamate the entire transaction into one entity.

THE COURT: Counsel, they have all been sued; they are all defendants.

MR. MOSSER: I understand, Your Honor. The knowledge of the corporate rep is the entity's knowledge. The entity's knowledge is separate information from Mr. Jeiel. And opposing counsel can find this as humorous as he likes, but the entity's knowledge is separate from that as the individuals testifying. It's separate from that of the other entities testifying.

It's improper to ask an entity about information that is not under their possession. It's improper to ask a corporate rep of one entity about the operation of another. Because it creates very fuzzy lines

trying to make that distinction and I imagine opposing counsel will be back here trying to say we have inflated these issues and they are improperly denying questions that they shouldn't be denying.

We are maintaining that the entities are separate and the knowledge of one corporate rep is attributed to that corporation or entity. They'll all see in this case, and we are going to keep that position throughout this case.

THE COURT: I understand. So here is what I understand you are going to do and I think you have every right to do this. You are going to designate the same corporate rep for all the defendants.

MR. MOSSER: Yes, Your Honor. I think we have already done that as well.

THE COURT: Okay. And so when he goes in to give one deposition he is going to have on his 8650 Frisco LLC d/b/a --

MR. MOSSER: Hat.

THE COURT: -- Gaucho Brazilian Steakhouse hat, right?

MR. MOSSER: Yes, Your Honor.

THE COURT: They are going to ask him questions.

MR. MOSSER: Yes, Your Honor.

THE COURT: And he is going to either know something or he doesn't.

MR. MOSSER: Yes.

THE COURT: And then we're going to take the corporate representative for Mandona LLC, right?

MR. MOSSER: Yes, Your Honor.

MR. MEADE: I think, Your Honor, correct me if I'm wrong because I don't generally put out the notice of deposition but I think I may have noticed them all at one time because they said they were going to notice, present one person as the corporate representative. We are going to have to be -- I guess I am going to have to be a little bit creative about how to ask those questions during the deposition.

THE COURT: I think you are going to have to ask them separately.

MR. MEADE: Yes, I think I will, Your Honor.

THE COURT: Assume he is going to put on his Mandona hat and they are going to ask him a set of questions. And as the Mandona representative, he may or may not know the answers.

MR. MOSSER: Yes, Your Honor, and that's what my limitations on these requests are. The questions that are directed at 8650 should only be directed at 8650.

THE COURT: They will only be directed at 8650. And the Mandona ones will be directed at Mandona LLC and the Galovelho LLC corporate representative will represent under oath what he knows as the corporate rep for that corporation. And the Bahtche LLC representative will answer the questions as a representative of that one which -- and I understand. He may be able to answer them as to 8650 and not answer them to the others. I don't know.

MR. MOSSER: Yes, Your Honor.

THE COURT: But I understand he is going to be -- one person is going to be putting on those different hats.

MR. MOSSER: Yes, Your Honor.

THE COURT: Is that correct?

MR. MOSSER: Yes, Your Honor.

THE COURT: And then what about the Nunes, Claudio --

MR. MOSSER: Claudio Nunes?

THE COURT: Nunes and Mr. Rodrigues, are they giving depositions?

MR. MEADE: I am taking their depositions, Your Honor, on Monday and they are not corporate representatives in that capacity.

THE COURT: So they will be individual.

And so you are going to have to separate them out, the corporate representatives, and what I'm understanding is going to happen is if they are corporate, they are going to send the same corporate rep, one guy for all these corporations and he is going to answer for that corporation.

MR. MEADE: Correct, Your Honor.

THE COURT: And so you just need them -- I'd do the ones on one and then I would end that deposition and then I would start another.

MR. MEADE: I think that's the best way to do it, Your Honor.

THE COURT: Okay.

MR. MOSSER: Two more objections to go through, Your Honor.

THE COURT: Okay.

MR. MOSSER: Our views of the operations of plaintiff. Their company, they know how it's operated. It's not our company, we don't know how they operate it.

THE COURT: Then all you have to say is you don't know.

MR. MOSSER: I think the proper procedure is to limit this on overbreadth and fishing expedition because we don't know anything about how they operate their company.

THE COURT: Well then just say that under oath. Your corporate rep says he doesn't know.

MR. MOSSER: Similarly with the acceptance of funds and furniture from plaintiff, plaintiff should know who they sent stuff to.

THE COURT: So should your people. There could be a dispute about that. My guess is there is a dispute about it. So in that case they know what they think they sent, they want to know what your guy thinks they got from these people or they didn't get anything.

MR. MOSSER: Yes, Your Honor. Got to make my record, Your Honor, and those are my objections.

THE COURT: I understand.

MR. MEADE: I think the simple aspect, I mean we gave them $948 thousand. I guess, what do they think we got for that? Exactly, Your Honor.

THE COURT: That's going to be one of your questions.

MR. MEADE: Absolutely, Your Honor.

THE COURT: What else?

MR. MOSSER: Those are my objections, Your Honor.

THE COURT: Your objections are overruled. Motions granted.

I signed an order, order compelling testimony.

MR. MEADE: Thank you, Your Honor.

THE COURT: Anything else?

MR. MOSSER: I have one housekeeping issue, Your Honor.

THE COURT: I am getting hungry for fajitas, too.

MR. MOSSER: I understand it. The motion to transfer venue has been continued.

THE COURT: Yes.

MR. MOSSER: Can I get a date certain on when that motion will be heard?

THE COURT: Well, it probably depends on when -- if y'all delay getting the discovery done. That's what I have heard happened last time is that we set it for today, possibly, I am not sure if it was set or not, there was obviously a dispute about that. But discovery didn't get done. And the reason I think it got set for today, if it did, was that everybody agreed all discovery could be done by now; is that right?

MR. MEADE: They unilaterally set the motion for today, Your Honor. And we had had a motion -- we had previously noticed these depositions, they had quashed them, we had moved to compel them and we agreed on dates.

THE COURT: Okay.

MR. MEADE: But then they on the Sunday before the Monday and Tuesday depositions notified us that they wouldn't go forward and we said that's fine if they want to have their hearing on the motion to transfer venue but don't let them use this issue to avoid the depositions. Let us have the depositions first. Your Honor said that you would. And so the situation is basically as Your Honor said, we will go forward with the depositions before the MTV.

And my issue is this, Your Honor, I hope I am wrong but I am guessing that at some point during these depositions next Monday and Tuesday I am going to have to stop the depositions and we are going to have to come down here just based on what I expect the performance --

THE COURT: And I will just tell you next Monday and Tuesday I will be with all the Civil District Judges of Harris County at Lost Pines for our CLE.

MR. MEADE: Should we come there to find you?

THE COURT: I will be happy to see you there.

MR. MEADE: I'm sure, Your Honor. Thank you for your time.

THE COURT: So after the depositions are done, then discovery is done, we will reset it. Once

that's done --

MR. MOSSER:  Can we set it for the Wednesday after the depositions are accomplished?

THE COURT:  No. 1, I don't do hearings on Wednesdays and you are just going to have to get with the court clerk after they are done and we will do it.

I mean if venue is not proper here, it will be transferred.  If it is proper here, it will stay here.

MR. MOSSER:  Yes, Your Honor.

MR. MEADE:  Thank you, Your Honor.

MR. MOSSER:  May we be excuse?

THE COURT:  You are excused.

(End of proceedings).

THE STATE OF TEXAS

COUNTY OF HARRIS

I, LaVearn Ivey, Deputy Court Reporter in and for the 133rd District Court of Harris County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record in the above-styled and -numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $450.00 and was paid by Defendants.

WITNESS MY OFFICIAL HAND this the 31st day of July, 2014.

/s/ LaVearn Ivey ___
LaVEARN IVEY, Texas CSR No. 822
Expiration date: 12-31-14
Court Reporter
8831 Bedworth Ln.
Houston, Texas 77088
(281) 820.0805

Exhibit N                                                                    App. 92

6/11/2014 2:07:32 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 1510270
By: ARRIAGA, AMANDA R

Cause No. 2014-10896

| | | |
|---|---|---|
| LOS CUCOS MEXICAN CAFE VIII, INC.; LOS CUCOS MEXICAN CAFE IV, INC.; MANUEL CABRERA; AND SERGIO CABRERA, | § § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| 8650 FRISCO, LLC D/B/A ESTILO GAUCHO BRAZILIAN STEAKHOUSE; MANDONA, LLC; GALOVELHO, LLC; BAHTCHE, LLC; CLAUDIO NUNES; and DAVID JEIEL RODRIGUES, | § § § § § § | |
| Defendants. | § | 133rd JUDICIAL DISTRICT |

## ORDER ON DEFENDANTS' MOTION TO STAY ALL MATTERS AND PLAINTIFFS' THIRD MOTION TO COMPEL

The Court, having considered Defendants' Motion to Stay All Matters and Plaintiffs' Third Motion to Compel and the respective responses, arguments of counsel, and evidence, has determined that Defendants' motion should be and is hereby DENIED and that Plaintiffs' motion should be and is hereby GRANTED. Specifically:

The Court DENIES Defendants' request to stay all matters.

The Court hereby OVERRULES Defendants' objections to Plaintiffs' Requests for Production Nos. 1, 2, 3, 4, 5, 7, and 8. IT IS ORDERED that Defendants shall produce all documents responsive to Requests for Production Nos. 1, 2, 3, 4, 5, 7, and 8 within 24 hours of the entry of this order.

The Court FINDS that Defendants' counsel has abused the discovery process in resisting discovery and has determined that the following sanctions are appropriate, satisfy the legitimate

Exhibit O                        App. 93

purposes of discovery sanctions, and are neither more nor less stringent than necessary to accomplish those purposes.

Accordingly, IT IS ORDERED that all expenses of discovery associated with the underlying motion and the deposition of each of the Defendants in accordance with this order are charged to the MOSSER LAW FIRM. The MOSSER LAW FIRM shall pay to Plaintiffs' counsel $_____ within 10 days of the signing of this order.

IT IS FURTHER ORDERED that the following facts are ESTABLISHED for all purposes in this litigation: that Defendants have consented to venue in Harris County, Texas.

IT IS FURTHER ORDERED that failure to comply with this Order may result in the further imposition of sanctions or a holding of contempt, punishable by fine or imprisonment or both. *The documents must be produced by* at Plaintiff's attorney office *Aug. 1, 2014 at 5:00 P.M.*

DATED: 7-28-2014

_____
JUDGE PRESIDING

Unofficial Copy Office of Chris Daniel District Clerk

8/6/2014 1:52:47 PM
Chris Daniel - District Clerk Harris County
Envelope No. 2068747
By: AMANDA ARRIAGA

Page 1

CAUSE NO. 2014-10896

| | | |
|---|---|---|
| LOS CUCOS MEXICAN CAFE VIII, | ) | IN THE DISTRICT COURT |
| INC.; LOS CUCOS MEXICAN CAFE | ) | |
| IV, INC.; MANUEL CABRERA; | ) | |
| AND SERGIO CABRERA | ) | |
| | ) | |
| | ) | |
| PLAINTIFFS, | ) | |
| | ) | |
| VS. | ) | HARRIS COUNTY, TEXAS |
| | ) | |
| 8650 FRISCO, LLC D/B/A | ) | |
| ESTILO GAUCHO BRAZILIAN | ) | |
| STEAKHOUSE; MANDONA, LLC; | ) | |
| GALOVELHO, LLC; BAHTCHE, | ) | |
| LLC; CLAUDIO NUNES; AND | ) | |
| DAVID JEIEL RODRIGUES | ) | |
| | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | 133RD JUDICIAL DISTRICT |
| | ) | |

***********************************************************

SETTLEMENT STATEMENT

AUGUST 5, 2014

***********************************************************

 COPY

Exhibit P                                                        App. 95

A P P E A R A N C E S

FOR THE PLAINTIFFS:
KELLY STEPHENS
STEPHENS & DOMNITZ, PLLC
2000 BERING DRIVE, SUITE 700
HOUSTON, TEXAS 77057

FOR THE PLAINTIFFS:
DAVID KINDER
COX SMITH
112 E. PECAN STREET, SUITE 1800
SAN ANTONIO, TEXAS 78205

FOR THE DEFENDANTS:
JAMES C. MOSSER
MOSSER LAW PLLC
17110 DALLAS PKWY, SUITE 290
DALLAS, TEXAS 75248
972.267.5072 FAX

Exhibit P

App. 96

MR. STEPHENS: Okay. We're here to enter into a Rule 11 Agreement and dictate the terms of the settlement agreement for this lawsuit. And the money terms are that 8650 Frisco will pay to -- we didn't determine it specifically, but I'll say Cabrera Brothers II.

MR. MOSSER: That's the LP?

MR. STEPHENS: Right.

MR. MOSSER: Cabrera Brothers II, LP I think is the right name.

MR. STEPHENS: That's correct.

MR. MOSSER: And it's 8650 --

MR. STEPHENS: Frisco, LLC.

MR. MOSSER: -- Frisco, LLC is the payor.

MR. STEPHENS: Will pay the amount of $900,000 with a $60,000 payment due upon completion of the paperwork.

MR. MOSSER: Sure.

MR. STEPHENS: Okay. At execution of the final paperwork and remainder of $840,000 payable over five years at 6.7 percent interest. And I guess we'll do the first payment due -- today is the 4th, so October 1st.

MR. MOSSER: Yeah, that's fine. Is that all right with you guys? Everybody agrees with that.

MR. KINDER: David Kinder for the plaintiffs to further evidence the payment of the amounts due and to document the loan transaction the defendants will agree to enter into

Exhibit P

App. 97

what we are calling a standard bank-type documentation for loans and that would include a note or promissory note, a deed of trust, appropriate UCC-1s to the extent plaintiffs determine it's necessary in assignment of the lease and any assets related to the restaurant. The agreements would be with time is of the essence. There would be no cure period for any default. They will provide for a monthly wire transfer of the amounts due under the promissory note. And in connection with the restaurant at issue in this case there will be a $10 paid up license fee for the name of the restaurant that will be limited to that location. There will be no personal guarantees by the defendants.

MR. MOSSER: Correct. And we're going to dismiss with prejudice the --

MR. STEPHENS: The mutual releases.

MR. MOSSER: -- pending lawsuit, releases, dah, dah, dah, dah.

MR. STEPHENS: Within, say, ten day of execution.

MR. MOSSER: And dah, dah, dah is spelled D-A-H, D-A-H, D-A-H.

That sounds like our deal.

(End of proceedings.)

Page 5

REPORTER'S CERTIFICATION
SETTLEMENT STATEMENT
AUGUST 5, 2014

I, Marisol Ramos, Certified Shorthand Reporter in and for the State of Texas, hereby certify that the foregoing is a correct transcription of the proceedings in the above-entitled matter.

I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken, and further that I am not financially or otherwise interested in the outcome of the action.

Certified to by me this 6⁰ᵗʰ of August , 2014.

Marisol Ramos
Texas CSR No. 8140
Expiration Date: 12/31/14
Firm Registration No. 245
Gulfstream Court Reporting
1300 Texas Avenue
Houston, Texas 77002
713.354.2339
713.237.8742 Fax

Exhibit P

App. 99

**Cause No. 2014-10896**

| | |
|---|---|
| **Los Cucos Mexican Cafe VIII, Inc.;** **Los Cucos Mexican Cafe IV, Inc.;** **Manuel Cabrera; and Sergio Cabrera,** Plaintiffs | **In the District Court of** |
| v. | |
| **8650 Frisco, LLC d/b/a Estilo Gaucho Brazilian Steakhouse; Mandona, LLC; Galovelho, LLC; Bahtche, LLC; Claudio Nunes; and David Jeiel Rodrigues,** Defendant | **Harris County, Texas** |
| | **133rd Judicial District** |

### Plaintiffs' Fourth Amended Petition

Plaintiffs Los Cucos Mexican Cafe VIII, Inc.; Los Cucos Mexican Cafe IV, Inc.; Manuel Cabrera; and Sergio Cabrera file this Fourth Amended Petition against defendants 8650 Frisco, LLC d/b/a Estilo Gaucho Brazilian Steakhouse; Mandona, LLC; Galovelho, LLC; Bahtche, LLC; Claudio Nunes a/k/a Alex Nunes; and David Jeiel Rodrigues:

#### Discovery Level

1. The plaintiffs intend to conduct discovery under Level 3 of Rule 190.3 of the Texas Rules of Civil Procedure.

2. The plaintiffs seek damages within the jurisdictional limits of this Court, including monetary relief over $1,000,000.

#### Parties

3. Plaintiff, Los Cucos Mexican Cafe VIII, Inc. ("Los Cucos VIII"), is a Texas Corporation with its principal place of business in Houston, Harris County, Texas.

4. Plaintiff, Los Cucos Mexican Cafe IV, Inc. ("Los Cucos IV"), is a Texas Corporation with its principal place of business in Harris County, Texas.

Exhibit Q                                                                            App. 100

5. Plaintiff, Manuel Cabrera, is an individual who resides in Austin County, Texas.

6. Plaintiff, Sergio Cabrera, is an individual who resides in Harris County, Texas.

7. Defendant, 8650 Frisco, LLC ("8650 Frisco"), is a Texas limited liability company doing business as Estilo Gaucho Brazilian Steakhouse. It has been served and appeared herein.

8. Defendant, Mandona, LLC ("Mandona"), is a Texas limited liability company. It has been served and appeared herein.

9. Defendant, Galovelho, LLC ("Galovelho"), is a Texas limited liability company. It has been served and appeared herein.

10. Defendant, Bahtche, LLC ("Bahtche"), is a Texas limited liability company. It has been served and appeared herein.

11. Defendant, Claudio Nunes a/k/a Alex Nunes ("Nunes"), is an individual citizen of Texas. He has been served and appeared herein.

12. Defendant, David Jeiel Rodrigues ("Rodrigues"), is an individual citizen of Texas. He has been served and appeared herein.

**Jurisdiction and Venue**

13. Venue is proper under TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1) because a substantial part of the events giving rise to this lawsuit occurred within this county. More specifically, Plaintiffs and Defendants negotiated and entered into, on the record, an agreement to settle the underlying complaints of Plaintiffs. The negotiations leading to this settlement took place in the offices of Hawash, Meade Gaston Neese & Cicack, LLP, located at 2118 Smith Street, Houston, Harris County, Texas 77002.

14. Jurisdiction is proper in this Court because the parties are all Texas residents and the amount in controversy is within the jurisdictional limits of the court.

2

**Factual Background**

15. Manuel Cabrera and Sergio Cabrera are brothers with significant experience in creating, owning, and operating restaurants. The brothers are the owners and operators of a number of Mexican restaurants branded and known as "Los Cucos Mexican Cafe". Each restaurant is a separate legal entity registered with the State of Texas. Los Cucos VIII and Los Cucos IV are two of these entities.

16. Manuel Cabrera, Sergio Cabrera, David Jeiel Rodrigues, and Claudio Nunes (collective, the "Partners") agreed to create and operate a restaurant together. The plan and agreement was to create a Brazilian churrascaria-style restaurant in the Dallas, Texas area.

**The Underlying Background**

**I.      The initial agreement.**

17. After a series of negotiations, the Partners agreed that, *inter alia*: (1) each partner would obtain a 25% interest in the restaurant; (2) Manuel Cabrera and Sergio Cabrera (individually or through entities subject to their control) would contribute $600,000 for start-up capital; (3) David Jeiel Rodrigues and Claudio Nunes would contribute "sweat equity" by contributing personal services to the creation and operation of the restaurant; (4) Manuel Cabrera and Sergio Cabrera (individually or through entities subject to their control) would guarantee a lease for the restaurant; (5) all intellectual property, including trademarks would be held together with the restaurant; and (6) the Partners would share control, profits, and losses equally, but would receive no other salary from the restaurant.

**II.     Excess contributions and attempted renegotiation.**

18. As work progressed on the restaurant, additional capital was needed. At David Jeiel Rodrigues' and Claudio Nunes' request, Manuel Cabrera and Sergio Cabrera (individually or through entities subject to their control) increased their contributions. The Cabreras' total

3

contributions eventually equaled more than $948,000. In addition, Manuel Cabrera and Sergio Cabrera (individually or through entities subject to their control) paid for and/or loaned equipment and furniture (including two large, expensive, and difficult-to-obtain Brazilian grills) worth over $60,000 to the enterprise.

19.    To account for the unanticipated and additional contributions, the Partners attempted to negotiate a way for Manuel Cabrera and Sergio Cabrera (individually or through entities subject to their control) to receive preferential distributions until their initial contributions were repaid, subject to a small guaranteed distribution to David Jeiel Rodrigues and Claudio Nunes.

**III.    Creation of the corporate structure and the Restaurant operations.**

20.    While the Partners negotiated a new distribution structure, the Partners agreed to form 8650 Frisco as the holding company for the Restaurant. Each of the four Partners was to own 25% of 8650 Frisco. David Jeiel Rodrigues and Claudio Nunes created defendant Galovelho to hold their 50% ownership interest in 8650 Frisco and the Restaurant. Sergio Cabrera and Manual Cabrera designated Los Cucos VIII to hold their 50% ownership interest in 8650 Frisco and the Restaurant.

21.    8650 Frisco then entered into a lease agreement for restaurant space, which Sergio Cabrera and Manuel Cabrera personally guaranteed.

22.    David Jeiel Rodrigues and Claudio Nunes also desired to create a holding company to manage 8650 Frisco, but the parties did not agree on this structure. Instead, David Jeiel Rodrigues and Claudio Nunes formed Mandona to hold their collective 50% interest in the management of 8650 Frisco. Manuel Cabrera and Sergio Cabrera did not form a holding

4

company to hold their collective 50% control over 8650 Frisco, but continued to hold control in their individual capacities.

23. The Partners then opened bank accounts for 8650 Frisco and granted all of the Partners access to the accounts.

24. Despite lengthy negotiations, it now appears that the Partners were and are unable to agree on new distribution terms to take into account the Cabreras' (or entities under their control) substantial excess contributions. Instead, the Partners continued to operate as general partners or joint venturers up and until the defendants removed the plaintiffs from the enterprise and began to deny the plaintiffs' ownership interest in 8650 Frisco and the restaurant.

**IV.    The defendants' exclusion of the plaintiffs.**

25. Thanks to the contributions from Manuel Cabrera and Sergio Cabrera (individually or through entities subject to their control), 8650 Frisco opened the Estilo Gaucho Brazilian Steakhouse (the "Restaurant") in February of 2013.

26. 8650 Frisco is currently operated by David Jeiel Rodrigues and Claudio Nunes, individually, and (upon information and belief) through their entities Mandona, Galovelho, and Bahtche. The defendants have collectively refused to recognize the plaintiffs as co-owners of 8650 Frisco and the Restaurant, and have collectively excluded the plaintiffs from the operations, control, distributions, and profits of 8650 Frisco and the Restaurant.

27. On information and belief, the defendants are distributing and/or diverting $40,000 or more per month from 8650 Frisco and the Restaurant to themselves or their designees. This is a violation of the parties' agreement and the defendants' duties as partners and/or joint venturers.

28. On further information and belief, the defendants registered the Restaurant's "Estilo Gaucho" trademark in the name of Bahtche and/or transferred the trademark to Bahtche without the plaintiffs' consent, in violation of the parties' agreement, and in breach of the defendants' duties as partners and/or joint venturers.

29. The plaintiffs have not received any distributions from the Restaurant's operations. Instead, the defendants have attempted to steal the plaintiffs' contributions by denying the plaintiffs any distributions or benefits of ownership. For example, the defendants have:

- transferred and/or laundered 8650 Frisco's cash from bank accounts to which the plaintiffs had access to new accounts to which the plaintiffs have no access;

- denied the plaintiffs access to 8650 Frisco's new bank accounts;

- failed to hold and/or give notice of meetings for 8650 Frisco;

- denied the plaintiffs access to the Restaurant's premises;

- fired 8650 Frisco's long-time accountant in favor of an account who, upon information and belief, is controlled by the defendants;

- denied the plaintiffs access to 8650 Frisco's books and records;

- denied the plaintiffs' interest in 8650 Frisco;

- distributed 8650 Frisco's cash to themselves but not to the plaintiffs;

- used equipment loaned to 8650 Frisco for the defendants' own benefit and refusing to return such equipment after demand was made; and

- transferring the assets of 8650 Frisco to entities owned or controlled by the defendants such as Bahtche.

30. The plaintiffs have made written demands for return of their money and property and for an accounting. The defendants have refused. Instead, the defendants continue to use the

6

plaintiffs' property and the fruits of the plaintiffs' contributions while simultaneously pretending that the plaintiffs are owed nothing in the transaction.

## The Underlying Causes of Action

31.     The Plaintiffs sued Defendants alleging as causes of action:  Breach of Contract, Coversion, Breach of Fiduciary Duty, Fraud/Fraudulent Inducement, Civil Conspiracy, Aiding, Abetting and Participation in Breach of Fiduciary Duty, Corporate Veil Piercing, Unjust Enrichment, Quantum Meruit, and Money Had and Received and for an Accounting.

## The Rule 11 Settlement Agreement

32.     On or about August 5, 2014, while in the midst of taking the Court Ordered depositions of the Defendants at the offices of Hawash Meade Gaston Neese & Cicack, LLP, located at 2118 Smith Street, Houston, Harris County, Texas 77002, the parties entered into a settlement negotiation and on August 5, 2014, entered into a Rule 11 Settlement Agreement on the record.  On August 6, 2014, the Defendants filed the Rule 11 Agreement with the Court.

33.     The key elements of the agreement were:

A.  Defendant 8650 Frisco, LLC d/b/a Estilo Gaucho Brazilian Steakhouse was to pay to Cabrera Brothers II, LP, the amount of $900,000.00.  The terms of payment were $60,000.00 was to be paid upon completion of the paperwork formalizing the settlement and the remainder to be paid monthly over 5 years at 6.7% interest.  The initial payment under the note was to be due on October 1, 2014;

B.  The Defendants further agreed to enter into "standard bank-type documentation" for the note to include a "note or promissory note, a deed of trust,

7

appropriate UC-1s to the extent Plaintiff determine it's necessary, an assignment of the lease and any assets related to the restaurant;

C. Time would be of essence in the agreements, and there would no cure time for any default;

D. In the case of default, there was to be a $10.00 paid up license fee for use of the name of the restaurant limited to that location; and,

E. The individual Defendants would not be liable under the note.

*Plaintiffs ask that the Court take judicial notice of the Transcript of the Rule 11 Settlement Statement filed in this cause by the Defendants on August 6, 2014.*

34.     In August and September of 2014, Plaintiffs prepared and forwarded documents to the Defendants for review and suggestion.  These documents included a formal settlement agreement which included the release of the individual Defendants, a promissory note, a UCC-1 listing as collateral for the note the assets of the restaurant; an assignment of interest in the lease, all as required by the Rule 11 Agreement.

35.     The Defendants made a number of suggestions to change these documents, most of which were then included in the documents.  Not all of Defendants changes were accepted, most notably Plaintiffs refused to accept a venue selection clause in the documents requiring venue of any action based on a breach of the agreement in Collin County, Texas.

36.     Defendants have and continue to refuse to execute the settlement agreement or the note and security documents as required by the Rule 11 Agreement.

37.     On or about October 1, 2014, the Defendants did make the $60,000.00 down payment and the first monthly payment under the proposed terms of the note.  And, have made the monthly payments through the January 1, 2015 payment as of the time of this filing.

38. On or about October 9, 2014, Plaintiffs notified the Defendants that they were in default of the settlement agreement absent the execution of the settlement agreement, the note, the deed of trust and the appropriate security documents.

39. On or about October 10, 2014, Plaintiffs again notified the Defendants of the default, ask for additional complaints about the documents as provided and made an offer to change the documents to address the lone identified bone of contention (venue).

40. To date, Defendants have not responded to this request.

**Causes of Action**

**I.      Breach of Contract**

41. The Defendants have breached the Rule 11 Agreement by failing to execute the formal settlement agreement, the promissory note and the appropriate security documents as set forth in the Rule 11 Agreement. By so doing, the Defendants are denying the Plaintiffs the protection agreed to in case of default under payments of the amount agreed to.

**Relief Requested**

42. The plaintiffs seek judgment jointly and severally against all Defendants for actual damages in the amount of $900,000.00 as agreed to under the Rule 11 agreement with credit to be given for the amounts paid.

43. The plaintiffs seek their attorney's fees and costs incurred in prosecuting these claims.

44. The plaintiffs seek pre and post judgment interest and the maximum rate allowed by law.

45. The plaintiffs seek all other relief, at law or in equity, to which the plaintiffs may be entitled.

9

Respectfully Submitted,

**Stephens & Domnitz, PLLC**

*/s/ Kelly D. Stephens*
Kelly D. Stephens
State Bar No. 19158300
P.O. Box 79734
2118 Smith Street
Houston, Texas 77279-9734
281-394-3287 (phone)
832-476-5460 (fax)
kstephens@stephensdomnitz.com

**Hawash Meade Gaston
Neese & Cicack LLP**

Andrew K. Meade
State Bar No. 24032854
Jeremy M. Masten
State Bar No. 24083454
Samuel B. Haren
State Bar No. 24059899
2118 Smith Street
Houston, Texas 77002
713-658-9001 (phone)
713-658-9011 (fax)
ameade@hmgnc.com
jmasten@hmgnc.com
sharen@hmgnc.com

**Cox Smith Matthews Incorporated**

David Kinder
State Bar No. 11432550
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205
210-554-5500 (phone)
210-226-8395 (fax)
dkinder@coxsmith.com

**Attorneys for Plaintiffs**

10

Exhibit Q

App. 109

## Certificate of Service

A true and correct copy of the foregoing has been served on all counsel of record via ECF on January 21, 2014.

James C. Mosser
Nicholas D. Mosser
Mosser Law PLLC
17110 Dallas Pky, Suite 290
Dallas, Texas 75248

*/s/ Kelly D Stephens*
Kelly D. Stephens

Exhibit Q                                                          App. 110

**Cause No. 2014-10896**

| | |
|---|---|
| Los Cucos Mexican Cafe VIII, Inc.; Los Cucos Mexican Cafe IV, Inc.; Manuel Cabrera; and Sergio Cabrera, <br> Plaintiffs | **In the District Court of** |
| v. | **Harris County, Texas** |
| 8650 Frisco, LLC d/b/a Estilo Gaucho Brazilian Steakhouse; Mandona, LLC; Galovelho, LLC; Bahtche, LLC; Claudio Nunes; and David Jeiel Rodrigues, <br> Defendant | **133rd Judicial District** |

### Plaintiffs' Second Motion to Enforce the Court's Order and for Sanctions

The Court ordered Defendants to produce certain documents by August 1, 2014. As of the filing hereof, Defendants have still not complied with that order. In light of Defendants' long history of egregious conduct in this case, Plaintiffs ask that the Court sanction Defendants until they comply with the Court's order.

### Background

Defendants have been in contempt of the Court's order for over 200 days. Unfortunately, given the history of this case, this is not a surprising development. Because this matter has not been before the Court for some time, Plaintiffs offer the following timeline to remind the Court of Defendants' longstanding pattern of ignoring the law and the Court's orders:

April 14, 2014: Plaintiffs propound requests for production (the "Discovery Request") seeking certain financial documents (the "Financial Documents"). *See* Exhibit 1, Discovery Requests.

April 21, 2014: Plaintiffs serve Hal Holtman—Defendants' accountant until March 2014—with a deposition upon written questions and subpoena duces tecum (the "Holtman Subpoena"). *See* Exhibit 2, Holtman Subpoena. This Holtman Subpoena was signed by Plaintiffs' attorney Jeremy Masten. *See id.* at 1.

Exhibit R                                                                                                        App. 111

April 22, 2014:    Defendants instruct Holtman not to comply with the Holtman Subpoena. Exhibit 3, Letter from N. Mosser to H. Holtman.

April 22, 2014:    In a separate letter, Defendants instruct Holtman to destroy "all copies and backups" of all documents related to Defendants. Exhibit 4, Letter from N. Mosser to H. Holtman.

May 10, 2014:    Defendants (1) acknowledge that J. Masten signed the Holtman Subpoena and (2) allege that the Holtman subpoena is invalid because it was not signed. Exhibit 5, Defendants' Response to Plaintiffs' Motion to Compel and for Sanctions at ¶¶ 20–21.

May 12, 2014:    The Court finds that "Defendants' counsel has abused the discovery process in resisting discovery" and overrules Defendants' objections to the Holtman Subpoena. Exhibit 6, Order on Plaintiffs' Emergency Motion to Compel and for Sanctions.

May 14, 2014:    Defendants respond to the Discovery Requests with a litany of improper objections, including non-existent privileges and defenses available only to the federal government and banks, respectively. *See* Exhibit 7, Plaintiffs' Third Motion to Compel at ¶¶ 20–25.

May 14, 2014:    Plaintiffs serve Mike Verucchi—the accounts Defendants hired to replace Holtman—with a deposition upon written questions and subpoena duces tecum (the "Verucchi Subpoena"). *See* Exhibit 8, Verucchi Subpoena. This Verucchi Subpoena required Verucchi's custodian of records to produce certain documents "at the office of the custodian." *See id.* at 2.

June 13, 2014:    Defendants move to quash the Verucchi Subpoena on the grounds that the command to produce documents "at the office of the custodian" required production more than 150 miles from the office of the custodian. Exhibit 9, Defendants' Motion to Quash at ¶¶ 9–13.

June 23, 2014:    The Court overrules Defendants' objections to the Discovery Requests and orders production of the Financial Documents. Exhibit 10, Hearing Transcript at 23:2–4. While discussing the issue with the Court, Defendants acknowledge that Defendants possessed responsive documents from after March 2014 which were not produced by Holtman. *Id.* at 23:5–7.

June 23, 2014:    Plaintiffs provide Defendants with a link from which Defendants can download the documents received from Holtman (the "Holtman Documents"). *See* Exhibit 11, Letter from S. Haren to J. Mosser. Plaintiffs request that Defendants produce the Financial Documents within ten days. *Id.* Defendants do not respond to this letter.

July 10, 2014:    Plaintiffs again request production of the Financial Documents. Exhibit 12, Letter from S. Haren to J. Mosser.

July 11, 2014:    Defendants respond that they did not receive the June 23, 2014 letter. Exhibit 13, Letter from N. Mosser to S. Haren. Defendants do not state whether they will comply with the Court's June 23, 2014 order to produce the Financial Documents. *Id.* Defendants do, however, offer to "fax the 7000 pages back to you that you subpoenaed from Mr. Holtman." *Id.*

July 14, 2014:    Defendants serve "supplemental Discovery Responses." *See* Exhibit 14, Letter from N. Mosser to K. Stephens. The 7,235 page production consists entirely of the Holtman Documents Plaintiffs provided to Defendants, including the Bates numbering applied by Plaintiffs' vendor.[1] *Id.*

July 15, 2014:    Defendants claim that the Court's statement "I'm going to overrule your objections and tell you to produce it if it's available to you" did not actually overrule Defendants' objections and did not require production of the Financial Documents. *Compare* Exhibit 10, Hearing Transcript at 23:2–4 *and* Exhibit 15, Letter from N. Mosser to K. Stephens. Defendants also acknowledge that their July 14, 2014 "production" did not include any new documents. *Id.*

July 28, 2014:    The Court overrules Defendants' objections to the Verucchi Subpoena. Exhibit 16, Order Denying Defendants' Motion to Quash. In this order, the Court found that "Defendants filed the [motion to quash] without adequately considering the contents of [the Verucchi Subpoena]" and that "Defendants refused to withdraw the [motion to quash] once the relevant contents were pointed out." *Id.* The Court further found "that the Defendants have advanced frivolous arguments without basis in fact or law in support of the [motion quash]" and that "this misconduct is part of a larger pattern of improper objections, motions to quash, and invocations of privilege." *Id.*

July 28, 2014:    The Court orders Defendants to comply with the prior order compelling production of the Financial Documents. Exhibit 17, Order on Plaintiffs' Third Motion to Compel. Such documents "must be produced at Plaintiffs' attorneys' office by Aug[ust] 1, 2014 at 5:00 p.m."[2] *Id.* The Court cautioned that "failure to comply with this Order may result in further imposition of sanctions or a holding of contempt, punishable by fine or imprisonment or both." *Id.*

August 1, 2014:   Defendants serve a letter at 4:17 p.m. stating that they had been unable to fax their document production to Plaintiffs' counsel. Exhibit 18, Letter from N. Mosser to S. Haren.

---

[1] Given Defendants' claim not to have received the June 23, 2014 letter containing the link to download the Holtman Documents, it is unclear how Defendants obtained the documents for their supplemental production.

[2] The Court emphasized that Defendants were to ensure that these documents were received in Plaintiffs' office before the deadline. After an objection by Defendants, the Court specified that this service requirement was stricter than that contemplated by Rule 21a. This requirement was necessary because Plaintiffs would be taking Defendants' depositions on August 4–5 and needed the Financial Documents in order to prepare for those depositions.

Exhibit R                                                                                            App. 113

August 1, 2014:    Plaintiffs responded at 4:48 p.m. with an alternative fax number and offering to help Defendants to serve the documents electronically. Exhibit 19, Email from S. Haren to J. Mosser. Defendants do not respond to this offer.

In what should have been a boon to the Court's docket, the parties met at Plaintiffs' counsel's office in Houston, Texas and entered into a settlement agreement on the record to dispose of this case on August 5, 2014. *See* Exhibit 20, Rule 11 Transcript. Unfortunately for all involved, the case came back to life when Defendants refused to abide by the terms of that settlement agreement. Accordingly, Plaintiffs amended their petition to include claims only for breach of the settlement agreement.

## Discussion

Defendants were served with the requests to produce the Financial Documents over 300 days ago. The Court overruled Defendants' objections and ordered production of the Financial Documents over 240 days ago. The Court ordered Defendants' to comply with its prior order and produce the Financial Documents over 200 days ago. Defendants still have not produced the Financial Documents.

Plaintiffs expect Defendants to argue that the Financial Documents are not relevant to Plaintiffs' claims. This argument is misplaced on two levels. First, Defendants are obligated under the settlement agreement to provide, *inter alia*, (1) payments over time and (2) certain security interests until those payments are made. Given Defendants' long history of delay, bad faith arguments, and dishonesty, Plaintiffs require information from the Financial Documents to assess Defendants' compliance with their settlement obligations.

Second, Defendants still seek to transfer venue from Harris County. But instead of drafting a new motion to transfer which addresses Plaintiffs' current claims, Defendants merely set their July 1, 2014 Motion to Transfer Venue for an oral hearing. That motion to transfer was filed before the settlement agreement was made and only addresses claims which are no longer asserted in this

4

action. Although Plaintiffs believe that such claims are wholly irrelevant to the issue of venue, Defendants apparently disagree. Because Defendants seek to litigate unasserted claims, Plaintiffs must be prepared to respond. As such, information concerning Plaintiffs' prior claims is relevant to respond to Defendants' frivolous motion to transfer arguments.

### Request for Sanctions

Defendants have completely ignored their duties as attorneys to act in good faith and their duties as citizens to comply with the Court's orders. This has included, *inter alia*:

- ordering a witness to destroy documents responsive to a subpoena;

- advancing bizarre arguments that a signed subpoena was not signed or that Dallas was not within 150 miles of Dallas;

- acknowledging to the Court that the Holtman Documents did not contain all responsive Financial Documents but later claiming to have complied with the Court's order by producing only the Holtman documents;

- refusing to comply with—and even denying the enforceability of—the Court's original order compelling production of the Financial Documents;

- refusing to comply with the Court's order to have the Financial Documents produced in Plaintiffs' counsel's office by August 1, 2014; and

- refusing to produce the Financial Documents at all.

The Court has already found that "Defendants' counsel has abused the discovery process," "advanced frivolous arguments without basis in fact or law in support," and engaged in "a larger pattern of improper objections, motions to quash, and invocations of privilege."[3] In light of this,

---

[3] Sadly, Defendants' counsel's antics have not been confined to this case. In *Jabary*, for example, James Mosser was given the following "'breakdown of the costs' for the clerk's record":

> Clerk's Record: *8517* pages @ $1.50 per page totaling: *$12.775.90*

> Paper copy of Record: *8517* pages @ $.25 per page totaling: *$2.129.25*

> And/or CD copy of Record: *$20.00.*

*Jabary v. City of Allen*, No. 05-12-01332-CV, 2013 WL 1803739, at *1 (Tex. App.—Dallas Apr. 29, 2013, no pet. h.). Although this "breakdown" clearly showed that preparation of the record would cost $1.50 per page and a CD

5

the Court's final order to produce the Financial Documents cautioned Defendants that "failure to comply with this Order may result in further imposition of sanctions or a holding of contempt, punishable by fine or imprisonment or both." Unfortunately, even this warning was not enough to ensure compliance with the Court's order.

## Conclusion

The Court has given Defendants warning after warning and the Defendants have steadfastly refused to comply with the Texas Rules of Civil Procedure or the Court's explicit orders. Plaintiffs believe that another warning will only reinforce this behavior and encourage Defendants to turn this trial into a circus. Plaintiffs pray that the Court sanction Defendants $500 for every day between August 1, 2014 and the date on which Defendants finally produce the Financial Documents. Plaintiffs further pray that the Court grant them all other relief to which they are entitled.

---

copy of that record would cost an additional $20.00, Mosser demanded that (1) the clerk prepare the entire record for only the $20.00 CD fee and (2) the court award him his attorneys' fees in pursuing his demand. *See id.* Mosser stood by his absurd demand and refused to pay for the clerk's record to be prepared. *Id.* As a result of his stubbornness and refusal to accept the plain meaning of a document, Mosser's client's appeal was dismissed. *Id.* at *1–2. *See also In re Pendragon Transp. LLC*, 423 S.W.3d 537, 539–40 (Tex. App.—Dallas 2014, no pet. h.) (upholding appointment of a discovery master due to Mosser's egregious and disruptive conduct in depositions taken at the Courthouse before the trial judge); *In re Mosser Law PLLC*, No. 05-13-00906, 2013 WL 3718076, at *1 (Tex. App.—Dallas 2013, no pet. h.) (denying mandamus for Mosser's claim that the trial court lacked the power to order him to produce documents).

These cases as well as Mosser's Motion to Require Clerk to File Clerk's Record in the *Jabary* case (asking whether Mosser's client "should be punished because of the District Clerk's lack of understanding and poor use of English grammar?") and brief in *In re Mosser Law* (stating that the trial court lacked jurisdiction to order an attorney to produce a document because "James C. Mosser is not a party to the underlying litigation and has never been served with citation or petition and has not waived service") are attached hereto as Exhibits 21–24.

6

Respectfully submitted,

**Stephens & Domnitz, PLLC**

*/s/ Kelly D. Stephens*
Kelly D. Stephens
State Bar No. 19158300
P.O. Box 79734
2118 Smith Street
Houston, Texas 77279-9734
281-394-3287 (phone)
832-476-5460 (fax)
kstephens@stephensdomnitz.com

**Hawash Meade Gaston
Neese & Cicack LLP**

Andrew K. Meade
State Bar No. 24032854
Jeremy M. Masten
State Bar No. 24083454
Samuel B. Haren
State Bar No. 24059899
2118 Smith Street
Houston, Texas 77002
713-658-9001 (phone)
713-658-9011 (fax)
ameade@hmgnc.com
jmasten@hmgnc.com
sharen@hmgnc.com

**Cox Smith Matthews Incorporated**

David Kinder
State Bar No. 11432550
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205
210-554-4400 (phone)
210-226-8395 (fax)
dkinder@coxsmith.com

**Attorneys for Plaintiffs**

7

Exhibit R

App. 117

## Certificate of Conference

As discussed above, Plaintiffs have offered to assist Defendants in producing the Financial Documents. *See* Exhibit 19, Email from S. Haren to J. Mosser. Defendants did not respond to this offer. On February 20, 2015, Counsel for Plaintiffs faxed a letter to Defendants demanding production of documents responsive to "requests for production 1, 2, 3, 4, 5, 7, and 8" of the "discovery requests [served] on Defendant 8650 Frisco, LLC on April 14, 2014." Exhibit 25, Letter from S. Haren to N. Mosser. Plaintiffs reminded Defendants that the Court ordered production of these documents on June 23 and July 28. *See id.*

Defendants responded that "we have complied with all orders of this court and would need more specifics as to what you are referring. This information would be necessary to investigate what documents you contend you did not receive and where that error may lie." Exhibit 26, Letter from N. Mosser to S. Haren. Even now, Defendants continue to pretend that they are not bound by the Court's orders and to misrepresent what documents they have produced.

*/s/ Samuel B. Haren*
Samuel B. Haren


## Certificate of Service

A true and correct copy of the foregoing has been served on all counsel of record via electronic service on February 20, 2015.

James C. Mosser
Nicholas D. Mosser
Mosser Law PLLC
17110 Dallas Pky, Suite 290
Dallas, Texas 75248

*/s/ Samuel B. Haren*
Samuel B. Haren

Exhibit R                                                                                                      App. 118

| | | |
|---|---|---|
| LOS CUCOS MEXICAN CAFE VIII, INC.; LOS CUCOS MEXICAN CAFE IV, INC.; MANUEL CABRERA; and SERGIO CABRERA, | § § § § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs* | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| 8650 FRISCO, LLC D/B/A ESTILO GAUCHO BRAZILIAN STEAKHOUSE; MANDONA, LLC; GALOVELHO, LLC; BAHTCHE, LLC; CLAUDIO NUNES; and DAVID JEIEL RODRIGUES, | § § § § § § § | |
| *Defendants* | § | 133rd JUDICIAL DISTRICT |

### PLAINTIFFS' FIRST SET OF DISCOVERY REQUESTS TO 8650 FRISCO, LLC D/B/A ESTILO GAUCHO BRAZILIAN STEAKHOUSE

TO:     Defendant 8650 Frisco, LLC d/b/a Estilo Gaucho Brazilian Steakhouse, by and through its counsel of record, Nicholas D. Mosser and Benjamin Casey, Mosser Law PLLC, 17110 Dallas Parkway, Suite 290, Dallas, Texas 75248.

Pursuant to the Texas Rules of Civil Procedure, Plaintiffs Los Cucos Mexican Café VIII, Inc., Los Cucos Mexican Café IV, Inc., Manuel Cabrera, and Sergio Cabrera ("Plaintiffs") serve their First Set of Requests for Admissions, Requests for Production and First Set of Interrogatories on Defendant 8650 Frisco, LLC d/b/a Estilo Gaucho Brazilian Steakhouse ("Defendant") as authorized by Rules 196 and 198, TEX. R. CIV. P. Defendant must specifically admit or deny and produce all requested documents in its possession, custody, or control (as they are kept in the ordinary course of business or organized and labeled to correspond with categories in each request) for inspection and

copying, and not more than 30 days after service, at the office of HAWASH MEADE GASTON NEESE & CICACK LLP, 2118 Smith Street, Houston, Texas 77002.

Respectfully submitted,

STEPHENS & DOMNITZ, PLLC

*/s/ Kelly D. Stephens*
Kelly D. Stephens
SBN:  19158300
P.O. Box 79734
Houston, Texas  77279-9734
Tel:     281-394-3287
Fax:    832-476-5460
kstephens@stephensdomnitz.com


**HAWASH MEADE GASTON NEESE & CICACK LLP**

*/s/ Andrew K. Meade*
Andrew K. Meade
State Bar No. 24032854
Jeremy M. Masten
State Bar No. 24083454
2118 Smith Street
Houston, Texas 77002
713-658-9006 (Direct & Fax)
ameade@hmgllp.com
jmasten@hmgllp.com

ATTORNEYS FOR PLAINTIFFS
LOS CUCOS MEXICAN CAFÉ VIII, Inc.,
LOS CUCOS MEXICAN CAFÉ IV, Inc.,
MANUEL CABRERA, and
SERGIO CABRERA

2

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document has been served to the following pursuant to the Texas Rules of Civil Procedure on April 14, 2014.

*Via Fax:  972-267-5072 and*
*email:* [courtdocuments@mosserlaw.com](mailto:courtdocuments@mosserlaw.com)
James C. Mosser
Nicholas D. Mosser
Mosser Law PLLC
17110 Dallas Pkwy, Suite 290
Dallas, TX 75248


*/s/ Andrew K. Meade*
Andrew K. Meade

3

1.     As used throughout this request (including these definitions and instructions), the term "documents" means each and every document (as defined in Rule 34, FED. R. CIV. P.), all electronically stored information, and each and every tangible thing, including but not limited to both electronic and hard copy documents, in the possession, custody, or control of Plaintiff, whether a copy, draft, or original, wherever located, with all exhibits, attachments, and schedules, including but not limited to the following: correspondence and drafts of correspondence; notes or summaries of conversations; income tax returns, forms, schedules, or worksheets; inter- and intra-office memoranda; reports; comments; worksheets; plans; minutes; notes; notices or notifications; findings; conclusions; memoranda; contracts or agreements of any kind; brochures, circulars, bulletins, advertisements, sales catalogs or literature; packages, packaging, and package inserts; notes, records, summaries, or other reports of conferences, meetings, visits, surveys, discussions, inspections, examinations, reviews or telephone conversations; purchase orders, quotations, estimates, invoices, bids, receipts, or acknowledgements, including the reverse sides of all such documents with printing, typing or writing on the reverse sides; bills of lading and other shipping documents; credit agreements or credit memoranda; contract or lease offers or proposals; executed or proposed agreements, contracts, franchise agreements, licenses, leases, insurance policies and riders, or options; proposals; diaries; desk calendars, appointment books, or telephone call books; property valuations or appraisals, and their updates; affidavits, depositions, transcripts and statements, or summaries or excerpts thereof; stenographic notes; books and records; financial data; stock certificates and evidence of stock ownership; newspaper or magazine articles; pamphlets, books, texts, notebooks, magazines, manuals, journals, and publications; notepads, tabulations, data compilations, calculations, or computations; schedules; drafts; charts and maps; forecasts and projections; drawings, designs, plans, specifications, graphs, blueprints, sketches, or diagrams; orders; pleadings and court filings; checks and check stubs (front and back); records or transcripts of statements, depositions, conversations, meetings, discussions, conferences or interviews, whether in person or by telephone or by other means; workpapers; printouts or other stored information from computers or other information retention or processing systems; e-mail or electronic mail or communications, in whatever form; instant messages in whatever form; photographic matter or sound reproduction matter however produced, reproduced or stored; government reports, regulations, filings or orders; any other written, printed, typed, taped, recorded, or graphic matters; any exhibits, attachments, or schedules to or with the foregoing; any drafts of the foregoing; and any copies or duplicates of the foregoing that are different because of marginal or handwritten notations, or because of any markings thereon or alterations thereof.

2.     All electronically stored information should be produced as an electronic copy, preserving all metadata.

4

3. Throughout this request (including these definitions and instructions), the term "communications" means any and all of the following: writings, oral communications, electronic communications (including emails, text messages, and instant messages), wire communications, conversations by telephone, meetings, and any contact, oral or written, formal or informal, at any time or place, and under any circumstance whatsoever, in which information of any nature was transmitted or exchanged in any form or by any medium.

4. Throughout this request (including these definitions and instructions), the phrases "relating to," "relates to," "related to," "regarding," and "in relation to" mean constituting or evidencing, and directly or indirectly mentioning, describing, referring to, pertaining to, being connected with, reflecting upon, or concerning the stated subject matter.

5. Throughout this request (including these definitions and instructions), the words "any" and "all" shall be considered to include "each" and "each and every."

6. Throughout this request (including these definitions and instructions), the singular of any word shall include the plural, and the plural of any word shall include the singular. The masculine form shall include the feminine and neutral forms. The terms "and" and "or" shall mean "and/or" inclusively.

7. Throughout this request (including these definitions and instructions), the terms "you" and "your" refer to the party responding to the request, as well as his, her, or its present and former agents, employees, counselors, consultants, representatives, attorneys, and any other person or entity acting or purporting to act on behalf of or under the control of the responding party.

8. Throughout this request (including these definitions and instructions), "Defendant" and "Frisco" mean 8650 Frisco, LLC d/b/a Estilo Gaucho Brazilian Steakhouse, a named defendant in this matter. The term "Defendant" or "Frisco" also includes Defendant's present and former agents, employees, counselors, consultants, representatives, attorneys, and any other person or entity acting or purporting to act on its behalf or under its control.

9. Throughout this request (including these definitions and instructions), the term "Plaintiff" or "Plaintiffs" means any named Plaintiff in this matter, including their present and former agents, employees, counselors, consultants, representatives, attorneys, and any other person or entity acting or purporting to act on its behalf or under their or its control.

10. Throughout this request (including these definitions and instructions), "Los Cucos" means Los Cucos Mexican Café VIII, Inc. and Los Cucos Mexican Café IV,

5

Inc., named defendants in this matter and includes any present and former agents, employees, counselors, consultants, affiliates, subsidiaries, representatives, attorneys, and/or any other person or entity acting or purporting to act on the behalf or under the control of Los Cucos.

11.     If you contend that any document requested here need not be produced under a privilege or other protection against disclosure, provide an itemized log of the document(s) being withheld from production. In the log, specify the date of each such document, its author(s), all recipient(s), and any person(s) copied on the document, the paragraph of this request to which the document responds, and a brief description of the document's contents that supplies enough detail to assess the applicability of the privilege or protection being claimed. In addition, please specify the privilege or protection upon which you rely as their basis for withholding the document(s) from production.

12.     If you intend to produce any electronic document or information in response to this request, please contact counsel for Los Cucos to discuss the form in which such electronic document or information will be produced.

13.     If you have any questions about this request, please contact counsel for Los Cucos promptly for clarification.

14.     Unless otherwise stated, the time period covered by this request is January 1, 2010 to the present.

15.     You are reminded of your duty under Rule 193.5, Tex. R. Civ. P., to amend or supplement any response that was incomplete or incorrect when made or that, although correct and complete when made, is no longer complete and correct.

6

Admit or deny the following:

**Admission No. 1.** 8650 Frisco, LLC received money from Los Cucos Mexican Café VIII, LLC.

**Admission No. 2.** 8650 Frisco, LLC intended to treat the money it received from Los Cucos Mexican Cafe VIII, LLC as a loan.

**Admission No. 3.** 8650 Frisco, LLC intended to treat the money it received from Los Cucos Mexican Cafe VIII, LLC as an investment.

**Admission No. 4.** 8650 Frisco, LLC intended to repay the money it received from Los Cucos Mexican Cafe VIII, LLC.

**Admission No. 5.** 8650 Frisco, LLC did not intend to repay the money it received from Los Cucos Mexican Cafe VIII, LLC.

**Admission No. 6.** 8650 Frisco, LLC received money from Los Cucos Mexican Cafe IV, LLC.

**Admission No. 7.** 8650 Frisco, LLC intended to treat the money it received from Los Cucos Mexican Cafe IV, LLC as a loan.

**Admission No. 8.** 8650 Frisco, LLC intended to treat the money it received from Los Cucos Mexican Cafe VI, LLC as an investment.

**Admission No. 9.** 8650 Frisco, LLC intended to repay the money it received from Los Cucos Mexican Cafe IV, LLC.

**Admission No. 10.** 8650 Frisco, LLC did not intend to repay the money it received from Los Cucos Mexican Cafe IV, LLC.

**Admission No. 11.** 8650 Frisco, LLC received money from Manuel Cabrera.

**Admission No. 12.** 8650 Frisco, LLC intended to treat the money it received from Manuel Cabrera as a loan.

**Admission No. 13.** Admit that 8650 Frisco, LLC intended to treat the money it received from Manuel Cabrera as an investment.

**Admission No. 14.** 8650 Frisco, LLC intended to repay the money it received from Manuel Cabrera.

7

**Admission No. 15.** 8650 Frisco, LLC did not intend to repay the money it received from Manuel Cabrera.

**Admission No. 16.** 8650 Frisco, LLC received money from Sergio Cabrera.

**Admission No. 17.** 8650 Frisco, LLC intended to treat the money it received from Sergio Cabrera as a loan.

**Admission No. 18.** 8650 Frisco, LLC intended to treat the money it received from Sergio Cabrera as an investment.

**Admission No. 19.** 8650 Frisco, LLC intended to repay the money it received from Sergio Cabrera.

**Admission No. 20.** 8650 Frisco, LLC did not intend to repay the money it received from Sergio Cabrera.

**Admission No. 21.** 8650 Frisco, LLC received equipment from Los Cucos Mexican Cafe IV, LLC.

**Admission No. 22.** 8650 Frisco, LLC received furniture from Los Cucos Mexican Cafe IV, LLC.

**Admission No. 23.** 8650 Frisco, LLC is currently using equipment it received from Los Cucos Mexican Cafe IV, LLC.

**Admission No. 24.** 8650 Frisco, LLC is currently using furniture it received from Los Cucos Mexican Cafe IV, LLC.

**Admission No. 25.** 8650 Frisco, LLC is currently using equipment paid for by from Los Cucos Mexican Cafe IV, LLC.

**Admission No. 26.** 8650 Frisco, LLC is currently using furniture paid for by Los Cucos Mexican Cafe IV, LLC.

**Admission No. 27.** 8650 Frisco, LLC did not pay Los Cucos Mexican Cafe IV, LLC for any equipment or furniture.

**Admission No. 28.** Los Cucos Mexican Cafe IV, LLC did not gift furniture to 8650 Frisco, LLC.

8

**Admission No. 29.** Los Cucos Mexican Cafe VIII, LLC did not gift money to 8650 Frisco, LLC.

**Admission No. 30.** Admit that Manuel Cabrera did not gift money to 8650 Frisco, LLC.

**Admission No. 31.** Sergio Cabrera did not gift money to 8650 Frisco, LLC.

**Admission No. 32.** 8650 Frisco, LLC is currently operating at a net profit.

**Admission No. 33.** 8650 Frisco, LLC is currently operating at a new loss.

**Admission No. 34.** 8650 Frisco, LLC is currently using the name Estilo Goucho Brazilian Steakhouse.

**Admission No. 35.** 8650 Frisco, LLC is has been using the name Estilo Goucho Brazilian Steakhouse since February, 2013.

**Admission No. 36.** 8650 Frisco, LLC has assigned, in writing, its rights to the mark Estilo Gaucho Bazilian Steakhouse to Bahtche, LLC.

**Admission No. 37.** 8650 Frisco, LLC has not assigned, in writing, its rights to the mark Estilo Gaucho Brazilian Steakhouse to Bahtche, LLC.

**Admission No. 38.** 8650 Frisco, LLC has received compensation from Bahtche, LLC for the ownership of the mark Estilo Gaucho Brazilian Steakhouse.

**Admission No. 39.** 8650 Frisco, LLC has not received compensation from Bahtche, LLC for the ownership of the mark Estilo Gaucho Brazilian Steakhouse.

**Admission No. 40.** Estilo Gaucho Brazilian Steakhouse is a trade name of 8650 Frisco, LLC.

**Admission No. 41.** 8650 Frisco, LLC does business as Estilo Gaucho Brazilian Steakhouse.

9

## Requests for Production

**Request No. 1.** Produce all documents and records provided to or received from 8650 Frisco, LLC's accountants (including, but not limited to Mike Verucchi, CPA, Holtman & Company, LLC, or Hal Holtman, CPA), which relate in any way to 8650 Frisco, LLC.

**Request No. 2.** Produce all documents and records in the possession of 8650 Frisco, LLC's accountants (including, but not limited to Mike Verucchi, CPA, Holtman & Company, LLC, or Hal Holtman, CPA), which relate in any way to 8650 Frisco, LLC.

**Request No. 3.** Produce all financial records of 8650 Frisco, LLC.

**Request No. 4.** Produce all accounting records of 8650 Frisco, LLC.

**Request No. 5.** Produce all bank statements of 8650 Frisco, LLC.

**Request No. 6.** Produce all point of sale data and reports related to 8650 Frisco, LLC.

**Request No. 7.** Produce all tax records (including all 1099 forms, W-2 forms, and K-1 forms) related to 8650 Frisco, LLC.

**Request No. 8.** Produce all communications and correspondence with 8650 Frisco, LLC's accountants (including, but not limited to Mike Verucchi, CPA, Holtman & Company, LLC, or Hal Holtman, CPA), which relate in any way to 8650 Frisco, LLC.

**Request No. 9.** Produce all payroll records for 8650 Frisco, LLC.

**Request No. 10.** Produce all records of money received from any Plaintiff in this lawsuit.

**Request No. 11.** Produce all records of money paid or distributed to any Plaintiff in this lawsuit.

**Request No. 12.** Produce all correspondence and communications with each Plaintiff in this lawsuit.

**Request No. 13.** Produce all agreements, including all drafts of agreements, between the Parties, which relate in any way to 8650 Frisco, LLC.

10

**Request No. 14.** Produce all leases and related documents (e.g., guarantees), which relate to the premises currently occupied by 8650 Frisco, LLC.

**Request No. 15.** Produce all records of financial transactions between 8650 Frisco, LLC and Claudio Nunes.

**Request No. 16.** Produce all records of financial transactions between 8650 Frisco, LLC and David Jeiel Rodrigues.

**Request No. 17.** Produce all corporate records of 8650 Frisco, LLC.

**Request No. 18.** Produce quarterly and annual profit and loss statements for 8650 Frisco, LLC from its creation through the present (update quarterly through trial).

**Request No. 19.** Produce quarterly and annual balance sheet statements for 8650 Frisco, LLC from its creation through the present (update quarterly through trial).

**Request No. 20.** Produce all communications and correspondence related to any of the Plaintiffs in this lawsuit.

**Request No. 21.** Produce all records of cash receipts and cash deposits for 8650 Frisco, LLC.

**Request No. 22.** Produce all records, including invoices, for all equipment and furniture purchased for use by 8650 Frisco, LLC.

**Request No. 23.** Produce all documents which reflect or relate to the application to the United States Patent and Trademark office for the mark Estilo GAucho Brazilian Steakhouse.

**Request No. 24.** Produce the assignment of ownership rights for the mark Estilo Gaucho Brazilian Steakhouse to Bahtche, LLC.

**Request No. 25.** Produce documents reflecting the exchange of compensation by and between 8650 Frisco, LLC and Bahtche, LLC, related to the mark Estilo Gaucho Brazilian Steakhouse.

11

## FIRST SET OF INTERROGATORIES

**Interrogatory No. 1.** Identify and explain in detail the terms upon which Los Cucos Mexican Cafe VIII, LLC provided money to 8650 Frisco, LLC.

**Interrogatory No. 2.** If you contend that the money provided to 8650 Frisco, LLC by Los Cucos Mexican Cafe VIII, LLC was a loan, describe in detail the basis of that contention and terms of the loan.

**Interrogatory No. 3.** If you contend that they money provided to 8650 Frisco, LLC by Los Cucos Mexican Cafe VIII, LLC was an investment, describe in detail the basis of that contention and terms of the investment.

**Interrogatory No. 4.** Identify and describe in detail the equipment and furnishings provided to 8650 Frisco, LLC by Los Cucos Mexican Cafe, IV.

**Interrogatory No. 5.** If you contend that the parties had an agreement as to 8650 Frisco, LLC's use of the equipment and furniture provided to 8650 Frisco, LLC by Los Cucos Mexican Cafe, IV, identify and describe in detail the basis of that contention and terms of the agreement.

**Interrogatory No. 6.** Identify and describe in detail the source, date of purchase, and cost of all equipment and furnishings used at 8650 Frisco, LLC.

**Interrogatory No. 7.** Detail the circumstances and terms under which the mark Estilo Gaucho Brazilian Steakhouse was transferred to Bahtche, LLC.

12

No. 2014-10896

| LOS CUCOS MEXICAN CAFE VIII, INC., ET AL. | § | IN THE DISTRICT COURT OF |
|---|---|---|
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| 8650 FRISCO, LLC D/B/A ESTILO GAUCHO | § | |
| BRAZILIAN STEAKHOUSE, ET AL. | § | 133rd JUDICIAL DISTRICT |

## NOTICE OF INTENTION
## TO TAKE DEPOSITION BY WRITTEN QUESTIONS

To Defendants by and through their attorney of record: **Nicholas Mosser**
To other party/parties by and through their attorney of record: **Kelly D. Stephens**

You will please take notice that <u>on May 26, 2014 at 10:00 a.m.</u> a deposition by written questions will be taken of the Custodian of Records for:

**Holtman & Company, LLC**
**876 Loop 337, Suite 501, New Braunfels, TX 78130**

before a Notary Public for     **Gulfstream Legal Group, LLC**
**1300 Texas St.**
**Houston, TX 77002**
**Ph: 713-237-4700 // Fax: 888-559-7431**

or its designated agent, which deposition with attached questions may be used in evidence upon the trial of the above-styled and numbered cause pending in the above-named court. Notice is further given that request is hereby made as authorized under Rule 200, Texas Rules of Civil Procedure, to the officer taking this deposition to issue a subpoena duces tecum and cause it to be served on the witness to produce any and all records as described on the attached questions and/or Exhibit(s) and to turn all such records over to the officer authorized to take this deposition so that photographic reproductions of the same may be made and attached to said deposition.

> **Mr. Andrew K. Meade**
> **State Bar No. 24032854**
> **Mr. Jeremy M. Masten**
> **State Bar No. 24083454**
> **Hawash Meade Gaston Neese & Cicack LLP**
> **2118 Smith Street**
> **Houston, TX 77002**
> **Ph: 713-658-9001 // Fax: 713-658-9011**
> **Attorneys for Plaintiffs, Los Cucos Mexican Cafe VIII, Inc., et al.**

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all Counsel of Record by hand-delivery, facsimile, and/or certified mail (return receipt requested) on this day.

Dated: 4/21/14        Signed: _Jerry Mast_

Order No. 5091

Exhibit R       Exhibit 2       App. 131

## DEPOSITION SUBPOENA TO TESTIFY OR PRODUCE DOCUMENTS OR THINGS

### THE STATE OF TEXAS

To any Sheriff or Constable of the State of Texas or other person authorized to serve subpoenas under Rule 176 of the Texas Rules of Civil Procedure - GREETINGS -

You are hereby commanded to subpoena and summon the Custodian of Records for:

Holtman & Company, LLC
876 Loop 337, Suite 501, New Braunfels, TX 78130

to be and appear before a Notary Public of my designation for **Gulfstream Legal Group, LLC, 1300 Texas St., Houston, TX 77002** or its designated agent <u>on May 26, 2014 at 10:00 a.m.</u> at the office of the custodian, and there under oath to make answers of certain written questions to be propounded to the witness and to bring and produce for inspection and photocopying

**ANY AND ALL RECORDS (WHETHER TYPED, HANDWRITTEN OR COMPUTER-GENERATED) PERTAINING TO 8650 FRISCO LLC, including but not limited to any type of financial records; accounting records; bank statements; tax records (including 1099 forms, W-2 forms and K-1 forms); reports; leases; guaranties; records of trademarks and other intellectual property; office notes; correspondence; and printouts of any type of data stored in electronic format, including any e-mail transmission(s)**

then and there to give evidence and there remain from day to day and time to time until discharged according to law at the instance of the Plaintiff, Los Cucos Mexican Cafe VIII, Inc., et al., represented by Andrew Meade, Attorney of Record, in that certain Cause No. 2014-10896 pending on the docket of the District Court of the 133rd Judicial District of Harris County, Texas.

This Subpoena is issued under and by virtue of Rule 200 and Notice of Deposition Upon Written Questions on file with the above-named court, styled

**LOS CUCOS MEXICAN CAFE VIII, INC., ET AL.  vs.
8650 FRISCO, LLC D/B/A ESTILO GAUCHO BRAZILIAN STEAKHOUSE, ET AL.**

**WITNESS MY HAND,** this _21ST_ day of April, 2014.

> MICHAEL R. MILLER
> Notary Public, State of Texas
> My Commission Expires
> November 08, 2014

NOTARY PUBLIC

**176.8 Enforcement of Subpoena.** (a) *Contempt.* Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punished by fine or confinement, or both.

### OFFICER'S RETURN

Came to hand this _____ day of _____, 20____, and executed this the _____ day of _____, 20____, in the following manner: By delivering to the witness _____, a true copy hereof.

Returned this _____ day of _____, 20____.

Order No. 5091.002

PROCESS SERVER

Exhibit R

App. 132

No. 2014-10896

| | | |
|---|---|---|
| LOS CUCOS MEXICAN CAFE VIII, INC., ET AL. | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| 8650 FRISCO, LLC D/B/A ESTILO GAUCHO | § | |
| BRAZILIAN STEAKHOUSE, ET AL. | § | 133rd JUDICIAL DISTRICT |

## DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS

Custodian of Records for: **Holtman & Company, LLC**

Type of Records:
**ANY AND ALL RECORDS (WHETHER TYPED, HANDWRITTEN OR COMPUTER-GENERATED) PERTAINING TO 8650 FRISCO LLC, including but not limited to any type of financial records; accounting records; bank statements; tax records (including 1099 forms, W-2 forms and K-1 forms); reports; leases; guaranties; records of trademarks and other intellectual property; office notes; correspondence; and printouts of any type of data stored in electronic format, including any e-mail transmission(s)**

1. Please state your full name.

   Answer: _____

2. Please state by whom you are employed and the business address.

   Answer: _____

3. What is the title of your position or job?

   Answer: _____

4. Have you accepted the subpoena duces tecum accompanying these direct questions?

   Answer: _____

5. Are these memoranda, reports, records, or data compilations outlined in the subpoena duces tecum in your custody or subject to your control, supervision or direction?

   Answer: _____

6. Are you able to identify these aforementioned records as the originals or true and correct copies of the originals?

   Answer: _____

Order No. 5091.002

Exhibit R                                                                                                    App. 133

7. Please hand to the Officer taking this deposition copies of the memoranda, reports, records, or data compilations mentioned in Question No. 5. Have you complied? If not, why?

    Answer: _____

8. Are the copies which you have handed to the Officer taking this deposition true and correct copies of such memoranda, reports, records or data compilations?

    Answer: _____

9. Were such memoranda, reports, records, or data compilations kept in the regular course of business of this facility?

    Answer: _____

10. Was it in the regular course of business of this facility for a person with knowledge of the acts, events, conditions, opinions or diagnoses recorded to make the record or to transmit information thereof to be included in such record?

    Answer: _____

11. Were the entries on these records made at or shortly after the time of the transaction recorded?

    Answer: _____

12. Was the method of preparation of these records trustworthy?

    Answer: _____


_____
WITNESS (Custodian of Records)

        Before me, the undersigned authority, on this day personally appeared the witness, known to me to be the person whose name is subscribed to the foregoing instrument in the capacity therein stated, who being first duly sworn, stated upon his/her oath that the answers to the foregoing questions are true and correct. I further certify that the records attached hereto are exact duplicates of the original records.

    SWORN TO AND SUBSCRIBED before me this _____ day of _____, 20_____.


_____
NOTARY PUBLIC

My Commission Expires: _____


Order No. 5091.002

Exhibit R                                                                                                        App. 134



# MOSSER LAW PLLC

17110 DALLAS PARKWAY, SUITE 290 • DALLAS, TEXAS 75248 • 972-733-3223 • FAX: 972-267-5072
MOSSERLAW.COM

April 22, 2014

**Via Facsimile: (830)625-1498**
Hal Holtman, CPA
Holtman and Company LLC
876 LOOP 337 BLDG 501
NEW BRAUNFELS TX 78130

RE: 8650 Frisco LLC

Dear Mr. Holtman:

We are hereby instructing you not to respond to any document requests from Los Cucos Mexican Café IV, Inc., Los Cucos Mexican Café VIII, Inc., Sergio Cabrera, Manuel Cabrera, Mr. Stephens, or Mr. Meade. The requests are improper and have not been signed pursuant to the Texas Rules. Furthermore, any responsive document is covered by the privilege contained in the Texas Occupations Code Section 901.457 and in your ethical duties contained in 22 TAC § 501.75. You do not have permission to release ANY documents to ANY person other than the undersigned. If you wish to make any response, it should be that all information is covered by the accountant-client privilege and you must withhold all responsive documents.

Respectfully, *MOSSER LAW PLLC*

Nicholas D. Mosser

Exhibit R          Exhibit 3          App. 135



# MOSSER LAW PLLC

17110 DALLAS PARKWAY, SUITE 290 • DALLAS, TEXAS 75248 • 972-733-3223 • FAX: 972-267-5072
MOSSERLAW.COM

April 22, 2014

**Via Facsimile: (830)625-1498**
Hal Holtman, CPA
Holtman and Company LLC
876 LOOP 337 BLDG 501
NEW BRAUNFELS TX 78130

RE: 8650 Frisco LLC

Dear Mr. Holtman:

This office represents 8650 Frisco LLC, Please produce ALL DOCUMENTS related to 8650 Frisco LLC to the undersigned no later than 5:00 pm April 25, 2014.

Once you have produced those documents, you are instructed to destroy all copies and backups of that data, as it is confidential and protected by statute.

Respectfully, *MOSSER LAW PLLC*



Nicholas D. Mosser

Exhibit R

App. 136



# MOSSER LAW PLLC

17110 DALLAS PARKWAY, SUITE 290 • DALLAS, TEXAS 75248 • 972-733-3223 • FAX: 972-267-5072
MOSSERLAW.COM

April 22, 2014

**Via Facsimile: (830)625-1498**
Hal Holtman, CPA
Holtman and Company LLC
876 LOOP 337 BLDG 501
NEW BRAUNFELS TX 78130

RE: 8650 Frisco LLC

Dear Mr. Holtman:

    We are hereby instructing you not to respond to any document requests from Los Cucos Mexican Café IV, Inc., Los Cucos Mexican Café VIII, Inc., Sergio Cabrera, Manuel Cabrera, Mr. Stephens, or Mr. Meade. The requests are improper and have not been signed pursuant to the Texas Rules. Furthermore, any responsive document is covered by the privilege contained in the Texas Occupations Code Section 901.457 and in your ethical duties contained in 22 TAC § 501.75. You do not have permission to release ANY documents to ANY person other than the undersigned. If you wish to make any response, it should be that all information is covered by the accountant-client privilege and you must withhold all responsive documents.

Respectfully, *MOSSER LAW PLLC*

Nicholas D. Mosser

Exhibit R          Exhibit 4          App. 137



# MOSSER LAW PLLC

17110 DALLAS PARKWAY, SUITE 290 • DALLAS, TEXAS 75248 • 972-733-3223 • FAX: 972-267-5072
MOSSERLAW.COM

April 22, 2014

**Via Facsimile: (830)625-1498**
Hal Holtman, CPA
Holtman and Company LLC
876 LOOP 337 BLDG 501
NEW BRAUNFELS TX 78130

RE: 8650 Frisco LLC

Dear Mr. Holtman:

This office represents 8650 Frisco LLC, Please produce ALL DOCUMENTS related to 8650 Frisco LLC to the undersigned no later than 5:00 pm April 25, 2014.

Once you have produced those documents, you are instructed to destroy all copies and backups of that data, as it is confidential and protected by statute.



Respectfully, *MOSSER LAW PLLC*

Nicholas D. Mosser

| | | |
|---|---|---|
| **LOS CUCOS MEXICAN CAFÉ** | § | **IN THE DISTRICT COURT OF** |
| **VIII, INC., LOS CUCOS MEXICAN** | § | |
| **CAFÉ IV, INC., MANUEL** | § | |
| **CABRERA, and SERGIO** | § | |
| **CABRERA** | § | |
| **PLAINTIFFS,** | § | |
| | § | |
| | § | |
| **V.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **8650 FRISCO, LLC d/b/a ESTILO** | § | |
| **GAUCHO BRAZILIAN** | § | |
| **STEAKHOUSE, MANDONA,** | § | |
| **LLC, GALOVELHO, LLC,** | § | |
| **BAHTCHE, LLC, CLAUDIO** | § | |
| **NUNES and DAVID JEIEL** | § | |
| **RODRIGUES** | § | |
| **DEFENDANTS.** | § | **133rd JUDICIAL DISTRICT** |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS

Defendants, 8650 Frisco, LLC, d/b/a Estilo Gaucho Brazilian Steakhouse, Mandona, LLC, Galovelho, LLC, Bahtche, LLC, Claudio Nunes, and David Jeiel Rodrigues, file this Response to Plaintiffs' Motion to Compel and for Sanctions.

### INTRODUCTION

1.      Plaintiffs, Los Cucos Mexican Café VIII, Inc., Los Cucos Mexican Café IV, Inc., Manuel Cabrera, and Sergio Cabrera, sued defendants, 8650 Frisco, LLC, d/b/a Estilo Gaucho Brazilian Steakhouse, Mandona, LLC,

Galovelho, LLC, Bahtche, LLC, Claudio Nunes, and David Jeiel Rodrigues, for *inter alia* breach of contract and conversion.

2. Plaintiffs and their counsel have attempted to needlessly drive up the cost of this litigation, by routine failures to follow the Texas Rules of Civil Procedure and attempting to gain access to confidential information protected by statute in the possession of non parties. In addition Plaintiffs counsel has acquired information protected by statute and owned by Defendants, specifically financial documents acquired unlawfully from Hal Holtman.

3. Plaintiffs have further used subpoenas to circumvent the appropriate discovery process in an effort to obtain more confidential and statutorily protected documents rather than issue proper requests for production directed at the parties so the parties may give objections and allow the court to determine their validity and proper access to these protected documents. (Platinffs conduct is no different from directing a subpoena to a lawyer representing Defendants to produce documents rather than the Defendants themselves. )

4. Discovery in this suit is governed by a Level 3 discovery-control plan. The discovery period will end on February 5, 2015.

5.	This case has not been set for trial.

6.	Defendants are patiently waiting on the transcript from the Temporary Injunction hearing, where Plaintiffs testified and perjured themselves in order to make venue facts and their affidavits were in fact false, prior to setting the motion to transfer venue for hearing. This perjury was suborned by Plaintiffs' attorney.

## BACKGROUND

7.	On or about March 26, 2014 Defendant 8650 Frisco LLC terminated Hal Holtman and Holtman and Company LLC. Mr. Holtman was previously employed by 8650 Frisco LLC as a CPA licensed by the State of Texas and governed by the Texas Occupations Code sections 901 et seq.

8.	On or about March 26, 2014 Mr. Holtman was instructed to turn over ALL DOCUMENTS related to 8650 Frisco LLC to Defendant's new CPA or to Defendant.

9.	Mr. Holtman refused this request, and instructed both Defendant's new CPA and Defendants that he was "unsure of who his client was" and was advised by Plaintiffs' counsel that he should not turn over any files until after the Temporary Injunction Hearing. The Temporary Injunction was denied.

Defendants' Response to Plaintiffs'
Motion to Compel and for Sanctions                                       3 of 20

10. Subsequent to this conversation, Defendants' Counsel sent a cease and desist letter dated March 27, 2014 to Kelly Stephens, Counsel for Plaintiff, instructing Plaintiffs to refrain from accessing computers owned by Defendants and instructing Plaintiffs to turn over all documents improperly obtained from Holtman. In addition the cease and desist letter directed Plaintiffs to immediately cease their interference with the accountant - client relationship between 8650 Frisco LLC and Holtman. Exhibit A.

11. Plaintiffs ignored this demand, and subsequently violated federal law by logging into Defendants' computer network, issuing subpoenas to Holtman, and obtaining files from Holtman.

12. Plaintiffs then presented a witness who claims that he never accessed the computer files, rather the files were emailed to him automatically. Each and every witness Plaintiffs have ever presented have perjured themselves with the help and assistance of Plaintiffs' counsel, suborning the perjury.

13. After determining that Plaintiff would continue to interfere with the accountant client relationship, and attempt to improperly obtain files directly from Holtman, Defendants instructed Holtman to **TURNOVER**

ALL DOCUMENTS and destroy his **<u>BACKUPS</u>**. Un-labeled Exhibit to Plaintiffs Motion to Compel and for Sanctions.

ARGUMENT & AUTHORITIES

14.    Plaintiffs counsel misrepresents facts, yet again, to the Court. Plaintiffs' motion is frivolous and should be denied. All costs and attorney's fees incurred in the filing of this response should be taxed against Plaintiffs and awarded to Defendants.

15.    Plaintiffs purport to request of a non party Hal Holtman, a subpoena, deposition on written questions and document, unsigned and improperly issued. See Subpoena attached to Plaintiffs' Motion to Compel and Sanctions.

16.    Plaintiffs' subpoena is improper and fails to comply with the Texas Rules. As such, the Subpoena is void and does not require compliance. *Sapp v. King*, 66 Tex. 570, 1 S.W. 466 (1886). 128 years ago the Texas Supreme Court determined that Plaintiffs' subpoenas were void and no one needed to comply. *Id.* Despite Plaintiffs' assertion that "no court has ever determined (or has been asked to determine) that the requests were improper or excused Holtman's compliance with the subpoena" a void request does not require a court to determine if it is enforceable. If

Defendants' Response to Plaintiffs'
Motion to Compel and for Sanctions                                    5 of 20

the request is VOID it can never be enforceable. *Wichita County v. Robinson,* 155 Tex. 1, 11, 276 S.W.2d 509, 515 (TEX. 1955)(Holding an act declared to be void, is void from the beginning and was never valid nor enforceable at any time.).

17. The Subpoena is improper for numerous reasons, as have been explained to both Gulf Stream Legal Group LLC and to Plaintiffs' counsel– Defendants incorporate this letter herein by reference, *in haec verba*. See Letter Dated April 21, 2014 to Kelly Stephens, CCed to Gulf Stream Legal Group LLC.

18. The Subpoena requests documents and Plaintiffs have failed to comply with Tex. R. Civ. P. 205, this rule requires an additional 10 days notice given to each party prior to document production request directed at non parties. Tex. R. Civ. P. 205.

19. In addition, this notice of deposition is not signed by an attorney. Tex. R. Civ. P. 191. 3. Plaintiffs had a lawyer sign the certificate of service, but not the actual notice, nor the actual questions served on the non party. See Notice of Deposition attached to Plaintiffs' Motion to Compel and Sanctions.

20. The failure of a lawyer to sign the notice, renders the request a nullity,

Defendants' Response to Plaintiffs'
Motion to Compel and for Sanctions                                    6 of 20

no court is required to determine this issue. Tex. R. Civ. P. 191.3(d)("If a request, notice, response, or objection is not signed, it must be striken unless it is signed promptly after the omission is called to the attention of the party making the request, notice, response, or objection. **A party is not required to take any action with respect to a request or notice that is not signed.**")(emphasis added). Certainly, if a party is not required to respond, a non party is afforded a higher level of protection and therefore is not required to answer frivolous requests either.

21. Plaintiffs argue that Jeremy Masten signed the requests, this is certainly not true, as there is a horizontal page break, and certificate of service language above what purports to be Mr. Masten's signature. See Plaintiffs' Exhibit 2 attached to Plaintiffs' Motion to Compel and for Sanctions. This is a separate requirement from signing the discovery request itself. Plaintiffs have simply failed to comply with the rules and attempt to back into the compliance by arguing that the signing of the certificate of service is the signing of the document.

22. Plaintiffs misrepresent the request to destroy **BACKUPS** of documents owned by Defendant and blow it out of proportion, by relating the request to an instruction to a witness to destroy documents. See

Plaintiffs' Emergency Motion to Compel and for Sanctions, ¶7.

23. This accusation is a waste of the litigants time as well as the courts, and is plainly a silly argument.

24. After Holtman was terminated, instructed to return documents, and agreed to return documents, Holtman was instructed again to deliver all documents in his possession owned by 8650 Frisco LLC to Defendants' Counsel's office. This request is not uncommon as Holtman has no possessory interest in the documents, no right to the documents, and the statute and his ethical obligations indicate that the documents are those of his clients. See Texas Administrative Code Rule §501.76 and Tex. Occ. Code § 901.457.

25. The Texas Rules of Civil Procedure state that subpoena's should not be utilized to circumvent the traditional rules of discovery. Tex. R. Civ. P. 176.3(b).

26. Plaintiff contends that by issuing the subpoena, no objection by Defendants would be valid. Plaintiffs' Motion to Compel and for Sanctions, FN 2 (Rule 176.6(d) does not provide for objections to be filed by anyone other than the person commanded to comply with the subpoena. Accordingly, any objections, as such, by Defendants to the

Notice would be improper and should be overruled.").

27. However, because Plaintiff has ignored the requirement to serve a 10 day notice prior to issuing the subpoena he has failed to comply with the Texas Rules. Tex. R. Civ. P. 200; 199.2; 205. This failure to issue the proper notice, and properly comply with the subpoena rules, renders Plaintiffs' request moot, as it is void.

28. Even if Plaintiff is correct and there is no statute governing the protection of documents between accountant and client, these documents are owned by Defendant 8650 Frisco LLC and not the accountant. *In re Kuntz,* 124 S.W.3d 179, 184 (Tex.,2003); *Cf. In re Grand Jury Subpoena (Kent)*, 646 F.2d 963, 969 (5th Cir.1981) ("The [employee's] subpoena, if upheld, would be illegal because it would direct her to produce documents not in her possession, custody, or control. Because [employee] had mere access, her compliance with the subpoena would have required that she illegally take exclusive possession of [her employer's] documents and deliver them to the grand jury.").

29. Holtman's possession of the documents and enforcement of the subpoena would require Holtman to improperly turn over documents

under the possession, custody and control of Defendants. *In re Shell E & P, Inc.*,  179 S.W.3d 125, 131 (Tex.App.–San Antonio,2005)

30. Plaintiffs' requests should be directed at Defendants in this matter, so that Defendants may properly object, and defend against an improper invasion of their rights. *Id.*

31. However, the Texas Occupations Code controls, Section 901.457 labeled "Accountant Client Privilege" imposes a duty on CPAs not to disclose information outside of certain limited situations. Tex. Occ. Code § 901.457. The **Texas Legislature** decided that this was a privilege owed to the client by the Certified Public Accountant.

32. Plaintiff contends that Courts are not bound by statutes, "no court has elevated the professional standard established by this statue to an evidentiary privilege under Texas Law." Plaintiffs' Motion to Compel, pg 6 *citing Canyon Partners, L.P. v. Developers Diversified Realty Corp.* Cause No. No. 3–04–CV–1335–L,  2005 WL 5653121, 1 (N.D.Tex., 2005). Plaintiff similarly cites *In re Arnold* for the same proposition. *In re Arnold,* Cause No. 13–12–00619–CV, 2012 WL 6085320, 1 (Tex.App.-Corpus Christi,2012).

33. Neither the Thirteenth District Court of Appeals cases nor the Norther

District of Texas Case have precedential value only persuasive value. *In re Devon Energy Corp.*, 332 S.W.3d 543 (Tex. App. Houston 1st Dist. 2009) (Holding Texas Courts are not bound by opinions from Federal District Courts or Appeals Courts on state law issues); *Simien v. Unifund CCR Partners* 321 S.W.3d 235, 245 (Tex.App.–Houston [1 Dist.], 2010) (Determining and citing other cases for the proposition that Courts of appeals are not bound by the decisions of sister appeals courts in Texas.).

34. More precedential is a pronouncement from the Texas Supreme Court. "Enforcing the law as written is a court's safest refuge in matters of statutory construction, and we should always refrain from rewriting text that lawmakers chose...." *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 443 (Tex.2009).

35. "The plain meaning of the text, given the context of the statute as a whole, provides the best expression of legislative intent." *Liberty Mut. Ins. Co. v. Adcock,* 412 S.W.3d 492, 494 (Tex.,2013).

36. Finally, a court " must enforce the plain meaning of an unambiguous statute." *Tune v. Texas Dept. of Public Safety*. 23 S.W.3d 358, 363 (Tex.,2000).

37.  The plain meaning of Section 901.457 imposes a privilege similar to that of a lawyer upon CPAs. There can be no other interpretation, a privilege exists. The legislature has spoken, the courts must enforce its plain language. *Tune v. Texas Dept. of Public Safety*. 23 S.W.3d 358, 363 (Tex.,2000).

38.  Plaintiffs further cite to *Sims v. Kaneb Services, Inc.* as further authority that there is no privilege. *Sims v. Kaneb Services, Inc.*, 1988 WL 62294, 1 (Tex.App.-Hous. 14 Dist.,1988). Plaintiff is absolutely correct, *if* we were in 1988 there would be no privilege–because in 1988, Section 901.457 of the Texas Occupations Code did not yet exist.

39.  This argument lacks merit and even basic research, because Section 901.457 of the Texas Occupations Code was enacted in 1999. Acts 1999, 76th Leg., ch. 388, § 1, eff. Sept. 1, 1999. Amended by Acts 2001, 77th Leg., ch. 1497, § 31, eff. Sept. 1, 2001; Acts 2013, 83rd Leg., ch. 36 (S.B. 228), § 2, eff. Sept. 1, 2013.

*Accusations of Felonious Conduct*

40.  Plaintiffs continue their tirade by accusing Mosser of a felony. See Section III, Plaintiffs Motion to Compel and for Sanctions.

41.  No felony has been committed by the Defendants or their lawyers and

Defendants' Response to Plaintiffs'
Motion to Compel and for Sanctions                                    12 of 20

Plaintiffs accusations lack merit.

42. Initially, Plaintiffs embellish the request made of Mr. Holtman. "Mr. Mosser has asked Defendants' former accountant to destroy **every single document** related to 8650 Frisco." Plaintiffs Motion to Compel and for Sanctions, ¶28.

43. As plaintiff clearly attaches to his pleadings the exact letter, which managed to end up in Plaintiffs possession in violation of Section 901.457, the letter requests that the documents be preserved, and delivered to a secure location so Mr. Holtman would not further hemmorage documents protected by, at the very least a confidentiality statute, or the privilege that the statute affords the client of the Certified Public Accountant.

44. Mr. Holtman has already demonstrated to the Court under oath that he willingly will divulge information to Plaintiffs and Plaintiffs' attorneys, therefore it is abundantly obvious that confidential and privileged documents are not secure in his possession. See testimony of Holtman at Temporary Injunction Hearing.

45. Mosser requested those confidential and privileged documents be **secured** and transferred to an agent that would respect the law and not

publish the documents to any one who asked.

46. The letter clearly states, **ONCE YOU HAVE PRODUCED THOSE DOCUMENTS**, you are instructed to destroy all **COPIES AND BACKUPS.** Exhibit to Plaintiffs Motion to Compel and Sanctions.

47. Given that the documents would be secure and in the hands of 8650 Frisco LLC (the client), or its counsel, no records would be destroyed, altered, or concealed. Therefore, there would no violation of any law, much less Tex. Penal Code § 37.09.

48. Furthermore, Section 37.09 of the Texas Penal Code further states, "This section shall not apply if the record, document, or thing concealed is privileged or is the work product of the parties to the investigation or official proceeding." Tex. Penal Code § 37.09(b).

49. Because no documents were destroyed, and unfortunately and in violation of Texas Law, no documents were delivered to Defendants as requested, none of Plaintiffs' alleged wrongful conduct has occurred. Even if Holtman followed this instruction, no wrongful conduct would have occurred, the documents would not be concealed or destroyed, they would be subject to a proper request for production directed at the correct party, 8650 Frisco LLC, the true owner of the documents. Tex.

R. Civ. P. 196.

*The Proposed Sanction*

50. Plaintiffs propose three preposterous sanctions for this hypothetical crime. Plaintiffs Motion to Compel and Sanctions, ¶32.

51. Initially, given Plaintiffs' supplement, this issue is now moot. No documents were produced, no documents were destroyed, no documents were ever going to be destroyed, and Plaintiffs have gotten excited over a change in the location of the documents. Holtman, after being reprimanded by the Texas State Board of Public Accountants, understands the importance of retaining the client confidence, and has stated he will comply with the confidentiality section of the Texas Administrative Code, Rule 501.76.

52. Because no documents were destroyed, and never would have been, a spoliation instruction would be improper. *Brumfield v. Exxon Corp*., 63 S.W.3d 912, 920 (Tex.App.–Houston [14 Dist.],2002).

53. A court cannot make an instruction if evidence is not destroyed. *Id.* See also *Whiteside v. Watson*, 12 S.W.3d 614, 621 (Tex.App.-Eastland 2000, pet. denied) (Spoliation is the improper destruction of evidence.).

54. The rebuttable presumption is a jury instruction, not an "order

Defendants' Response to Plaintiffs'
Motion to Compel and for Sanctions 15 of 20

establishing" what evidence in existence states, as plaintiff contends. See Paragraph 32(2), Plaintiffs Motion to Compel and for Sanctions.

55. Because the evidence still exists, has not be concealed, destroyed, or altered, there can be no spoliation instruction much less and order declaring evidence states something contrary to its contents.

56. Plaintiffs further request that their case be determined in this one motion, "that plaintiffs are entitled to one half of the generated profits, that plaintiffs are entitled to full repayment of the startup funds they provided..." See Paragraph 32(2), Plaintiffs Motion to Compel and for Sanctions.

57. Spoliation is a rebuttable presumption, not a means to conclude the case before it even begins. *Ordonez v. M.W. McCurdy Co., Inc.*, 984 S.W.2d 264, 273 and n. 11 (Tex.App.-Houston [1st Dist.] 1998, no pet.).

58. Plaintiffs other requests are similarly absurd. Plaintiffs request payment for their subpoena, copying and shipping of the documents. In addition, Plaintiffs request an order requiring Defendants' counsel to pay for Plaintiffs misapprehension of the letter, and the law, as well as refusing to allow Defendants to support affirmative defenses. See Paragraph 32, Plaintiffs Motion to Compel and for Sanctions.

59. Because there is no "crime" not even a request to commit a "crime" and no documents would have been destroyed, nor have any been destroyed, there has been no wrongful conduct therefore no discovery sanction is warranted. See Plaintiffs supplement to Plaintiffs Motion to Compel and for Sanctions, letter from Hal Holtman.

*The Motion*

60. Plaintiffs' Motion is further defective, as it seeks to compel production prior to the date stated in his defective subpoena and notice for deposition. Exhibit to Plaintiffs Motion to Compel and for Sanctions (Subpoena and notice). Plaintiff contends this is an emergency, yet continues to request this hearing after Holtman sent the letter stating he would comply with his obligations and Texas law regarding client information.

61. Furthermore, sanctions cannot be imposed for conduct that is not wrongful. As even if Holtman complied with the instruction, NO DOCUMENTS WOULD HAVE BEEN DESTROYED, they would simply be in the possession of their owner, 8650 Frisco LLC.

62. Plaintiffs further have failed to serve Holtman as he is the party that must be compelled to do some act. See Certificate of Service, Plaintiffs

Defendants' Response to Plaintiffs'
Motion to Compel and for Sanctions                                    17 of 20

Motion to Compel and for Sanctions.

63. In addition, Plaintiff failed to make a reasonable attempt at conferencing on this motion. No details were contained in Mr. Masten's certificate of conference of how he attempted to do this, nor what issues were discussed at this "conference." Defendants do confirm that Mr. Masten left a vague and unintelligible voice mail concerning a possible motion, but no details were identified. Furthermore, no conference was held on Plaintiffs notice of hearing as required under Rule 191.2 of the Texas Rules of Civil Procedure. See also Tex. R. Civ. P. 191.3(e).

## CONCLUSION

64. Plaintiffs motion has no purpose other than to burden the Court and harass the Defendants. Plaintiffs have made it clear that they are not concerned with the law as they continue to perjure themselves with the active assistance of their attorneys, ignore Texas Statutes, fail to follow the Texas Rules of Civil Procedure, and seek motions with no basis in law. Because there has been no wrongful conduct, merely a request for Holtman to relocate the documents and deliver them to their owner, there is no basis for sanctions or a motion to compel.

## PRAYER

65. Defendants pray the Court will deny Plaintiffs' frivolous motion and order Holtman to deliver the documents related to 8650 Frisco LLC to Defendants' counsel where the privilege will be enforced. Defendants further request that the court award all necessary costs and attorney's fees to Defendants for the preparation and attendance at this hearing. Defendants further request that Plaintiffs and their attorneys be referred to the District Attorney with a copy of the transcript from Temporary Injunction Hearing and the affidavit attached to the Application for the TRO.

Respectfully submitted, *MOSSER LAW PLLC*,

/s/ Nicholas D. Mosser
James C. Mosser
Texas Bar No. 00789784
Nicholas D. Mosser
Texas Bar No. 24075405
Benjamin Casey
Texas Bar No. 24087267
17110 Dallas Parkway Suite 290
Dallas, TX 75248
Tel. (972) 733-3223
Fax. (972) 267-5072
courtdocuments@mosserlaw.com
**Lawyers for Defendants**

## CERTIFICATE OF SERVICE

Defendants' Response to Plaintiffs'
Motion to Compel and for Sanctions

I certify that on May 10, 2014, a true and correct copy of this document was served to the following pursuant to Texas Rules of Civil Procedure 21 & 21(a).

Kelly Stephens
P.O. Box 79734
Houston, Texas 77279
Telephone: 1-281-394-3287
Facsimile: 1-832-476-5460

/s/ Nicholas D. Mosser
By: Nicholas D. Mosser

CAUSE NO. 2014-10896

| | | |
|---|---|---|
| LOS CUCOS MEXICAN CAFE VIII, INC.; LOS CUCOS MEXICAN CAFE IV, INC.; MANUEL CABRERA; and SERGIO CABRERA, | § § § § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs* | § § | |
| v. | § § | |
| 8650 FRISCO, LLC D/B/A ESTILO GAUCHO BRAZILIAN STEAKHOUSE; MANDONA, LLC; GALOVELHO, LLC; BAHTCHE, LLC; CLAUDIO NUNES; and DAVID JEIEL RODRIGUES, | § § § § § § § § | HARRIS COUNTY, TEXAS |
| *Defendants* | § | 133rd JUDICIAL DISTRICT |

## ORDER
## ON PLAINTIFFS' EMERGENCY MOTION TO COMPEL AND FOR SANCTIONS

The Court, having considered Plaintiffs' Emergency Motion to Compel and for Sanctions, the response, the arguments of counsel, and the evidence, has determined that the motion is meritorious and should be and is hereby GRANTED in its entirety. Specifically:

The custodian of records of Holtman & Company, LLC is hereby ORDERED to appear before a notary public for deposition as subpoenaed by Plaintiffs on May 26, 2014, at 10:00 a.m. at the office of Gulfstream Legal Group, LLC, 16607 Blanco Road, Suite 1307, San Antonio, Texas 78232.

The custodian of records of Holtman & Company, LLC is hereby ORDERED to preserve all documents and communications related to 8650 Frisco, LLC, including but not limited to those records requested by Plaintiffs, in its possession, custody, or control, during the pendency of this litigation.

Exhibit R

# Exhibit 6

App. 159

The Court FINDS that Defendants' counsel has abused the discovery process in resisting discovery and has determined that the following sanctions are appropriate, that the following sanctions satisfy the legitimate purposes of discovery sanctions, and that the following sanctions are neither more nor less stringent than necessary to accomplish those purposes.

Accordingly, IT IS ORDERED that all expenses of discovery associated with the underlying motion and the production of documents by and from Holtman & Company, LLC, including but not limited to copying charges, shipping fees, and the like, are charged to Nicholas D. Mosser, individually. Nicholas D. Mosser shall pay to Plaintiffs' counsel $_____ within 10 days of the signing of this order.

IT IS FURTHER ORDERED that the following facts are ESTABLISHED for all purposes in this litigation:

1.  That 8650 Frisco, LLC has generated profits throughout its entire existence.

2.  That Plaintiffs are entitled to one-half of the generated profits.

3.  That Plaintiffs are entitled to full repayment of the startup funds they provided (in an amount to be proven at trial) with interest at the highest lawful rate.

4.  That Plaintiffs are entitled to reimbursement for wear and tear and depreciation of the equipment they supplied to 8650 Frisco (in an amount to be proven at trial).

IT IS FURTHER ORDERED that Defendants are PROHIBITED from supporting any affirmative defenses, including but not limited to those defenses listed as "affirmative defenses" in Defendants' Original Answer or any subsequent pleading.

IT IS FURTHER ORDERED that Nicholas D. Mosser shall pay the reasonable expenses, including attorneys' fees, caused by his letters to Holtman & Company, LLC. Nicholas D. Mosser shall pay to Plaintiffs' counsel $_____ within ten (10) days of the signing of this order.

Exhibit R                                                                 App. 160

IT IS FURTHER ORDERED that failure to comply with this Order may result in the further imposition of sanctions or a holding of contempt, punishable by fine or imprisonment or both.

DATED: _May 12, 2014_

_____
JUDGE PRESIDING

Unofficial Copy Office of Chris Daniel District Clerk

Cause No. 2014-10896

| | | |
|---|---|---|
| LOS CUCOS MEXICAN CAFE VIII, INC.; LOS CUCOS MEXICAN CAFE IV, INC.; MANUEL CABRERA; AND SERGIO CABRERA, | § § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| 8650 FRISCO, LLC D/B/A ESTILO GAUCHO BRAZILIAN STEAKHOUSE; MANDONA, LLC; GALOVELHO, LLC; BAHTCHE, LLC; CLAUDIO NUNES; and DAVID JEIEL RODRIGUES, | § § § § § § § | |
| Defendants. | § | 133rd JUDICIAL DISTRICT |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STAY ALL MATTERS**
**AND**
**PLAINTIFFS' THIRD MOTION TO COMPEL**

Plaintiffs file this response to Defendants' Motion to Stay All Matters concurrently with their Third Motion to Compel, asking the Court to deny Defendants' motion to stay, to compel Defendants to produce requested documents, and to compel Defendants (again) to appear for deposition. Plaintiffs also ask the Court to award them the costs incurred in responding to Defendants' groundless, bad faith, and harassing motion, as well as Plaintiffs' reasonable expenses caused by Defendants' failure to obey the Court's original order compelling them to appear for deposition. In support thereof, Plaintiffs respectfully show the Court the following:

**HOW WE GOT HERE**

1. Plaintiffs filed this lawsuit on March 3, 2014. Each of the defendants was served by March 24, 2014. Two days later, March 26, 2014, Defendants jointly filed their Emergency

Exhibit R                     Exhibit 7                     App. 162

Motion to Transfer Venue. At that time, under Rule 87(1), TEX. R. CIV. P., Defendants could have set a hearing on their motion to transfer as early as May 10, 2014. They did not.

2. On April 7, 2014, the Court held a hearing on Plaintiffs' request for a temporary injunction. At the end of the hearing, Defendants' counsel verbally requested an expedited hearing on their motion to transfer. The Court directed counsel to contact the clerk to schedule a hearing. At that time, Defendants could have set their hearing as early as May 22, 2014. They did not.

3. On May 12, 2014, the Court held a hearing on Plaintiffs' motion to compel the production of documents by an accountant formerly employed by both parties. Defendants again noted their desire to transfer this lawsuit to Collin County. At that time, Defendants could have set their hearing as early as June 26, 2014. They did not.

4. Instead, on June 3, 2014, Defendants filed a motion to stay all proceedings and set the hearing on *that* motion for June 16, 2014. At the time Defendants obtained the hearing on the motion to stay, Defendants could have set the hearing on the motion to transfer as early as July 18, 2014. They did not.

5. Meanwhile, on April 14, 2014, Plaintiffs served discovery requests on Defendants. *See* Plaintiffs' Exhibit 1, Plaintiffs' Discovery Requests. On May 14, 2014, Defendants served responses and numerous objections to Plaintiffs' discovery requests, specifically Plaintiffs' requests for production. *See* Plaintiffs' Exhibit 2, Defendants' Discovery Responses. Defendants produced 184 pages of documents, but withheld hundreds of pages more that are responsive and discoverable.

6. Finally, Plaintiffs have been attempting to take the Defendants' depositions for over two months. At the hearing on May 12, the Court asked Defendants' counsel to provide dates on which he would be willing to produce his clients for deposition in Houston. Defendants' counsel offered June 9 and 10, 2014. Plaintiffs accordingly served notices of deposition on

Defendants for those dates. *See* Plaintiffs' Exhibit 3, Deposition Notices.[1] On June 8, 2014—the day before the depositions were to be taken and after Plaintiffs' counsel devoted substantial time to preparing for the depositions—Defendants' counsel informed Plaintiffs that Defendants would not appear for deposition on the dates they had offered and filed a motion with the Court.

7. The story that has developed in this litigation is one of Plaintiffs attempting to move forward and Defendants resisting the expeditious adjudication of the parties' rights. The blame for any delay in the prosecution of this lawsuit falls squarely at the feet of Defendants and their counsel. In the interest of obtaining a fair, equitable, and impartial adjudication of the parties' rights with as great expedition and the least expense, *see* TEX. R. CIV. P. 1, the Court should deny Defendants' Motion to Stay, order Defendants to produce the documents they have withheld, and order Defendants to appear for deposition in Houston, Texas.

## ARGUMENTS & AUTHORITIES

8. The Court should deny Defendants' motion to stay because it has no basis in law or in fact. That is, it is expressly prohibited by Rule 88, TEX. R. CIV. P., and, even if it were not, Defendants would not be entitled to stay these proceedings because they have intentionally thwarted the expeditious adjudication of this matter.

**I. Defendants' motion to stay should be denied because it has no basis in law or fact.**

    **A. Rule 88 prohibits the abatement of discovery during the pendency of a motion to transfer venue.**

9. Defendants have asked the Court to abate all discovery and all other activity in this case while Defendants await the transcript of the temporary injunction hearing that occurred over two months ago. Defendants ask the Court to exercise its discretion to protect them from Plaintiffs' prosecution of this lawsuit. Generally speaking, the Court has "inherent power to

---

[1] Out of consideration for Defendants' schedules, Plaintiffs' counsel asked Defendants' counsel to identify the corporate representatives of each of the company defendants and offered to schedule the corporate depositions accordingly. *See* Plaintiffs' Exhibit 4, Meade Letter of May 12, 2014. Defendants did not respond.

3

Exhibit R                                                 App. 164

control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *In re A.E.A.*, 406 S.W.3d 404, 419–20 (Tex. App.—Fort Worth 2013, no pet.) (internal quotations omitted) (*citing Metzger v. Sebek*, 892 S.W.2d 20, 38 (Tex. App.—Houston [1st Dist.] 1994, writ denied)); *Landis v. North American Co.*, 299 U.S. 248 (1936). Defendants suggest that there is "no guiding light" for the Court's exercise of its discretion.

10.     Defendants apparently ignored Rule 88, which expressly provides that "***Discovery shall not be abated or otherwise affected** by pendency of a motion to transfer venue*." TEX. R. CIV. P. 88 (emphasis added). As the Dallas Court of Appeals explained: "The purpose of Rule 88 is to enable the parties to proceed with preparation for trial on the merits, promptly and unhampered, so that the [motion to transfer venue] will not delay final disposition of the suit." *Newman Oil Co. v. Alkek*, 585 S.W.2d 340, 341 (Tex. Civ. App.—Dallas 1979, no writ), *citing Texas Land & Development Co. v. Myers*, 239 S.W. 303, 304 (Tex. Civ. App.—San Antonio 1922, writ dism'd).

11.     Furthermore, "depositions before disposition of the [motion to transfer venue] need not be limited to venue issues." *Newman Oil Co.*, 585 S.W.2d at 341. The rule in Texas is that,

> *Once there has been a timely motion to transfer venue, a defendant has no choice but to continue on in the venue in which he finds himself, correct or not*. *See* TEX. R. CIV. P. 88. To rule otherwise would have the effect of tying the defendant's hands and force a Hobson's choice. Nor do we think the defendant has to engage in the meaningless ritual of adding the words "subject to our motion for a change of venue" every time a motion is made. *See* TEX. R. CIV. P. 88.

*Nabors Loffland Drilling Co. v. Martinez*, 894 S.W.2d 70, 72 (Tex. App.—San Antonio 1995, writ denied) (emphasis added). In other words, "the only identified possible bar," *see* Defendants' Motion to Stay at 8, is the only bar necessary to defeat Defendants' motion.

4

12. Accordingly, Defendants' motion should be denied, and Plaintiffs should be awarded their costs incurred in opposing the motion because Defendants' motion has no basis in law.

**B.** **There is no reason why Defendants cannot set a hearing on their motion to transfer.**

13. When the hearing is held on Defendants' motion to stay, this lawsuit will have been pending in this Court for 105 days. During that time period, Plaintiffs requested a temporary restraining order and a temporary injunction, requested documents from the former and current accountants of the business in question, propounded written discovery to Defendants, and have twice attempted to take the Defendants' depositions. When Defendants instructed their former accountant to withhold and destroy evidence, Plaintiffs promptly filed a motion and set a hearing. When Defendants refused to appear for their properly noticed depositions the first time, Plaintiffs promptly filed a motion and set a hearing. Plaintiffs will shortly file a second motion to compel Defendants' depositions because they refused to appear on the dates they provided, in direct contravention of the Court's order.

14. Defendants, on the other hand, have filed two dilatory motions and generally sought to obstruct the expeditious adjudication of this matter. Defendants' motion to stay is merely the latest effort by Defendants to add expense and delay to this lawsuit.

15. Defendants have repeatedly claimed that they will set their motion to transfer for hearing just as soon as they receive the transcript of the hearing held on April 7, 2014. *See, e.g.*, Defendants' Motion to Stay at 5 (claiming that "because of Defendants['] inability to set the motion to transfer venue for hearing, hoping to secure the transcript from the court reporter"). Defendants suggest that they need the transcript so that "the testimony of Plaintiffs perjuring themselves could be put into the record appropriately." *See* Defendants' Motion to Stay at 5.

16. First, as a procedural matter, Plaintiffs' testimony at the April 7 hearing is not admissible on the issue of venue. Rule 87 provides that the Court "shall determine the motion to

5

transfer on the basis of [1] the pleadings, [2] any stipulations made by and between the parties and [3] such affidavits and attachments as may be filed by the parties in accordance with [Rule 87(3)(a), regarding affidavits] or of Rule 88 [regarding evidence permissibly attached to affidavits]." TEX. R. CIV. P. 87(3)(b). Rule 88 allows the consideration of "Deposition transcripts, responses to requests for admission, answers to interrogatories and other discovery products containing information relevant to a determination of proper venue . . . when they are attached to . . . an affidavit of a party, witness or an attorney who has knowledge of such discovery." TEX. R. CIV. P. 88. In other words, *the venue question is determined by the pleadings, not by live testimony*. Any testimony given in a hearing on a separate matter is not admissible for purposes of venue.

17.     Furthermore, Defendants could have taken Plaintiffs' depositions and developed the same facts in an admissible format. They did not.

18.     Second, as a substantive matter, even if Plaintiffs committed or suborned perjury—an allegation Plaintiffs vehemently deny—that by itself would not be sufficient grounds to transfer venue. The determination of venue is not punitive; it is focused entirely on whether the properly pled and proved facts support venue in the county of suit.

19.     Accordingly, Defendants' motion should be denied, and Plaintiffs should be awarded their costs incurred in opposing the motion because Defendants' motion has no basis in fact.

**II.     The Court should overrule Defendants' objections and order the production of responsive and discoverable materials.**

20.     On April 14, 2014, Plaintiffs served discovery requests on Defendants. *See* Plaintiffs' Exhibit 1, Plaintiffs' Discovery Requests. On May 14, 2014, Defendants served

6

responses to Plaintiffs' discovery requests.[2] *See* Plaintiffs' Exhibit 2, Defendants' Discovery Responses. Defendants produced 184 pages of documents, but withheld hundreds of pages more that are responsive and discoverable.

### A. There is no "accountant-client privilege" in Texas.

21. Defendants withheld various categories of accounting records for Defendant 8650 Frisco, LLC, on the basis of an asserted privilege that does not exist in Texas. *See* Plaintiffs' Exhibit 2, Defendants' Discovery Responses, Requests for Production Nos. 1, 2, 4, and 8. Plaintiffs incorporate the arguments set forth in their Emergency Motion to Compel and for Sanctions, filed April 24, 2014, and the arguments made at the hearing on May 12, 2014, as if set forth verbatim herein. The bottom line is that Texas law does not recognize an accountant-client privilege and Defendants cannot withhold responsive and discoverable documents on that basis.

22. The Court has already ruled on this point when it compelled third party production from Defendants ex-accountant. Defendants not only asserted a baseless objection, but they withheld production of documents based on an objection the Court has already overruled. The result is yet another motion to compel.

### B. There is no "tax return privilege."

23. Defendants withheld the tax records, including K-1 forms, relating to 8650 Frisco, LLC, on the basis of a law that renders information confidential but not privileged. *See* Plaintiffs' Exhibit 2, Request for Production No. 7. Judge Rosenthal addressed exactly this situation in *Alpert v. Riley*, No. CIV.A. H-04-CV-3774, 2009 WL 1226767 (S.D. Tex. Apr. 30, 2009). Like the *Alpert* defendants, these Defendants do not specify on which part of Section 6103 they rely. Regardless,

---

[2] It may be interesting to note that some of Defendants' answers to interrogatories and admissions appear to contradict the documents produced by Defendants. Nevertheless, Plaintiffs will refrain from making *accusations of perjury* until the evidence is more fully developed.

Exhibit R                                                                                         App. 168

> Section 6103 does not impose secrecy obligations on the defendants and does not give them a blanket privilege or protection against discovery. ***Section 6103 applies only to government officers and employees. Section 6103 cannot be used invoked to "block access, through pretrial discovery or otherwise, to copies of tax returns in the possession of litigants."***

*Alpert v. Riley*, No. CIV.A. H-04-CV-3774, 2009 WL 1226767 (S.D. Tex. Apr. 30, 2009) (emphasis added), *citing Commodity Futures Trading Comm'n v. Collins,* 997 F.2d 1230, 1233 (7th Cir.1993). The Supreme Court of the United States has specifically held that "although tax returns . . . are made confidential within the government bureau, ***copies in the hands of the taxpayer are held subject to discovery***." *St. Regis Paper Co. v. United States*, 368 U.S. 208, 218–19 (1961) (emphasis added; internal citations omitted). In short, there is no accountant-client privilege, and there is no tax return privilege. The Court should overrule Defendants' spurious objections and order Defendants to produce their tax returns.

### C. Defendants' bank records are discoverable.

24. Defendants withheld the bank statements of 8650 Frisco, LLC, on the basis that it "is an improper method to request records of a financial institution" under TEX. FIN. CODE § 59.006. *See* Plaintiffs' Exhibit 2, Request for Production No. 5. Plaintiffs note, however, that section 59.006 governs the production of documents by the financial institution, not the production of documents in the ***possession, custody, or control*** of a party. Subsection (b) provides that "A *financial institution* shall produce . . . ." Subsection (e) governs a party-customer's obligation regarding "the *financial institution's* compliance with a record request." Subsection (f) provides time lines before which "[a] *financial institution* may not be required to produce a record." TEX. FIN. CODE § 59.006(b), (e), (f) (emphasis added). Section 59.006 simply does not apply to a request for documents directly from the customer. Accordingly, the Court should overrule Defendants' objection and order Defendants to produce the bank statements of Defendant 8650 Frisco, LLC.

8

**D.  Defendants' financial records are discoverable.**

25.  Defendants claimed to produce "all financial records of 8650 Frisco, LLC," *see* Plaintiffs' Exhibit 2, Defendants' Discovery Responses at 14 but in fact produced only those documents Plaintiffs submitted as exhibits at the hearing on April 7, 2014. The Court should overrule Defendants' objections and order Defendants to produce the financial records of Defendant 8650 Frisco, LLC.

**III.  The Court should appoint a discovery master.**

26.  During the progress of this lawsuit, Defendants have consistently engaged in dilatory tactics with no purpose other than delay and increasing cost. Defendants have lodged spurious objections about, for example, signatures, distances, and privileges which do not exist under Texas law. Defendants have made unsubstantiated allegations about the unauthorized practice of law and subornation of perjury. And Defendants have refused to appear for deposition despite the Court's order that they do so. In short, this is an exceptional case in which good cause exists for the appointment of a discovery master under Rule 171, Tex. R. Civ. P.

27.  Accordingly, Plaintiffs respectfully request that the Court appoint a master in chancery under Rule 171 to control the discovery phase of this case by hearing and ruling upon objections lodged with respect to written discovery; by participating in depositions for the purpose of hearing and ruling upon any objections which may be lodged; and by hearing and ruling upon any discovery motions filed by either party, including the imposition of sanctions, if appropriate, under Rule 215, Tex. R. Civ. P.

**IV.  Plaintiffs are entitled to recover their costs incurred in filing this response.**

28.  As discussed above, Defendants' motion to stay is groundless because it has no basis in law or fact and is not warranted by good faith argument for the extension, modification, or reversal of existing law. *See* Tex. R. Civ. P. 13. Simply put, Defendants filed their motion to stay merely to postpone their depositions and to increase the cost of litigation. As a legal matter,

9

the relief they are requesting is expressly prohibited. As a factual matter, the relief they claim to be seeking does not line up with their actions thus far. If Defendants truly sought to reduce their costs, they would have set a hearing on their motion to transfer venue long ago.

29. Similarly, as discussed above, Defendants' objections to Plaintiffs' discovery requests have no basis in law or fact and have been lodged solely to delay and increase the costs of this litigation.

30. Accordingly, Defendants should be ordered to personally appear before this court and show cause why they should not be sanctioned under Rules 13 and 215 for their conduct in filing groundless and bad faith motions and discovery responses. At this stage, Plaintiffs merely request that they be awarded their reasonable expenses, including attorneys' fees, caused by Defendants' groundless, bad faith, and harassing conduct.

## CONCLUSION

Plaintiffs are attempting to fairly, efficiently, and expeditiously prosecute their claims, but Defendants have consistently blocked Plaintiffs' efforts by lodging groundless and bad faith objections and filing groundless and bad faith motions. The Court should deny Defendants' motion to stay, compel Defendants to produce all their responsive documents, and compel Defendants to appear for deposition in Harris County, Texas. Further, the Court should order Defendants to personally appear before the Court to show cause why they should not be sanctioned under Rules 13 and 215, TEX. R. CIV. P. Finally, the Court should appoint a master in chancery to resolve any future discovery disputes between the parties.

Furthermore, Defendants' counsel have engaged in a course of conduct indicating an unwillingness to abide by the rules of civil procedure, the rules of professional conduct, and the Texas Lawyers Creed. Plaintiffs respectfully request that the Court consider imposing such sanctions as may be appropriate to encourage Defendants and their counsel to do so, including but not limited to a finding that Defendants have consented to venue in Harris County, Texas.

10

Plaintiffs pray for such other and further relief to which they may be entitled.

Respectfully submitted,

STEPHENS & DOMNITZ, PLLC

*/s/ Kelly D. Stephens*
Kelly D. Stephens
SBN: 19158300
P.O. Box 79734
Houston, Texas 77279-9734
Tel:  281-394-3287
Fax:  832-476-5460
kstephens@stephensdomnitz.com

HAWASH MEADE GASTON NEESE & CICACK LLP

/s/ *Andrew K. Meade*
Andrew K. Meade
State Bar No. 24032854
Jeremy M. Masten
State Bar No. 24083454
2118 Smith Street
Houston, Texas 77002
713-658-9006 (Direct & Fax)
ameade@hmgllp.com

ATTORNEYS FOR PLAINTIFFS
LOS CUCOS MEXICAN CAFÉ VIII, Inc.,
LOS CUCOS MEXICAN CAFÉ IV, Inc.,
MANUEL CABRERA, and
SERGIO CABRERA

11

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing document has been served to the following pursuant to the Texas Rules of Civil Procedure on **June 11, 2014**.

*__Via Fax: 972-267-5072 and e-file__*
Nicholas Mosser
MOSSER LAW PLLC
17110 Dallas Pkwy, Suite 290
Dallas, TX 75248


/s/ Jeremy M. Masten
Jeremy M. Masten

12

Exhibit R                                                                                          App. 173

## CAUSE NO. 2014-01089

| | | |
|---|---|---|
| LOS CUCOS MEXICAN CAFE VIII, INC.; LOS CUCOS MEXICAN CAFE IV, INC.; MANUEL CABRERA; and SERGIO CABRERA,<br>   *Plaintiffs* | §<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| **v.** | §<br>§ | |
| 8650 FRISCO, LLC D/B/A ESTILO GAUCHO BRAZILIAN STEAKHOUSE; MANDONA, LLC; GALOVELHO, LLC; BAHTCHE, LLC; CLAUDIO NUNES; and DAVID JEIEL RODRIGUES,<br>   *Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | HARRIS COUNTY, TEXAS<br><br><br><br><br>133rd JUDICIAL DISTRICT |

### PLAINTIFFS' FIRST SET OF DISCOVERY REQUESTS TO 8650 FRISCO, LLC D/B/A ESTILO GAUCHO BRAZILIAN STEAKHOUSE

TO: Defendant 8650 Frisco, LLC d/b/a Estilo Gaucho Brazilian Steakhouse, by and through its counsel of record, Nicholas D. Mosser and Benjamin Casey, Mosser Law PLLC, 17110 Dallas Parkway, Suite 290, Dallas, Texas 75248.

Pursuant to the Texas Rules of Civil Procedure, Plaintiffs Los Cucos Mexican Café VIII, Inc., Los Cucos Mexican Café IV, Inc., Manuel Cabrera, and Sergio Cabrera ("Plaintiffs") serve their First Set of Requests for Admissions, Requests for Production and First Set of Interrogatories on Defendant 8650 Frisco, LLC d/b/a Estilo Gaucho Brazilian Steakhouse ("Defendant") as authorized by Rules 196 and 198, TEX. R. CIV. P. Defendant must specifically admit or deny and produce all requested documents in its possession, custody, or control (as they are kept in the ordinary course of business or organized and labeled to correspond with categories in each request) for inspection and

copying, and not more than 30 days after service, at the office of HAWASH MEADE GASTON NEESE & CICACK LLP, 2118 Smith Street, Houston, Texas 77002.

Respectfully submitted,

STEPHENS & DOMNITZ, PLLC

*/s/ Kelly D. Stephens*
Kelly D. Stephens
SBN:  19158300
P.O. Box 79734
Houston, Texas  77279-9734
Tel:     281-394-3287
Fax:    832-476-5460
kstephens@stephensdomnitz.com


**HAWASH  MEADE  GASTON  NEESE & CICACK LLP**


 /s/ *Andrew K. Meade*
Andrew K. Meade
State Bar No. 24032854
Jeremy M. Masten
State Bar No. 24083454
2118 Smith Street
Houston, Texas 77002
713-658-9006 (Direct & Fax)
ameade@hmgllp.com
jmasten@hmgllp.com

ATTORNEYS FOR PLAINTIFFS
LOS CUCOS MEXICAN CAFÉ VIII, Inc.,
LOS CUCOS MEXICAN CAFÉ IV, Inc.,
MANUEL CABRERA, and
SERGIO CABRERA

2

Exhibit R                                                                                      App. 175

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document has been served to the following pursuant to the Texas Rules of Civil Procedure on April 14, 2014.

*Via Fax: 972-267-5072 and*
*email: courtdocuments@mosserlaw.com*
James C. Mosser
Nicholas D. Mosser
Mosser Law PLLC
17110 Dallas Pkwy, Suite 290
Dallas, TX 75248


*/s/ Andrew K. Meade*
Andrew K. Meade

3

1.     As used throughout this request (including these definitions and instructions), the term "documents" means each and every document (as defined in Rule 34, FED. R. CIV. P.), all electronically stored information, and each and every tangible thing, including but not limited to both electronic and hard copy documents, in the possession, custody, or control of Plaintiff, whether a copy, draft, or original, wherever located, with all exhibits, attachments, and schedules, including but not limited to the following: correspondence and drafts of correspondence; notes or summaries of conversations; income tax returns, forms, schedules, or worksheets; inter- and intra-office memoranda; reports; comments; worksheets; plans; minutes; notes; notices or notifications; findings; conclusions; memoranda; contracts or agreements of any kind; brochures, circulars, bulletins, advertisements, sales catalogs or literature; packages, packaging, and package inserts; notes, records, summaries, or other reports of conferences, meetings, visits, surveys, discussions, inspections, examinations, reviews or telephone conversations; purchase orders, quotations, estimates, invoices, bids, receipts, or acknowledgements, including the reverse sides of all such documents with printing, typing or writing on the reverse sides; bills of lading and other shipping documents; credit agreements or credit memoranda; contract or lease offers or proposals; executed or proposed agreements, contracts, franchise agreements, licenses, leases, insurance policies and riders, or options; proposals; diaries; desk calendars, appointment books, or telephone call books; property valuations or appraisals, and their updates; affidavits, depositions, transcripts and statements, or summaries or excerpts thereof; stenographic notes; books and records; financial data; stock certificates and evidence of stock ownership; newspaper or magazine articles; pamphlets, books, texts, notebooks, magazines, manuals, journals, and publications; notepads, tabulations, data compilations, calculations, or computations; schedules; drafts; charts and maps; forecasts and projections; drawings, designs, plans, specifications, graphs, blueprints, sketches, or diagrams; orders; pleadings and court filings; checks and check stubs (front and back); records or transcripts of statements, depositions, conversations, meetings, discussions, conferences or interviews, whether in person or by telephone or by other means; workpapers; printouts or other stored information from computers or other information retention or processing systems; e-mail or electronic mail or communications, in whatever form; instant messages in whatever form; photographic matter or sound reproduction matter however produced, reproduced or stored; government reports, regulations, filings or orders; any other written, printed, typed, taped, recorded, or graphic matters; any exhibits, attachments, or schedules to or with the foregoing; any drafts of the foregoing; and any copies or duplicates of the foregoing that are different because of marginal or handwritten notations, or because of any markings thereon or alterations thereof.

2.     All electronically stored information should be produced as an electronic copy, preserving all metadata.

4

3.      Throughout this request (including these definitions and instructions), the term "communications" means any and all of the following: writings, oral communications, electronic communications (including emails, text messages, and instant messages), wire communications, conversations by telephone, meetings, and any contact, oral or written, formal or informal, at any time or place, and under any circumstance whatsoever, in which information of any nature was transmitted or exchanged in any form or by any medium.

4.      Throughout this request (including these definitions and instructions), the phrases "relating to," "relates to," "related to," "regarding," and "in relation to" mean constituting or evidencing, and directly or indirectly mentioning, describing, referring to, pertaining to, being connected with, reflecting upon, or concerning the stated subject matter.

5.      Throughout this request (including these definitions and instructions), the words "any" and "all" shall be considered to include "each" and "each and every."

6.      Throughout this request (including these definitions and instructions), the singular of any word shall include the plural, and the plural of any word shall include the singular. The masculine form shall include the feminine and neutral forms. The terms "and" and "or" shall mean "and/or" inclusively.

7.      Throughout this request (including these definitions and instructions), the terms "you" and "your" refer to the party responding to the request, as well as his, her, or its present and former agents, employees, counselors, consultants, representatives, attorneys, and any other person or entity acting or purporting to act on behalf of or under the control of the responding party.

8.      Throughout this request (including these definitions and instructions), "Defendant" and "Frisco" mean 8650 Frisco, LLC d/b/a Estilo Gaucho Brazilian Steakhouse, a named defendant in this matter. The term "Defendant" or "Frisco" also includes Defendant's present and former agents, employees, counselors, consultants, representatives, attorneys, and any other person or entity acting or purporting to act on its behalf or under its control.

9.      Throughout this request (including these definitions and instructions), the term "Plaintiff" or "Plaintiffs" means any named Plaintiff in this matter, including their present and former agents, employees, counselors, consultants, representatives, attorneys, and any other person or entity acting or purporting to act on its behalf or under their or its control.

10.     Throughout this request (including these definitions and instructions), "Los Cucos" means Los Cucos Mexican Café VIII, Inc. and Los Cucos Mexican Café IV,

5

Inc., named defendants in this matter and includes any present and former agents, employees, counselors, consultants, affiliates, subsidiaries, representatives, attorneys, and/or any other person or entity acting or purporting to act on the behalf or under the control of Los Cucos.

11. If you contend that any document requested here need not be produced under a privilege or other protection against disclosure, provide an itemized log of the document(s) being withheld from production. In the log, specify the date of each such document, its author(s), all recipient(s), and any person(s) copied on the document, the paragraph of this request to which the document responds, and a brief description of the document's contents that supplies enough detail to assess the applicability of the privilege or protection being claimed. In addition, please specify the privilege or protection upon which you rely as their basis for withholding the document(s) from production.

12. If you intend to produce any electronic document or information in response to this request, please contact counsel for Los Cucos to discuss the form in which such electronic document or information will be produced.

13. If you have any questions about this request, please contact counsel for Los Cucos promptly for clarification.

14. Unless otherwise stated, the time period covered by this request is January 1, 2010 to the present.

15. You are reminded of your duty under Rule 193.5, Tex. R. Civ. P., to amend or supplement any response that was incomplete or incorrect when made or that, although correct and complete when made, is no longer complete and correct.

6

Exhibit R

App. 179

## REQUESTS FOR ADMISSIONS

Admit or deny the following:

**Admission No. 1.** 8650 Frisco, LLC received money from Los Cucos Mexican Café VIII, LLC.

**Admission No. 2.** 8650 Frisco, LLC intended to treat the money it received from Los Cucos Mexican Cafe VIII, LLC as a loan.

**Admission No. 3.** 8650 Frisco, LLC intended to treat the money it received from Los Cucos Mexican Cafe VIII, LLC as an investment.

**Admission No. 4.** 8650 Frisco, LLC intended to repay the money it received from Los Cucos Mexican Cafe VIII, LLC.

**Admission No. 5.** 8650 Frisco, LLC did not intend to repay the money it received from Los Cucos Mexican Cafe VIII, LLC.

**Admission No. 6.** 8650 Frisco, LLC received money from Los Cucos Mexican Cafe IV, LLC.

**Admission No. 7.** 8650 Frisco, LLC intended to treat the money it received from Los Cucos Mexican Cafe IV, LLC as a loan.

**Admission No. 8.** 8650 Frisco, LLC intended to treat the money it received from Los Cucos Mexican Cafe VI, LLC as an investment.

**Admission No. 9.** 8650 Frisco, LLC intended to repay the money it received from Los Cucos Mexican Cafe IV, LLC.

**Admission No. 10.** 8650 Frisco, LLC did not intend to repay the money it received from Los Cucos Mexican Cafe IV, LLC.

**Admission No. 11.** 8650 Frisco, LLC received money from Manuel Cabrera.

**Admission No. 12.** 8650 Frisco, LLC intended to treat the money it received from Manuel Cabrera as a loan.

**Admission No. 13.** Admit that 8650 Frisco, LLC intended to treat the money it received from Manuel Cabrera as an investment.

**Admission No. 14.** 8650 Frisco, LLC intended to repay the money it received from Manuel Cabrera.

7

**Admission No. 15.** 8650 Frisco, LLC did not intend to repay the money it received from Manuel Cabrera.

**Admission No. 16.** 8650 Frisco, LLC received money from Sergio Cabrera.

**Admission No. 17.** 8650 Frisco, LLC intended to treat the money it received from Sergio Cabrera as a loan.

**Admission No. 18.** 8650 Frisco, LLC intended to treat the money it received from Sergio Cabrera as an investment.

**Admission No. 19.** 8650 Frisco, LLC intended to repay the money it received from Sergio Cabrera.

**Admission No. 20.** 8650 Frisco, LLC did not intend to repay the money it received from Sergio Cabrera.

**Admission No. 21.** 8650 Frisco, LLC received equipment from Los Cucos Mexican Cafe IV, LLC.

**Admission No. 22.** 8650 Frisco, LLC received furniture from Los Cucos Mexican Cafe IV, LLC.

**Admission No. 23.** 8650 Frisco, LLC is currently using equipment it received from Los Cucos Mexican Cafe IV, LLC.

**Admission No. 24.** 8650 Frisco, LLC is currently using furniture it received from Los Cucos Mexican Cafe IV, LLC.

**Admission No. 25.** 8650 Frisco, LLC is currently using equipment paid for by from Los Cucos Mexican Cafe IV, LLC.

**Admission No. 26.** 8650 Frisco, LLC is currently using furniture paid for by Los Cucos Mexican Cafe IV, LLC.

**Admission No. 27.** 8650 Frisco, LLC did not pay Los Cucos Mexican Cafe IV, LLC for any equipment or furniture.

**Admission No. 28.** Los Cucos Mexican Cafe IV, LLC did not gift furniture to 8650 Frisco, LLC.

8

**Admission No. 29.** Los Cucos Mexican Cafe VIII, LLC did not gift money to 8650 Frisco, LLC.

**Admission No. 30.** Admit that Manuel Cabrera did not gift money to 8650 Frisco, LLC.

**Admission No. 31.** Sergio Cabrera did not gift money to 8650 Frisco, LLC.

**Admission No. 32.** 8650 Frisco, LLC is currently operating at a net profit.

**Admission No. 33.** 8650 Frisco, LLC is currently operating at a new loss.

**Admission No. 34.** 8650 Frisco, LLC is currently using the name Estilo Goucho Brazilian Steakhouse.

**Admission No. 35.** 8650 Frisco, LLC is has been using the name Estilo Goucho Brazilian Steakhouse since February, 2013.

**Admission No. 36.** 8650 Frisco, LLC has assigned, in writing, its rights to the mark Estilo Gaucho Bazilian Steakhouse to Bahtche, LLC.

**Admission No. 37.** 8650 Frisco, LLC has not assigned, in writing, its rights to the mark Estilo Gaucho Brazilian Steakhouse to Bahtche, LLC.

**Admission No. 38.** 8650 Frisco, LLC has received compensation from Bahtche, LLC for the ownership of the mark Estilo Gaucho Brazilian Steakhouse.

**Admission No. 39.** 8650 Frisco, LLC has not received compensation from Bahtche, LLC for the ownership of the mark Estilo Gaucho Brazilian Steakhouse.

**Admission No. 40.** Estilo Gaucho Brazilian Steakhouse is a trade name of 8650 Frisco, LLC.

**Admission No. 41.** 8650 Frisco, LLC does business as Estilo Gaucho Brazilian Steakhouse.

9

<u>**Requests for Production**</u>

**Request No. 1.** Produce all documents and records provided to or received from 8650 Frisco, LLC's accountants (including, but not limited to Mike Verucchi, CPA, Holtman & Company, LLC, or Hal Holtman, CPA), which relate in any way to 8650 Frisco, LLC.

**Request No. 2.** Produce all documents and records in the possession of 8650 Frisco, LLC's accountants (including, but not limited to Mike Verucchi, CPA, Holtman & Company, LLC, or Hal Holtman, CPA), which relate in any way to 8650 Frisco, LLC.

**Request No. 3.** Produce all financial records of 8650 Frisco, LLC.

**Request No. 4.** Produce all accounting records of 8650 Frisco, LLC.

**Request No. 5.** Produce all bank statements of 8650 Frisco, LLC.

**Request No. 6.** Produce all point of sale data and reports related to 8650 Frisco, LLC.

**Request No. 7.** Produce all tax records (including all 1099 forms, W-2 forms, and K-1 forms) related to 8650 Frisco, LLC.

**Request No. 8.** Produce all communications and correspondence with 8650 Frisco, LLC's accountants (including, but not limited to Mike Verucchi, CPA, Holtman & Company, LLC, or Hal Holtman, CPA), which relate in any way to 8650 Frisco, LLC.

**Request No. 9.** Produce all payroll records for 8650 Frisco, LLC.

**Request No. 10.** Produce all records of money received from any Plaintiff in this lawsuit.

**Request No. 11.** Produce all records of money paid or distributed to any Plaintiff in this lawsuit.

**Request No. 12.** Produce all correspondence and communications with each Plaintiff in this lawsuit.

**Request No. 13.** Produce all agreements, including all drafts of agreements, between the Parties, which relate in any way to 8650 Frisco, LLC.

**Request No. 14.** Produce all leases and related documents (e.g., guarantees), which relate to the premises currently occupied by 8650 Frisco, LLC.

**Request No. 15.** Produce all records of financial transactions between 8650 Frisco, LLC and Claudio Nunes.

**Request No. 16.** Produce all records of financial transactions between 8650 Frisco, LLC and David Jeiel Rodrigues.

**Request No. 17.** Produce all corporate records of 8650 Frisco, LLC.

**Request No. 18.** Produce quarterly and annual profit and loss statements for 8650 Frisco, LLC from its creation through the present (update quarterly through trial).

**Request No. 19.** Produce quarterly and annual balance sheet statements for 8650 Frisco, LLC from its creation through the present (update quarterly through trial).

**Request No. 20.** Produce all communications and correspondence related to any of the Plaintiffs in this lawsuit.

**Request No. 21.** Produce all records of cash receipts and cash deposits for 8650 Frisco, LLC.

**Request No. 22.** Produce all records, including invoices, for all equipment and furniture purchased for use by 8650 Frisco, LLC.

**Request No. 23.** Produce all documents which reflect or relate to the application to the United States Patent and Trademark office for the mark Estilo GAucho Brazilian Steakhouse.

**Request No. 24.** Produce the assignment of ownership rights for the mark Estilo Gaucho Brazilian Steakhouse to Bahtche, LLC.

**Request No. 25.** Produce documents reflecting the exchange of compensation by and between 8650 Frisco, LLC and Bahtche, LLC, related to the mark Estilo Gaucho Brazilian Steakhouse.

11

# FIRST SET OF INTERROGATORIES

**Interrogatory No. 1.** Identify and explain in detail the terms upon which Los Cucos Mexican Cafe VIII, LLC provided money to 8650 Frisco, LLC.

**Interrogatory No. 2.** If you contend that the money provided to 8650 Frisco, LLC by Los Cucos Mexican Cafe VIII, LLC was a loan, describe in detail the basis of that contention and terms of the loan.

**Interrogatory No. 3.** If you contend that they money provided to 8650 Frisco, LLC by Los Cucos Mexican Cafe VIII, LLC was an investment, describe in detail the basis of that contention and terms of the investment.

**Interrogatory No. 4.** Identify and describe in detail the equipment and furnishings provided to 8650 Frisco, LLC by Los Cucos Mexican Cafe, IV.

**Interrogatory No. 5.** If you contend that the parties had an agreement as to 8650 Frisco, LLC's use of the equipment and furniture provided to 8650 Frisco, LLC by Los Cucos Mexican Cafe, IV, identify and describe in detail the basis of that contention and terms of the agreement.

**Interrogatory No. 6.** Identify and describe in detail the source, date of purchase, and cost of all equipment and furnishings used at 8650 Frisco, LLC.

**Interrogatory No. 7.** Detail the circumstances and terms under which the mark Estilo Gaucho Brazilian Steakhouse was transferred to Bahtche, LLC.

12

| | | |
|---|---|---|
| LOS CUCOS MEXICAN CAFÉ VIII, INC., LOS CUCOS MEXICAN CAFÉ IV, INC., MANUEL CABRERA, and SERGIO CABRERA PLAINTIFFS, | §<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| V. | §<br>§ | HARRIS COUNTY, TEXAS |
| 8650 FRISCO, LLC d/b/a ESTILO GAUCHO BRAZILIAN STEAKHOUSE, MANDONA, LLC, GALOVELHO, LLC, BAHTCHE, LLC, CLAUDIO NUNES and DAVID JEIEL RODRIGUES DEFENDANTS. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 133rd JUDICIAL DISTRICT |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

To: Plaintiffs, Los Cucos Mexican Café VIII, Inc., Los Cucos Mexican Café IV, Inc., Manuel Cabrera, and Sergio Cabrera, by and through their attorney of record, Kelly Stephens, P.O. Box 79734, Houston, Texas 77279.

Defendant, 8650 Frisco LLC, serves these answers to Plaintiff's interrogatories.

## RESPONSES TO INTERROGATORIES

**Interrogatory No. 1:** Identify and explain in detail the terms upon which Los Cucos Mexican Café VIII, LLC provided money to 8650 Frisco, LLC.

**ANSWER:** "Los Cucos Mexican Café VIII, LLC" provided no money to 8650 Frisco LLC.

**Interrogatory No. 2:** If you contend that the money provided to 8650 Frisco, LLC by Los Cucos Mexican Café VIII, LLC was a loan, describe in

detail the basis of that contention and terms of the loan.

**ANSWER:** Not applicable.

**Interrogatory No. 3:** If you contend that they money provided to 8650 Frisco, LLC by Los Cucos Mexican Café VIII, LLC was an investment, describe in detail the basis of that contention and terms of the investment.

**ANSWER:** Not applicable.

**Interrogatory No. 4:** Identify and describe in detail the equipment and furnishings provided to 8650 Frisco, LLC by Los Cucos Mexican Café IV.

**ANSWER:** OBJECTION: Defendant 8650 Frisco LLC objects to this request as it is vague and lacks specificity. Subject to this objection and without waiving same, Defendant 8650 Frisco LLC responds as follows: None.

**Interrogatory No. 5:** If you contend that the parties had an agreement as to 8650 Frisco, LLC's use of the equipment and furniture provided to 8650 Frisco, LLC by Los Cucos Mexican Cafe, IV, describe in detail the basis of that contention and terms of the agreement.

**ANSWER:** OBJECTION: Defendant 8650 Frisco LLC objects to this request as it is vague and lacks specificity. Subject to this objection and without waiving same, Defendant 8650 Frisco LLC responds as follows: None.

**Interrogatory No. 6:** Identify and describe in detail the source, date of purchase, and cost of all equipment and furnishings used at 8650 Frisco, LLC.

**ANSWER:** OBJECTION: Defendant 8650 Frisco LLC objects to this requests as it is overly broad, exceeds the scope of this litigation, unduly burdensome, harassing, vague, and is not likely to lead to admissible evidence. 8650 Frisco LLC utilizes hundreds if not thousands of different objects which could be classified as either "equipment" or "furnishings" as commonly defined by Webster's dictionary. Furthermore, Plaintiff does not describe what cost method he wishes to utilize in the calculation of the "cost" of the equipment or furnishings. Cost can be interpreted as

replacement cost, initial purchase cost, or actual cash value. Defendant further objects as, this request is an improper interrogatory and therefore this is improper procedure. Defendant further objects as the costs associated with analyzing every nut and bolt of the operation and preparing a list of the source and cost would greatly exceed any benefit derived from the creation of the list. These costs are not justified given the documents produced by Plaintiffs at the Temporary Injunction hearing, and the invoices testified to by Hal Holtman stating the exact cost of the complained of equipment and the exact amount of the alleged investments.

**Interrogatory No. 7:** Detail the circumstances and terms under which the mark Estilo Gaucho Brazilian Steakhouse was transferred to Bahtche, LLC.

**ANSWER:** OBJECTION: Defendant 8650 Frisco LLC objects to this request as it is vague, overly broad, and will not lead to discovery of admissible evidence. Subject to this objection and without waiving the same, the events as described by Plaintiffs in Interrogatory Number 7 did not occur.

Respectfully submitted, *MOSSER LAW PLLC*,

By: /s/ James C. Mosser
James C. Mosser
Texas Bar No. 00789784
Nicholas D. Mosser
Texas Bar No. 24075405
Benjamin Casey
Texas Bar No. 24087267
17110 Dallas Parkway Suite 290
Dallas, TX 75248
Tel. (972) 733-3223
Fax. (972) 267-5072
courtdocuments@mosserlaw.com
**Lawyers for Defendants**

Exhibit R                                                                                      App. 188

## CERTIFICATE OF SERVICE

I certify that on May 14, 2014, a true and correct copy of this document was served to the following pursuant to Texas Rules of Civil Procedure 21 & 21(a).

Kelly Stephens
P.O. Box 79734
Houston, Texas 77279
Telephone: 1-281-394-3287
Facsimile: 1-832-476-5460


/s/ Nicholas D. Mosser
By: Nicholas D. Mosser

LOS CUCOS MEXICAN CAFÉ VIII, INC., LOS CUCOS MEXICAN CAFÉ IV, INC., MANUEL CABRERA, and SERGIO CABRERA

PLAINTIFFS,

V.

8650 FRISCO, LLC d/b/a ESTILO GAUCHO BRAZILIAN STEAKHOUSE, MANDONA, LLC, GALOVELHO, LLC, BAHTCHE, LLC, CLAUDIO NUNES and DAVID JEIEL RODRIGUES

DEFENDANTS.

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

133rd JUDICIAL DISTRICT

## UNSWORN DECLARATION OF 8650 FRISCO, LLC

1.    I am a member of Mandona, LLC, the manager of 8650 Frisco, LLC.

2.    I have read 8650 Frisco, LLC'S Response to Plaintiff's First Set of Interrogatories. The factual responses stated therein are true and correct and within my personal knowledge.

3.    My name is David Jeiel Rodrigues, member of Mandona, LLC, the manager of 8650 Frisco, LLC, my date of birth is May 17, 1981 and my address is 8650 State Highway 121, Frisco, Texas 75034. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Collin County, State of Texas, on May 14, 2014.

_____
David Jeiel Rodrigues,
member of Mandona, LLC,
as manager of 8650 Frisco, LLC

## CAUSE NO. 2014-10896

| | | |
|---|---|---|
| LOS CUCOS MEXICAN CAFÉ VIII, INC., LOS CUCOS MEXICAN CAFÉ IV, INC., MANUEL CABRERA, and SERGIO CABRERA PLAINTIFFS, | § § § § § § § | IN THE DISTRICT COURT OF |
| V. | § § | HARRIS COUNTY, TEXAS |
| 8650 FRISCO, LLC d/b/a ESTILO GAUCHO BRAZILIAN STEAKHOUSE, MANDONA, LLC, GALOVELHO, LLC, BAHTCHE, LLC, CLAUDIO NUNES and DAVID JEIEL RODRIGUES DEFENDANTS. | § § § § § § § § | 133rd JUDICIAL DISTRICT |

## DEFENDANT'S ANSWERS TO
## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

To: Plaintiffs, Los Cucos Mexican Café VIII, Inc., Los Cucos Mexican Café IV, Inc., Mnuel Cabrera, and Sergio Cabrera, by and through their attorney of record, Kelly Stephens, P.O. Box 79734, Houston, Texas 77279.

Defendants, 8650 Frisco, LLC, serves these responses to Plaintiff's requests for admissions.

## RESPONSES TO ADMISSIONS

**Admission No. 1:** 8650 Frisco, LLC received money from Los Cucos Mexican Café VIII, LLC.

**RESPONSE:** DENY

**Admission No. 2:** 8650 Frisco, LLC intended to treat the money it received from Los Cucos Mexican Cage VIII, LLC as a loan.

**RESPONSE:** DENY

**Admission No. 3:** 8650 Frisco, LLC intended to treat the money it received from Los Cucos Mexican Café VIII, LLC as an investment.

**RESPONSE:** DENY

**Admission No. 4:** 8650 Frisco, LLC intended to repay the money it received from Los Cucos Mexican Café VIII, LLC.

**RESPONSE:** DENY

**Admission No. 5:** 8650 Frisco, LLC did not intend to repay the money it received from Los Cucos Mexican Café VIII, LLC.

**RESPONSE:** DENY

**Admission No. 6:** 8650 Frisco, LLC received money from Los Cucos Mexican Café IV, LLC.

**RESPONSE:** DENY

**Admission No. 7:** 8650 Frisco, LLC intended to treat the money it received from Los Cucos Mexican Café IV, LLC as an investment.

**RESPONSE:** DENY

**Admission No. 8:** 8650 Frisco, LLC intended to treat the money it received from Los Cucos Mexican Café VI, LLC as an investment.

**RESPONSE:** DENY

**Admission No. 9:** 8650 Frisco, LLC intended to repay the money it received from Los Cucos Mexican Café IV, LLC.

**RESPONSE:** DENY

**Admission No. 10:** 8650 Frisco, LLC did not intend to repay the money it received from Los Cucos Mexican Café IV, LLC.

**RESPONSE:** DENY

**Admission No. 11:** 8650 Frisco, LLC received money from Manuel Cabrera.

**RESPONSE:** DENY

**Admission No. 12:** 8650 Frisco, LLC intended to treat the money it received from Manuel Cabrera as a loan.

**RESPONSE:** DENY

**Admission No. 13:** 8650 Frisco, LLC intended to treat the money it received from Manuel Cabrera as an investment.

**RESPONSE:** DENY

**Admission No. 14:** 8650 Frisco, LLC intended to repay the money it received from Manuel Cabrera.

**RESPONSE:** DENY

**Admission No. 15:** 8650 Frisco, LLC did not intend to repay the money it received from Manuel Cabrera.

**RESPONSE:** DENY

**Admission No. 16:** 8650 Frisco, LLC received money from Sergio Cabrera.

**RESPONSE:** DENY

**Admission No. 17:** 8650 Frisco, LLC intended to treat the money it received from Sergio Cabrera as a loan.

**RESPONSE:** DENY

**Admission No. 18:** 8650 Frisco, LLC intended to treat the money it received from Sergio Cabrera as an investment.

**RESPONSE:** DENY

**Admission No. 19:** 8650 Frisco, LLC intended to repay the money it received from Sergio Cabrera.

**RESPONSE:** DENY

**Admission No. 20:** 8650 Frisco, LLC did not intend to repay the money it received from Sergio Cabrera.

**RESPONSE:** DENY

**Admission No. 21:** 8650 Frisco, LLC received equipment from Los Cucos Mexican Café IV, LLC.

**RESPONSE:** DENY

**Admission No. 22:** 8650 Frisco, LLC received furniture from Los Cucos Mexican Café IV, LLC.

**RESPONSE:** DENY

**Admission No. 23:** 8650 Frisco, LLC is currently using equipment it received from Los Cucos Mexican Café IV, LLC.

**RESPONSE:** DENY

**Admission No. 24:** 8650 Frisco, LLC is currently using furniture it received from Los Cucos Mexican Cafe IV, LLC.

**RESPONSE:** DENY

**Admission No. 25:** 8650 Frisco, LLC is currently using equipment paid for by Los Cucos Mexican Café IV, LLC.

**RESPONSE:** DENY

**Admission No. 26:** 8650 Frisco, LLC is currently using furniture paid for by Los Cucos Mexican Café IV, LLC.

**RESPONSE:** DENY

**Admission No. 27:** 8650 Frisco, LLC did not pay Los Cucos Mexican Café IV, LLC for any equipment or furniture.

**RESPONSE:** ADMIT

**Admission No. 28:** Los Cucos Mexican Café IV, LLC did not gift furniture to 8650, LLC.

**RESPONSE:** ADMIT

**Admission No. 29:** Los Cucos Mexican Café VIII, LLC did not gift money to 8650 Frisco, LLC.

**RESPONSE:** ADMIT

**Admission No. 30:** Admit that Manuel Cabrera did not gift money to 8650 Frisco, LLC.

**RESPONSE:** ADMIT

**Admission No. 31:** Sergio Cabrera did not gift money to 8650 Frisco, LLC.

**RESPONSE:** ADMIT

**Admission No. 32:** 8650 Frisco, LLC is currently operating at a net profit.

**RESPONSE:** ADMIT

**Admission No. 33:** 8650 Frisco, LLC is currently operating at a new loss.

**RESPONSE:** DENY

**Admission No. 34:** 8650 Frisco, LLC is currently using the name Estilo Goucho Brazilian Steakhouse.

**RESPONSE:** OBJECTION. Defendant objects to this request because it is vague and ambiguous. Specifically, it is not clear what is meant by the phrase, "using the name."

**Admission No. 35:** 8650 Frisco, LLC has been using the name Estilo Goucho Brazilian Steakhouse since February, 2013.

**RESPONSE:** OBJECTION. Defendant objects to this request because it is

vague and ambiguous. Specifically, it is not clear what is meant by the phrase, "using the name."

**Admission No. 36:** 8650 Frisco, LLC has assigned, in writing, its rights to the mark Estilo Gaucho Brazilian Steakhouse to Bahtche, LLC.

**RESPONSE:** DENY

**Admission No. 37:** 8650 Frisco, LLC has not assigned, in writing, its rights to the mark Estilo Gaucho Brazilian Steakhouse to Bahtche, LLC.

**RESPONSE:** ADMIT

**Admission No. 38:** 8650 Frisco, LLC has received compensation from Bahtche, LLC for the ownership of the mark Estilo Gaucho Brazilian Steakhouse.

**RESPONSE:** DENY

**Admission No. 39:** 8650 Frisco, LLC has not received compensation from Bahtche, LLC for the ownership of the mark Estilo Gaucho Brazilian Steakhouse.

**RESPONSE:** ADMIT

**Admission No. 40:** Estilo Gaucho Brazilian Steakhouse is a trade name of 8650 Frisco, LLC.

**RESPONSE:** ADMIT

**Admission No. 41:** 8650 Frisco, LLC does business as Estilo Gaucho Brazilian Steakhouse.

**RESPONSE:** ADMIT

Respectfully submitted, *MOSSER LAW PLLC*,

By: /s/ Nicholas D. Mosser
James C. Mosser

Texas Bar No. 00789784
Nicholas D. Mosser
Texas Bar No. 24075405
Benjamin Casey
Texas Bar No. 24087267
17110 Dallas Parkway Suite 290
Dallas, TX 75248
Tel. (972) 733-3223
Fax. (972) 267-5072
courtdocuments@mosserlaw.com
**Lawyers for Defendants**

## CERTIFICATE OF SERVICE

I certify that on May 14, 2014, a true and correct copy of this document was served to the following pursuant to Texas Rules of Civil Procedure 21 & 21(a).

Kelly Stephens
P.O. Box 79734
Houston, Texas 77279
Telephone: 1-281-394-3287
Facsimile: 1-832-476-5460


Nicholas D. Mosser
By: Nicholas D. Mosser

| | | |
|---|---|---|
| LOS CUCOS MEXICAN CAFÉ | § | IN THE DISTRICT COURT OF |
| VIII, INC., LOS CUCOS MEXICAN | § | |
| CAFÉ IV, INC., MANUEL | § | |
| CABRERA, and SERGIO | § | |
| CABRERA | § | |
| PLAINTIFFS, | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| 8650 FRISCO, LLC d/b/a ESTILO | § | |
| GAUCHO BRAZILIAN | § | |
| STEAKHOUSE, MANDONA, | § | |
| LLC, GALOVELHO, LLC, | § | |
| BAHTCHE, LLC, CLAUDIO | § | |
| NUNES and DAVID JEIEL | § | |
| RODRIGUES | § | |
| DEFENDANTS. | § | 133rd JUDICIAL DISTRICT |

## DEFENDANT 8650 FRISCO LLC'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

To: Plaintiffs, Los Cucos Mexican Café VIII, Inc., Los Cucos Mexican Café IV, Inc., Manuel Cabrera, and Sergio Cabrera, by and through their attorney of record, Kelly Stephens, P.O. Box 79734, Houston, Texas 77279.

Defendants, 8650 Frisco, LLC, serves these responses to Plaintiff's request for production.

## RESPONSES TO REQUESTS

**Request No. 1:** Produce all documents and records provided to or received from 8650 Frisco, LLC's accountants (including, but not limited to Mike Verucchi, CPA, Holtmann & Company, LLC, or Hal Holtman, CPA), which relate in any way to 8650 Frisco, LLC.

**RESPONSE:**
OBJECTION. Defendant objects on the grounds that this request seeks information that is privileged. See Tex. Occ. Code § 901.457(a); see also O'Connor's Texas Rules, "Discovery," ch. 6-B, § 3.7, p. 499. Subject to the foregoing objection, and without waiving the same, documents responsive to

this request are being produced.

**Request No. 2:** Produce all documents and records in the possession of 8650 Frisco, LLC's accountants (including, but not limited to Mike Verucchi, CPA, Holtman & Company, LLC, or Hal Holtman, CPA), which relate in any way to 8650 Frisco, LLC.

**RESPONSE:**
OBJECTION. Defendant objects on the grounds that this request seeks information that is privileged. See Tex. Occ. Code § 901.457(a); see also O'Connor's Texas Rules, "Discovery," ch. 6-B, § 3.7, p. 499. Subject to the foregoing objection, and without waiving the same, documents responsive to this request are being produced.

**Request No. 3:** Produce all financial records of 8650 Frisco, LLC.

**RESPONSE:**
OBJECTION. Defendant objects on the grounds that this request is overly broad and seeks information that is not relevant to this matter. Defendant further objects as this request is not narrowly tailored to a specific time, scope or subject matter. Subject to the foregoing objection, and without waiving the same, relevant documents responsive to this request will we produced as requested.

**Request No. 4:** Produce all accounting records of 8650 Frisco, LLC.

**RESPONSE:**
OBJECTION. Defendant objects on the grounds that this request seeks information that is privileged. See Tex. Occ. Code § 901.457(a); see also O'Connor's Texas Rules, "Discovery," ch. 6-B, § 3.7, p. 499. Subject to the foregoing objection, and without waiving the same, documents responsive to this request are being produced.

**Request No. 5:** Produce all bank statements of 8650 Frisco, LLC.

**RESPONSE:**
OBJECTION. Defendant objects on the grounds that this request is overbroad and seeks information that is not relevant to this matter. Defendant objects to

this request as it is an improper method to request records of a financial institution. Tex. Fin. Code § 59.006.

**Request No. 6:** Produce all point of sale data and reports related to 8650 Frisco, LLC.

**RESPONSE:**
OBJECTION. Defendant objects on the grounds that this request is overbroad and seeks information that is not relevant to this matter. Defendant further objects as this information contains information related to customer's accounts and disclosure would subject Defendant to liability from customers whose data was released.

**Request No. 7:** Produce all tax records (including all 1099 forms, W-2 forms, and K-1 forms) related to 8650 Frisco, LLC.

**RESPONSE:** OBJECTION. Defendant objects to this request as it is harassing, irrelevant, and confidential by statute. 26 USC §6103.

**Request No. 8:** Produce all communications and correspondence with 8650 Frisco, LLC's accountants (including, but not limited to Mike Verucchi, CPA, Holtman & Company, LLC, or Hal Holtman, CPA), which relate in any way to 8650 Frisco, LLC.

**RESPONSE:**
OBJECTION. Defendant objects on the grounds that this request seeks information that is privileged. See Tex. Occ. Code § 901.457(a); see also O'Connor's Texas Rules, "Discovery," ch. 6-B, § 3.7, p. 499. Subject to the foregoing objection, without waiving the same, documents responsive to this request are being produced.

**Request No. 9:** Produce all payroll records for 8650 Frisco, LLC.

**RESPONSE:**
OBJECTION. Defendant objects on the grounds that this request is overbroad and seeks information that is not relevant to this matter. Defendant further objects to this request as it seeks confidential information related to third parties and is only being requested for harassment purposes.

**Request No. 10:** Produce all records of money received from any Plaintiff in

this lawsuit.

**RESPONSE:**
OBJECTION. Defendant objects on the grounds that documents sought relate to information that is already available to Plaintiff and is in plaintiffs possession, custody, and control.

**Request No. 11:** Produce all records of money paid or distributed to any Plaintiff in this lawsuit.

**RESPONSE:**
None.

**Request No. 12:** Produce all correspondence and communications with each Plaintiff in this lawsuit.

**RESPONSE:**
OBJECTION. Defendant objects on the grounds that this request is overbroad and seeks information that is not relevant to this matter. Further, the documents requested can be easily obtained by Plaintiff as Plaintiff is aware of all correspondence and communication with Defendant. Plaintiffs were parties to any communication between Plaintiffs and Defendants. Subject to the foregoing objection, and without waiving the same, relevant documents responsive to this request will we produced as requested.

**Request No. 13:** Produce all agreements, including all drafts of agreements, between the Parties, which relate in any way to 8650 Frisco, LLC.

**RESPONSE:**
OBJECTION. Defendant objects on the grounds that this request is overbroad and seeks information that is not relevant to this matter. Defendant further objects as this information is work product and privileged. Furthermore, Defendant objects to this request as any alleged agreements are in the possession of Plaintiffs and may easily be obtained by Plaintiffs through a search of their own records. Subject to the foregoing objection, and without waiving the same, relevant documents responsive to this request will we produced as requested.

**Request No. 14:** Produce all leases and related documents (e.g.,

guarantees), which relate to the premises currently occupied by 8650 Frisco, LLC.

**RESPONSE:**
Subject to the foregoing objection, and without waiving the same, relevant documents responsive to this request will we produced as requested.

**Request No. 15:** Produce all records of financial transactions between 8650 Frisco, LLC and Claudio Nunes.

**RESPONSE:**
OBJECTION. Defendant objects on the grounds that this request is overbroad and seeks information that is not relevant to this matter. Defendant further objects to this request as it is not narrowly tailored and fails to define the request in terms of scope, subject matter, or time.

**Request No. 16:** Produce all records of financial transactions between 8650 Frisco, LLC and David Jeiel Rodrigues.

**RESPONSE:**
OBJECTION. Defendant objects on the grounds that this request is overbroad and seeks information that is not relevant to this matter. Defendant further objects to this request as it is not narrowly tailored and fails to define the request in terms of scope, subject matter, or time.

**Request No. 17:** Produce all corporate records of 8650 Frisco, LLC.

**RESPONSE:**
OBJECTION. Defendant objects on the grounds that this request is overbroad and seeks information that is not relevant to this matter. Defendant further objects to this request as it is confidential. Subject to the foregoing objection, and without waiving the same, relevant documents responsive to this request will we produced as requested.

**Request No. 18:** Produce quarterly and annual profit and loss statements for 8650 Frisco, LLC from its creation through the present (update quarterly through trial).

**RESPONSE:**
OBJECTION. Defendant objects on the grounds that this request is overbroad and seeks information that is not relevant to this matter. Defendant objects to this request as it exceeds duty imposed on Defendant under Tex. R. Civ. P. 196.1 & 192.3.

**Request No. 19:** Produce quarterly and annual balance sheet statements for 8650 Frisco, LLC from its creation through the present (update quarterly through trial).

**RESPONSE:**
OBJECTION. Defendant objects on the grounds that this request is overbroad and seeks information that is not relevant to this matter. Defendant objects to this request as it exceeds duty imposed on Defendant under Tex. R. Civ. P. 196.1 & 192.3.

**Request No. 20:** Produce all communications and correspondence related to any of the Plaintiffs in this lawsuit.

**RESPONSE:**
OBJECTION. Defendant objects on the grounds that this request is duplicative of request for production no. 12. Defendant further objects as this request is vague, overly burdensome, lacks specificity, fails to limit the request based upon time, scope, or subject matter. Defendant further objects as this request will not result in discoverable information. Defendant further objects as this request seeks to invade the attorney client privilege.

**Request No. 21:** Produce all records of cash receipts and cash deposits for 8650 Frisco, LLC.

**RESPONSE:**
OBJECTION. Defendant objects on the grounds that this request is overbroad and seeks information that is not relevant to this matter. Defendant further objects as this request is overly burdensome, harassing and will not result in production of discoverable information. Subject to the foregoing objection, and without waiving the same, relevant documents responsive to this request will we produced as requested.

**Request No. 22:** Produce all records, including invoices, for all equipment and furniture purchased for use by 8650 Frisco, LLC.

Exhibit R                                                                                    App. 203

**RESPONSE:**
OBJECTION. Defendant objects on the grounds that this request is overbroad and seeks information that is not relevant to this matter. Defendant further objects to this request as it is vague, lacks specificity, and is not narrowly tailored by time, scope or subject matter. Defendant further objects to this request as it is overly burdensome to require Defendant to scour its records for every purchase of nuts, bolts, bottles, cans, and bottle openers that it may have acquired during the operation of the restaurant. Subject to the foregoing objection, and without waiving the same, relevant documents responsive to this request will we produced as requested.

**Request No. 23:** Produce all documents which reflect or relate to the application to the United States Patent and Trademark office for the mark Estilo Gaucho Brazilian Steakhouse.

**RESPONSE:**
None.

**Request No. 24:** Produce the assignment of ownership rights for the mark Estilo Gaucho Brazilian Steakhouse to Bahtche, LLC.

**RESPONSE:**
None.

**Request No. 25:** Produce all documents reflecting the exchange of compensation by and between 8650 Frisco, LLC and Bahtche, LLC, related to the mark Estilo Gaucho Brazilian Steakhouse.

**RESPONSE:**
None.

Respectfully submitted, *MOSSER LAW PLLC*,


By: /s/ Nicholas D. Mosser
James C. Mosser
Texas Bar No. 00789784
Nicholas D. Mosser

Texas Bar No. 24075405
Benjamin Casey
Texas Bar No. 24087267
17110 Dallas Parkway Suite 290
Dallas, TX 75248
Tel. (972) 733-3223
Fax. (972) 267-5072
courtdocuments@mosserlaw.com
**Lawyers for Defendants**

## CERTIFICATE OF SERVICE

I certify that on May 14, 2014, a true and correct copy of this document was served to the following pursuant to Texas Rules of Civil Procedure 21 & 21(a).

Kelly Stephens
P.O. Box 79734
Houston, Texas 77279
Telephone: 1-281-394-3287
Facsimile: 1-832-476-5460


/s/ Nicholas D. Mosser
By: Nicholas D. Mosser

**CAUSE NO. 2014-10896**

| | | |
|---|---|---|
| **LOS CUCOS MEXICAN CAFÉ VIII,** | § | **IN THE DISTRICT COURT OF** |
| **INC., LOS CUCOS MEXICAN CAFÉ'** | § | |
| **IV, INC., MANUEL CABRERA, and** | § | |
| **SERGIO CABRERA** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **8650 FRISCO, LLC d/b/a ESTILO** | § | |
| **GAUCHO BRAZILIAN STEAKHOUSE,** | § | |
| **MANDONA, LLC, GALOVELHO, LLC,** | § | |
| **BAHTCHE, LLC, CLAUDIO NUNES** | § | |
| **and DAVID JEIEL RODRIGUES** | § | |
| | § | |
| **Defendants.** | § | **133rd JUDICIAL DISTRICT** |

---

**PLAINTIFFS' NOTICE OF INTENT TO TAKE THE ORAL AND VIDEOTAPED DEPOSITION OF DEFENDANT CLAUDIO NUNES**

---

Plaintiffs, Los Cucos Mexican Café VIII, Inc., Los Cucos Mexican Café IV, Inc., Manuel Cabrera and Sergio Cabrera will take the oral deposition of **Claudio Nunes, on Monday, June 9, 2014, at 9:00 a.m.**, at the law offices of HAWASH MEADE GASTON NEESE & CICACK LLP, 2118 Smith Street, Houston, Texas 77002.

The deposition will continue from day to day until completed.

The deposition will be recorded stenographically and on videotape. The stenographic recording will be conducted by Gulfstream Legal Court Reporting.

Exhibit R          <span style="color:red">EXHIBIT 3</span          App. 206

Respectfully submitted,

STEPHENS & DOMNITZ, PLLC

*/s/ Kelly D. Stephens*
Kelly D. Stephens
SBN: 19158300
P.O. Box 79734
Houston, Texas 77279-9734
Tel:    281-394-3287
Fax:    832-476-5460
kstephens@stephensdomnitz.com


**HAWASH MEADE GASTON NEESE &
CICACK LLP**


 /s/ *Andrew K. Meade*
Andrew K. Meade
State Bar No. 24032854
Jeremy M. Masten
State Bar No. 24083454
2118 Smith Street
Houston, Texas 77002
713-658-9006 (Direct & Fax)
ameade@hmgllp.com
jmasten@hmgllp.com

ATTORNEYS FOR PLAINTIFFS
LOS CUCOS MEXICAN CAFÉ VIII, Inc.,
LOS CUCOS MEXICAN CAFÉ IV, Inc.,
MANUEL CABRERA, and
SERGIO CABRERA

2

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document has been served to the following pursuant to the Texas Rules of Civil Procedure on May 12, 2014.

*Via Fax:  972-267-5072 and*
*email:* *courtdocuments@mosserlaw.com*
James C. Mosser
Nicholas D. Mosser
Mosser Law PLLC
17110 Dallas Pkwy, Suite 290
Dallas, TX 75248


*/s/ Andrew K. Meade*
Andrew K. Meade

3

| | | |
|---|---|---|
| LOS CUCOS MEXICAN CAFÉ VIII, | § | IN THE DISTRICT COURT OF |
| INC., LOS CUCOS MEXICAN CAFÉ' | § | |
| IV, INC., MANUEL CABRERA, and | § | |
| SERGIO CABRERA | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| 8650 FRISCO, LLC d/b/a ESTILO | § | |
| GAUCHO BRAZILIAN STEAKHOUSE, | § | |
| MANDONA, LLC, GALOVELHO, LLC, | § | |
| BAHTCHE, LLC, CLAUDIO NUNES | § | |
| and DAVID JEIEL RODRIGUES | § | |
| | § | |
| Defendants. | § | 133rd JUDICIAL DISTRICT |

**PLAINTIFFS' NOTICE OF INTENT TO TAKE THE ORAL AND VIDEOTAPED DEPOSITION OF DEFENDANT GALOVELHO, LLC**

Plaintiffs, Los Cucos Mexican Café VIII, Inc., Los Cucos Mexican Café IV, Inc., Manuel Cabrera and Sergio Cabrera will take the oral deposition of the corporate representative of **Galovelho, LLC, on Monday, June 9, 2014, at 2:30 p.m.**, at the law offices of HAWASH MEADE GASTON NEESE & CICACK LLP, 2118 Smith Street, Houston, Texas 77002.

Examination will be taken on matters related to

1. Venue facts, including but not limited to the location of events and omissions giving rise to this lawsuit, the location of contact and negotiations between the parties, and the residences and principal offices of various defendants;

2. The business operations of the defendant entities;

3. The income (net and gross) of the business defendants;

4. The distributions of income and profits from the business defendants;

Exhibit R | App. 209

5. The assets and liabilities of the business defendants, including the acquisition of each entities' assets;

6. Funding and financing of the defendant entities;

7. The terms upon which the defendants accepted funds from the plaintiffs;

8. The terms upon which the defendants accepted furniture and equipment from the plaintiffs;

9. The agreements and business arrangements of the plaintiffs;

10. The trade mark of Estilo Gaucho Brazilian Restaurant, including its creation and ownership;

11. The ownership of 8650 Frisco, LLC;

12. The management of 8650 Frisco, LLC;

13. The corporate governance of the defendant entities, including the roles and roles and responsibilities of officers and managers, company agreements and bylaws, other governing documents, meetings and minutes of meetings;

14. The financial affairs of the business entities, including but not limited to profits and losses, inventories, equipment, balance sheets, and cash flow; and

15. The lease for the real property occupied by 8650 Frisco, LLC, including the negotiations and execution of the lease, the plaintiffs' personal guaranty of the lease, and the terms of the lease and guaranty.

The deposition will continue from day to day until completed.

The deposition will be recorded stenographically and on videotape. The stenographic recording will be conducted by Gulfstream Legal Court Reporting.

2

Respectfully submitted,

STEPHENS & DOMNITZ, PLLC

*/s/ Kelly D. Stephens*
Kelly D. Stephens
SBN: 19158300
P.O. Box 79734
Houston, Texas 77279-9734
Tel: 281-394-3287
Fax: 832-476-5460
kstephens@stephensdomnitz.com


**HAWASH MEADE GASTON NEESE & CICACK LLP**


/s/ *Andrew K. Meade*
Andrew K. Meade
State Bar No. 24032854
Jeremy M. Masten
State Bar No. 24083454
2118 Smith Street
Houston, Texas 77002
713-658-9006 (Direct & Fax)
ameade@hmgllp.com
jmasten@hmgllp.com

ATTORNEYS FOR PLAINTIFFS
LOS CUCOS MEXICAN CAFÉ VIII, Inc.,
LOS CUCOS MEXICAN CAFÉ IV, Inc.,
MANUEL CABRERA, and
SERGIO CABRERA

3

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document has been served to the following pursuant to the Texas Rules of Civil Procedure on May 22, 2014.

*Via Fax:  972-267-5072 and*
*email: courtdocuments@mosserlaw.com*
James C. Mosser
Nicholas D. Mosser
Mosser Law PLLC
17110 Dallas Pkwy, Suite 290
Dallas, TX 75248

/s/ Andrew K. Meade
Andrew K. Meade

4

| | | |
|---|---|---|
| LOS CUCOS MEXICAN CAFÉ VIII, | § | IN THE DISTRICT COURT OF |
| INC., LOS CUCOS MEXICAN CAFÉ' | § | |
| IV, INC., MANUEL CABRERA, and | § | |
| SERGIO CABRERA | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| 8650 FRISCO, LLC d/b/a ESTILO | § | |
| GAUCHO BRAZILIAN STEAKHOUSE, | § | |
| MANDONA, LLC, GALOVELHO, LLC, | § | |
| BAHTCHE, LLC, CLAUDIO NUNES | § | |
| and DAVID JEIEL RODRIGUES | § | |
| | § | |
| **Defendants.** | § | 133rd JUDICIAL DISTRICT |

### PLAINTIFFS' NOTICE OF INTENT TO TAKE THE ORAL AND VIDEOTAPED DEPOSITION OF DEFENDANT MANDONA, LLC

Plaintiffs, Los Cucos Mexican Café VIII, Inc., Los Cucos Mexican Café IV, Inc., Manuel Cabrera and Sergio Cabrera will take the oral deposition of the corporate representative of **Mandona, LLC, on Monday, June 9, 2014, at 2:30 p.m.**, at the law offices of HAWASH MEADE GASTON NEESE & CICACK LLP, 2118 Smith Street, Houston, Texas 77002.

Examination will be taken on matters related to

1. Venue facts, including but not limited to the location of events and omissions giving rise to this lawsuit, the location of contact and negotiations between the parties, and the residences and principal offices of various defendants;

2. The business operations of the defendant entities;

3. The income (net and gross) of the business defendants;

4. The distributions of income and profits from the business defendants;

Exhibit R

App. 213

5. The assets and liabilities of the business defendants, including the acquisition of each entities' assets;

6. Funding and financing of the defendant entities;

7. The terms upon which the defendants accepted funds from the plaintiffs;

8. The terms upon which the defendants accepted furniture and equipment from the plaintiffs;

9. The agreements and business arrangements of the plaintiffs;

10. The trade mark of Estilo Gaucho Brazilian Restaurant, including its creation and ownership;

11. The ownership of 8650 Frisco, LLC;

12. The management of 8650 Frisco, LLC;

13. The corporate governance of the defendant entities, including the roles and roles and responsibilities of officers and managers, company agreements and bylaws, other governing documents, meetings and minutes of meetings;

14. The financial affairs of the business entities, including but not limited to profits and losses, inventories, equipment, balance sheets, and cash flow; and

15. The lease for the real property occupied by 8650 Frisco, LLC, including the negotiations and execution of the lease, the plaintiffs' personal guaranty of the lease, and the terms of the lease and guaranty.

The deposition will continue from day to day until completed.

The deposition will be recorded stenographically and on videotape. The stenographic recording will be conducted by Gulfstream Legal Court Reporting.

2

Respectfully submitted,

STEPHENS & DOMNITZ, PLLC

*/s/ Kelly D. Stephens*
Kelly D. Stephens
SBN: 19158300
P.O. Box 79734
Houston, Texas 77279-9734
Tel: 281-394-3287
Fax: 832-476-5460
kstephens@stephensdomnitz.com


**HAWASH MEADE GASTON NEESE & CICACK LLP**


/s/ *Andrew K. Meade*
Andrew K. Meade
State Bar No. 24032854
Jeremy M. Masten
State Bar No. 24083454
2118 Smith Street
Houston, Texas 77002
713-658-9006 (Direct & Fax)
ameade@hmgllp.com
jmasten@hmgllp.com

ATTORNEYS FOR PLAINTIFFS
LOS CUCOS MEXICAN CAFÉ VIII, Inc.,
LOS CUCOS MEXICAN CAFÉ IV, Inc.,
MANUEL CABRERA, and
SERGIO CABRERA

3

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document has been served to the following pursuant to the Texas Rules of Civil Procedure on May 22, 2014.

*Via Fax:  972-267-5072 and*
*email: courtdocuments@mosserlaw.com*
James C. Mosser
Nicholas D. Mosser
Mosser Law PLLC
17110 Dallas Pkwy, Suite 290
Dallas, TX 75248


*/s/ Andrew K. Meade*
Andrew K. Meade

4

**CAUSE NO. 2014-10896**

| | | |
|---|---|---|
| LOS CUCOS MEXICAN CAFÉ VIII, INC., LOS CUCOS MEXICAN CAFÉ' IV, INC., MANUEL CABRERA, and SERGIO CABRERA | §<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| Plaintiffs, | §<br>§ | |
| VS. | §<br>§ | HARRIS COUNTY, TEXAS |
| 8650 FRISCO, LLC d/b/a ESTILO GAUCHO BRAZILIAN STEAKHOUSE, MANDONA, LLC, GALOVELHO, LLC, BAHTCHE, LLC, CLAUDIO NUNES and DAVID JEIEL RODRIGUES | §<br>§<br>§<br>§<br>§<br>§<br>§ | |
| Defendants. | § | 133rd JUDICIAL DISTRICT |

---

**PLAINTIFFS' NOTICE OF INTENT TO TAKE THE ORAL AND VIDEOTAPED DEPOSITION OF DEFENDANT DAVID JEIEL RODRIGUES**

---

Plaintiffs, Los Cucos Mexican Café VIII, Inc., Los Cucos Mexican Café IV, Inc., Manuel Cabrera and Sergio Cabrera will take the oral deposition of **David Jeiel Rodrigues, on Tuesday, June 10, 2014, at 9:00 a.m.,** at the law offices of HAWASH MEADE GASTON NEESE & CICACK LLP, 2118 Smith Street, Houston, Texas 77002.

The deposition will continue from day to day until completed.

The deposition will be recorded stenographically and on videotape. The stenographic recording will be conducted by Gulfstream Legal Court Reporting.

Respectfully submitted,

STEPHENS & DOMNITZ, PLLC

*/s/ Kelly D. Stephens*
Kelly D. Stephens
SBN: 19158300
P.O. Box 79734
Houston, Texas 77279-9734
Tel:    281-394-3287
Fax:    832-476-5460
kstephens@stephensdomnitz.com


**HAWASH MEADE GASTON NEESE &
CICACK LLP**


 /s/ *Andrew K. Meade*
Andrew K. Meade
State Bar No. 24032854
Jeremy M. Masten
State Bar No. 24083454
2118 Smith Street
Houston, Texas 77002
713-658-9006 (Direct & Fax)
ameade@hmgllp.com
jmasten@hmgllp.com

ATTORNEYS FOR PLAINTIFFS
LOS CUCOS MEXICAN CAFÉ VIII, Inc.,
LOS CUCOS MEXICAN CAFÉ IV, Inc.,
MANUEL CABRERA, and
SERGIO CABRERA

2

Exhibit R                                                App. 218

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document has been served to the following pursuant to the Texas Rules of Civil Procedure on May 12, 2014.

*Via Fax:  972-267-5072 and*
*email: courtdocuments@mosserlaw.com*
James C. Mosser
Nicholas D. Mosser
Mosser Law PLLC
17110 Dallas Pkwy, Suite 290
Dallas, TX 75248


/s/ Andrew K. Meade
Andrew K. Meade

3

| | | |
|---|---|---|
| LOS CUCOS MEXICAN CAFÉ VIII, | § | IN THE DISTRICT COURT OF |
| INC.,  LOS CUCOS MEXICAN CAFÉ' | § | |
| IV, INC., MANUEL CABRERA, and | § | |
| SERGIO CABRERA | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| 8650 FRISCO, LLC d/b/a ESTILO | § | |
| GAUCHO BRAZILIAN STEAKHOUSE, | § | |
| MANDONA, LLC, GALOVELHO, LLC, | § | |
| BAHTCHE, LLC, CLAUDIO NUNES | § | |
| and DAVID JEIEL RODRIGUES | § | |
| | § | |
| **Defendants.** | § | 133rd JUDICIAL DISTRICT |

### PLAINTIFFS' NOTICE OF INTENT TO TAKE THE ORAL AND VIDEOTAPED DEPOSITION OF DEFENDANT BAHTCHE, LLC

Plaintiffs, Los Cucos Mexican Café VIII, Inc., Los Cucos Mexican Café IV, Inc., Manuel Cabrera and Sergio Cabrera will take the oral deposition of the corporate representative of **Defendant Bahtche, LLC, on Tuesday, June 10, 2014, at 2:30 p.m.,** at the law offices of HAWASH MEADE GASTON NEESE & CICACK LLP, 2118 Smith Street, Houston, Texas 77002.

Examination will be taken on matters related to

1.   Venue facts, including but not limited to the location of events and omissions giving rise to this lawsuit, the location of contact and negotiations between the parties, and the residences and principal offices of various defendants;

2.   The business operations of the defendant entities;

3.   The income (net and gross) of the business defendants;

4.   The distributions of income and profits from the business defendants;

Exhibit R                                                                                          App. 220

5. The assets and liabilities of the business defendants, including the acquisition of each entities' assets;

6. Funding and financing of the defendant entities;

7. The terms upon which the defendants accepted funds from the plaintiffs;

8. The terms upon which the defendants accepted furniture and equipment from the plaintiffs;

9. The agreements and business arrangements of the plaintiffs;

10. The trade mark of Estilo Gaucho Brazilian Restaurant, including its creation and ownership;

11. The ownership of 8650 Frisco, LLC;

12. The management of 8650 Frisco, LLC;

13. The corporate governance of the defendant entities, including the roles and roles and responsibilities of officers and managers, company agreements and bylaws, other governing documents, meetings and minutes of meetings;

14. The financial affairs of the business entities, including but not limited to profits and losses, inventories, equipment, balance sheets, and cash flow; and

15. The lease for the real property occupied by 8650 Frisco, LLC, including the negotiations and execution of the lease, the plaintiffs' personal guaranty of the lease, and the terms of the lease and guaranty.

The deposition will continue from day to day until completed.

The deposition will be recorded stenographically and on videotape. The stenographic recording will be conducted by Gulfstream Legal Court Reporting.

2

Respectfully submitted,

STEPHENS & DOMNITZ, PLLC

*/s/ Kelly D. Stephens*
Kelly D. Stephens
SBN: 19158300
P.O. Box 79734
Houston, Texas 77279-9734
Tel: 281-394-3287
Fax: 832-476-5460
kstephens@stephensdomnitz.com


**HAWASH MEADE GASTON NEESE &
CICACK LLP**


 /s/ *Andrew K. Meade*
Andrew K. Meade
State Bar No. 24032854
Jeremy M. Masten
State Bar No. 24083454
2118 Smith Street
Houston, Texas 77002
713-658-9006 (Direct & Fax)
ameade@hmgllp.com
jmasten@hmgllp.com

ATTORNEYS FOR PLAINTIFFS
LOS CUCOS MEXICAN CAFÉ VIII, Inc.,
LOS CUCOS MEXICAN CAFÉ IV, Inc.,
MANUEL CABRERA, and
SERGIO CABRERA

3

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document has been served to the following pursuant to the Texas Rules of Civil Procedure on May 22, 2014.

*Via Fax:  972-267-5072 and*
*email: courtdocuments@mosserlaw.com*
James C. Mosser
Nicholas D. Mosser
Mosser Law PLLC
17110 Dallas Pkwy, Suite 290
Dallas, TX 75248


*/s/ Andrew K. Meade*
Andrew K. Meade

4

Exhibit R                                                                                           App. 223

| | | |
|---|---|---|
| LOS CUCOS MEXICAN CAFÉ VIII, INC., LOS CUCOS MEXICAN CAFÉ' IV, INC., MANUEL CABRERA, and SERGIO CABRERA | §<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| Plaintiffs, | §<br>§ | |
| VS. | §<br>§ | HARRIS COUNTY, TEXAS |
| 8650 FRISCO, LLC d/b/a ESTILO GAUCHO BRAZILIAN STEAKHOUSE, MANDONA, LLC, GALOVELHO, LLC, BAHTCHE, LLC, CLAUDIO NUNES and DAVID JEIEL RODRIGUES | §<br>§<br>§<br>§<br>§<br>§<br>§ | |
| Defendants. | § | 133rd JUDICIAL DISTRICT |

**PLAINTIFFS' NOTICE OF INTENT TO TAKE THE ORAL AND VIDEOTAPED DEPOSITION OF DEFENDANT 8650 FRISCO, LLC D/B/A ESTILO GAUCHO BRAZILIAN STEAKHOUSE**

Plaintiffs, Los Cucos Mexican Café VIII, Inc., Los Cucos Mexican Café IV, Inc., Manuel Cabrera and Sergio Cabrera will take the oral deposition of the corporate representative of **Defendant 8650 Frisco, LLC d/b/a Estilo Gaucho Brazilian Steakhouse, on Tuesday, June 10, 2014, at 2:30 p.m.,** at the law offices of HAWASH MEADE GASTON NEESE & CICACK LLP, 2118 Smith Street, Houston, Texas 77002.

Examination will be taken on matters related to

1. Venue facts, including but not limited to the location of events and omissions giving rise to this lawsuit, the location of contact and negotiations between the parties, and the residences and principal offices of various defendants;

2. The business operations of the defendant entities;

3. The income (net and gross) of the business defendants;

4. The distributions of income and profits from the business defendants;

Exhibit R                                                                                          App. 224

5. The assets and liabilities of the business defendants, including the acquisition of each entities' assets;

6. Funding and financing of the defendant entities;

7. The terms upon which the defendants accepted funds from the plaintiffs;

8. The terms upon which the defendants accepted furniture and equipment from the plaintiffs;

9. The agreements and business arrangements of the plaintiffs;

10. The trade mark of Estilo Gaucho Brazilian Restaurant, including its creation and ownership;

11. The ownership of 8650 Frisco, LLC;

12. The management of 8650 Frisco, LLC;

13. The corporate governance of the defendant entities, including the roles and roles and responsibilities of officers and managers, company agreements and bylaws, other governing documents, meetings and minutes of meetings;

14. The financial affairs of the business entities, including but not limited to profits and losses, inventories, equipment, balance sheets, and cash flow; and

15. The lease for the real property occupied by 8650 Frisco, LLC, including the negotiations and execution of the lease, the plaintiffs' personal guaranty of the lease, and the terms of the lease and guaranty.

The deposition will continue from day to day until completed.

The deposition will be recorded stenographically and on videotape. The stenographic recording will be conducted by Gulfstream Legal Court Reporting.

2

Respectfully submitted,

STEPHENS & DOMNITZ, PLLC

*/s/ Kelly D. Stephens*
Kelly D. Stephens
SBN:  19158300
P.O. Box 79734
Houston, Texas  77279-9734
Tel:    281-394-3287
Fax:    832-476-5460
kstephens@stephensdomnitz.com


**HAWASH MEADE GASTON NEESE & CICACK LLP**


 /s/ *Andrew K. Meade*
Andrew K. Meade
State Bar No. 24032854
Jeremy M. Masten
State Bar No. 24083454
2118 Smith Street
Houston, Texas 77002
713-658-9006 (Direct & Fax)
ameade@hmgllp.com
jmasten@hmgllp.com

ATTORNEYS FOR PLAINTIFFS
LOS CUCOS MEXICAN CAFÉ VIII, Inc.,
LOS CUCOS MEXICAN CAFÉ IV, Inc.,
MANUEL CABRERA, and
SERGIO CABRERA

3

## <u>CERTIFICATE OF SERVICE</u>

A true and correct copy of the foregoing document has been served to the following pursuant to the Texas Rules of Civil Procedure on May 22, 2014.

*Via Fax:  972-267-5072 and*
*email: courtdocuments@mosserlaw.com*
James C. Mosser
Nicholas D. Mosser
Mosser Law PLLC
17110 Dallas Pkwy, Suite 290
Dallas, TX 75248


*/s/ Andrew K. Meade*
Andrew K. Meade

4

 

**Andrew K. Meade**
ameade@hmgllp.com
713-658-9006 (direct & fax)

May 12, 2014

_Via Email and Fax: (972) 267-5072_
Mr. James Mosser
Mr. Nicholas Mosser
Mosser Law PLLC
17110 Dallas Parkway, Suite 290
Dallas, Texas 75248

RE:    Cause No. 2014-10896; _Los Cucos Mexican Café VIII, Inc. et al v. 8650 Frisco, LLC et al_; In the 133rd Judicial District Court of Harris County, Texas

Messrs. Mosser:

You will find enclosed notices of the deposition of Claudio Nunes for Monday, June 9, 2014, at 9:00 a.m. and David Jeiel Rodrigues for Tuesday, June 10, 2014, at 9:00 a.m.

Assuming that Mr. Nunes or Mr. Jeiel will be designated as corporate representative for any of the companies, we will schedule their depositions for the same day. For example, if Mr. Nunes will be designated as corporate representative for Mandona, LLC, then we will schedule the deposition of the corporate representative for the same day as Mr. Nunes's deposition.

Please advise whether Mr. Nunes or Mr. Jeiel will serve as corporate representative for any of the defendant companies and, if so, which ones. If I have not heard from you by Monday, May 19, 2014, I will unilaterally schedule the depositions of the corporate defendants for either June 9 or June 10.

Thank you in advance for your attention and cooperation in this matter.

Respectfully,

Andrew K. Meade

AKM/nlj
Attachment

Cc:    Kelly  Stephens (_Via Email)_

Exhibit R                                                                                          App. 228

EXHIBIT 4

| | | |
|---|---|---|
| LOS CUCOS MEXICAN CAFE VIII, | § | IN THE DISTRICT COURT OF |
| INC.; LOS CUCOS MEXICAN CAFE IV, | § | |
| INC.; MANUEL CABRERA; AND | § | |
| SERGIO CABRERA, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| 8650 FRISCO, LLC D/B/A ESTILO | § | |
| GAUCHO BRAZILIAN STEAKHOUSE; | § | |
| MANDONA, LLC; GALOVELHO, LLC; | § | |
| BAHTCHE, LLC; CLAUDIO NUNES; and | § | |
| DAVID JEIEL RODRIGUES, | § | |
| | § | |
| Defendants. | § | 133rd JUDICIAL DISTRICT |

## ORDER ON DEFENDANTS' MOTION TO STAY ALL MATTERS
### AND
## PLAINTIFFS' THIRD MOTION TO COMPEL

The Court, having considered Defendants' Motion to Stay All Matters and Plaintiffs' Third Motion to Compel and the respective responses, arguments of counsel, and evidence, has determined that Defendants' motion should be and is hereby DENIED and that Plaintiffs' motion should be and is hereby GRANTED. Specifically:

The Court DENIES Defendants' request to stay all matters.

The Court hereby OVERRULES Defendants' objections to Plaintiffs' Requests for Production Nos. 1, 2, 3, 4, 5, 7, and 8. IT IS ORDERED that Defendants shall produce all documents responsive to Requests for Production Nos. 1, 2, 3, 4, 5, 7, and 8 within 24 hours of the entry of this order.

The Court FINDS that Defendants' counsel has abused the discovery process in resisting discovery and has determined that the following sanctions are appropriate, satisfy the legitimate

Exhibit R                                                                                                       App. 229

purposes of discovery sanctions, and are neither more nor less stringent than necessary to accomplish those purposes.

Accordingly, IT IS ORDERED that all expenses of discovery associated with the underlying motion and the deposition of each of the Defendants in accordance with this order are charged to the MOSSER LAW FIRM. The MOSSER LAW FIRM shall pay to Plaintiffs' counsel $_____ within 10 days of the signing of this order.

IT IS FURTHER ORDERED that the following facts are ESTABLISHED for all purposes in this litigation: that Defendants have consented to venue in Harris County, Texas.

IT IS FURTHER ORDERED that failure to comply with this Order may result in the further imposition of sanctions or a holding of contempt, punishable by fine or imprisonment or both.

DATED:_____

_____
JUDGE PRESIDING

No. 2014-10896

| | | |
|---|---|---|
| LOS CUCOS MEXICAN CAFE VIII, INC., ET AL. | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| 8650 FRISCO, LLC D/B/A ESTILO GAUCHO | § | |
| BRAZILIAN STEAKHOUSE, ET AL. | § | 133rd JUDICIAL DISTRICT |

## AMENDED NOTICE OF INTENTION
## TO TAKE DEPOSITION BY WRITTEN QUESTIONS

To Defendants by and through their attorney of record: Nicholas Mosser
To other party/parties by and through their attorney of record: Kelly D. Stephens

You will please take notice that on June 16, 2014 at 10:00 a.m., a deposition by written questions will be taken of the Custodian of Records for:

Mike Verucchi, CPA
9319 LBJ Freeway, Ste. 100, Dallas, TX 75243


before a Notary Public for    Gulfstream Legal Group, LLC
1300 Texas St.
Houston, TX 77002
Ph: 713-237-4700 // Fax: 888-559-7431

or its designated agent, which deposition with attached questions may be used in evidence upon the trial of the above-styled and numbered cause pending in the above-named court. Notice is further given that request is hereby made as authorized under Rule 200, Texas Rules of Civil Procedure, to the officer taking this deposition to issue a subpoena duces tecum and cause it to be served on the witness to produce any and all records as described on the attached questions and/or Exhibit(s) and to turn all such records over to the officer authorized to take this deposition so that photographic reproductions of the same may be made and attached to said deposition.

Mr. Andrew K. Meade
State Bar No. 24032854
Mr. Jeremy M. Masten
State Bar No. 24083454
Hawash Meade Gaston Neese & Cicack LLP
2118 Smith Street
Houston, TX 77002
Ph: 713-658-9001 // Fax: 713-658-9011
Attorneys for Plaintiffs, Los Cucos Mexican Cafe VIII, Inc., et al.

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all Counsel of Record by hand-delivery, facsimile, and/or certified mail (return receipt requested) on this day.

Dated: 5/14/14                                    by _____

Order No. 5091

## DEPOSITION SUBPOENA TO TESTIFY OR PRODUCE DOCUMENTS OR THINGS

### THE STATE OF TEXAS

To any Sheriff or Constable of the State of Texas or other person authorized to serve subpoenas under Rule 176 of the Texas Rules of Civil Procedure - GREETINGS -

You are hereby commanded to subpoena and summon the Custodian of Records for:

Mike Verucchi, CPA
9319 LBJ Freeway, Ste. 100, Dallas, TX 75243

to be and appear before a Notary Public of my designation for: **Gulfstream Legal Group, LLC, 1300 Texas St., Houston, TX 77002** or its designated agent on June 16, 2014 at 10:00 a.m. at the office of the custodian, and there under oath to make answers of certain written questions to be propounded to the witness and to bring and produce for inspection and photocopying

**ANY AND ALL RECORDS (WHETHER TYPED, HANDWRITTEN OR COMPUTER-GENERATED) PERTAINING TO 8650 FRISCO LLC, including but not limited to any type of financial records; accounting records; bank statements; tax records (including 1099 forms, W-2 forms and K-1 forms); reports; office notes; correspondence; and printouts of any type of data stored in electronic format, including any e-mail transmission(s)**

then and there to give evidence and there remain from day to day and time to time until discharged according to law at the instance of the Plaintiffs, Los Cucos Mexican Cafe VIII, Inc., et al., represented by Andrew K. Meade and Jeremy M. Masten, Attorneys of Record, in that certain Cause No. 2014-10896 pending on the docket of the District Court of the 133rd Judicial District of Harris County, Texas.

This Subpoena is issued under and by virtue of Rule 200 and Notice of Deposition Upon Written Questions on file with the above-named court, styled

**LOS CUCOS MEXICAN CAFE VIII, INC., ET AL. vs.**
**8650 FRISCO, LLC D/B/A ESTILO GAUCHO BRAZILIAN STEAKHOUSE, ET AL.**

**WITNESS MY HAND,** this **14th** day of May, 2014.



MICHAEL R. MILLER
Notary Public, State of Texas
My Commission Expires
November 08, 2014

NOTARY PUBLIC

**176.8 Enforcement of Subpoena.** (a) *Contempt.* Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punished by fine or confinement, or both.

### OFFICER'S RETURN

Came to hand this _____ day of _____, 20____, and executed this the _____ day of _____, 20____, in the following manner: By delivering to the witness _____, a true copy hereof.

Returned this _____ day of _____, 20____.

Order No. 5091.001                                    PROCESS SERVER

No. 2014-10896

| LOS CUCOS MEXICAN CAFE VIII, INC., ET AL. | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| 8650 FRISCO, LLC D/B/A ESTILO GAUCHO | § | |
| BRAZILIAN STEAKHOUSE, ET AL. | § | 133rd JUDICIAL DISTRICT |

## AMENDED DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS

Custodian of Records for: **Mike Verucchi, CPA**

Type of Records:
**ANY AND ALL RECORDS (WHETHER TYPED, HANDWRITTEN OR COMPUTER-GENERATED) PERTAINING TO 8650 FRISCO LLC, including but not limited to any type of financial records; accounting records; bank statements; tax records (including 1099 forms, W-2 forms and K-1 forms); reports; office notes; correspondence; and printouts of any type of data stored in electronic format, including any e-mail transmission(s)**

1.  Please state your full name.

    Answer: _____

2.  Please state by whom you are employed and the business address.

    Answer: _____

3.  What is the title of your position or job?

    Answer: _____

4.  Have you accepted the subpoena duces tecum accompanying these direct questions?

    Answer: _____

5.  Are these memoranda, reports, records, or data compilations outlined in the subpoena duces tecum in your custody or subject to your control, supervision or direction?

    Answer: _____

6.  Are you able to identify these aforementioned records as the originals or true and correct copies of the originals?

    Answer: _____

Order No. 5091.001

Exhibit R                                                    App. 233

7. Please hand to the Officer taking this deposition copies of the memoranda, reports, records, or data compilations mentioned in Question No. 5. Have you complied? If not, why?

Answer: _____

8. Are the copies which you have handed to the Officer taking this deposition true and correct copies of such memoranda, reports, records or data compilations?

Answer: _____

9. Were such memoranda, reports, records, or data compilations kept in the regular course of business of this facility?

Answer: _____

10. Was it in the regular course of business of this facility for a person with knowledge of the acts, events, conditions, opinions or diagnoses recorded to make the record or to transmit information thereof to be included in such record?

Answer: _____

11. Were the entries on these records made at or shortly after the time of the transaction recorded?

Answer: _____

12. Was the method of preparation of these records trustworthy?

Answer: _____


_____
WITNESS (Custodian of Records)

Before me, the undersigned authority, on this day personally appeared the witness, known to me to be the person whose name is subscribed to the foregoing instrument in the capacity therein stated, who being first duly sworn, stated upon his/her oath that the answers to the foregoing questions are true and correct. I further certify that the records attached hereto are exact duplicates of the original records.

SWORN TO AND SUBSCRIBED before me this _____ day of _____, 20_____


_____
NOTARY PUBLIC

My Commission Expires: _____

Order No. 5091.001

Exhibit R                                                                                                    App. 234

CAUSE NO. 2014-10896

| | | |
|---|---|---|
| LOS CUCOS MEXICAN CAFÉ | § | IN THE DISTRICT COURT OF |
| VIII, INC., LOS CUCOS MEXICAN | § | |
| CAFÉ IV, INC., MANUEL | § | |
| CABRERA, and SERGIO | § | |
| CABRERA | § | |
| PLAINTIFFS, | § | |
| | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| 8650 FRISCO, LLC d/b/a ESTILO | § | |
| GAUCHO BRAZILIAN | § | |
| STEAKHOUSE, MANDONA, | § | |
| LLC, GALOVELHO, LLC, | § | |
| BAHTCHE, LLC, CLAUDIO | § | |
| NUNES and DAVID JEIEL | § | |
| RODRIGUES | § | |
| DEFENDANTS. | § | 133rd JUDICIAL DISTRICT |

## DEFENDANT'S MOTION TO QUASH DEPOSITION SUBPOENA OF MIKE VERUCCHI AND FOR A PROTECTIVE ORDER

Defendants, 8650 Frisco, LLC, d/b/a Estilo Gaucho Brazilian Steakhouse, Mandona, LLC, Galovelho, LLC, Batche, LLC, Claudio Nunes, and David Jeiel Rodrigues, asks the Court to quash the subpoena for deposition on written questions to Mike Verucchi, a non-party as it is unenforceable.

## INTRODUCTION

1. Plaintiffs, Los Cucos Mexican Café VIII, Inc., Los Cucos Mexican Café IV, Inc., Manuel Cabrera, and Sergio Cabrera, sued defendants, 8650 Frisco, LLC, d/b/a Estilo Gaucho Brazilian Steakhouse, Mandona, LLC, Galovelho, LLC, Batche, LLC, Claudio Nunes, and David Jeiel

Motion to Quash and for Protective Order                                    1

Rodrigues, for *inter alia* breach of contract and conversion.

2. Discovery in this suit is governed by a Level 3 discovery-control plan.

3. The discovery period ends February 5, 2015.

4. This case has not been set for trial.

## BACKGROUND

5. On May 15, 2014, Plaintiffs served a *Deposition Subpoena To Testify Or Produce Documents or Things* on the custodian of records for Mike Verucchi, an accountant with whom Defendants are clients. Exhibit A (Exhibit A also includes the correspondence sent to Mr. Verucchi from Plaintiffs' agent).

6. On the same day, Plaintiffs also served Mike Verucchi, with their *Notice of Intention To Take Deposition By Written Questions*.

7. Mike Verucchi, a non-party witness in this cause of action, is the custodian of records.

8. The subpoena requests the any and all records pertaining to 8650 Frisco, LLC including but not limited to any type of:

a. Financial records

b. Accounting records

c. Bank statements

Motion to Quash and for Protective Order 2

d. Tax records

e. Reports

f. Leases

g. Guaranties

h. Records of trademarks and other intellectual property

i. Office notes

j. Correspondence

k. Printouts of any type of data stored in electronic format, including any email transmissions.

## ARGUMENT AND AUTHORITIES

### MOTION TO QUASH

9. The Court should quash the Subpoena because it fails to comply with the Texas Rules of Civil Procedure.

10. Tex. R. Civ. P. 176.3(a) limits the subpoena power of the court to 150 miles from where the person resides or is served.

11. Mr. Verrucchi was served in Dallas, Texas and the place for deposition is Houston, Texas.

12. Houston is more than 150 miles from Dallas, and therefore **no documents will be produced** and the Subpoena is unenforceable. *In re*

Motion to Quash and for Protective Order                                    3

*SXP Analytics, LLC*, Cause No. 14–11–01039–CV., 2012 WL 1357696, 3 (Tex.App.-Houston [14 Dist.],2012) ("Dallas is also beyond the 150–mile subpoena range from Harris County. See Tex.R. Civ. P. 176.3."); *In re ENSCO Offshore Intern. Co.* 311 S.W.3d 921, 926 (Tex.,2010) ("compulsory process is unavailable for the vast majority of witnesses.").

13. Defendants have explained this issue to Plaintiffs counsel and the deposition company issuing the subpoena. Plaintiffs ignored this advice. Exhibit B & C.

14. The Court should further issue a protective order to require Plaintiffs adhere to Rule 176.3(b) as their tactics thus far in this litigation have run roughshod over every rule of civil procedure, local rule, statute, and case law they have come across. Rule 176.3(b) clearly states that a "subpoena may not be used for discovery to an extent, in a manner, or at a time other than as provided by the rules governing discovery." Tex. R. Civ. P. 176.3(b).

15. Plaintiffs are not permitted to use subpoenas to seek information from an non party with the threat of contempt and attachment of orders of the court which are not relevant to that non party. (Plaintiffs' agent Gulf

Motion to Quash and for Protective Order                                     4

Stream Legal, at the direction of Plaintiffs attached the Court's order regarding Mr. Holtman issued on May 12, 2014 inferring that the order was applicable to Mr. Verucchi.)Exhibit A.

16. Furthermore, Plaintiffs have failed to comply with 191.4(b).

## PRAYER

17. WHEREFORE, PREMISES CONSIDERED, Movant requests that the Court quash the above-described Subpoena because it fails to comply with the Texas Rules of Civil Procedure and is an improper discovery tactic. Defendants request the Court issue a protective order preventing Plaintiffs from engaging in abusive discovery tactics.

Respectfully submitted, MOSSER LAW PLLC

/s/ Nicholas D. Mosser
James C. Mosser
Texas Bar No. 00789784
Nicholas D. Mosser
Texas Bar No. 24075405
Benjamin Casey
Texas Bar No. 24087267
17110 Dallas Parkway, Suite 290
Dallas, Texas 75248
Telephone 972-733-3223
Facsimile 972-267-5072
courtdocuments@mosserlaw.com
Lawyers for Defendants

Motion to Quash and for Protective Order                                                    5

Exhibit R                                                                                    App. 239

## CERTIFICATE OF SERVICE

I certify that on June 13, 2014, a true and correct copy of this document was served pursuant to Tex. R. Civ. P. 21 and 21a, to the following counsel:

Kelly Stephens
P.O. Box 79734
Houston, Texas 77279
Telephone: 1-281-394-3287
Facsimile: 1-832-476-5460

/s/ Nicholas D. Mosser
By: Nicholas D. Mosser

Unofficial Copy Office of Chris Daniel District Clerk

Motion to Quash and for Protective Order 6

Exhibit R App. 240

## **CERTIFICATE OF CONFERENCE**

This is to certify that the undersigned attorney could not resolve the issues surrounding this Subpoena without court intervention. Therefore, the matter is presented to the Court for determination. Exhibit B & C are Defendants' attempt at conferring with Plaintiffs. In addition Defendants contacted Gulf Stream Legal indicating the error in their subpoena, this conference was unsuccessful.

/s/ Nicholas D. Mosser
Nicholas D. Mosser

Unofficial Copy Office of Chris Daniel District Clerk

Motion to Quash and for Protective Order                                              7

**REPORTER'S RECORD**
**VOLUME 1 OF 1 VOLUME**
**TRIAL COURT CAUSE NO. 2014-10896**

| | | |
|---|---|---|
| LOS CUCOS MEXICAN CAFE VIII( | IN THE DISTRICT COURT OF | |
| INC.;LOS CUCOS MEXICAN ( | | |
| CAFE IV,INC.; MANUEL ( | | |
| CABRERA;AND SERGIO CABRERA ( | | |
| ( | | |
| VS. ( | HARRIS COUNTY, TEXAS | |
| ( | | |
| 8650 FRISCO,LLC D/B/A ESTILO | | |
| GAUCHO BRAZILIAN ( | | |
| STEAKHOUSE; MANDONA,LLC; ( | | |
| GALOVELHO,LLC;BAHTCHE, ( | | |
| LLC; CLAUDIO NUNES; AND ( | | |
| DAVID JEIEL RODRIGUES ( | 133rd JUDICIAL DISTRICT | |

_____

**MOTION TO TRANSFER**

_____

On the 23rd day of June, 2014, the following proceedings came on to be held in the above-titled and numbered cause before the Honorable JACLANEL McFARLAND, Judge Presiding, held in Houston, Harris County, Texas.

Proceedings reported by computerized stenotype machine.

**DARLENE STEIN**
**OFFICIAL COURT REPORTER**
**133RD DISTRICT COURT**
**HARRIS COUNTY, TEXAS**

DARLENE STEIN

**APPEARANCES**

**Mr. Andrew K. Meade**
SBN 24032854
**Mr. Samuel B. Haren**
SBN 24059899
2118 Smith Street
Houston, Texas 77002
Telephone: (713)658-9001
Telephone: (713)658-9011 (Fax)
Attorney for Plaintiffs


**Mr. Nicholas D. Mosser**
SBN 24075405
**Mr. James Mosser**
SBN 00789784
17110 Dallas Parkway, Suite 290
Dallas, Texas97 75248
Telephone:) (972)733-3223
Telephone: (972)267-5072
Attorney for Defendants

DARLENE STEIN

**CHRONOLOGICAL INDEX**

**June 23, 2014**

                                                           **PAGE**

**Proceedings.............................     4**

**Argument by Mr. Meade.....................     6**

**Argument by Mr. Mosser...................    11**

**Proceedings concluded....................    25**

**Reporter's Certificate...................    26**

**(P R O C E E D I N G S)**

June 23, 2014

*THE COURT:* This is Cause No. 2014-10896. And if everyone would announce who they are and who they represent, please.

*MR. MEADE:* Andrew Meade and Sam Haran for the Plaintiffs.

*THE COURT:* Mr. Mosser, if you'll announce who you are and who you represent, please.

*MR. MOSSER:* I'm sorry?

*THE COURT:* Announce who you are and who you represent.

*MR. MOSSER:* Yes, ma'am. This is James Mosser, Mosser Law Firm, PLLC, appearing telephonically on behalf of all Defendants.

*THE COURT:* Okay. I will tell you that I don't have the motions in front of me. My law clerks have gone to get them. For some reason, even though you are on the docket, they thought it had been pulled. So, anyway, but I'm going to let y'all go ahead and start. I think it's Plaintiff's motions. So, I'm going to let them go ahead and start while the law clerks are bringing in the actual written motions.

*MR. MEADE:* All right. Your Honor, if

you'll recall, this is a -- my client supplied about $950,000 in some equipment for a restaurant --

*MR. MOSSER:* Your Honor, if he could get closer to the microphone or speak up louder, it would be easier to hear.

*THE COURT:* Yeah. Well, I'll put the phone a little closer. But, you know, have you got a storm in Dallas? Is that the problem or what? You know, when you don't show up, it's -- we can only do the best we can do.

You know, that's why when I practiced law, I didn't depend on Southwest. Now, going to committee meetings, I depended on Southwest a lot. I was on a lot of Baptist boards that met over on North Washington, the Baptist building. But when I had a case, I usually drove down the night before or drove up or drove west or east or wherever I was going.

*MR. MEADE:* And -- and for convenience, Your Honor, we will try to set hearings in the case on Fridays and Mondays to make that more convenient.

*THE COURT:* Well, we don't have hearings on Fridays. So, they have to be on Mondays.

*MR. MEADE:* Mondays.

And so, the situation that we've got here -- Your Honor will recall that we had previously

DARLENE STEIN

Exhibit R                                                          App. 246

noticed depositions for early May of the Defendants, that those depositions had been quashed. So, we set a Motion to Compel. The Court ordered the depositions to occur in June. We agreed on dates that were put into the Court's order, which was June 9th and 10th for six depositions to occur.

On the Sunday before -- June 9th was a Monday. 10th was a Tuesday. On the Sunday before, Mr. Mosser left a message on Mr. Stephen's phone, saying that he wouldn't be attending the depositions nor would his clients because -- and they subsequently filed a motion. Mr. Mosser apparently has a nervous system injury of some sort that he came down with the day before the depositions. And there is nobody else within his four-person law firm who's qualified to sit in a chair and defend a deposition.

He then went and set his Motion to Transfer Venue, offered us some dates in late July that -- or -- that conflict with a trial that I have in Judge Englehart's court. And then when I rejected those dates, offered dates in August.

And we have run into a problem now, which is that I leave the country on Saturday for two and a half weeks. I get back and have five days to prepare for a week-long trial in Judge Englehart's court. And then at

the end of the week that I'm in trial with Judge Englehart is their Motion to Transfer Venue. We have taken the position, which is correct under the rules, that discovery should not be and cannot be, in fact, abated while a Motion to Transfer Venue is pending.

They have taken the position and even set for today and then withdrew a Motion to Stay all proceedings while they have the opportunity to have that Motion to Transfer Venue heard.

We're going to have to take these depositions before the Motion to Transfer Venue hearing. We need them ordered and compelled, and we need the Motion to Transfer Venue hearing pushed back till that can happen.

But we also need Mr. Mosser or his clients to pay the costs of the depositions that were ordered -- I took Certificates of Nonappearance on all six depositions -- and that they ought to have to bear the cost on each of those.

The next issue that we have is as you'll recall, we have an accountant that worked for the company in New Braunfels and then a new accountant in Dallas. We had the -- the letter and correspondence where they said, you know, turn over all records and destroy all in your possession. And -- and we had to move to compel the

DARLENE STEIN

accountant to produce the records from New Braunfels, and he did produce the records to us.

But we have also asked for certain financial records, including tax records and other financial documents from the Defendants themselves; and soon we will -- and, also, their new accountant, who will soon have to come down on a Motion to Compel, as well, although that's not part of today.

The -- the other issue that is part of today is their responses and objections to our requests for production, which deal with the financial and tax records.

Starting with the tax records, there are numerous reasons why as members of the company and -- that -- that we're entitled to the tax records of an LLC. First of all, the statute allows it.

Second, we need to prepare our own tax returns.

Third, how they chose to characterize our capital contributions, the proportion of what is characterized as a loan and capital contribution and all of that is going to be relevant to the parties' agreement or disagreement about our membership status and -- and how much money is owed in terms of -- our position is that part of the money was loaned and part of it was a capital

DARLENE STEIN

contribution, and -- and they may or may not disagree, although they haven't disclosed their theory of the case to us at all in any way. That will be relevant, those tax records.

The other financial records, which include bank account statements, we're -- we're entitled to the books and records, again, of the company; but, also, these bank account statements are going to be relevant to whether distributions -- because under the -- under the limited liability company act, under the partners' oral agreement, and under the written agreements that were exchanged, we would be entitled to distributions of distributable cash.

None have been made to us. We believe some have been made to the Defendants, substantial distributions, and that there is distributable cash. We believe that, but we don't have the records to show it, and the bank statements will go a long ways towards that.

What we've met with to date is an objection every step of the way and resistance even to Court-ordered depositions. And -- and the objection that was made, for example, to the accountant's records was that objection of privilege that the Texas courts don't recognize. Well, it was made again in response to requests for production after the Court had already ruled on the objection in

DARLENE STEIN

relation to the accountant.

They made other objections; for example, objecting that the Texas Finance Code provides the exclusive means to get bank account statements, even bank account statements of a party. I -- I assure you that I will go to the bank, under the Texas Finance Code, and get the bank statements separately. But that doesn't alleviate the obligation of a party to produce those bank statements.

So, a recommendation in -- in one of my motions is really -- it's really -- we're asking for the relief but sort of recommending a path for the Court, would be to appoint a discovery master in the case. I don't mind coming down here once a week, and I suspect we will be back here again in a week. And I'll tell you why.

You know, we had these grills. I -- I don't know if you remember the -- the unique grills. Well, we have reason to believe that the grills have been destroyed. And I've asked for an inspection of the collateral, of -- of the property. They haven't responded to it. I'm going to be asking the Court for it and probably having to move it to compel.

When these depositions do occur, I suspect I'm going to meet with a series of objections and probably instructions to the witness not to answer and that sort of

DARLENE STEIN

thing. And I -- and we can have the depositions in your chambers. I leave it to the Court's discretion of how we deal with these issues; but I would rather, if we can avoid it -- and I -- I know that judges, including yourself, don't like us coming down here all the time on Motions to Compel. I would like to avoid them, if possible. And so, the appointment of a discovery master is one suggestion to do that.

And I'll let Mr. Mosser respond.

*THE COURT:* Mr. Mosser?

*MR. MOSSER:* Yes, ma'am.

*THE COURT:* You may respond.

Hello?

*MR. MOSSER:* Yes, ma'am. I'm right here.

*THE COURT:* Where -- you want to respond?

*MR. MOSSER:* Oh, yes, ma'am. I surely will. Thank you.

May it please the Court? Let me go backwards a little bit here. Let's start with the grills are being destroyed, which is a false statement made by counsel. It has become custom in this case. The problem is we sent notice to counsel that he should come and pick up the grills, and counsel told us they weren't going to pick up the grills.

So, we told them if they leave the grills

that they claim they loaned to my clients, we told them, If you don't pick them up, we'll just put them in storage; and you can pay the storage bill when you get here. Nobody said they were going to destroy them, and it's just outrageous that he would say those kinds of things.

As for bank accounts, the Finance Code does provide the method by which he can obtain the bank accounts. But let's assume he doesn't want to do that and I'm required to deliver bank accounts. If the Court will recall, he mentioned that he held a deposition on written questions for Mr. -- I can't remember the accountant's name -- Hal Holtman, I think -- to produce all the records he had related to anything with my clients.

Now, if you will recall from the -- the Temporary Injunction hearing, Mr. Holtman went and testified on everything we told him he shouldn't be testifying on; and then he subsequently, based on comment from counsel this morning, delivered all the documents he had to the Plaintiff's lawyers in this case. That includes the tax returns, all bank statements, all the income statements, all the financial statements, everything related to the business until Mr. Holtman was fired.

Now, the Court ordered that. Mr. Holtman turned them over, over our objection. So, I don't think

DARLENE STEIN

that we're required to produce records in a duplicitous manner that have already been produced by the accountant in this case.

And, secondly, those documents were produced to opposing counsel who has yet to this day served them on us. When he gets discovery from whatever source it's from, he's required to serve everybody in the lawsuit, all parties, a copy of that discovery. He has not done so. So, I don't have any.

Going back to the top of the complaint from opposing counsel, I'm 69 years old; and I can't help it if my sacral iliac joint gets sprained, inflamed, bruised, and strained. I can't do anything about that. We immediately notified, upon determination that I was immobile, that this deposition had to be reset or postponed.

I think it's outrageous that I can't even pick up the phone and call a counsel for a medical problem that he won't reset depositions for or even respond to the telephone calls. I think it's outrageous that they file motions claiming that they've had a conference with opposing counsel, which is plainly false. They didn't have any conference with us. In fact, they filed these motions and then claimed that they had a conference after they filed the motion.

DARLENE STEIN

As for offering dates, we offer to set a date in July; and understanding trial schedules, as I do, I was required to file a Motion to Continuance on -- let's see -- that date that he wanted to do these, the 16th, 17th, somewhere in there because I had a special setting. I had to go into that court and request the Court reset the special setting in that case because of my sacral iliac sprain.

I don't under -- I suppose five years ago when I had my quadruple bypass surgery, opposing counsel would complain because that was just an excuse. These are not excuses. These are real-live things. We've offered a second set of dates. Counsel didn't even respond to them.

Now, counsel also says that we don't -- we should take depositions to get proof for the Motion to Transfer Venue. I don't think the Motion to Transfer Venue is set for today, but he puts it in his -- in his response or his Third Amended Motion to Compel, and I don't understand. He believes that the testimony given in open court on the record and sworn to by his clients can't be used in Motion to Transfer Venue. At some point in time, the Court will have to rule on that motion; and I will be happy to defend that issue.

As for costs, counsel fails to properly prepare any cost statements, hasn't made any cost

DARLENE STEIN

statements, hasn't suffered from any problems other than my sacral iliac joint sprain; and I don't think he would like me sitting in his conference room, taking the narcotics that I was taking and the side effects that go with it.

So, he has all of the financial records we believe that exist, delivered by Holtman over our objection. He did not properly serve the accountant -- the new accountant in Texas, which is more than 150 miles and -- away, and he doesn't have a right to get anything from him.

And as for tax records from the LLC, they're not members. They never have been members. They're not members. They rejected the opportunity to become a member, and that's clear testimony in the Temporary Injunction hearing.

So, I think I've covered the waterfront. But as far as tax returns, the State of Texas has made very clear by the Supreme Court and the Court of Appeals in Houston -- I think every Court of Appeals has said it is an abuse of discretion requiring the disclosure of Federal income tax returns if other documents can provide the information necessary.

But in order to even search out and get that information, opposing counsel is required to provide

the relevancy and materiality that's necessary as to his claims. He has none. He hasn't presented any. He hasn't asked for any. He hasn't said a single word that shows that a tax return, a financial statement, or any of these other intrusive and burdensome matters are necessary for his claims. And the Court should deny his motions in total.

Thank you.

*THE COURT:* When do you want to take the depositions?

*MR. MEADE:* Well --

*MR. MOSSER:* I'm sorry, Judge?

*THE COURT:* I'm -- I'm asking your opposing counsel when he wants to take the depositions.

*MR. MEADE:* I knew you were going to ask that, and I think the simplest answer to that is before the Motion to Transfer Venue is heard.

*THE COURT:* Okay.

*MR. MEADE:* The more complex answer is after the week of the 21st of July because I have a trial that entire week. But we are set number one. So, we will go; and I will be done that week because it's a breach of contract case.

So, following that week, I only have one day that I have a -- I have a deposition currently set

that I'm defending on the 28th of July. Otherwise, I am wide open to -- to take these depositions.

THE COURT: Okay. Counsel, you heard that, I assume. So, pick a date after his trial in Judge Englehart's court and not on July -- what?

MR. MEADE: 28th.

THE COURT: -- 28th that you can produce your people for depositions.

MR. MOSSER: I'm looking at the calendar now, Judge.

THE COURT: Okay.

MR. MOSSER: I would recommend August 4th and 5th, and I -- I would like to also add, Judge, that four of the depositions that were set, two of them -- on two separate days, two of them were set at exactly the same time. And then the next day, two more were set at exactly the same time, which I would discourage that concept as appropriate.

MR. MEADE: And -- and here would be my response. If Mr. Mosser would cooperate with me --

MR. MOSSER: But the 4th and the 5th are good with me, Judge.

MR. MEADE: If Mr. Mosser would cooperate with me a little bit and let me know -- these are an individual -- two individuals and four corporate

DARLENE STEIN

representatives who may be, and I suspect will be, those same individuals -- could all be taken possibly at the same time or concurrently with each other.  But Mr. Mosser hasn't identified who are -- who's going to be the corporate representative.  So, I don't know how else to do it.

If he will identify who will be the corporate representatives for those entities, I will notice the -- the depositions so that they don't conflict timewise with one other another.

*MR. MOSSER:*  As you previously noticed, the doc -- the areas of inquiry, Mr. Rodriguez will be the deponent.

*MR. MEADE:*  On all, Mr. Mosser?

*MR. MOSSER:*  Yes.

*MR. MEADE:*  Okay.  Then I will -- I will set it up so that they don't conflict with one another.

*MR. MOSSER:*  Thank you.

*THE COURT:*  Okay.  So, pick, the 4th of the 5th of August?

*MR. MEADE:*  It will be both, Your Honor.

*THE COURT:*  Oh, both.

*MR. MEADE:*  Yeah.

*THE COURT:*  Okay.  All right.  The depositions are set for the 4th and the 5th.  And

Plaintiff's counsel will send notice, but they are now set. He'll send notice as to time and place, I assume, which I assume you've already -- where -- where are they going to be?

*MR. MEADE:* Well, as Mr. Mosser doesn't have an office here in Houston --

*THE COURT:* Okay.

*MR. MEADE:* -- I'm just going to do them at my offices here in Houston, Your Honor.

*THE COURT:* Right. And I presume that's okay with you, Mr. Mosser?

*MR. MOSSER:* Oh, yes, ma'am, that's fine with me.

*THE COURT:* Okay. Now, as to fees of the nonappearance, I'm not going to order anything at this time. I will consider it later as the case progresses, depending on how discovery goes. So, I will just hold that under advisement.

What else was there?

*MR. MEADE:* The objections, which I think lie in the Third Motion to Compel, which are Motions to Compel the responses to discovery that ask for a variety -- it's -- it's a variety of financial information, including bank statements and -- and tax returns.

DARLENE STEIN

THE COURT: Mr. Mosser, have -- does your client have the bank statements?

MR. MOSSER: I'm sorry, Judge?

THE COURT: Does your client have the bank statements?

MR. MOSSER: I think Mr. Holtman has them, and opposing counsel has collected everything Holtman has. And I would like the Court to order opposing counsel to deliver those documents that he got from the third-party witness Holtman to us.

THE COURT: Well, let me ask -- that -- that wasn't my question.

MR. MOSSER: I understand.

THE COURT: My question is: Does your client have them?

MR. MOSSER: No. I think -- I think Holtman has them all.

THE COURT: So, your client didn't keep a copy?

MR. MOSSER: Nobody sends out copies of bank statements any more, Judge.

THE COURT: Sure they do. I get them every month.

MR. MOSSER: I appreciate that, Your Honor. Let me put it a different way. Many businesses

DARLENE STEIN

do not get bank statement in paper form.

THE COURT: Well, do they get them electronically where they can print them out?

MR. MOSSER: My understanding, Your Honor, is that Holtman has all the bank statements.

THE COURT: So, your client doesn't get the e-mail saying, Your bank statement is ready to be printed out; or they can't go in and print it out?

MR. MOSSER: I haven't made that particular inquiry.

THE COURT: Yeah.

MR. MOSSER: Because they're with the bank and the accountant.

THE COURT: Well, my guess is your client has access to them by -- if they -- if they're not like me and they don't pay to get a paper statement or get a paper statement, they get an e-mail saying, Your bank statement is online. And you just log in, and you can print it out.

MR. MOSSER: I understand what the Court is saying, but my suggestion is that they already have all of that stuff. They got it from Holtman.

MR. MEADE: Your Honor, if I -- if I could add one -- as Your Honor may recall, they -- the Defendants fired Mr. Holtman, who is the CPA, from the

company in March, terminated my client's access and his access to all of the bank accounts. Then -- then hired a new accountant located up in Dallas and identified him as the new CPA, to which Holtman was supposed to and did send all of the information.

As far as account statements, the -- it's an ongoing duty, in fact, and they -- they have the duty -- even if, in fact, we had gotten all of the information and -- and Mr. Mosser has just said he doesn't actually know what we've gotten. Even if had gotten all of the information, it wouldn't alleviate their responsibility to produce it, too, because, for example, we might be missing a page of a bank statement. We might want to use a 173, you know, authentication means for the documents.

But there are certainly post termination of Mr. Holtman, zero financial records that we have access to but that the Defendants have access, custody, and control over those documents exclusively; and that's what we're asking for.

THE COURT: Okay. So --

MR. MEADE: Their current accountant has all of it, and they have all of it.

THE COURT: All right.

MR. MOSSER: Well, we don't really know

that.

THE COURT: Well, I'm going to overrule your objections and tell you to produce it if it's available to you.

MR. MOSSER: From the time that Holtman was terminated? Because they already have everything else.

THE COURT: No. Just from what they've requested.

MR. MOSSER: And will you order them to deliver us what Holtman has?

MR. MEADE: I don't need to be ordered to, Your Honor. I will -- I haven't had him even ask me. If you send me a letter asking for it --

THE COURT: Well, he's asking now. Send it to him.

MR. MEADE: I'll send it to him, Your Honor.

THE COURT: Yeah. I'm not going to order him, but he -- he said on the record now he's going to send you copies of it.

MR. MEADE: Well, in fact, if it's easiest, I will upload it onto FPT link; and you can download it from your computer today.

THE COURT: You want to do that, Counsel?

MR. MOSSER:  Which kind of link?

THE COURT:  I don't know.  It's over my head.

MR. MEADE:  I will suggest a couple of means by which I can deliver the documents to you, Mr. Mosser.

THE COURT:  He will -- he will get them to you.

MR. MEADE:  You can choose the most convenient means to you.

THE COURT:  Okay.  On the -- I've looked at the interrogatories, your objections are overruled.

What else have we got?

MR. MEADE:  The requests for production objections that were --

THE COURT:  Yeah, and they're overruled, also.

Anything else?

MR. MEADE:  And -- nothing else unless Your Honor -- and I -- and from what Your Honor said earlier, I think you're not inclined to appoint a master at this --

THE COURT:  I'm not.

MR. MEADE:  -- point in the discovery. So, I won't --

DARLENE STEIN

THE COURT: And we will reset --

MR. MEADE: -- belabor the point.

THE COURT: -- the motion for change of venue until after the deposition.

MR. MEADE: Thank you, Your Honor. Nothing else today.

THE COURT: Anything else?

MR. MOSSER: No, Your Honor.

THE COURT: Counsel, I hope you feel better. I know --

MR. MOSSER: Thank you very much, Judge.

THE COURT: I know how it feels to get older, but...

MR. MOSSER: I appreciate it, Judge.

THE COURT: Okay. Thank you.

MR. MOSSER: Yes, ma'am.

MR. MEADE: Thank you. Have a good week, Your Honor.

THE COURT: Thank you.

(Proceedings concluded.)

DARLENE STEIN

STATE OF TEXAS

COUNTY OF HARRIS

I, DARLENE STEIN, Official Court Reporter in and for the 133rd District Court of Harris, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, offered by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $312.00 and was paid by Mr. Andrew Meade.

/s/Darlene Stein_____
DARLENE STEIN, CSR
Texas CSR 2557
Official Court Reporter
133rd District Court
Harris County, Texas
201 Caroline, 11th Floor
Houston, Texas 77002
Telephone: (713) 368-6402
Expiration: 12/31/2014

DARLENE STEIN



# HAWASHMEADE
### HAWASH MEADE GASTON NEESE & CICACK LLP

**Samuel B. Haren**
sharen@hmgllp.com
713-658-9001 (phone)
713-658-9011 (fax)

June 23, 2014

*Via Email and*
*Facsimile (972) 267-5072*
Mr. Nicholas Mosser
Mr. James Mosser
Mosser Law PLLC
17110 Dallas Parkway, Suite 290
Dallas, Texas 75248
ndmosser@mosserlaw.com
jmosser@mosserlaw.com

RE: Cause No. 2014-10896; *Los Cucos Mexican Café VIII, Inc. et al v. 8650 Frisco, LLC et al*; In the 133rd Judicial District Court of Harris County, Texas

Messrs. Mosser:

The Holtman documents are ready for production. They may be downloaded electronically from the following .url:

https://www.dropbox.com/s/36g6hvq2xhr2ust/Combined.pdf

If you have any problems with the download, we can burn the documents to a CD and have it delivered to your office. Please let me know which you would prefer.

In addition, the Court has overruled your objections to our Requests for Production 1, 2, 3, 4, 5, 7, and 8. Please provide amended responses and all responsive documents within ten days of this letter.

Cordially,

Sam Haren

Cc: Kelly Stephens (*Via Email*)

Exhibit R      Exhibit 11      App. 268

**Sam Haren**

| | |
|---|---|
| **From:** | Nancy Jacobs |
| **Sent:** | Monday, June 23, 2014 5:50 PM |
| **To:** | 19722675072@rcfax.com |
| **Cc:** | courtdocuments@mosserlaw.com; ndmosser@mosserlaw.com; jmosser@mosserlaw.com; Andrew Meade; kstephens@stephensdomnitz.com; Sam Haren; courtdocuments@mosserlaw.com; ndmosser@mosserlaw.com; jmosser@mosserlaw.com; Andrew Meade; kstephens@stephensdomnitz.com; Sam Haren |
| **Attachments:** | 2014-06-23 Ltr to Mossers re Holtman documents.pdf |

# Sam Haren

**From:** Nancy Jacobs
**Sent:** Monday, June 23, 2014 5:52 PM
**To:** Sam Haren
**Subject:** FW: Fax Message Transmission Result to +19722675072 - Sent

FYI

**From:** RingCentral [mailto:service@ringcentral.com]
**Sent:** Monday, June 23, 2014 5:53 PM
**To:** Teresa Martinez; Nancy Jacobs
**Subject:** Fax Message Transmission Result to +19722675072 - Sent

| Fax Transmission Results |
|---|

Here are the results of the 1-page fax you sent from your phone number **(713) 946-1150 - Ext. 2**:

| Name | Phone Number | Date and Time | Result |
|---|---|---|---|
| 19722675072@rcfax.com | +19722675072 | Monday, June 23, 2014 at 05:52 PM | Sent |

*Your fax(es) included the following file(s), which were rendered into fax format for transmission:*

| File Name | Result |
|---|---|
| 2014-06-23 Ltr to Mossers re Holtman documents.pdf | Success |

Exhibit R                                         1                                         App. 270

# MOSSER LAW PLLC

17110 DALLAS PARKWAY, SUITE 290 • DALLAS, TEXAS 75248 • 972-733-3223 • FAX: 972-267-5072
MOSSERLAW.COM

July 11, 2014

**Via Facsimile: 832-476-5460**
Kelly Stephens
P.O. Box 79734
Houston, Texas 77279

RE: Los Cucos VIII, Inc. Et al., v. 8650 Frisco LLC, et al.

Dear Mr. Stephens:

We were not served with any letter on June 20, 2014 requesting dates to inspect the restaurant at issue. If you believe this to be in error please provide proof of service and I will investigate the issue. Similarly, we have not been served with any "prior letter requesting production" again if you believe this to be in error please identify the location you believe you served the letters on and provide us with a proof of service.

In addition, it is unclear why you would like us to fax the 7000 pages back to you that you subpoenaed from Mr. Holtman, or why you would like to incur the expense in requiring Mr. Verucchi to produce the same 7000 pages that Mr. Holtman purportedly sent to him. If Mr. Verucchi indeed has any discoverable documents, Mr. Holtman has already, though improperly, delivered them to your office. I disagree with your contention that your subpoena commands production at Mr. Verucchi's office as the notice contains no such similar indication and the address for the notary is clearly in Houston.

I will begin faxing the 7000 pages that Mr. Holtman served on you as you request in your recent letter.

Respectfully, MOSSER LAW PLLC



Nicholas D. Mosser

NAME :
TEL :
DATE :07/11/2014 10:34

| JOB NO. | TYPE | NO. | DESTINATION TEL/ID | DATE | TIME | PAGE | TIME USE | MODE | RESULT |
|---------|------|-----|--------------------|------|------|------|----------|------|--------|
| 0712 | RX | 001 | 9722675072 | 07/11 | 10:32 | 001 | 01'28 | G3 | OK |

**Exhibit R**

**App. 272**

# MOSSER LAW PLLC

17110 DALLAS PARKWAY, SUITE 290 • DALLAS, TEXAS 75248 • 972-733-3223 • FAX: 972-267-5072
MOSSERLAW.COM

July 14, 2014

**Via Facsimile: 832-476-5460**
Kelly Stephens
P.O. Box 79734
Houston, Texas 77279

RE: Los Cucos VIII, Inc. Et al., v. 8650 Frisco LLC, et al.

Dear Mr. Stephens:

Enclosed are our supplemental Discovery Responses.

Respectfully, MOSSER LAW PLLC


/s/ Nicholas D. Mosser
Nicholas D. Mosser

# COURT COPY

**STYLE OF CASE :**     *LOS CUCOS MEXICAN CAFE VIII, INC., ET AL.*

*vs.*

*8650 FRISCO, LLC D/B/A ESTILO GAUCHO
BRAZILIAN STEAKHOUSE, ET AL.*

**CASE NO. :**     2014-10896

**PERTAIN TO:**     (Please refer to subpoena)

**FROM:**     Holtman & Company, LLC
(Business Records)

**DELIVER TO:**     Mr. Andrew K. Meade
Hawash Meade Gaston Neese & Cicack LLP
2118 Smith Street
Houston, TX 77002

IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

133rd JUDICIAL DISTRICT

Taxable Costs ___$171.60___

Order No. 5091.002

Exhibit R

App. 274

**STYLE OF CASE:**

*LOS CUCOS MEXICAN CAFE VIII, INC., ET AL.*

*vs.*

*8650 FRISCO, LLC D/B/A ESTILO GAUCHO
BRAZILIAN STEAKHOUSE, ET AL.*

| | |
|---|---|
| **CAUSE NO.:** | 2014-10896 |
| **RECORDS PERTAIN TO:** | (Please refer to subpoena) |
| **RECORDS FROM:** | Holtman & Company, LLC (Business Records) |
| **DELIVER TO:** | Andrew K. Meade / Nancy Jacobs Hawash Meade Gaston Neese & Cicack LLP 2118 Smith Street Houston, TX 77002 |

**IN THE DISTRICT COURT OF**

**HARRIS COUNTY, TEXAS**

**133rd JUDICIAL DISTRICT**

Order No. 5091.002

Exhibit R

No. 2014-10896

| LOS CUCOS MEXICAN CAFE VIII, INC., ET AL. | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| 8650 FRISCO, LLC D/B/A ESTILO GAUCHO | § | |
| BRAZILIAN STEAKHOUSE, ET AL. | § | 133rd JUDICIAL DISTRICT |

## NOTICE OF INTENTION
## TO TAKE DEPOSITION BY WRITTEN QUESTIONS

To Defendants by and through their attorney of record: **Nicholas Mosser**
To other party/parties by and through their attorney of record: **Kelly D. Stephens**

You will please take notice that <u>on May 26, 2014 at 10:00 a.m.</u> a deposition by written questions will be taken of the Custodian of Records for:

Holtman & Company, LLC
876 Loop 337, Suite 501, New Braunfels, TX 78130

before a Notary Public for    **Gulfstream Legal Group, LLC**
**1300 Texas St.**
**Houston, TX 77002**
**Ph: 713-237-4700 // Fax: 888-559-7431**

or its designated agent, which deposition with attached questions may be used in evidence upon the trial of the above-styled and numbered cause pending in the above-named court. Notice is further given that request is hereby made as authorized under Rule 200, Texas Rules of Civil Procedure, to the officer taking this deposition to issue a subpoena duces tecum and cause it to be served on the witness to produce any and all records as described on the attached questions and/or Exhibit(s) and to turn all such records over to the officer authorized to take this deposition so that photographic reproductions of the same may be made and attached to said deposition.

Mr. Andrew K. Meade
State Bar No. 24032854
Mr. Jeremy M. Masten
State Bar No. 24083454
Hawash Meade Gaston Neese & Cicack LLP
2118 Smith Street
Houston, TX 77002
Ph: 713-658-9001 // Fax: 713-658-9011
Attorneys for Plaintiffs, Los Cucos Mexican Cafe VIII, Inc., et al.

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all Counsel of Record by hand-delivery, facsimile, and/or certified mail (return receipt requested) on this day.

Dated: 4/21/14                    Signed: _____

Order No. 5091

Holtman00708

# DEPOSITION SUBPOENA TO TESTIFY OR PRODUCE DOCUMENTS OR THINGS

## THE STATE OF TEXAS

To any Sheriff or Constable of the State of Texas or other person authorized to serve subpoenas under Rule 176 of the Texas Rules of Civil Procedure - GREETINGS -

You are hereby commanded to subpoena and summon the Custodian of Records for:

Holtman & Company, LLC
876 Loop 337, Suite 501, New Braunfels, TX 78130

to be and appear before a Notary Public of my designation for Gulfstream Legal Group, LLC, 1300 Texas St., Houston, TX 77002 or its designated agent on May 26, 2014 at 10:00 a.m. at the office of the custodian, and there under oath to make answers of certain written questions to be propounded to the witness and to bring and produce for inspection and photocopying

ANY AND ALL RECORDS (WHETHER TYPED, HANDWRITTEN OR COMPUTER-GENERATED) PERTAINING TO 8650 FRISCO LLC, including but not limited to any type of financial records; accounting records; bank statements; tax records (including 1099 forms, W-2 forms and K-1 forms); reports; leases; guaranties; records of trademarks and other intellectual property; office notes; correspondence; and printouts of any type of data stored in electronic format, including any e-mail transmission(s)

then and there to give evidence and there remain from day to day and time to time until discharged according to law at the instance of the Plaintiff, Los Cucos Mexican Cafe VIII, Inc., et al., represented by Andrew Meade, Attorney of Record, in that certain Cause No. 2014-10896 pending on the docket of the District Court of the 133rd Judicial District of Harris County, Texas.

This Subpoena is issued under and by virtue of Rule 200 and Notice of Deposition Upon Written Questions on file with the above-named court, styled

LOS CUCOS MEXICAN CAFE VIII, INC., ET AL. vs.
8650 FRISCO, LLC D/B/A ESTILO GAUCHO BRAZILIAN STEAKHOUSE, ET AL.

WITNESS MY HAND, this _21st_ day of April, 2014.



MICHAEL R. MILLER
Notary Public, State of Texas
My Commission Expires
November 08, 2014

NOTARY PUBLIC

**176.8 Enforcement of Subpoena. (a) *Contempt*.** Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena was issued or a district court in the county in which the subpoena is served, and may be punished by fine or confinement, or both.

## OFFICER'S RETURN

Came to hand this _____ day of _____, 20____, and executed this the _____ day of _____, 20____, in the following manner: By delivering to the witness _____, a true copy hereof.

Returned this _____ day of _____, 20____.

Order No. 5091.002

PROCESS SERVER

No. 2014-10896

| LOS CUCOS MEXICAN CAFE VIII, INC., ET AL. | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| 8650 FRISCO, LLC D/B/A ESTILO GAUCHO | § | |
| BRAZILIAN STEAKHOUSE, ET AL. | § | 133rd JUDICIAL DISTRICT |

## DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS

Custodian of Records for: **Holtman & Company, LLC**

Type of Records:
**ANY AND ALL RECORDS (WHETHER TYPED, HANDWRITTEN OR COMPUTER-GENERATED) PERTAINING TO 8650 FRISCO LLC**, including but not limited to any type of financial records; accounting records; bank statements; tax records (including 1099 forms, W-2 forms and K-1 forms); reports; leases; guaranties; records of trademarks and other intellectual property; office notes; correspondence; and printouts of any type of data stored in electronic format, including any e-mail transmission(s)

1. Please state your full name.

   Answer: HAROLD A HOLTMAN JR

2. Please state by whom you are employed and the business address.

   Answer: HOLTMAN & CO LLC   876 LOOP 337 #501, NEW BRAUNFELS TX 78130

3. What is the title of your position or job?

   Answer: MEMBER

4. Have you accepted the subpoena duces tecum accompanying these direct questions?

   Answer: YES

5. Are these memoranda, reports, records, or data compilations outlined in the subpoena duces tecum in your custody or subject to your control, supervision or direction?

   Answer: YES

6. Are you able to identify these aforementioned records as the originals or true and correct copies of the originals?

   Answer: YES

Order No. 5091.002

7. Please hand to the Officer taking this deposition copies of the memoranda, reports, records, or data compilations mentioned in Question No. 5. Have you complied? If not, why?

Answer: YES

8. Are the copies which you have handed to the Officer taking this deposition true and correct copies of such memoranda, reports, records or data compilations?

Answer: YES

9. Were such memoranda, reports, records, or data compilations kept in the regular course of business of this facility?

Answer: YES

10. Was it in the regular course of business of this facility for a person with knowledge of the acts, events, conditions, opinions or diagnoses recorded to make the record or to transmit information thereof to be included in such record?

Answer: Sometimes

11. Were the entries on these records made at or shortly after the time of the transaction recorded?

Answer: Sometimes

12. Was the method of preparation of these records trustworthy?

Answer: YES. Note some files are password protected. The password is 7760. QuickBooks is using version 2011.

_____
WITNESS (Custodian of Records)

Before me, the undersigned authority, on this day personally appeared the witness, known to me to be the person whose name is subscribed to the foregoing instrument in the capacity therein stated, who being first duly sworn, stated upon his/her oath that the answers to the foregoing questions are true and correct. I further certify that the records attached hereto are exact duplicates of the original records.

SWORN TO AND SUBSCRIBED before me this 21st day of May, 2014.

_____
NOTARY PUBLIC

My Commission Expires: 7/21/15

Elisa L. Van Dyke
Notary Public, State of Texas
My Commission Expires
July 21, 2015

Order No. 5091.002

Exhibit R

# MOSSER LAW PLLC

17110 DALLAS PARKWAY, SUITE 290 • DALLAS, TEXAS 75248 • 972-733-3223 • FAX: 972-267-5072
MOSSERLAW.COM

July 15, 2014

**Via CMRRR**
Kelly Stephens
P.O. Box 79734
Houston, Texas 77279

RE: Los Cucos VIII, Inc. Et al., v. 8650 Frisco LLC, et al.

Dear Mr. Stephens:

As you are aware the only objections you put before the court related to our discovery responses were (1) There is no "tax return privilege." (2) Defendants' bank records are discoverable and (3) Defendants' financial records are discoverable.

Because these are the only three objections you placed before the Court, these are the only objections that have been overruled our remaining objections stand, unchallenged. In addition, the correct procedure to require production of documents in a time specific manner is to submit an order for the court to sign stating the date of production and what objections were overruled.

Enclosed are the responsive documents subject to our remaining objections and any documents in the possession of Verucchi responsive to your subpoena. Given that I have indicated I was going to produce the same documents you currently have in your possession, which are responsive to your requests, please withdraw your motions as they are moot.

Respectfully, MOSSER LAW PLLC



Nicholas D. Mosser

## CAUSE NO. 2014-10896

LOS CUCOS MEXICAN CAFE VIII,  §  IN THE DISTRICT COURT OF
INC.; LOS CUCOS MEXICAN  §
CAFE IV, INC.; MANUEL  §
CABRERA; and SERGIO  §
CABRERA,  §
   *Plaintiffs*  §
   §
v.  §
   §
8650 FRISCO, LLC D/B/A ESTILO  §  HARRIS COUNTY, TEXAS
GAUCHO BRAZILIAN  §
STEAKHOUSE; MANDONA, LLC;  §
GALOVELHO, LLC; BAHTCHE,  §
LLC; CLAUDIO NUNES; and  §
DAVID JEIEL RODRIGUES,  §
   *Defendants*  §  133rd JUDICIAL DISTRICT



### ORDER GRANTING PLAINTIFFS' MOTION TO QUASH AND DENYING DEFENDANTS' MOTION TO QUASH DEPOSITION SUBPOENA OF MIKE VERUCCHI AND FOR A PROTECTIVE ORDER

On this day the Court came to consider Defendants' Motion to Quash Deposition Subpoena of Mike Verucchi and for a Protective Order (the "Motion to Quash"). After considering the facts, law, and argument of counsel, the Court has decided to DENY the Motion to Quash. The Subpoena contained in Exhibit A to the Motion (the "Subpoena) is valid and enforceable.

The Court further finds that Defendants filed the Motion without adequately considering the contents of Exhibit A thereto. The Court further finds that Defendants refused to withdraw the Motion once the relevant contents were pointed out. The Court further finds that the Defendants have advanced frivolous arguments without basis in fact or law in support of the Motion. The Court further finds that this misconduct is part of a larger pattern of improper objections, motions to quash, and invocations of privilege. ~~The Court further finds that a sanction of $1,000.00 is the minimum amount necessary to deter Defendants from continuing to~~

Certified Document Number: 61747433 - Page 1 of 2

Exhibit R   **Exhibit 16**   App. 282

engage in this pattern of misconduct. Accordingly, the Court hereby orders that Defendants pay a sanction of $1,000.00 to Plaintiffs. This payment must be made within three business days of the signing of this order.

Signed on the 28 day of July, 2014

Judge Presiding

Certified Document Number: 61747433 - Page 2 of 2

2

Exhibit R

App. 283



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 29, 2014

Certified Document Number:        61747433 Total Pages:  2

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

Exhibit R                                                                                    App. 284

# MOSSER LAW PLLC

### LAWYERS

17110 DALLAS PARKWAY, SUITE 290 • DALLAS, TEXAS 75248 • 972-733-3223 • FAX: 972-267-5072

August 1, 2014

**Via efile:**
Kelly Stephens
P.O. Box 79734
Houston, Texas 79734

**RE:** **Cause No. 2014-10896 Los Cucos Mexican Café VIII, Inc., et al v. 8650 Frisco, LLC d/b/a Estilo Gaucho Brazilian Steakhouse, et al**

Dear Mr. Stephens:

In an effort to comply with the Court Order, Defendant has attempted to serve Plaintiffs' attorney in charge, Kelly D. Stephens. It appears on two separate occasions as though Mr. Stephens has disconnected his Fax Machine, as the number "1-832-476-5460" rings continuously without answer.

Thank you for your attention to this matter.

Respectfully, **MOSSER LAW PLLC LAWYERS**

/s/ Nicholas D. Mosser
By: Nicholas D. Mosser

### CERTIFICATE OF SERVICE

I certify that on August 1, 2014, a true and correct copy of this document was served to the following pursuant to Texas Rules of Civil Procedure 21 & 21(a).

Kelly Stephens
P.O. Box 79734
Houston, Texas 77279
Telephone: 1-281-394-3287
Facsimile: 1-832-476-5460

/s/ Nicholas D. Mosser
By: Nicholas D. Mosser

Exhibit R                     Exhibit 18                     App. 285



**HAWASH**MEADE
HAWASH MEADE GASTON NEESE & CICACK LLP

**Samuel B. Haren**
sharen@hmgllp.com
713-658-9001 (phone)
713-658-9011 (fax)

August 1, 2014

*Via Email*
Mr. James Mosser
Mosser Law PLLC
17110 Dallas Parkway, Suite 290
Dallas, Texas 75248
courtdocuments@mosserlaw.com

     Re:    Cause No. 2014-10896; *Los Cucos Mexican Café VIII, Inc. et al v. 8650 Frisco, LLC et al*; In the 133rd Judicial District Court of Harris County, Texas

Dear Mr. Mosser,

    As you are aware, our fax number is 713-658-9011. The documents may also be produced via FTP link or Dropbox. If you are unsure how to use an FTP link or Dropbox, we would be happy to provide assistance.

                  Yours truly,

                  Samuel B. Haren

Exhibit R        Exhibit 19        App. 286

**Sam Haren**

_____

**From:**          Sam Haren
**Sent:**          Friday, August 01, 2014 4:48 PM
**To:**            'courtdocuments@mosserlaw.com'
**Subject:**       Los Cucos
**Attachments:**   2014-08-01 - Los Cucos - Letter to Mosser re Compliance.pdf

Counsel,

Please see the attached correspondence.

**Sam Haren**
Associate Attorney

# HAWASH MEADE
HAWASH MEADE GASTON NEESE & CICACK LLP

2118 Smith Street | Houston, TX 77002
tel (713) 658-9008 | mobile (713) 855-0528
fax (713) 658-9011

**website | vCard | map | email**

This email may be a privileged communication. If you are not the intended recipient, please delete it.

Exhibit R                                                        App. 287

CAUSE NO. 2014-10896

| | |
|---|---|
| LOS CUCOS MEXICAN CAFE VIII, | ) IN THE DISTRICT COURT |
| INC.; LOS CUCOS MEXICAN CAFE | ) |
| IV, INC.; MANUEL CABRERA; | ) |
| AND SERGIO CABRERA | ) |
| | ) |
| | ) |
| PLAINTIFFS, | ) |
| | ) |
| VS. | ) HARRIS COUNTY, TEXAS |
| | ) |
| 8650 FRISCO, LLC D/B/A | ) |
| ESTILO GAUCHO BRAZILIAN | ) |
| STEAKHOUSE; MANDONA, LLC; | ) |
| GALOVELHO, LLC; BAHTCHE, | ) |
| LLC; CLAUDIO NUNES; AND | ) |
| DAVID JEIEL RODRIGUES | ) |
| | ) |
| | ) |
| | ) |
| DEFENDANTS. | ) 133RD JUDICIAL DISTRICT |
| | ) |

*************************************************************

SETTLEMENT STATEMENT

AUGUST 5, 2014

*************************************************************

Exhibit R

Exhibit 20

App. 288

e1ecd0a2-c6c9-4df4-8de0-cad05530ed25

APPEARANCES

FOR THE PLAINTIFFS:
KELLY STEPHENS
STEPHENS & DOMNITZ, PLLC
2000 BERING DRIVE, SUITE 700
HOUSTON, TEXAS 77057

FOR THE PLAINTIFFS:
DAVID KINDER
COX SMITH
112 E. PECAN STREET, SUITE 1800
SAN ANTONIO, TEXAS 78205

FOR THE DEFENDANTS:
JAMES C. MOSSER
MOSSER LAW PLLC
17110 DALLAS PKWY, SUITE 290
DALLAS, TEXAS 75248
972.267.5072 FAX

---

what we are calling a standard bank-type documentation for loans and that would include a note or promissory note, a deed of trust, appropriate UCC-1s to the extent plaintiffs determine it's necessary in assignment of the lease and any assets related to the restaurant. The agreements would be with time is of the essence. There would be no cure period for any default. They will provide for a monthly wire transfer of the amounts due under the promissory note. And in connection with the restaurant at issue in this case there will be a $10 paid up license fee for the name of the restaurant that will be limited to that location. There will be no personal guarantees by the defendants.

MR. MOSSER: Correct. And we're going to dismiss with prejudice the --

MR. STEPHENS: The mutual releases.

MR. MOSSER: -- pending lawsuit, releases, dah, dah, dah, dah.

MR. STEPHENS: Within, say, ten day of execution.

MR. MOSSER: And dah, dah, dah is spelled D-A-H, D-A-H, D-A-H.

That sounds like our deal.

(End of proceedings.)

---

MR. STEPHENS: Okay. We're here to enter into a Rule 11 Agreement and dictate the terms of the settlement agreement for this lawsuit. And the money terms are that 8650 Frisco will pay to -- we didn't determine it specifically, but I'll say Cabrera Brothers II.

MR. MOSSER: That's the LP?

MR. STEPHENS: Right.

MR. MOSSER: Cabrera Brothers II, LP I think is the right name.

MR. STEPHENS: That's correct.

MR. MOSSER: And it's 8650 --

MR. STEPHENS: Frisco, LLC.

MR. MOSSER: -- Frisco, LLC is the payor.

MR. STEPHENS: Will pay the amount of $900,000 with a $60,000 payment due upon completion of the paperwork.

MR. MOSSER: Sure.

MR. STEPHENS: Okay. At execution of the final paperwork and remainder of $840,000 payable over five years at 6.7 percent interest. And I guess we'll do the first payment due -- today is the 4th, so October 1st.

MR. MOSSER: Yeah, that's fine. Is that all right with you guys? Everybody agrees with that.

MR. KINDER: David Kinder for the plaintiffs to further evidence the payment of the amounts due and to document the loan transaction the defendants will agree to enter into

---

REPORTER'S CERTIFICATION
SETTLEMENT STATEMENT
AUGUST 5, 2014

I, Marisol Ramos, Certified Shorthand Reporter in and for the State of Texas, hereby certify that the foregoing is a correct transcription of the proceedings in the above-entitled matter.

I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken, and further that I am not financially or otherwise interested in the outcome of the action.

Certified to by me this ____ of _____, 2014.

_____
Marisol Ramos
Texas CSR No. 8140
Expiration Date: 12/31/14
Firm Registration No. 245
Gulfstream Court Reporting
1300 Texas Avenue
Houston, Texas 77002
713.354.2339
713.237.8742 Fax

Exhibit R

App. 289

e1ecd0a2-c6c9-4df4-8de0-cad05530ed25

**A**

aboveentitled 5:6
action 5:9,11
agree 3:25
agreement 3:2,3
agreements 4:5
agrees 3:22
amount 3:14
amounts 3:24 4:8
antonio 2:8
appropriate 4:3
assets 4:4
assignment 4:4
august 1:15 5:2
avenue 5:18

**B**

b 1:7
bahtche 1:8
banktype 4:1
bering 2:4
brazilian 1:7
brothers 3:5,8

**C**

c 2:1,10
cabrera 1:3,3 3:5,8
cafe 1:2,2
calling 4:1
case 4:9
cause 1:1
certification 5:1
certified 5:4,12
certify 5:5,8
claudio 1:9
completion 3:15
connection 4:8
correct 3:10 4:13
   5:6
counsel 5:8
county 1:6
court 1:2 5:17
cox 2:7
csr 5:16
cucos 1:2,2
cure 4:6

**D**

d 1:7
dah 4:16,17,17,17
   4:20,20,20,20,21
   4:21
dallas 2:11,12
date 5:16
david 1:9 2:7 3:23
day 4:18
deal 4:22
deed 4:2
default 4:7
defendants 1:11
   2:10 3:25 4:12
determine 3:4 4:3
dictate 3:2
didnt 3:4
dismiss 4:14
district 1:2,11
document 3:24
documentation 4:1
domnitz 2:4
drive 2:4
due 3:15,20,24 4:8

**E**

e 2:1,1,8
employed 5:9
enter 3:1,25
essence 4:6
estilo 1:7
everybody 3:22
evidence 3:24
execution 3:17 4:19
expiration 5:16
extent 4:3

**F**

fax 2:12 5:19
fee 4:10
final 3:17
financially 5:10
fine 3:21
firm 5:17
first 3:19
five 3:18
foregoing 5:5

**G**

frisco 1:7 3:4,12,13
further 3:24 5:8,10

galovelho 1:8
gaucho 1:7
going 4:13
guarantees 4:11
guess 3:19
gulfstream 5:17
guys 3:22

**H**

harris 1:6
hearing 5:10
houston 2:5 5:18

**I**

ii 3:5,8
ill 3:5
include 4:2
interest 3:19
interested 5:11
issue 4:9
iv 1:3

**J**

james 2:10
jeiel 1:9
judicial 1:11

**K**

kelly 2:3
kinder 2:7 3:23,23

**L**

law 2:11
lawsuit 3:3 4:16
lease 4:4
license 4:10
limited 4:11
llc 1:7,8,8,9 3:12,13
loan 3:25
loans 4:2
location 4:11
los 1:2,2
lp 3:6,8

**M**

mandona 1:8
manuel 1:3
marisol 5:4,15
matter 5:7
mexican 1:2,2
money 3:3
monthly 4:7
mosser 2:10,11 3:6
   3:8,11,13,16,21
   4:13,16,20
mutual 4:15

**N**

n 2:1
name 3:9 4:10
necessary 4:4
neither 5:8
note 4:2,2,8
nunes 1:9

**O**

october 3:20
okay 3:1,17
outcome 5:11

**P**

p 2:1,1
paid 4:9
paperwork 3:15,18
parties 5:9
pay 3:4,14
payable 3:18
payment 3:15,19
   3:24
payor 3:13
pecan 2:8
pending 4:16
percent 3:19
period 4:6
personal 4:11
pkwy 2:11
plaintiffs 1:5 2:3,6
   3:23 4:3
pllc 2:4,11
prejudice 4:14
proceedings 4:23

5:6
promissory 4:2,8
provide 4:7

**Q**

**R**

r 2:1
ramos 5:4,15
registration 5:17
related 4:5 5:8
releases 4:15,16
remainder 3:18
reporter 5:4
reporters 5:1
reporting 5:17
restaurant 4:5,9,10
right 3:7,9,22
rodrigues 1:9
rule 3:2

**S**

s 2:1
san 2:8
sergio 1:3
settlement 1:14 3:2
   5:1
shorthand 5:4
smith 2:7
sounds 4:22
specifically 3:4
spelled 4:20
standard 4:1
state 5:5
statement 1:14 5:1
steakhouse 1:8
stephens 2:3,4 3:1
   3:7,10,12,14,17
   4:15,18
street 2:8
suite 2:4,8,11
sure 3:16

**T**

taken 5:10
ten 4:18
terms 3:2,3

**texas** 1:6 2:5,8,12
  5:5,16,18,18
**thats** 3:6,10,21
**think** 3:8
**time** 4:5
**today** 3:20
**transaction** 3:25
**transcription** 5:6
**transfer** 4:7
**trust** 4:3

### U

**ucc1s** 4:3

### V

**viii** 1:2
**vs** 1:6

### W

**wire** 4:7

### X

### Y

**yeah** 3:21
**years** 3:18

### Z

### 0

**000** 3:14,15,18

### 1

**10** 4:9
**11** 3:2
**112** 2:8
**12** 5:16
**1300** 5:18
**133rd** 1:11
**14** 5:16
**17110** 2:11
**1800** 2:8
**1st** 3:20

### 2

**2000** 2:4
**2014** 1:15 5:2,12
**201410896** 1:1

**2339** 5:19
**237** 5:19
**245** 5:17
**267** 2:12
**290** 2:11

### 3

**31** 5:16
**354** 5:19

### 4

**4th** 3:20

### 5

**5** 1:15 5:2
**5072** 2:12

### 6

**6** 3:19
**60** 3:15

### 7

**7** 3:19
**700** 2:4
**713** 5:19,19
**75248** 2:12
**77002** 5:18
**77057** 2:5
**78205** 2:8

### 8

**8140** 5:16
**840** 3:18
**8650** 1:7 3:3,11
**8742** 5:19

### 9

**900** 3:14
**972** 2:12

2013 WL 1803739
Only the Westlaw citation is currently available.

SEE TX R RAP RULE 47.2 FOR
DESIGNATION AND SIGNING OF OPINIONS.

**MEMORANDUM OPINION**
Court of Appeals of Texas,
Dallas.

Mike JABARY, Appellant
v.
CITY OF ALLEN and Peter Smith,
Esq., City Attorney, Appellees.

No. 05–12–01332–CV.  |  April 29, 2013.

On Appeal from the 219th Judicial District Court, Collin County, Texas, Trial Court Cause No. 219–827–2011. Scott Becker, Judge.

**Attorneys and Law Firms**

Las Mosser, James C. Mosser, Mosser Law, PLLC, Dallas, TX, for Mike Jabary.

Victoria Thomas, Nichols, Jackson, Dillard, Hager, and Smith, Dallas, TX, for City of Allen and Peter Smith, Esq., City Attorney.

Before Justices MOSELEY, Bridges, and LANG–MIERS.

**Opinion**

**MEMORANDUM OPINION**

Opinion by Justice LANG–MIERS.

**\*1**  This appeal has been pending since September 28, 2012. On November 29, 2012, the district court clerk informed the Court that the clerk's record, which was overdue, had not been filed because payment had not yet been received. *See* TEX. R. APP. P. 35.1, 35 .3(a). On March 6, 2013, after the trial court sustained two contests to appellant's affidavit of inability to pay appellate costs, we ordered appellant to pay, within ten days of the date of the order, the trial court clerk's fee for preparation of the record. *See Uranga v. Tex. Workforce Comm'n,* 319 S.W.3d 787, 791 (Tex.App.-El Paso 2010, no pet.) (appellant bears burden of bringing forward appellate record). We cautioned appellant that failure to comply would

result in the appeal being dismissed without further notice. *See id.* 37.3(b). Appellant responded by filing a "notice of clerk's refusal of payment" and "motion to require clerk to file clerk's record." He asserts in both that by letter dated February 5, 2013, the district clerk informed him that the "breakdown of the costs" for the clerk's record was as follows:

Clerk's Record: *8517* pages @ $1.50 per page totaling: *$12.775.90*

Paper copy of Record: *8517* pages @ $.25 per page totaling: *$2.129.25*

And/or CD copy of Record: *$20.00.*

Construing the letter to mean he could choose from any of the three "formats," appellant requested a "CD copy" of the record and tendered a check to the clerk on March 12, 2013 in the amount of $20. The district clerk, however, returned the check to appellant, explaining in a letter dated March 14, 2013 that "if the Clerk's Record is not paid for and prepared for filing with the Fifth Court of Appeals, there is no CD copy available to produce." Appellant contends the clerk cannot "chang[e her] mind on what [she] want[s] to charge" for the record and "should be held to [her] agreement." Appellant requests we order the clerk to "deliver the record on appeal to this Court's Clerk for filing and award [appellant] attorney's fees." Appellees respond, asserting the clerk's letter setting forth the schedule of costs "plainly state [s] ... there is but one way to have the 'Clerk's Record' filed ... -by paying the $1.50 per page fee."

Texas Rule of Appellate Procedure 35.3(a) provides that the clerk "is responsible for preparing, certifying, and timely filing the clerk's record if: ... (2) the party responsible for paying for the preparation of the clerk's record has paid the clerk's fee, has made satisfactory arrangements with the clerk to pay the fee, or is entitled to appeal without paying the fee." *See* Tex.R.App. P. 35.3(a). Pursuant to Texas Supreme Court order and our local rules, the clerk may file either a paper record or an electronic record submitted to the Texas Appeals Management and E-filing System web portal. *See id.* app. C; 5th Tex.App. (Dallas) Loc. R. 11.2(9).

Although appellant argues the clerk's schedule of costs reflects he could choose to have a CD copy of the record filed, the supreme court order and our local rules do not allow for the record to be filed in that format. *See* Tex.R.App. P. app. C; 5th Tex.App. (Dallas) Loc. R. 11.2(9). Additionally, any confusion that may have been created by the clerk's February

5th letter was clarified by the clerk when she stated in her second letter to appellant that the $20 would secure a CD *copy* of the record once the record had been "paid for and prepared for filing." Appellant has had more than a month since then to pay or make arrangements to pay the required fee but has failed to do so, and nothing in either his "notice of clerk's refusal of payment" or "motion to require clerk to file clerk's record" reflects his intent to do so.

**\*2** We **DENY** appellant's motion to order the clerk to file the CD copy of the record and for attorney's fees. Because the record has not been filed as a result of appellant's failure to pay for the record, and appellant has been given a reasonable opportunity to pay or make arrangements to pay, we **DISMISS** the appeal. *See id.* 37.3(b).

---

**End of Document**

© 2014 Thomson Reuters. No claim to original U.S. Government Works.

© 2014 Thomson Reuters. No claim to original U.S. Government Works.

423 S.W.3d 537
Court of Appeals of Texas,
Dallas.

In re: PENDRAGON
TRANSPORTATION LLC, Relator.

No. 05–13–01749–CV. | Feb. 21, 2014.

### Synopsis

**Background:** Plaintiff filed written objection to sua sponte order appointing special master to attend depositions related to plaintiff's action alleging various causes of action against defendants, including breach of contract and misappropriation of trade secrets. The 193rd Judicial District Court, Dallas County, Carl Ginsberg, J., denied objection. Plaintiff filed petition for writ of mandamus.

**Holdings:** The Court of Appeals, Brown, J., held that:

[1] plaintiff waived argument for review that trial court abused its discretion in appointing special master, but

[2] order requiring plaintiff to pay special master's fees in advance was abuse of discretion for which there was no adequate appellate remedy.

Writ conditionally granted in part and denied in part.

### Attorneys and Law Firms

**\*538** James C. Mosser, Alexis F. Steinberg, Mosser Law, PLLC, Dallas, for Relator.

Victor Huhem, Huhem Law Firm, PLLC, Fort Worth, for Appellee.

Before Justices MOSELEY, FILLMORE, and BROWN.

### Opinion

#### OPINION

Opinion by Justice BROWN.

Relator Pendragon Transportation LLC filed this mandamus proceeding after the trial court signed an order appointing a special master for the purpose of attending depositions in this case to make rulings on any objections, assertions of privilege, and instructions not to answer questions. In its order, the court required Pendragon to pay the special master's fees in advance of each deposition, subject to reallocation later. Pendragon asserts both actions were an abuse of discretion. We conclude Pendragon has waived its complaint about the appointment of the special master due to its delay in filing its petition for writ of mandamus. We further conclude the trial court abused its discretion in ordering Pendragon to pay the special master's fees up front. Accordingly, we conditionally **\*539** grant the writ of mandamus in part and deny it in part.

Pendragon sued six defendants for various causes of action, including breach of contract and misappropriation of trade secrets. In April 2013, after the deposition of Pendragon's corporate representative, Nicholas Massey, defendant Black Bull Towing LLC filed a "motion to compel answers at deposition." Black Bull asserted that at the deposition, Pendragon's attorney instructed Massey not to answer basic questions as well as questions about a non-compete clause, which is the basis for Pendragon's lawsuit, and questions about any documents Massey brought to the deposition. Black Bull sought an order requiring Massey to answer the questions asked in the deposition. It is not clear whether the court ruled on this motion, but at some point, due to "the inability of Counsel to cooperate on basic matters," the court ordered depositions to take place at the courthouse so the court would be available to rule on objections.

On June 12, 2013, defendant Victor Huhem took Massey's deposition, both in his corporate capacity and in his individual capacity. The deposition took place in the court's jury room. At the start of the deposition of Massey in his corporate capacity, Pendragon's attorney indicated Massey would not return in the afternoon to participate in a deposition in his individual capacity because the subpoena was invalid. Stating that it would be a complete waste of time to have Massey come back another time, the court ruled that Massey would be deposed in both capacities.

Throughout the depositions, Pendragon's attorney frequently objected and sometimes instructed Massey not to answer questions on grounds they were irrelevant and "beyond the scope of discovery." On numerous times the trial court overruled Pendragon's objections and also ruled that certain areas of inquiry were discoverable and instructed Massey to answer.

Exhibit R Exhibit 22 App. 294

On that same day, June 12, 2013, the trial court sua sponte appointed a special master for the limited purpose of attending future depositions to make "rulings on objections, assertions of privilege, and instructions not to answer questions." In its order, which set out many of the facts recounted above, the court stated that Pendragon's counsel did not have legitimate grounds for instructing the witness not to answer questions. The court also indicated the attorney's "form" objections were "wholly without merit." The court stated that it was apparent Pendragon's counsel was "improperly trying to limit the flow of information at the deposition." The court further stated that "it appears manifest that all depositions in this case must be attended by a judicial officer who can make rulings at the depositions, or else the depositions will simply decay into chaos and not be able to proceed." The trial judge stated he could not be physically present at every deposition in this case. The court found that this was an exceptional case and that good cause existed to appoint a special master to attend the depositions.

On August 20, 2013, Pendragon filed a written objection to the appointment of the master. At a hearing on the objection on September 18, 2013, the trial court denied the objection. On December 27, 2013, just eleven days before trial, Pendragon filed its petition for writ of mandamus in this Court. (The trial has since been rescheduled for the end of May 2014.)

**[1]** In its petition for writ of mandamus, Pendragon challenges the trial court's appointment of a special master. The appointment of special masters is governed by **\*540** rule 171 of the Texas Rules of Civil Procedure. Rule 171 provides that the court may, in exceptional cases, for good cause appoint a master in chancery who shall perform all the duties required of him by the court. TEX.R. CIV. P. 171. A trial court abuses its discretion when it appoints a master without the parties' consent or without finding that the case is exceptional and good cause exists for the appointment. *Simpson v. Canales,* 806 S.W.2d 802, 811 (Tex.1991) (orig. proceeding). Pendragon asserts that this is not an exceptional case and that there is not good cause for appointing a master.

**[2]** **[3]** **[4]** A writ of mandamus issues to correct a clear abuse of discretion when no adequate remedy by appeal exists. *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992) (orig. proceeding). Mandamus is an extraordinary remedy, not issued as a matter of right, but at the discretion of the court. *Rivercenter Assocs. v. Rivera,* 858 S.W.2d 366, 367

(Tex.1993) (orig. proceeding). Although mandamus is not an equitable remedy, its issuance is largely controlled by equitable principles. *Id.* One such principle is that "equity aids the diligent and not those who slumber on their rights." *Id.* Thus, delaying the filing of a petition for mandamus relief may waive the right to mandamus unless the relator can justify the delay. *In re Int'l Profit Assocs., Inc.,* 274 S.W.3d 672, 676 (Tex.2009) (orig. proceeding).

**[5]** **[6]** Pendragon filed its petition for writ of mandamus more than six months after the trial court appointed the special master. It waited over two months to ask the trial court to reconsider its order appointing the master and, after the trial court upheld its order, still waited another three-and-a-half months to file its petition with this Court. Significantly, Pendragon filed its petition less than two weeks before trial, a fact it omitted in its request for mandamus relief. It has offered no justification for its delay. Under these circumstances, we conclude Pendragon's delay bars its right to complain of the master's appointment. *See Rivercenter,* 858 S.W.2d at 367 (mandamus relief denied where relator waited over four months to seek mandamus without justification); *Int'l Awards, Inc. v. Medina,* 900 S.W.2d 934, 936 (Tex.App.-Amarillo 1995, orig. proceeding) (delay of four months and until eve of trial was ample grounds for denying mandamus relief); *Bailey v. Baker,* 696 S.W.2d 255, 256 (Tex.App.-Houston [14th Dist.] 1985, orig. proceeding) (denying leave to file petition for writ of mandamus where there was almost four-month delay, no explanation for delay, and relator waited two weeks prior to trial). [1]

**\*541** Pendragon also challenges that portion of the trial court's order requiring it to pay the master's fees before they accrued. The court's order states the following regarding the master's fees:

> The Master in Chancery's reasonable and necessary fees (not to exceed the rate of $225.00 per hour) shall be taxed as costs of court. As an initial matter, Plaintiff shall be responsible for paying the Master in Chancery's fees as they are incurred (payable in the form of retainers in an amount of no less than $1,000.00, at least 3 days in advance before each deposition), subject to reallocation at a later date, depending on, *inter alia,* who is the prevailing party in the suit.

WestlawNext © 2014 Thomson Reuters. No claim to original U.S. Government Works.

 **[7]**  **[8]**  **[9]**  The only basis for requiring a party to give security for costs before final judgment is Texas Rule of Civil Procedure 143. *TransAmerican Natural Gas Corp. v. Mancias,* 877 S.W.2d 840, 844 (Tex.App.-Corpus Christi 1994, orig. proceeding [leave denied] ). Rule 143 provides that a party seeking affirmative relief may be ruled to give security for costs at any time before final judgment, upon motion of any party, or any officer of the court interested in the costs accruing in such suit, or by the court upon its own motion. TEX.R. CIV. P. 143. Rule 143 does not authorize the court to fix bond in a specific amount; it must be open-ended. *Dilmore v. Russell,* 519 S.W.2d 278, 279 (Tex.Civ.App.-Dallas 1975, no writ); *Mosher v. Tunnell,* 400 S.W.2d 402, 404 (Tex.Civ.App.-Houston 1966, writ ref'd n.r.e.); *see also* TEX.R. CIV. P. 146 (court can also require deposit for court costs but only in amount sufficient to pay accrued costs). Requiring a party to pay for a master's services before the master's fees have actually accrued is an abuse of discretion because it improperly requires a party to post security for anticipated costs before final judgment in violation of rule 143. *TransAmerican,* 877 S.W.2d at 844. Here, we conclude the trial court's order requiring the master's fees to be paid in advance was a clear abuse of discretion for which there is no adequate remedy by appeal. *See id.* Because the trial court's order regarding fees was clearly in direct contravention of the rules of civil procedure, Pendragon's delay in filing its petition does not bar its right to relief on this issue.

In accordance with this opinion, we conditionally grant Pendragon's writ of mandamus in part. A writ will issue only in the event the trial court fails to vacate the portion of its June 12, 2013 order requiring Pendragon to pay the special master's fees before they accrue. We deny Pendragon's writ of mandamus in all other respects.

Footnotes

1    Because we have determined that Pendragon may not complain about the appointment of the special master, we do not reach the issue of whether it was proper for the trial court to appoint a special master to attend and rule on objections during depositions. We do note, however, the "exceptional case" standard for appointment of a special master is an extremely high one. *See, e.g., Simpson,* 806 S.W.2d at 812 (toxic tort action against eighteen defendants, several cross-actions, and eight discovery motions requiring hearings in first ten months was not an exceptional case and thus, no good cause existed for appointing special master to oversee discovery); *In re Behringer Harvard TIC Mgmt. Servs. LP,* 316 S.W.3d 831, 831 (Tex.App.-Dallas 2010, orig. proceeding) (court abused its discretion in appointing master to conduct *in camera* review of certain documents because of trial schedule and complexities of discovery in case); *Owens–Corning Fiberglas Corp. v. Caldwell,* 830 S.W.2d 622, 626–27 (Tex.App.-Houston [1st Dist.] 1991, orig. proceeding) (case involving five defendants, seven requests for production, one set of interrogatories served on all defendants, and two motions to compel requiring two hearings was not exceptional).

**End of Document**

© 2014 Thomson Reuters. No claim to original U.S. Government Works.

ACCEPTED
225EFJ017428920
FIFTH COURT OF APPEALS
DALLAS, TEXAS
13 April 12 P3:25
Lisa Matz
CLERK

NO. 05-12-01332-CV

| | | |
|---|---|---|
| **MIKE JABARY**, | § | **IN THE FIFTH DISTRICT** |
| **Appellant,** | § | |
| | § | **FILED IN** |
| | § | **5th COURT OF APPEALS** |
| **V.** | § | **COURT OF APPEALS** DALLAS, TEXAS |
| | § | **4/12/2013 3:25:39 PM** |
| | § | **LISA MATZ** |
| **CITY OF ALLEN**, et. al. | § | **Clerk** |
| | § | |
| **Appellees.** | § | **DALLAS, TEXAS** |

## MOTION TO REQUIRE CLERK TO FILE CLERK'S RECORD

On March 12, 2013, Appellant paid the necessary Clerks fees for the Clerk's Record in the above styled case pursuant to the letter from the Collin County District Clerk's office dated February 5, 2013. Exhibit A. The Clerk's letter clearly stated the costs would be the following:

> Clerk's Record: <u>8517</u> pages @ $1.50 per page totalling: $12,775.90.0
>
> Paper copy of Record: <u>8517</u> pages @ $.25 per page totalling: $2129.25
>
> And/or CD copy of Record: $20.00.

Exhibit A.

Clearly then there are three methods of receiving the Clerks Record, the first, the second, **and/or** the CD copy of Record. It is clear that in Texas "(a) Words and phrases shall be read in context and construed according to the rules of grammar and common usage." V.T.C.A., Government Code § 311.011, at least as it relates to the code construction act. But, should Jabary be punished because of the District Clerk's lack of understanding and poor use of English grammar? The use of the ambiguous phrase "and/or" has been "frequently condemned as improper and confusing," and at least one court has construed the phrase against the drafter." See Newlon v. Newlon, 310 Ky. 737,

Exhibit R                         Exhibit 23                         App. 297

220 S.W.2d 961, 963 (Ky.1949). This court should construe the document against the drafter, the District Clerk.

The District Clerk used the hated "and/or" language. Drafting experts are against the use of the term. *See* **Bryan A. Garner**, Legal Writing in Plain English: A Text with Exercises 112-13 (2000). 11 Tex. Rev. Ent. & Sports L. 205, 211 -212 (Spring 2010).

Appellant using the plain English meaning of the phrase "and/or" requested the third method of receiving the Clerks Record, and submitted a check in the amount of $20.00 to the Clerks Office. Proof of payment is indicated in Exhibit B. As the Texas courts have observed, a simple review of grammar indicates that the disjunctive "or" introduces an alternative. ***Dorn v. Best****,* 1855 WL 4971, 2 (Tex. 1855). Utilizing the disjunctive form Jabary had a choice between the methods of receiving the clerks record. ***Heritage on San Gabriel Homeowners Ass'n v. Texas Com'n on Environmental Quality****,* 2012 WL 6761531, 6 (Tex.App.–Austin,2012); ***Spradlin v. Jim Walter Homes, Inc.****,* 34 S.W.3d 578, 581 (Tex.2000).

The words "'and' and 'or,' are in no sense interchangeable terms" ***In re Brookshire Grocery Co.****,* 250 S.W.3d 66 (Tex. 2008). The District Clerk should not be able to destroy Jabary's right to appeal by changing their mind on what they want to charge for a record. The District Clerk of Collin County refused the check and returned it to Appellant's Counsel's office. Exhibit C. Because of the District Clerk's office, deciding she would not provide the record on CD, Jabary's case is now threatened. The District Clerk should be held to their agreement, and the letter requesting payment for the Record with three alternative choices, wherein Jabary chose the third option. Jabary chose the option, accepted the offer by the District Clerk and tendered payment as requested by the Collin

County District Clerk. Jabary has made the requisite effort to retrieve the District Clerk's

Record, the District Clerk refuses to produce the appellate record to this tribunal.

## Prayer

Jabary asks this court to order the Collin County District Clerk to immediately deliver

the record on appeal to this Court's Clerk for filing and award attorney's fees to Mr. Jabary

in the amount of $2,500.

Respectfully Submitted, *MOSSER LAW PLLC LAWYERS*

/s/ James C. Mosser
James C. Mosser
Texas Bar No. 00789784
Nicholas D. Mosser
Texas Bar No. 24075405
17110 Dallas Parkway, Suite 290
Dallas, Texas 75248
Telephone: (972) 733-3223
Facsimile: (972) 267-5072
Lawyers for Plaintiff, Mike Jabary.

## CERTIFICATE OF SERVICE

I certify that on April 12, 2013 a true and correct copy of the foregoing was served by facsimile transmission on pursuant to Texas Rules of Civil Procedure 21 & 21a to the following:

Victoria Thomas
City Attorney - City of Allen
500 N. Akard Street
Dallas, Texas 75201
Facsimile: 214-965-0010

/s/ Nicholas D. Mosser

Nicholas D. Mosser

ACCEPTED
225EFJ017580892
FIFTH COURT OF APPEALS
DALLAS, TEXAS
13 July 5 P3:55
Lisa Matz
CLERK

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS

7/5/2013 3:55:00 PM

LISA MATZ
Clerk

No._____

IN THE

IN THE FIFTH JUDICIAL DISTRICT COURT OF APPEALS

at DALLAS, TEXAS

IN RE *MOSSER LAW PLLC*, and

James C. Mosser

Relator

ORIGINAL PROCEEDING FROM THE 160th JUDICIAL DISTRICT COURT OF
DALLAS COUNTY, TEXAS

PETITION FOR WRIT OF MANDAMUS and WRIT OF PROHIBITION

*MOSSER LAW PLLC*
James C. Mosser
Texas Bar No. 00789784
17110 Dallas Parkway, Suite 290
Dallas, Texas  75248
Telephone 972-733-3223
Facsimile 972-267-5072
LAWYER FOR RELATOR

ORAL ARGUMENT REQUESTED

Exhibit R                    Exhibit 24                    App. 300

IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of all parties, as well as the names and addresses of all counsel:

*MOSSER LAW PLLC*
**and James C. Mosser**

**RELATORS**

James C. Mosser
Texas Bar No. 00789784
17110 Dallas Psarkway, Suite 290
Dallas, Texas  75248
Telephone 972-733-3223
Facsimile 972-267-5072

Lawyer for Relators

Paul A. Hoffman, Esq.
5400 LBJ Freeway, Ste. 1200
Dallas, Texas 75240
Facsimile: 972-380-2620

Attorney for Real Parties in Interest

Jones and Mauldin
Real Estate Partnership, LTD.

Real Parties in Interest

Hon. Sheryl Day McFarlin
Associate Judge of the 160th District Court
George L. Allen, Sr. Courts Bldg.
600 Commerce St., Box 740
Dallas, Texas 75202

RESPONDENT

i

TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . viii

STATEMENT OF JURISDICTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ix

ISSUES PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ix

   **Issue Number One**: The 160th District Court does not have personal jurisdiction
      over *MOSSER LAW PLLC* **and or James C. Mosser**,  or subject matter
      jurisdiction related to the client file.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . ix

   The **ORDER RE JUNE 28, 2013 HEARING**, related to *MOSSER LAW PLLC* **and
   or James C. Mosser**, is void *ab initio*.. . . . . . . . . . . . . . . . . . . . . . . . . . . ix

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT AND AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

VERIFICATION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

APPENDIX. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

RECORD. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Exhibit R                                                                    App. 302

## INDEX OF AUTHORITIES
### CASES

***Bolden v. Greenpoint Mortgage Funding, Inc.***, No. 3:04-CV-0379-P, 2004 U.S. Dist. LEXIS 20508, at \*14 (N.D. Tex., Oct. 13, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

***Browning v. Placke***, 698 S.W.2d 362, 363, 29 Tex. Sup. Ct. J. 33 (Tex. 1985). . . . . . 4

***Casey v. March*** 1867 WL 4579, 2 (Tex.) (Tex. 1867). . . . . . . . . . . . . . . . . . . . . . . . 5

***City of Tyler v. Beck***, 196 S.W.3d 784, 787 (Tex. 2006). . . . . . . . . . . . . . . . . . . . . . 3

***Cotton v. Cotton***, 57 S.W.3d 506, 511 (Tex. App.--Waco 2001, no pet.). . . . . . . . . . 4

***Del Peterson, D.D. Associates, Inc. v. Stromberger*** 2005 WL 2363059,(Tex.App.-Dallas,2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

***Dinyes v. Dinyes***, 2001 Tex. App. LEXIS 2303 (Tex. App. 2001). . . . . . . . . . . . . . . 4

***Gray v. PHI Resources, Ltd.***, 710 S.W.2d 566, 567 (Tex. 1986). . . . . . . . . . . . . . . . 3

***Griffith v. Geffen & Jacobsen, P.C.***, 693 S.W.2d 724, 728 (Tex. App. - Dallas 1985, no writ). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

***Hong Kong Dev., Inc. v. Nguyen***, No. 01-04-00586-CV, 229 S.W.3d 415, 2007 Tex. App. LEXIS 4494, 2007 WL 1633360, at \*13 (Tex. App.--Houston [1st Dist.] June 7, 2007, no pet. h.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

***In re Ashton*** 266 S.W.3d 602 (Tex.App.–Dallas,2008). . . . . . . . . . . . . . . . . . . . . . . 4

***In re Dana Corp.***, 138 S.W.3d 298, 301 (Tex.2004) . . . . . . . . . . . . . . . . . . . . . . . . . 6

***In re Does 1-10***, 242 S.W.3d 805, 819 (Tex. App.—Texarkana 2007, no pet.). . . . . . 6

***In re Mask***, 198 S.W.3d 231, 234 (Tex. App. 2006). . . . . . . . . . . . . . . . . . . . . . . . . 4

*In re Mosser Mallers PLLC* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [3](#), [6](#)

*In re Sw. Bell Tel. Co.*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [3](#)

*Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 200 (Tex. 1985). . . . . . . . . . . [3](#)

*Klein v. Hernandez*, 2007 Tex. App. LEXIS 6284 (Tex. App. 2007). . . . . . . . . . . . . . . [5](#)

*Nolan v. Foreman*, 665 F.2d 738, 743 (5th cir. 1982). . . . . . . . . . . . . . . . . . . . . . . . . [5](#)

*Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [3](#)

*Primrose Operating Co., Inc. v. Jones*, 102 S.W.3d 188, 193 (Tex.App.--Amarillo 2003, pet. denied)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [4](#)

*Randolph, Bowen & Co. v. Randolph*, 34 Tex. 181, 184-185 (Tex. 1871). . . . . . . . . [5](#)

*Rose v. Rose*, 117 S.W. 3d 84, 87 (Tex. App.--Waco 2003, no pet.) . . . . . . . . . . . . . [3](#)

*TAC Americas, Inc. v. Boothe*, 94 S.W. 3d 315, 318 (Tex. App.--Austin 2002, no pet.)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [3](#)

*Thomson v. Findlater Hardware Co.*, 156 S.W. 301, 303 (Tex. App. 1913). . . . . . . . [5](#)

*Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . [4](#)

**Texas Rules of Civil Procedure**

Tex. R. Civ. P. 205. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [6](#)

iv

Exhibit R                                                                                                          App. 304

# INTRODUCTION

Relators *MOSSER LAW PLLC* **and James C. Mosser**, submit this petition for writ of mandamus AND prohibition complaining of the order(s) of the Honorable Sheryl Day McFarlin, Associate Judge of the 160th District Court, Dallas County Texas. For clarity, relators are referred to as Mosser, or Relator. Respondent, the Honorable Sheryl Day McFarlin, is referred to by Honorable Sheryl Day McFarlin or Respondent; and the Real Party in Interest Jones and Mauldin Real Estate Partnership, LTD., is referred to as Jones.

The, underlying lawsuit is Jones and Mauldin Real Estate Partnership, LTD. v. Peter Zuccarelli, Antoinette Zuccarelli, Vince Mioli, Mary Frances Mioli, Tom Tortorice, and Marti Tortorice; Cause No. DC12-03140, in the 160th District Court, Dallas County Texas. The Captioned lawsuit.

Respondent issued an order directing Mosser, a non party to produce on or before July 5, 2013, at 5 p.m.; "... all documents, including any electronically stored documents, that any defendant has delivered to Mosser in connection with this case; and all medical excuses that have been delivered to Mosser relating to the health of any defendant in this case."

The order was allegedly based "Plaintiff's Motion for Enforcement of Discovery Order by Contempt and for Sanctions" filed on behalf of JONES AND MAULDIN REAL ESTATE PARTNERSHIP LTD. Subsequently Respondent issued an order based on hearing on the discovery motion the Mosser did not participate in, was not a party in and

was not permitted to attend.

Mosser believes that the orders are void *ab initio,* because Relator is not a party to the underlying suit and the claim is not based on a discovery matter or subpoena directed at or served on Mosser, and that the Respondent lacked authority to enter the order at Tab 1, as it relates to Mosser and that Respondent abused its discretion.

Exhibit R                                                                                              App. 306

STATEMENT OF THE CASE

Trial Court Disposition

The Plaintiff's attorney filed Plaintiff's Motion for Enforcement of Discovery Order by Contempt and for Sanctions Appendix Tab 4. The underlying proceeding relates to a void order titled ORDER RE JUNE 28, 2013 HEARING. Appendix Tab 1. The Hon. Sheryl McFarlin, ordered "... Mosser Law PLLC and Mr. James C Mosser to ... " See Appendix Tab 1. Subsequently The Hon. Sheryl Day McFarlin, ordered ... " Mosser Law PLLC and James C. Mosser ... deliver to this Court ...  (A) all documents, including any electronically stored documents, that any defendant has delivered to Mosser in connection with this case; and (B) all medical excuses that have been delivered to Mosser relating to the health of any defendant in this case." See Appendix Tab 1. This is the order complained of. Mosser did not appear at the subject hearing as he had been discharged by order of the court See Appendix Tab 2.

Exhibit R                                                                App. 307

STATEMENT OF JURISDICTION

This court has jurisdiction over this petition for writ of mandamus under Section 22.221(b) of the Texas Government Code.

ISSUES PRESENTED

**Issue Number One**: The 160th District Court does not have personal jurisdiction over *MOSSER LAW PLLC* **and or James C. Mosser**, or subject matter jurisdiction related to the client file. The **ORDER RE JUNE 28, 2013 HEARING**, related to *MOSSER LAW PLLC* **and or James C. Mosser**, is void *ab initio*.

STATEMENT OF FACTS

Relator *MOSSER LAW PLLC*, is a law firm in Dallas Texas. Relator James C.

Mosser is a lawyer in the Relator law firm. The Respondent is the Hon. Sheryl McFarlin.

RESPONDENT, the Associate Judge sitting for the elected judge in the 160th District

Court, Dallas County Texas. The underlying proceeding relates to a void order titled

ORDER RE JUNE 28, 2013 HEARING. Appendix Tab 1. JONES AND MAULDIN REAL

ESTATE PARTNERSHIP, LTD., are the plaintiff's in the Captioned lawsuit. The

Defendants PETER ZUCCARELLI, ANTOINETTE ZUCCARELLI, VINCE MIOLI, MARY

FRANCES MIOLI, TOM TORTORICE, and MARTI TORTORICE, are the named

defendants in the Captioned lawsuit, Jones and Mauldin Real Estate Partnership, LTD.

v. Peter Zuccarelli, Antoinette Zuccarelli, Vince Mioli, Mary Frances Mioli, Tom

Tortorice, and Marti Tortorice;  Cause No. DC12-03140, in the 160th District Court,

Dallas County Texas. The Captioned lawsuit.

Therein the Respondent ordered "... that James C.

Mosser, Nicholas D. Mosser and Mosser Law PLLC, have fulfilled their duties to the

court and to Defendants." See Appendix Tab 2.

After discharging Mosser Respondent, without Mosser present and excluding

Mosser for the subsequent hearing, the Respondent ordered: ... "On or before Friday,

July 5, 2013 at 5:00 PM Mosser Law PLLC and Mr. James C Mosser (together

"Mosser") shall deliver to this Court ... (A) all documents, including any electronically

stored documents, that any defendant has delivered to Mosser in connection with

this case; and (B) all medical excuses that have been delivered to Mosser relating to the

1

health of any defendant in this case." See Appendix Tab 1.

Relator is not a party to the Captioned lawsuit. Relator has not been served with Citation as a Defendant in the Captioned lawsuit and Relator has not been served with a petition naming Relator a Defendant in the Captioned lawsuit and Relator has not been served a subpoena naming Relator. Defendant Peter Zuccarelli owes Mosser Law PLLC and James C Mosser money from the prior representation. Mosser Law PLLC and James C Mosser decline to release Defendants PETER ZUCCARELLI, ANTOINETTE ZUCCARELLI, VINCE MIOLI, MARY FRANCES MIOLI, TOM TORTORICE, and MARTI TORTORICE's file to insure and maintain the rights of its possessory lien.

James C. Mosser was a lawyer representing Defendants PETER ZUCCARELLI, ANTOINETTE ZUCCARELLI, VINCE MIOLI, MARY FRANCES MIOLI, TOM TORTORICE, and MARTI TORTORICE in Cause No. DC12-03140. On 28 June 2013, the Hon. Sheryl McFarlin signed the ORDER GRANTING MOSSER LAW PLLC, JAMES C. MOSSER, AND NICHOLAS D. MOSSER'S MOTION TO WITHDRAW AS COUNSEL. Appendix Tab 2.

Subsequently, after Mosser had been discharged and after the court stated that "[the] have fulfilled their duties to the court and to Defendants", (Tab 2), the court held another hearing and entered the offending order as it relates to Mosser. See Tab 1.

ARGUMENT AND AUTHORITIES

**The 160TH District Court does not have personal jurisdiction over *MOSSER LAW PLLC* and or James C Mosser.**

It is undisputed that Mosser has not been served with citation or a petition

2

naming it a defendant in this case. The order at Tab 1, as it relates to Mosser is void, therefore, Mosser, need not show it does not have an adequate appellate remedy, and mandamus relief is appropriate. *In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605. See also *In re Mosser Mallers PLLC* 2008 WL 963170, 2 (Tex.App.-Dallas) (Tex.App.-Dallas,2008). The service requirement affords a means for the court to acquire jurisdiction over the party to be served. *City of Tyler v. Beck*, 196 S.W.3d 784, 787 (Tex. 2006). It is a fundamental rule of law in Texas that a plaintiff must properly invoke the jurisdiction of a trial court by valid service of citation on a defendant. *Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 200 (Tex. 1985). *Gray v. PHI Resources, Ltd.*, 710 S.W.2d 566, 567 (Tex. 1986). See *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987) (noting that absent consent, "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied"); *Bolden v. Greenpoint Mortgage Funding, Inc.*, No. 3:04-CV-0379-P, 2004 U.S. Dist. LEXIS 20508, at *14 (N.D. Tex., Oct. 13, 2004) ("The chief purpose of service of process is to provide 'notice of the pendency of a legal action . . . .'") (citation omitted); *Rose v. Rose*, 117 S.W. 3d 84, 87 (Tex. App.--Waco 2003, no pet.) ("Without actual service on a defendant or an effective substitute for service, a trial court generally lacks the power to render judgment against the defendant. . . . The purpose of service of citation is to ensure that the defendant has notice of the suit."); *TAC Americas, Inc. v. Boothe*, 94 S.W. 3d 315, 318 (Tex. App.--Austin 2002, no pet.) ("Generally, the purpose of citation is to give the court jurisdiction over the parties and to provide notice to the defendant . . . ."). The Texas Supreme Court has explained that even "[a]ctual notice to

3

a defendant," after defective substituted service, is "not sufficient to convey upon the court jurisdiction to render default judgment against him." **Wilson v. Dunn**, 800 S.W.2d 833, 836 (Tex. 1990)."Without notice via the required service of citation or a waiver thereof, nothing short of a general appearance will confer upon the trial court jurisdiction over a person." **Cotton v. Cotton**, 57 S.W.3d 506, 511 (Tex. App.--Waco 2001, no pet.).

Since Mosser Law PLLC or James C. Mosser is not a party to the underlying litigation and has never been served with citation or petition and has not waived service the court does not have personal jurisdiction over either, and the court does not have subject matter jurisdiction over their files. **Primrose Operating Co., Inc. v. Jones**, 102 S.W.3d 188, 193 (Tex.App.--Amarillo 2003, pet. denied). "If a trial court enters a judgment before it acquires jurisdiction of the parties, the judgment is void." **In re Guardianship of B.A.G.,** 794 S.W.2d 510, 511-12 (Tex. App.--Corpus Christi 1990, no writ) (citing **Browning v. Placke**, 698 S.W.2d 362, 363, 29 Tex. Sup. Ct. J. 33 (Tex. 1985)), "However, a void judgment is entirely null within itself and cannot be ratified or confirmed." **Del Peterson, D.D. Associates, Inc. v. Stromberger** 2005 WL 2363059,(Tex.App.-Dallas,2005). **In re Mask**, 198 S.W.3d 231, 234 (Tex. App. 2006)(A judgment or order is void when it is apparent that the court rendering it lacked jurisdiction of either the parties or the subject matter of the lawsuit.)(citing Perry v. Ponder, 604 S.W.2d 306, 322 (Tex.Civ.App.-Dallas 1980, no writ). See also **Dinyes v. Dinyes**, 2001 Tex. App. LEXIS 2303 (Tex. App. 2001). **In re Ashton** 266 S.W.3d 602 (Tex.App.–Dallas,2008).

4

**The ORDER RE JUNE 28, 2013 HEARING, relating to *MOSSER LAW PLLC* or James C. Mosser is void ab initio.**

The complained of order, **ORDER RE JUNE 28, 2013 HEARING, relating to** *MOSSER LAW PLLC* **or  James C. Mosser**, is void *ab initio*. Any portion of a trial court's ruling rendered in the absence of subject-matter jurisdiction is void. See ***Hong Kong Dev., Inc. v. Nguyen***, No. 01-04-00586-CV, 229 S.W.3d 415, 2007 Tex. App. LEXIS 4494, 2007 WL 1633360, at *13 (Tex. App.--Houston [1st Dist.] June 7, 2007, no pet. h.) ("An order is void, among other things, if the trial court lacks subject-matter jurisdiction to render it."). ***Klein v. Hernandez***, 2007 Tex. App. LEXIS 6284 (Tex. App. 2007). "An attorney has a general lien for his professional dues on the papers of his client in his hands, and upon all moneys in his possession belonging to his client." This doctrine is affirmed in ***Casey v. March***  1867 WL 4579, 2 (Tex.) (Tex. 1867), ***Randolph, Bowen & Co. v. Randolph***, 34 Tex. 181, 184-185 (Tex. 1871). That is to say, he cannot sell said papers under process to foreclose his lien, as may a pledgee or mortgagee in other cases, but his lien extends only to the right to retain such papers until his debt is paid. Casey v. March, 30 Tex. 180; 4 Cyc. 1005, and 1023; 3 Am. & Eng. Ency. Law, pp. 454, 464; Jones on Liens, § 132. ***Thomson v. Findlater Hardware Co.***, 156 S.W. 301, 303 (Tex. App. 1913). An attorney may withhold papers from a client only if the attorney claims a lien against the papers for amounts due from the client for professional services. ***Nolan v. Foreman***, 665 F.2d 738, 743 (5th cir. 1982), (citing Smith v. State, 490 S.W.2d 902, 910 (Tex. Civ. App. - Corpus Christi 1972, writ ref'd n.r.e.)); see also ***Griffith v. Geffen & Jacobsen, P.C.***, 693 S.W.2d 724, 728 (Tex. App. - Dallas 1985, no writ). 1988 Tex. AG LEXIS 107 (Tex. AG 1988). Mosser has is

5

retaining the Defendants' file because they owe money and Mosser has made demand on the Defendants for payment. The legal bill for fees and services remains unpaid.

There is no discovery request in this dispute and there has never been a discovery request directed to or served on *MOSSER LAW PLLC* or James C. Mosser as plaintiffs or defendants in this case. There is no discovery subpoena or request for production of *MOSSER LAW PLLC* or James C. Mosser's files pursuant to Rule 205, or served on *MOSSER LAW PLLC* or James C. Mosser as defendants in this case or as non-parties. See Tex.R. Civ. P. 205.1. In this case, it is undisputed that relator was not served with citation, did not waive citation, has not appeared, and is not a party to the dispute in trial court. "A trial court's ruling that requires production beyond what our procedural rules permit is an abuse of discretion." *In re Dana Corp.*, 138 S.W.3d 298, 301 (Tex.2004) (orig. proceeding). *In re Mosser Mallers PLLC* 2008 WL 963170, 2 (Tex.App.-Dallas) (Tex.App.-Dallas,2008). *In re Does 1-10*, 242 S.W.3d 805, 819 (Tex. App.—Texarkana 2007, no pet.)(conditionally granting mandamus relief to overturn a trial court order, issued ex parte).

PRAYER

For these reasons, *MOSSER LAW PLLC* and James C. Mosser, Relator, request that this court issue a Writ of Mandamus ordering Respondent, Hon. Sheryl Day McFarlin, to vacate or rescind the order compelling *MOSSER LAW PLLC* or James C. Mosser to "deliver to this Court ... (A) all documents, including any electronically stored documents, that any defendant has delivered to Mosser in connection with this case; and (B) all medical excuses that have been delivered to Mosser relating to the health of

6

any defendant in this case." See Tab 2.

Respectfully Submitted, MOSSER LAW PLLC
/s/ James C. Mosser
James C. Mosser
Texas Bar No. 00789784
17110 Dallas Parkway, Suite 290
Dallas, Texas 75248
Telephone 972-733-3223
Facsimile 972-267-5072
For Relator

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been delivered pursuant to Tex. R. App. P. 9.5 to counsel and Relator as indicated below on July 5, 2013.

Court Facsimile: 214-653-7194
Hon. Cheryl Day McFarlin                                    Respondent
160th District Court
George L. Allen, Sr. Courts Bldg.
600 Commerce St.
Dallas, Texas 75202

Paul A. Hoffman, Esq.                    Attorney for Real Parties in Interest
5400 LBJ Freeway, Ste. 1200
Dallas, Texas 75240
Facsimile: **972-380-2620**

Jones and Mauldin                              Real Parties in Interest
Real Estate Partnership, LTD.

/s/ James C. Mosser
James C. Mosser

7

Exhibit R                                                        App. 315

# VERIFICATION

BEFORE ME, the undersigned notary public, on this day personally appeared James C. Mosser, relator's attorney, who being duly sworn by me deposed and said:

1.    I am counsel for Mosser Law PLLC and James C. Mosser, relator in this case. I am over 21 years of age and am competent to make this affidavit. I have read the petition for writ of mandamus to which this verification is attached, which is filed on behalf of  Mosser Law PLLC and James C. Mosser and every factual statement contained in the petition is within my personal knowledge and is true and correct.

2.    The documents contained in the Appendix attached hereto and incorporated *in haec verba,* are authenticate true and correct copies of the orders and motions filed in the trial court and on information and on information and belief there was a reporter's record of trial court hearing. I have no personal knowledge of the court reporters identity, and that the motions, and orders contained in the appendix are true and correct copies.

3.    Further Affiant sayeth not.

James C. Mosser

Sworn to and subscribed before me by James C. Mosser on July 5, 2013.

_____
Notary Public in and for the State of Texas

My commission expires:  1-25-16



JENNIFER NICOLE SALINAS
MY COMMISSION EXPIRES
January 25, 2016

8

Exhibit R                                                                App. 316

APPENDIX

ORDER RE JUNE 28, 2013 HEARING                                        Tab 1

ORDER GRANTING MOSSER LAW PLLC, JAMES C. MOSSER, AND NICHOLAS D.

MOSSER'S MOTION TO WITHDRAW AS COUNSEL                    Tab 2

9

Exhibit R                                                                            App. 317

No. DC12-03140

| | | |
|---|---|---|
| JONES AND MAULDIN REAL ESTATE PARTNERSHIP, LTD. | § § § | IN THE 160TH JUDICIAL |
| V. | § § § | DISTRICT COURT OF |
| PETER ZUCCARELLI, ANTOINETTE ZUCCARELLI, VINCE MIOLI, MARY FRANCES MIOLI, TOM TORTORICE, MARTI TORTORICE, | § § § § § | DALLAS COUNTY, TEXAS |

<u>ORDER RE JUNE 28, 2013 HEARING</u>

ON THIS DAY Plaintiff's Motion for Enforcement of Discovery Order by Contempt and for Sanctions filed on behalf of JONES AND MAULDIN REAL ESTATE PARTNERSHIP LTD. (JMR) came before the court for consideration. JMR appeared by counsel AND PETER ZUCCARELLI (Zuccarelli) appeared in person, his legal counsel having previously been given permission to withdraw. All parties announced ready, and the Court heard testimony from two witnesses, as well as arguments of counsel. Based upon the matters presented the Court finds that the hearing should be recessed until certain matters ordered below have been addressed.

IT IS THEREFORE ORDERED that the following occur.:

1. On or before Friday, July 5, 2013 at 5:00 PM Mosser Law PLLC and Mr. James C Mosser (together "Mosser") shall deliver to this Court at Aux. Court room 6 C in the George L Allen, Sr. Courts Building, 600 Commerce St., Dallas, TX 75202 the following:

   (A) all documents, including any electronically stored documents, that any defendant has delivered to Mosser in connection with this case; and

   (B) all medical excuses that have been delivered to Mosser relating to the health of any defendant in this case.

2. At 3:00 o'clock P. M. on Monday, July 1, 2013, Zuccarelli shall open the door to the garage at his house located at 2605 Anders Lane in

Order Re June 28, 2013 Hearing                                                              1

Exhibit R                                                                        App. 348

Plano, Texas, and at that time allow Plaintiff's representatives to see, examine and photograph the contents. In no event shall Plaintiff's representatives "rifle" through the contents of the garage, &

3. Immediately thereafter, Zuccarelli shall go directly to 2104 Hutton Drive, Carrollton, TX, where Zuccarelli shall open the door and allow Plaintiff's representatives free access to said premises for the purposes of seeing, examining and photographing everything within said premises except the contents of closed desk drawers.

*two*

*and the visit is limited to 30 minutes.*

4. On or before 5:00 PM on Friday, July 5, 2013, Zuccarelli shall provide all records from Wells Fargo bank account number 5614387800 held in the name of Coating Advanced Technologies, Inc. for the periods between March 1, 2012 and July 31, 2012 and between March 1, 2013 and the present date to counsel for plaintiff, Bruce Monning, at his office, 4709 West Lovers Ln., Suite 100, Dallas, TX 75209.

5. Plaintiff shall be authorized to issue a subpoena for the financial records held by any defendant from Compass Bank, provided such subpoena is limited in time to the period between January 1, 2012 and June 28, 2013.

SIGNED on ___June 28___, 2013.

_____
JUDGE PRESIDING

Order Re June 28, 2013 Hearing                                    2

## CAUSE NO. DC12-03140

| | | |
|---|---|---|
| JONES AND MAULDIN REAL ESTATE PARTNERSHIP, LTD., Plaintiff, | § § § § | IN THE DISTRICT COURT |
| v. | § § | THE 160TH JUDICIAL DISTRICT |
| PETER ZUCCARELLI, ANTOINETTE ZUCCARELLI, VINCE MIOLI, MARY FRANCES MIOLI, TOM TORTORICE, MARTI TORTORICE, Defendants. | § § § § § § | OF DALLAS COUNTY, TEXAS |

## ORDER ON MOTION TO WITHDRAW

After considering James C. Mosser, Nicholas D. Mosser, and Mosser Law PLLC's motion to withdraw, the Court

GRANTS the motion and orders James C. Mosser, Nicholas D. Mosser, and Mosser Law PLLC withdrawn as attorney for Defendants, Peter Zuccarelli, Antoinette Zuccarelli, Vince Mioli, Mary Frances Mioli, Tom Tortorice, and Marti Tortorice., and that James C. Mosser, Nicholas D. Mosser and Mosser Law PLLC, have fulfilled their duties to the court and to Defendants.

SIGNED on ___June 28___, 2013.

_____
PRESIDING JUDGE

There was a record of testimony adduced at this hearing related to the complained of order, Mosser Law PLLC and James C. Mosser, were not in attendance and in fact excluded by court order from the hearing. Mosser Law PLLC and James C. Mosser do not have knowledge of the identity of the reporter.

10

**2013 WL 3718076**
Only the Westlaw citation is currently available.

SEE TX R RAP RULE 47.2 FOR
DESIGNATION AND SIGNING OF OPINIONS.

**MEMORANDUM OPINION**
Court of Appeals of Texas,
Dallas.

In re MOSSER LAW PLLC,
and James C. Mosser, Relators.

No. 05–13–00906–CV.    |    July 12, 2013.

On Appeal from the 160th Judicial District Court, Dallas County, Texas, Trial Court Cause No. DC–12–03140. Sheryl Day McFarlin, Judge.

**Attorneys and Law Firms**

James C. Mosser, Mosser Law, PLLC, Dallas, TX, for appellants.

Paul A. Hoffman, Paul A. Hoffman, P.C., Dallas, TX, for appellees.

Before Justices O'NEILL, LANG–MIERS, and EVANS.

**Opinion**

**MEMORANDUM OPINION**

Opinion by Justice LANG–MIERS.

**\*1** Relators contend the associate judge erred in ordering them to deliver certain documents to the trial court. The facts and issues are well known to the parties, so we need not recount them herein. Based on the record before us, we conclude relators have not shown they are entitled to the relief requested. *See* TEX.R.APP. P . 52.8(a); *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992) (orig.proceeding). Accordingly, we **DENY** relators' petition for writ of mandamus.

---

**End of Document**

© 2014 Thomson Reuters. No claim to original U.S. Government Works.

© 2014 Thomson Reuters. No claim to original U.S. Government Works.

# HAWASHMEADE
HAWASH MEADE GASTON NEESE & CICACK LLP

Samuel B. Haren
sharen@hmgllp.com
713-658-9001 (phone)
713-658-9011 (fax)



February 20, 2015

*Via Facsimile:*
*(972) 267-5072*
Mr. Nicholas D. Mosser
Mosser Law PLLC
17110 Dallas Parkway, Suite 290
Dallas, Texas 75248

      Re:    Cause No. 2014-10896, *Los Cucos Mexican Cafe VIII, Inc.* et al. *v. 8650 Frisco, LLC* et al. in the 133rd Judicial District Court of Harris County, Texas

Dear Mr. Mosser:

Plaintiffs served certain discovery requests on Defendant 8650 Frisco, LLC on April 14, 2014. On June 23, 2014, the Court overruled your objections to requests for production 1, 2, 3, 4, 5, 7, and 8 and ordered you to produce all responsive documents. On July 28, the Court again overruled your objections and again ordered you to produce all responsive documents. You were required to produce the documents "at Plaintiffs' attorneys' office by Aug[ust] 1, 2014 at 5:00 p.m." We still have not received these documents.

If we have not received these documents by 5:00 p.m. today, we will move to compel and seek sanctions. If you need assistance serving the documents electronically, we would be happy to help.

                         Yours truly,

                         Samuel B. Haren

Exhibit R           Exhibit 25           App. 323

# MOSSER LAW PLLC

17110 DALLAS PARKWAY, SUITE 290 • DALLAS, TEXAS 75248 • 972-733-3223 • FAX: 972-267-5072
MOSSERLAW.COM

February 20, 2015

**Via eFile**
Kelly Stephens
P.O. Box 79734
Houston, Texas 77279
Telephone: 1-281-394-3287
Facsimile: 1-832-476-5460
kstephens@stephensdominitz.com


RE: Los Cucos VIII, Inc. Et al.,  v. 8650 Frisco LLC, et al.

Dear Mr. Stephens:

We are in receipt of Mr. Harem's letter regarding some unspecified production. However it seems most of that discovery would be rendered moot by your nonsuiting all claims except for the Rule 11 agreement.

Even if that production were not moot at this time, we have complied with all orders of this court and would need more specifics as to what you are referring. This information would be necessary to investigate what documents you contend you did not receive and where that error may lie.


Respectfully, **MOSSER LAW PLLC**



/s/ Nicholas D. Mosser
Nicholas D. Mosser

### CERTIFICATE OF SERVICE

I certify that on February 20, 2015 , a true and correct copy of this document was served to the following pursuant to Texas Rules of Civil Procedure 21 & 21(a).

Kelly Stephens
P.O. Box 79734
Houston, Texas 77279
Telephone: 1-281-394-3287
Facsimile: 1-832-476-5460

kstephens@stephensdominitz.com

/s/ Nicholas D. Mosser
By: Nicholas D. Mosser

| | |
|---|---|
| **Los Cucos Mexican Cafe VIII, Inc.;** **Los Cucos Mexican Cafe IV, Inc.;** **Manuel Cabrera; and Sergio Cabrera,** Plaintiffs | **In the District Court of** |
| v. | **Harris County, Texas** |
| **8650 Frisco, LLC d/b/a Estilo Gaucho Brazilian Steakhouse; Mandona, LLC; Galovelho, LLC; Bahtche, LLC; Claudio Nunes; and David Jeiel Rodrigues,** Defendant | **133rd Judicial District** |

## Notice of Hearing

Please take notice that the Court will conduct an oral hearing on Defendants' Second Motion to Enforce the Court's Order and for Sanctions on March 30, 2015, at 2:00 p.m. in the 133rd Judicial District Court of Harris County, Texas.

Respectfully submitted,

**Stephens & Domnitz, PLLC**

*/s/ Kelly D. Stephens*
Kelly D. Stephens
State Bar No. 19158300
P.O. Box 79734
2118 Smith Street
Houston, Texas 77279-9734
281-394-3287 (phone)
832-476-5460 (fax)
kstephens@stephensdomnitz.com

**Hawash Meade Gaston**
**Neese & Cicack LLP**

Andrew K. Meade
State Bar No. 24032854
Jeremy M. Masten
State Bar No. 24083454
Samuel B. Haren
State Bar No. 24059899
2118 Smith Street
Houston, Texas 77002
713-658-9001 (phone)
713-658-9011 (fax)
ameade@hmgnc.com
jmasten@hmgnc.com
sharen@hmgnc.com

**Cox Smith Matthews Incorporated**

David Kinder
State Bar No. 11432550
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205
210-554-4400 (phone)
210-226-8395 (fax)
dkinder@coxsmith.com

**Attorneys for Plaintiffs**

2

## <u>Certificate of Service</u>

A true and correct copy of the foregoing has been served on all counsel of record via electronic service on February 20, 2015.

James C. Mosser
Nicholas D. Mosser
Mosser Law PLLC
17110 Dallas Pky, Suite 290
Dallas, Texas 75248

*/s/ Samuel B. Haren*
Samuel B. Haren

## CAUSE NO. 2014-10896

| | | |
|---|---|---|
| **LOS CUCOS MEXICAN CAFÉ VIII, INC., LOS CUCOS MEXICAN CAFÉ IV, INC., MANUEL CABRERA, and SERGIO CABRERA** | § § § § § | **IN THE DISTRICT COURT OF** |
| **PLAINTIFFS,** | § § | |
| **V.** | § § § | **HARRIS COUNTY, TEXAS** |
| **8650 FRISCO, LLC d/b/a ESTILO GAUCHO BRAZILIAN STEAKHOUSE, MANDONA, LLC, GALOVELHO, LLC, BAHTCHE, LLC, CLAUDIO NUNES and DAVID JEIEL RODRIGUES** | § § § § § § § | |
| **DEFENDANTS.** | § | **133rd JUDICIAL DISTRICT** |

### DEFENDANTS' RESPONSE TO PLAINTIFFS' SECOND MOTION TO ENFORCE THE COURT'S ORDER AND FOR SANCTIONS AND DEFENDANTS' MOTION FOR SANCTIONS

Defendants, 8650 Frisco, LLC, d/b/a Estilo Gaucho Brazilian Steakhouse, Mandona, LLC, Galovelho, LLC, Batche, LLC, Claudio Nunes, and David Jeiel Rodrigues, files this, their response to Plaintiffs' Second Motion to Enforce the Court's Order and for Sanction and Defendants' Motion for Sanctions.

### RESPONSE

1.     In an effort to reduce the length of this response, Defendants will not address the majority of Plaintiffs' 218 page motion, instead Defendants will focus on the alleged contempt Plaintiffs have falsified. Defendants deny the majority of the factual contentions contained within Plaintiffs motion, however, the false statements concerning Plaintiffs allegations of contempt are sufficient to warrant severe sanctions alone.

Exhibit S                                                            App. 329

2. On August 1, 2015 Kelly Stephens turned his fax machine off, after the court ordered Defendants produce documents before 5:00pm. See Plaintiffs' Second Motion to Enforce the Court's Order and for Sanctions, Exhibit 18.

3. Shortly thereafter, Plaintiffs sent a condescending letter acknowledging the Attorney in Charge's disconnected fax machine, and stating "If you are unsure how to use an FTP link or Dropbox, we would be happy to provide assistance." Plaintiffs' Second Motion to Enforce the Court's Order and for Sanctions, Exhibit 19.

4. Despite this claim of superior knowledge regarding "FTP link[s] or Dropbox," Plaintiffs contend they were never served with the now moot document production. Plaintiffs' Second Motion to Enforce the Court's Order and for Sanctions, Exhibit 25.

5. After Plaintiffs filed their Second Motion to Enforce the Court's Order and for Sanctions, Defendants provided Plaintiffs the exact date and time the documents were served and requested Plaintiffs withdraw their harassing motion. Plaintiffs declined this offer. Exhibit A.

6. Plaintiffs currently have at least seven lawyers working on their case spread across three law firms. None of these lawyers, including the attorney in charge, Kelly Stephens, checked his eservice account for the documents. Plaintiffs' counsel would prefer to churn their file, lie to the court, and otherwise demean the practice of law through incorrect statements of fact, law, and holdings of the courts.

7. As Defendants' counsel has previously told Plaintiffs' Counsel, the documents were served on the Attorney in Charge on August 1, 2014 at 4:46pm. Exhibit B. Plaintiffs counsel ignored this service for the "200 days" until they filed their baseless motion, and even now continue ignore the fact that they were served.

8. Texas Civil Practice and Remedies Chapter 9 and Texas Rule of Civil Procedure 13 controls when an attorney lies to the court on documents. Texas Civil Practice and Remedies Code Chapter 9 states, "The signing of a pleading as required by the Texas Rules of Civil Procedure constitutes a certificate by the signatory that to the signatory's best knowledge, information, and belief, formed after reasonable inquiry, the pleading is not: (1) groundless and brought in bad faith; (2) groundless and brought for the purpose of harassment;" Tex. Civ. Prac. & Rem. Code Ann. § 9.011 (West).

9. Similarly, Rule 13 states, "The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other paper; that to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment." Tex. R. Civ. P. 13.

10. Plaintiffs current motion is patently groundless and brought in bad faith and/or for the purpose of harassment. The attorney in charge, Kelly Stephens, was served all documents the Court required to be served. Exhibit B. Despite actual service of the documents, Plaintiffs and their seven lawyers bring the present libelous motion for no purpose other than to churn their own file and harass Defendants.

11. Plaintiffs' motion requests $500 per day starting August 1, 2014 until "Defendants finally produce [the documents]." Plaintiffs' Second Motion to Enforce the Court's Order and for Sanctions, pg 6. This amounts to a $100,000 fine because Plaintiffs wish to lie to the court.

12. Defendants believe that it is more egregious for Plaintiffs to falsify information to the

Court where they intentionally attack another lawyer. This conduct is not unique to this situation.

13. Plaintiffs falsified their notice of hearing on the Motion for Summary Judgment. The Clerk of the Court informed Defendants that she did not give Plaintiffs either a hearing or submission on March 2, 2015. She went on to state that she was not sure why they set it for hearing on March 2, 2015, but she never gave Plaintiffs that date. However, rather than simply identifying the error, Plaintiffs in a clear effort to churn their file refuse to reset the improper hearing, and have filed a 12 page response in their effort to keep a hearing/submission date on March 2, 2015– that NEVER EXISTED.

## Conclusion

Plaintiffs' counsel has lied to the court and knowingly brought a motion in bad faith and for the purpose of harassment. The Court should impose a sanction upon Plaintiffs counsel for their egregious and false filing equal to their obscene request on Defendants, $100,000. Plaintiffs Counsel should be admonished that between the three law firms and at least seven lawyers listed on the pleadings one should realize that this conduct should not be tolerated.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants request that the Court, after notice and hearing, deny Plaintiffs' Motion, and impose sanctions upon Kelly Stephens for signing and filing false documents with the court.

Respectfully submitted, MOSSER LAW PLLC

/s/ Nicholas D. Mosser
James C. Mosser
Texas Bar No. 00789784
Nicholas D. Mosser
Texas Bar No. 24075405
17110 Dallas Parkway, Suite 290
Dallas, Texas  75248
Telephone 972-733-3223
Facsimile 972-267-5072
courtdocuments@mosserlaw.com
Lawyers for Defendants

## CERTIFICATE OF SERVICE

I certify that on March 3, 2015, a true and correct copy of this document was served pursuant to Tex. R. Civ. P. 21 and 21a, to the following counsel/parties:

Kelly Stephens
P.O. Box 79734
Houston, Texas 77279
Telephone: 1-281-394-3287
Facsimile: 1-832-476-5460


Nicholas D. Mosser
By: Nicholas D. Mosser

# MOSSER LAW PLLC

17110 DALLAS PARKWAY, SUITE 290 • DALLAS, TEXAS 75248 • 972-733-3223 • FAX: 972-267-5072
MOSSERLAW.COM

February 21, 2015

**Via eFile**
Kelly Stephens
P.O. Box 79734
Houston, Texas 77279
Telephone: 1-281-394-3287
Facsimile: 1-832-476-5460


RE: Los Cucos VIII, Inc. Et al.,  v. 8650 Frisco LLC, et al.

Dear Mr. Stephens:

Please withdraw your baseless and harassing motion you filed on Friday February 20, 2015 no later than 12:00pm Monday February 23, 2015. The documents you contend were never served on you, were served on Plaintiffs attorney in charge  at 4:46:18 PM on August 1, 2014.

Respectfully, **MOSSER LAW PLLC**


/s/ Nicholas D. Mosser
Nicholas D. Mosser

## CERTIFICATE OF SERVICE

I certify that on February 21, 2015, a true and correct copy of this document was served to the following pursuant to Texas Rules of Civil Procedure 21 & 21(a).

Kelly Stephens
P.O. Box 79734
Houston, Texas 77279
Telephone: 1-281-394-3287
Facsimile: 1-832-476-5460

/s/ Nicholas D. Mosser
By: Nicholas D. Mosser

[Print this page](#)

# Case # 201410896 - LOS CUCOS MEXICAN CAFE VIII, INC. v 8650 FRISCO, LLC DBA ESTILO GAUCHO BRAZILIAN STEAK

## Case Information

| | |
|---|---|
| Location | Harris County - 133rd Civil District Court |
| Date Filed | 08/01/2014 04:46:18 PM |
| Case Number | 201410896 |
| Case Description | LOS CUCOS MEXICAN CAFE VIII, INC. v 8650 FRISCO, LLC DBA ESTILO GAUCHO BRAZILIAN STEAK |
| Assigned to Judge | |
| Attorney | Nicholas Mosser |
| Firm Name | Mosser Law PLLC Lawyers |
| Filed By | Nicholas Mosser |
| Filer Type | Attorney |

## Fees

| | |
|---|---|
| Convenience Fee | $0.00 |
| Total Court Case Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Service Tax Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Grand Total | $0.00 |

## Payment

| | |
|---|---|
| Account Name | Mosser Law 1 |
| Transaction Amount | $0.00 |
| Transaction Response | |
| Transaction ID | 3362193 |
| Order # | 002029603-0 |

## Service Only

| | |
|---|---|
| Filing Type | Serve |
| Filing Code | Service Only |
| Filing Description | Supplemental |
| Reference Number | |
| Comments | |
| Status | Served |

## Fees

Exhibit S                    Exhibit B                 App. 335

| | | |
|---|---|---|
| Court Fee | $0.00 | |
| Service Fee | $0.00 | |

**Documents**

*Service Document*       will produce.pdf          [Original]        [Transmitted]

**eService Details**

| Name/Email | Firm | Service Type | Status | Served | Date/Time Opened |
|---|---|---|---|---|---|
| Kelly D. Stephens kstephens@stephensdomnitz.com | Stephens & Domnitz PLLC | EServe | Sent | Yes | Not Opened |
| James C Mosser CourtDocuments@MosserLaw.com | Mosser Law PLLC Lawyers | EServe | Sent | Yes | 08/04/2014 11:33:33 AM |

Exhibit S                              Exhibit B                              App. 336

CAUSE NO. 2014-10896

| | | |
|---|---|---|
| **LOS CUCOS MEXICAN CAFÉ VIII, INC., LOS CUCOS MEXICAN CAFÉ IV, INC., MANUEL CABRERA, and SERGIO CABRERA** | § § § § § | **IN THE DISTRICT COURT OF** |
| **PLAINTIFFS,** | § § | |
| **V.** | § § § | **HARRIS COUNTY, TEXAS** |
| **8650 FRISCO, LLC d/b/a ESTILO GAUCHO BRAZILIAN STEAKHOUSE, MANDONA, LLC, GALOVELHO, LLC, BAHTCHE, LLC, CLAUDIO NUNES and DAVID JEIEL RODRIGUES** | § § § § § § | |
| **DEFENDANTS.** | § | **133rd JUDICIAL DISTRICT** |

**SUPPLEMENT TO DEFENDANTS' RESPONSE TO PLAINTIFFS' SECOND MOTION TO ENFORCE THE COURT'S ORDER AND FOR SANCTIONS AND DEFENDANTS' MOTION FOR SANCTIONS**

Defendants, 8650 Frisco, LLC, d/b/a Estilo Gaucho Brazilian Steakhouse, Mandona, LLC, Galovelho, LLC, Batche, LLC, Claudio Nunes, and David Jeiel Rodrigues, files this, their supplemental response to Plaintiffs' Second Motion to Enforce the Court's Order and for Sanction and Defendants' Motion for Sanctions.

**RESPONSE**

1.  Defendants tender Exhibit C to further illustrate that Plaintiffs' counsel was aware of the service prior to filing the sanctions motion, however, chose to ignore the document served on him. Furthermore, Plaintiffs' counsel attempts to argue that instantaneous service of a document prior to 5:00 pm was not valid service because his email server failed to retrieve the document until later. Exhibit C.

2.  Finally, Despite Plaintiffs indication that they would take their sanctions motion

Exhibit T                                                                                    App. 337

down, it has yet to be removed from the Court's docket nor has any filing been submitted withdrawing the sanctions motion.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants request that the Court, after notice and hearing, deny Plaintiffs' Motion, and impose sanctions upon Kelly Stephens for signing and filing false documents with the court.

Respectfully submitted, *MOSSER LAW  PLLC*

/s/ Nicholas D. Mosser
James C. Mosser
Texas Bar No. 00789784
Nicholas D. Mosser
Texas Bar No. 24075405
2805 Dallas Parkway, Suite 200
Plano, Texas  75248
Telephone 972-733-3223
Facsimile 972-267-5072
courtdocuments@mosserlaw.com
Lawyers for Defendants

## CERTIFICATE OF SERVICE

I certify that on March 23, 2015, a true and correct copy of this document was served pursuant to Tex. R. Civ. P. 21 and 21a, to the following counsel/parties:

Kelly Stephens
P.O. Box 79734
Houston, Texas 77279
Telephone: 1-281-394-3287
Facsimile: 1-832-476-5460

Nicholas D. Mosser
By: Nicholas D. Mosser

# STEPHENS & DOMNITZ, PLLC
ATTORNEYS AT LAW OFFICES

| | |
|---|---|
| *P.O. Box 79734* | *TELEPHONE*   *281-394-3287* |
| *HOUSTON, TEXAS 77279-9734* | *FACSIMILE*   *832-476-5460* |

March 4, 2015

*Via Facsimile:  (972) 267-5072*
Nicholas D.  Mosser
Mosser Law PLLC
17110 Dallas Pkwy, Ste. 290
Dallas, TX  75248

RE:  Cause No. 2014-10896; *Los Cucos Mexican Café VIII et al, vs. 8650 Frisco, LLC d/b/a Gaucho Brazilian Steakhouse et al*, in the 133rd Judicial District Court of Harris County, Texas.

Dear Mr. Mosser:

After having a chance to review your response to the Motion to Compel, I see that your position is that submitting documents for e-service at 4:46 p.m., on August 1, 2014, constituted delivery by 5:00 p.m. to my offices.

I would point out to you that the Court's Order was not about service as set forth in Rule 21a, but rather about physical delivery of the documents. Your exhibit shows that the documents were not sent to your e-service until 4:46 p.m. My email shows that the same were not forwarded to me until 5:47 p.m. Even then, it was not the documents that were delivered but rather a notice that they had been placed in the e-service and could be downloaded. Thus your delivery was not, as ordered, by 5:00 p.m. and, as you know, I did not receive the documents.

Further, at this point, I have no way of knowing what documents were being sent via e-service as I cannot now download documents from the notice.

However, my goal is not to 1) split hairs on procedure, nor 2) to unnecessarily burden the court, nor 3) to seek to punish you. I simply want the documents we requested and which the court previously ordered you to deliver to me.

If you will deliver to me the documents requested by 3:00 p.m. this Friday, March 6, 2015, I will withdraw the motion.   I further request that the documents be supplemented to contain information through the end of 2014.

In fairness, I cannot represent to the court that the documents were not sent as you have represented. I can say that something was sent, but not what it was. Had I recognized this and downloaded the appropriate documents, I would have accepted the

Page 1 of 2

Exhibit T                                                              App. 339

production as delivered. Because of that, I feel obligated to withdraw the request for sanctions.

However, I do not have the documents and I require them to go forward. As such, if you have not delivered the documents to me by 3:00 p.m. this coming Friday, I will withdraw the request for sanctions, but continue with the motion to compel.

Sincerely,

s/Kelly D. Stephens
Kelly D Stephens

Exhibit T                                                            App. 340

# STEPHENS & DOMNITZ, PLLC
ATTORNEYS AT LAW

P.O. BOX 79734                          TELEPHONE      281-394-3287
HOUSTON, TEXAS 77279-9734               FACSIMILE      713-476-5460



| To: | Nicholas Mosser, The Mosser Law Firm | From: | Kelly D. Stephens |
|---|---|---|---|
| Fax: | 972-267-5072 | Pages: | 2   Including cover |
| Phone: | | Date: | March 4, 2015 |
| Re: | Los Cucos v. 8650 Frisco | CC: | |

☐ Urgent      ☐ For Review      ☐ Please Comment      ☐ Please Reply      ☐ Please Recycle

● Comments:

Enclosed:  Letter of March 4, 2015.

Exhibit T                                                                App. 341

# MOSSER LAW PLLC

2805 DALLAS PARKWAY, SUITE 222 • PLANO, TEXAS 75093 • 972-733-3223 • FAX: 469-626-1073
**MOSSERLAW.COM**

April 1, 2015

**Via eFile**
Kelly Stephens
P.O. Box 79734
Houston, Texas 77279
Telephone: 1-281-394-3287
Facsimile: 1-832-476-5460
kstephens@stephensdominitz.com

RE: Los Cucos VIII, Inc. Et al., v. 8650 Frisco LLC, et al.

Dear Mr. Stephens:

It appears as though you have not paid the bill on your facsimile line, the telephone company indicates that the line has been disconnected. Similarly, it appears as though the four or five lawyers at Mr. Meade's firm are experiencing difficulties with their fax machine preventing service.

Given Mr. Harem's argument in court Monday, that utilization of the State Mandated eService provider to serve documents was inappropriate and the Court restriction on mailing documents I believe faxing the documents is the most certain way to assure that you do not fail to open the file and lose information you are charged with safekeeping for your clients, again.

If you find that you have lost the documents again, I believe Mr. Kinder has been served a complete set of documents– as it appears his fax machine is plugged in, he has paid the telephone bill, and his staff has not been disconnecting the machine during the middle of a transmission.

I would appreciate it if you would look into these issues, and correct your signature block in your pleadings. Attached are my numerous attempts at serving you and the other eight lawyers attempting to represent your clients.

Respectfully, *MOSSER LAW PLLC*

/s/ Nicholas D. Mosser
Nicholas D. Mosser

Exhibit U                                                                App. 342

**CERTIFICATE OF SERVICE**

I certify that on April 1, 2015, a true and correct copy of this document was served pursuant to Texas Rules of Civil Procedure 21 & 21(a) on all nine counsel representing Plaintiffs.

/s/ Nicholas D. Mosser
Nicholas D. Mosser

# MOSSER LAW PLLC

## LAWYERS

2805 DALLAS PARKWAY, SUITE 222 • PLANO, TEXAS 75093 • 972-733-3223 • FAX: 469-626-1073
MOSSERLAW.COM

March 31, 2015

**Via Facsimile:**

**RE:** *Los Cucos VII, Inc., et al. v. 8650 Frisco LLC, et al.*

Dear Counsel:

Pursuant to Mr. Haren's argument in court yesterday, that e-service through the state mandated e-service provider was not permitted, please find attached the documents we previously sent to you in August that Mr. Kelly deleted in violation of his ethical duties.

Respectfully, *MOSSER LAW PLLC LAWYERS*

by: Nicholas D. Mosser, Lawyer

Exhibit U

App. 344

| Destination | Start Time | Time | Prints | Result | Note |
|---|---|---|---|---|---|
| 17136589011 | 03-31 17:06 | 00:24:15 | 038/113 | NG | L1 |
| 12102268395 | 03-31 17:32 | 01:07:15 | 113/113 | OK | L1 |
| 18324765460 | 03-31 18:43 | 00:00:56 | 000/113 | No Ans | L1 |

Note    L1: Main Circuit, L2: Sub Circuit, TMR: Timer, POL: Poll, ORG: Original, FME: Frame Erase TX,
        MIX: Mixed Original, CALL: Manual Communication, CSRC: CSRC, FWD: Forward, PC: PC-FAX,
        BND: Bind, SP: Special Original, FCODE: F-Code, RTX: Re-Tx, RLY: Relay, MBX: Confidential,
        BUL:Bulletin, SIP:SIP-Fax, IPADR:IP Address Fax, I-FAX:Internet Fax

Result  OK: Communication OK, S-OK: Stop Communication, PW-OFF: Power Switch OFF,
        TEL: RX from TEL, NG: Other Error, Cont: Continue, No Ans: No Answer,
        Refuse: Receipt Refused, Busy: Busy, M-Full:Memory Full,
        LOVR:Receiving length Over, POVER:Receiving page Over, FIL:File Error,
        DC:Decode Error, MDN:MDN Response Error, DSN:DSN Response Error.

# MOSSER LAW PLLC

### LAWYERS

2805 DALLAS PARKWAY, SUITE 222 • PLANO, TEXAS 75093 • 972-733-3223 • FAX: 469-626-1073
MOSSERLAW.COM

March 31, 2015

**Via Facsimile:**

**RE:    _Los Cucos VII, Inc., et al. v. 8650 Frisco LLC, et al._**

Dear Counsel:

Pursuant to Mr. Haren's argument in court yesterday, that e-service through the state mandated e-service provider was not permitted, please find attached the documents we previously sent to you in August that Mr. Kelly deleted in violation of his ethical duties.

Respectfully, MOSSER LAW PLLC LAWYERS

By: Nicholas D. Mosser, Lawyer

Exhibit U                                                                    App. 345

| Destination | Start Time | Time | Prints | Result | Note |
|---|---|---|---|---|---|
| 17136589011 | 03-31 19:01 | 00:23:57 | 038/113 | NG | L1 |
| 12102268395 | 03-31 19:27 | 01:07:56 | 113/113 | OK | L1 |
| 18324765460 | 03-31 20:38 | 00:00:56 | 000/113 | No Ans | L1 |

Note    L1: Main Circuit, L2: Sub Circuit, TMR: Timer, POL: Poll, ORG: Original, FME: Frame Erase TX,
        MIX: Mixed Original, CALL: Manual Communication, CSRC: CSRC, FWD: Forward, PC: PC-FAX,
        BND: Bind, SP: Special Original, FCODE: F-Code, RTX: Re-Tx, RLY: Relay, MBX: Confidential,
        BUL:Bulletin, SIP:SIP-Fax,  IPADR:IP Address Fax, I-FAX:Internet Fax

Result  OK: Communication OK, S-OK: Stop Communication, PW-OFF: Power Switch OFF,
        TEL: RX from TEL, NG: Other Error, Cont: Continue, No Ans: No Answer,
        Refuse: Receipt Refused, Busy: Busy, M-Full:Memory Full,
        LOVR:Receiving length Over, POVER:Receiving page Over, FIL:File Error,
        DC:Decode Error, MDN:MDN Response Error, DSN:DSN Response Error.

# MOSSER LAW PLLC

### LAWYERS

2805 DALLAS PARKWAY, SUITE 222 • PLANO, TEXAS 75093 • 972-733-3223 • FAX: 469-626-1073
MOSSERLAW.COM

March 31, 2015

**Via Facsimile:**

**RE:    _Los Cucos VII, Inc., et al. v. 8650 Frisco LLC, et al._**

Dear Counsel:

        Pursuant to Mr. Haren's argument in court yesterday, that e-service through the
state mandated e-service provider was not permitted, please find attached the
documents we previously sent to you in August that Mr. Kelly deleted in violation of his
ethical duties.

Respectfully, MOSSER LAW PLLC LAWYERS

by Nicholas D. Mosser, Lawyer

Exhibit U                                                          App. 346

| Destination | Start Time | Time | Prints | Result | Note |
|---|---|---|---|---|---|
| 17136589011 | 03-31 20:56 | 00:11:50 | 019/113 | NG | L1 |
| 12102268395 | 03-31 21:10 | 01:20:57 | 113/113 | OK | L1 |
| 18324765460 | 03-31 22:34 | 00:00:56 | 000/113 | No Ans | L1 |

Note    L1: Main Circuit, L2: Sub Circuit, TMR: Timer, POL: Poll, ORG: Original, FME: Frame Erase TX,
        MIX: Mixed Original, CALL: Manual Communication, CSRC: CSRC, FWD: Forward, PC: PC-FAX,
        BND: Bind, SP: Special Original, FCODE: F-Code, RTX: Re-Tx, RLY: Relay, MBX: Confidential,
        BUL:Bulletin, SIP:SIP-Fax, IPADR:IP Address Fax, I-FAX:Internet Fax

Result  OK: Communication OK, S-OK: Stop Communication, PW-OFF: Power Switch OFF,
        TEL: RX from TEL, NG: Other Error, Cont: Continue, No Ans: No Answer,
        Refuse: Receipt Refused, Busy: Busy, M-Full:Memory Full,
        LOVR:Receiving length Over, POVER:Receiving page Over, FIL:File Error,
        DC:Decode Error, MDN:MDN Response Error, DSN:DSN Response Error.

# MOSSER LAW PLLC
## LAWYERS
2805 DALLAS PARKWAY, SUITE 222 • PLANO, TEXAS 75093 • 972-733-3223 • FAX: 469-626-1073
MOSSERLAW.COM

March 31, 2015

**Via Facsimile:**

**RE:    *Los Cucos VII, Inc., et al. v. 8650 Frisco LLC, et al.***

Dear Counsel:

Pursuant to Mr. Haren's argument in court yesterday, that e-service through the
state mandated e-service provider was not permitted, please find attached the
documents we previously sent to you in August that Mr. Kelly deleted in violation of his
ethical duties.

Respectfully, MOSSER LAW PLLC LAWYERS

By: Nicholas D. Mosser, Lawyer

Exhibit U                                              App. 347

| Destination | Start Time | Time | Prints | Result | Note |
|---|---|---|---|---|---|
| 17136589011 | 03-31 22:52 | 00:23:59 | 038/113 | NG | L1 |
| 12102268395 | 03-31 23:52 | 00:43:07 | 077/113 | OK | L1 |
| 18324765460 | 04-01 00:39 | 00:00:56 | 000/113 | No Ans | L1 |

Note    L1: Main Circuit, L2: Sub Circuit, TMR: Timer, POL: Poll, ORG: Original, FME: Frame Erase TX,
        MIX: Mixed Original, CALL: Manual Communication, CSRC: CSRC, FWD: Forward, PC: PC-FAX,
        BND: Bind, SP: Special Original, FCODE: F-Code, RTX: Re-Tx, RLY: Relay, MBX: Confidential,
        BUL:Bulletin, SIP:SIP-Fax, IPADR:IP Address Fax, I-FAX:Internet Fax

Result  OK: Communication OK, S-OK: Stop Communication, PW-OFF: Power Switch OFF,
        TEL: RX from TEL, NG: Other Error, Cont: Continue, No Ans: No Answer,
        Refuse: Receipt Refused, Busy: Busy, M-Full:Memory Full,
        LOVR:Receiving length Over, POVER:Receiving page Over, FIL:File Error,
        DC:Decode Error, MDN:MDN Response Error, DSN:DSN Response Error.

# MOSSER LAW PLLC

### LAWYERS

2805 DALLAS PARKWAY, SUITE 222 ▪ PLANO, TEXAS 75093 ▪ 972-733-3223 ▪ FAX: 469-626-1073
MOSSERLAW.COM

March 31, 2015

**Via Facsimile:**

**RE:    Los Cucos VII, Inc., et al. v. 8650 Frisco LLC, et al.**

Dear Counsel:

Pursuant to Mr. Haren's argument in court yesterday, that e-service through the state mandated e-service provider was not permitted, please find attached the documents we previously sent to you in August that Mr. Kelly deleted in violation of his ethical duties.

Respectfully, *MOSSER LAW PLLC LAWYERS*

by Nicholas D. Mosser, Lawyer

Exhibit U                                                      App. 348

| Destination | Start Time | Time | Prints | Result | Note |
|---|---|---|---|---|---|
| 17136589011 | 04-01 11:00 | 00:24:09 | 038/114 | NG | L1 |
| 18324765460 | 04-01 11:29 | 00:00:56 | 000/114 | No Ans | L1 |

Note    L1: Main Circuit, L2: Sub Circuit, TMR: Timer, POL: Poll, ORG: Original, FME: Frame Erase TX,
        MIX: Mixed Original, CALL: Manual Communication, CSRC: CSRC, FWD: Forward, PC: PC-FAX,
        BND: Bind, SP: Special Original, FCODE: F-Code, RTX: Re-Tx, RLY: Relay, MBX: Confidential,
        BUL:Bulletin, SIP:SIP-Fax, IPADR:IP Address Fax, I-FAX:Internet Fax

Result  OK: Communication OK, S-OK: Stop Communication, PW-OFF: Power Switch OFF,
        TEL: RX from TEL, NG: Other Error, Cont: Continue, No Ans: No Answer,
        Refuse: Receipt Refused, Busy: Busy, M-Full:Memory Full,
        LOVR:Receiving length Over, POVER:Receiving page Over, FIL:File Error,
        DC:Decode Error, MDN:MDN Response Error, DSN:DSN Response Error.

# MOSSER LAW PLLC

### LAWYERS

2805 DALLAS PARKWAY, SUITE 222 • PLANO, TEXAS 75093 • 972-733-3223 • FAX: 469-626-1073
MOSSERLAW.COM

March 31, 2015

**Via Facsimile:**

**RE:   *Los Cucos VII, Inc., et al. v. 8650 Frisco LLC, et al.***

Dear Counsel:

Pursuant to Mr. Haren's argument in court yesterday, that e-service through the state mandated e-service provider was not permitted, please find attached the documents we previously sent to you in August that Mr. Kelly deleted in violation of his ethical duties.

Respectfully MOSSER LAW PLLC LAWYERS

By: Nicholas D. Mosser, Lawyer

Exhibit U                                                        App. 349

| Destination | Start Time | Time | Prints | Result | Note |
|---|---|---|---|---|---|
| 7136589011 | 04-01 11:48 | 00:24:14 | 038/114 | NG | L1 |
| 8324765460 | 04-01 12:16 | 00:00:56 | 000/114 | No Ans | L1 |

Note    L1: Main Circuit, L2: Sub Circuit, TMR: Timer, POL: Poll, ORG: Original, FME: Frame Erase TX,
MIX: Mixed Original, CALL: Manual Communication, CSRC: CSRC, FWD: Forward, PC: PC-FAX,
BND: Bind, SP: Special Original, FCODE: F-Code, RTX: Re-Tx, RLY: Relay, MBX: Confidential,
BUL:Bulletin, SIP:SIP-Fax, IPADR:IP Address Fax, I-FAX:Internet Fax

Result    OK: Communication OK, S-OK: Stop Communication, PW-OFF: Power Switch OFF,
TEL: RX from TEL, NG: Other Error, Cont: Continue, No Ans: No Answer,
Refuse: Receipt Refused, Busy: Busy, M-Full:Memory Full,
LOVR:Receiving length Over, POVER:Receiving page Over, FIL:File Error,
DC:Decode Error, MDN:MDN Response Error, DSN:DSN Response Error.

# MOSSER LAW PLLC
## LAWYERS
2805 DALLAS PARKWAY, SUITE 222 • PLANO, TEXAS 75093 • 972-733-3223 • FAX: 469-626-1073
MOSSERLAW.COM

March 31, 2015

**Via Facsimile:**

**RE:**   **_Los Cucos VII, Inc., et al. v. 8650 Frisco LLC, et al._**

Dear Counsel:

Pursuant to Mr. Haren's argument in court yesterday, that e-service through the state mandated e-service provider was not permitted, please find attached the documents we previously sent to you in August that Mr. Kelly deleted in violation of his ethical duties.

Respectfully, *MOSSER LAW PLLC LAWYERS*

by Nicholas D. Mosser, Lawyer

Exhibit U

App. 350

| Destination | Start Time | Time | Prints | Result | Note |
|---|---|---|---|---|---|
| 17136589011 | 04-01 14:37 | 00:03:57 | 017/017 | OK | L1 |

Note    L1: Main Circuit, L2: Sub Circuit, TMR: Timer, POL: Poll, ORG: Original, FME: Frame Erase TX,
        MIX: Mixed Original, CALL: Manual Communication, CSRC: CSRC, FWD: Forward, PC: PC-FAX,
        BND: Bind, SP: Special Original, FCODE: F-Code, RTX: Re-Tx, RLY: Relay, MBX: Confidential,
        BUL: Bulletin, SIP: SIP-Fax, IPADR: IP Address Fax, I-FAX: Internet Fax

Result  OK: Communication OK, S-OK: Stop Communication, PW-OFF: Power Switch OFF,
        TEL: RX from TEL, NG: Other Error, Cont: Continue, No Ans: No Answer,
        Refuse: Receipt Refused, Busy: Busy, M-Full: Memory Full,
        LOVR: Receiving length Over, POVER: Receiving page Over, FIL: File Error,
        DC: Decode Error, MDN: MDN Response Error, DSN: DSN Response Error.

# MOSSER LAW PLLC
## LAWYERS
2805 DALLAS PARKWAY, SUITE 222 • PLANO, TEXAS 75093 • 972-733-3223 • FAX: 469-626-1073
MOSSERLAW.COM

March 31, 2015

**Via Facsimile:**

**RE:    _Los Cucos VII, Inc., et al. v. 8650 Frisco LLC, et al._**

Dear Counsel:

    Pursuant to Mr. Haren's argument in court yesterday, that e-service through the
state mandated e-service provider was not permitted, please find attached the
documents we previously sent to you in August that Mr. Kelly deleted in violation of his
ethical duties.

Respectfully, MOSSER LAW PLLC LAWYERS

by: Nicholas D. Mosser, lawyer

| Destination | Start Time | Time | Prints | Result | Note |
|---|---|---|---|---|---|
| 1832476546 | 04-01 14:49 | 00:00:56 | 000/017 | No Ans | L1 |

Note     L1: Main Circuit, L2: Sub Circuit, TMR: Timer, POL: Poll, ORG: Original, FME: Frame Erase TX,
         MIX: Mixed Original, CALL: Manual Communication, CSRC: CSRC, FWD: Forward, PC: PC-FAX,
         BND: Bind, SP: Special Original, FCODE: F-Code, RTX: Re-Tx, RLY: Relay, MBX: Confidential,
         BUL:Bulletin, SIP:SIP-Fax, IPADR:IP Address Fax, I-FAX:Internet Fax

Result   OK: Communication OK, S-OK: Stop Communication, PW-OFF: Power Switch OFF,
         TEL: RX from TEL, NG: Other Error, Cont: Continue, No Ans: No Answer,
         Refuse: Receipt Refused, Busy: Busy, M-Full:Memory Full,
         LOVR:Receiving length Over, POVER:Receiving page Over, FIL:File Error,
         DC:Decode Error, MDN:MDN Response Error, DSN:DSN Response Error.

# MOSSER LAW PLLC

## LAWYERS

2805 DALLAS PARKWAY, SUITE 222 • PLANO, TEXAS 75093 • 972-733-3223 • FAX: 469-626-1073
MOSSERLAW.COM

March 31, 2015

**Via Facsimile:**

**RE:    Los Cucos VII, Inc., et al. v. 8650 Frisco LLC, et al.**

Dear Counsel:

      Pursuant to Mr. Haren's argument in court yesterday, that e-service through the
state mandated e-service provider was not permitted, please find attached the
documents we previously sent to you in August that Mr. Kelly deleted in violation of his
ethical duties.

Respectfully, MOSSER LAW PLLC LAWYERS

by Nicholas D. Mosser, Lawyer

Exhibit U                                                                      App. 352

| Destination | Start Time | Time | Prints | Result | Note |
|---|---|---|---|---|---|
| 17136589011 | 04-01 14:44 | 00:04:38 | 020/020 | OK | L1 |
| 18324765460 | 04-01 14:54 | 00:00:56 | 000/020 | No Ans | L1 |

Note    L1: Main Circuit, L2: Sub Circuit, TMR: Timer, POL: Poll, ORG: Original, FME: Frame Erase TX,
MIX: Mixed Original, CALL: Manual Communication, CSRC: CSRC, FWD: Forward, PC: PC-FAX,
BND: Bind, SP: Special Original, FCODE: F-Code, RTX: Re-Tx, RLY: Relay, MBX: Confidential,
BUL:Bulletin, SIP:SIP-Fax, IPADR:IP Address Fax, I-FAX:Internet Fax

Result  OK: Communication OK, S-OK: Stop Communication, PW-OFF: Power Switch OFF,
TEL: RX from TEL, NG: Other Error, Cont: Continue, No Ans: No Answer,
Refuse: Receipt Refused, Busy: Busy, M-Full:Memory Full,
LOVR:Receiving length Over, POVER:Receiving page Over, FIL:File Error,
DC:Decode Error, MDN:MDN Response Error, DSN:DSN Response Error.

# MOSSER LAW PLLC

## LAWYERS

2805 DALLAS PARKWAY, SUITE 222 • PLANO, TEXAS 75093 • 972-733-3223 • FAX: 469-626-1073
MOSSERLAW.COM

March 31, 2015

**Via Facsimile:**

**RE:    *Los Cucos VII, Inc., et al. v. 8650 Frisco LLC, et al.***

Dear Counsel:

Pursuant to Mr. Haren's argument in court yesterday, that e-service through the state mandated e-service provider was not permitted, please find attached the documents we previously sent to you in August that Mr. Kelly deleted in violation of his ethical duties.

Respectfully, MOSSER LAW PLLC LAWYERS

By: Nicholas D. Mosser, Lawyer

Exhibit U                                                              App. 353

| Destination | Start Time | Time | Prints | Result | Note |
|---|---|---|---|---|---|
| 8324765460 | 04-01 15:00 | 00:00:56 | 000/023 | No Ans | L1 |
| 7136589011 | 04-01 15:01 | 00:06:29 | 023/023 | OK | L1 |

Note    L1: Main Circuit, L2: Sub Circuit, TMR: Timer, POL: Poll, ORG: Original, FME: Frame Erase TX,
        MIX: Mixed Original, CALL: Manual Communication, CSRC: CSRC, FWD: Forward, PC: PC-FAX,
        BND: Bind, SP: Special Original, FCODE: F-Code, RTX: Re-Tx, RLY: Relay, MBX: Confidential,
        BUL:Bulletin, SIP:SIP-Fax, IPADR:IP Address Fax, I-FAX:Internet Fax

Result  OK: Communication OK, S-OK: Stop Communication, PW-OFF: Power Switch OFF,
        TEL: RX from TEL, NG: Other Error, Cont: Continue, No Ans: No Answer,
        Refuse: Receipt Refused, Busy: Busy, M-Full:Memory Full,
        LOVR:Receiving length Over, POVER:Receiving page Over, FIL:File Error,
        DC:Decode Error, MDN:MDN Response Error, DSN:DSN Response Error.

# MOSSER LAW PLLC

### LAWYERS

2805 DALLAS PARKWAY, SUITE 222 • PLANO, TEXAS 75093 • 972-733-3223 • FAX: 469-626-1073
MOSSERLAW.COM

March 31, 2015

**Via Facsimile:**

**RE:    _Los Cucos VII, Inc., et al. v. 8650 Frisco LLC, et al._**

Dear Counsel:

        Pursuant to Mr. Haren's argument in court yesterday, that e-service through the state mandated e-service provider was not permitted, please find attached the documents we previously sent to you in August that Mr. Kelly deleted in violation of his ethical duties.

        Respectfully, MOSSER LAW PLLC LAWYERS

        by: Nicholas D. Mosser, Lawyer

Exhibit U                                                                App. 354

| Destination | Start Time | Time | Prints | Result | Note |
|---|---|---|---|---|---|
| 7136589011 | 04-01 15:09 | 00:04:08 | 020/020 | OK | L1 |
| 8324765460 | 04-01 15:16 | 00:00:56 | 000/020 | No Ans | L1 |

Note  L1: Main Circuit, L2: Sub Circuit, TMR: Timer, POL: Poll, ORG: Original, FME: Frame Erase TX,
MIX: Mixed Original, CALL: Manual Communication, CSRC: CSRC, FWD: Forward, PC: PC-FAX,
BND: Bind, SP: Special Original, FCODE: F-Code, RTX: Re-Tx, RLY: Relay, MBX: Confidential,
BUL:Bulletin, SIP:SIP-Fax, IPADR:IP Address Fax, I-FAX:Internet Fax

Result  OK: Communication OK, S-OK: Stop Communication, PW-OFF: Power Switch OFF,
TEL: RX from TEL, NG: Other Error, Cont: Continue, No Ans: No Answer,
Refuse: Receipt Refused, Busy: Busy, M-Full:Memory Full,
LOVR:Receiving length Over, POVER:Receiving page Over, FIL:File Error,
DC:Decode Error, MDN:MDN Response Error, DSN:DSN Response Error.

# MOSSER LAW PLLC
## LAWYERS
2805 DALLAS PARKWAY, SUITE 222 • PLANO, TEXAS 75093 • 972-733-3223 • FAX: 469-626-1073
MOSSERLAW.COM

March 31, 2015

**Via Facsimile:**

RE:  *Los Cucos VII, Inc., et al. v. 8650 Frisco LLC, et al.*

Dear Counsel:

Pursuant to Mr. Haren's argument in court yesterday, that e-service through the state mandated e-service provider was not permitted, please find attached the documents we previously sent to you in August that Mr. Kelly deleted in violation of his ethical duties.

Respectfully, MOSSER LAW PLLC LAWYERS

By: Nicholas D. Mosser, Lawyer

Exhibit U

App. 355

| Destination | Start Time | Time | Prints | Result | Note |
|---|---|---|---|---|---|
| 7136589011 | 04-01 15:18 | 00:05:07 | 022/022 | OK | L1 |
| 8324765460 | 04-01 15:26 | 00:00:56 | 000/022 | No Ans | L1 |

Note    L1: Main Circuit, L2: Sub Circuit, TMR: Timer, POL: Poll, ORG: Original, FME: Frame Erase TX,
        MIX: Mixed Original, CALL: Manual Communication, CSRC: CSRC, FWD: Forward, PC: PC-FAX,
        BND: Bind, SP: Special Original, FCODE: F-Code, RTX: Re-Tx, RLY: Relay, MBX: Confidential,
        BUL:Bulletin, SIP:SIP-Fax, IPADR:IP Address Fax, I-FAX:Internet Fax

Result  OK: Communication OK, S-OK: Stop Communication, PW-OFF: Power Switch OFF,
        TEL: RX from TEL, NG: Other Error, Cont: Continue, No Ans: No Answer,
        Refuse: Receipt Refused, Busy: Busy, M-Full:Memory Full,
        LOVR:Receiving length Over, POVER:Receiving page Over, FIL:File Error,
        DC:Decode Error, MDN:MDN Response Error, DSN:DSN Response Error.

# MOSSER LAW PLLC

## LAWYERS

2805 DALLAS PARKWAY, SUITE 222 • PLANO, TEXAS 75093 • 972-733-3223 • FAX: 469-626-1073
MOSSERLAW.COM

March 31, 2015

**Via Facsimile:**

**RE:    Los Cucos VII, Inc., et al. v. 8650 Frisco LLC, et al.**

Dear Counsel:

Pursuant to Mr. Haren's argument in court yesterday, that e-service through the state mandated e-service provider was not permitted, please find attached the documents we previously sent to you in August that Mr. Kelly deleted in violation of his ethical duties.

Respectfully, *MOSSER LAW PLLC LAWYERS*

by: Nicholas D. Mosser, Lawyer

Exhibit U                                                                                              App. 356

| Destination | Start Time | Time | Prints | Result | Note |
|---|---|---|---|---|---|
| 7136589011 | 04-01 15:39 | 00:06:59 | 025/025 | OK | L1 |
| 8324765460 | 04-01 15:50 | 00:00:56 | 000/025 | No Ans | L1 |

Note    L1: Main Circuit, L2: Sub Circuit, TMR: Timer, POL: Poll, ORG: Original, FME: Frame Erase TX,
        MIX: Mixed Original, CALL: Manual Communication, CSRC: CSRC, FWD: Forward, PC: PC-FAX,
        BND: Bind, SP: Special Original, FCODE: F-Code, RTX: Re-Tx, RLY: Relay, MBX: Confidential,
        BUL:Bulletin, SIP:SIP-Fax, IPADR:IP Address Fax, I-FAX:Internet Fax

Result  OK: Communication OK, S-OK: Stop Communication, PW-OFF: Power Switch OFF,
        TEL: RX from TEL, NG: Other Error, Cont: Continue, No Ans: No Answer,
        Refuse: Receipt Refused, Busy: Busy, M-Full:Memory Full,
        LOVR:Receiving length Over, POVER:Receiving page Over, FIL:File Error,
        DC:Decode Error, MDN:MDN Response Error, DSN:DSN Response Error.

# MOSSER LAW PLLC

*LAWYERS*

2805 DALLAS PARKWAY, SUITE 222 • PLANO, TEXAS 75093 • 972-733-3223 • FAX: 469-626-1073
MOSSERLAW.COM

March 31, 2015

**Via Facsimile:**

**RE:    *Los Cucos VII, Inc., et al. v. 8650 Frisco LLC, et al.***

Dear Counsel:

        Pursuant to Mr. Haren's argument in court yesterday, that e-service through the
state mandated e-service provider was not permitted, please find attached the
documents we previously sent to you in August that Mr. Kelly deleted in violation of his
ethical duties.

Respectfully, *MOSSER LAW PLLC LAWYERS*

by: Nicholas D. Mosser, Lawyer

Exhibit U                                                      App. 357

| Destination | Start Time | Time | Prints | Result | Note |
|---|---|---|---|---|---|
| 7136589011 | 04-01 15:27 | 00:05:56 | 022/022 | OK | L1 |
| 8324765460 | 04-01 15:37 | 00:00:56 | 000/022 | No Ans | L1 |

Note  L1: Main Circuit, L2: Sub Circuit, TMR: Timer, POL: Poll, ORG: Original, FME: Frame Erase TX,
MIX: Mixed Original, CALL: Manual Communication, CSRC: CSRC, FWD: Forward, PC: PC-FAX,
BND: Bind, SP: Special Original, FCODE: F-Code, RTX: Re-Tx, RLY: Relay, MBX: Confidential,
BUL:Bulletin, SIP:SIP-Fax, IPADR:IP Address Fax, I-FAX:Internet Fax

Result  OK: Communication OK, S-OK: Stop Communication, PW-OFF: Power Switch OFF,
TEL: RX from TEL, NG: Other Error, Cont: Continue, No Ans: No Answer,
Refuse: Receipt Refused, Busy: Busy, M-Full:Memory Full,
LOVR:Receiving length Over, POVER:Receiving page Over, FIL:File Error,
DC:Decode Error, MDN:MDN Response Error, DSN:DSN Response Error.

# MOSSER LAW PLLC

## LAWYERS

2805 DALLAS PARKWAY, SUITE 222 • PLANO, TEXAS 75093 • 972-733-3223 • FAX: 469-626-1073
MOSSERLAW.COM

March 31, 2015

**Via Facsimile:**

**RE:    _Los Cucos VII, Inc., et al. v. 8650 Frisco LLC, et al._**

Dear Counsel:

Pursuant to Mr. Haren's argument in court yesterday, that e-service through the state mandated e-service provider was not permitted, please find attached the documents we previously sent to you in August that Mr. Kelly deleted in violation of his ethical duties.

Respectfully, MOSSER LAW PLLC LAWYERS

by Nicholas D. Mosser, Lawyer

Exhibit U

App. 358

| Destination | Start Time | Time | Prints | Result | Note |
|---|---|---|---|---|---|
| 7136589011 | 04-01 15:51 | 00:04:50 | 027/027 | OK | L1 |
| 8324765460 | 04-01 16:09 | 00:00:56 | 000/027 | No Ans | L1 |

Note    L1: Main Circuit, L2: Sub Circuit, TMR: Timer, POL: Poll, ORG: Original, FME: Frame Erase TX,
MIX: Mixed Original, CALL: Manual Communication, CSRC: CSRC, FWD: Forward, PC: PC-FAX,
BND: Bind, SP: Special Original, FCODE: F-Code, RTX: Re-Tx, RLY: Relay, MBX: Confidential,
BUL:Bulletin, SIP:SIP-Fax, IPADR:IP Address Fax, I-FAX:Internet Fax

Result   OK: Communication OK, S-OK: Stop Communication, PW-OFF: Power Switch OFF,
TEL: RX from TEL, NG: Other Error, Cont: Continue, No Ans: No Answer,
Refuse: Receipt Refused, Busy: Busy, M-Full:Memory Full,
LOVR:Receiving length Over, POVER:Receiving page Over, FIL:File Error,
DC:Decode Error, MDN:MDN Response Error, DSN:DSN Response Error.

# MOSSER LAW PLLC

## LAWYERS

2805 DALLAS PARKWAY, SUITE 222 • PLANO, TEXAS 75093 • 972-733-3223 • FAX: 469-626-1073
MOSSERLAW.COM

March 31, 2015

**Via Facsimile:**

**RE:    _Los Cucos VII, Inc., et al. v. 8650 Frisco LLC, et al._**

Dear Counsel:

Pursuant to Mr. Haren's argument in court yesterday, that e-service through the
state mandated e-service provider was not permitted, please find attached the
documents we previously sent to you in August that Mr. Kelly deleted in violation of his
ethical duties.

Respectfully, MOSSER LAW PLLC LAWYERS

by: Nicholas D. Mosser, Lawyer

Exhibit U

App. 359

**Cause No. 2014-10896**

| | |
|---|---|
| Los Cucos Mexican Cafe VIII, Inc.; Los Cucos Mexican Cafe IV, Inc.; Manuel Cabrera; and Sergio Cabrera, Plaintiffs | In the District Court of |
| v. | |
| 8650 Frisco, LLC d/b/a Estilo Gaucho Brazilian Steakhouse; Mandona, LLC; Galovelho, LLC; Bahtche, LLC; Claudio Nunes; and David Jeiel Rodrigues, Defendant | Harris County, Texas |
| | 133rd Judicial District |

### Plaintiffs' Third Motion to Enforce the Court's Order and for Sanctions

The Court has ordered Plaintiffs to produce certain financial documents on three separate occasions. Defendants have refused to do so. Plaintiffs request that the Court issue a fourth order compelling production and impose sanctions to ensure compliance therewith.

### Background

On April 14, 2015, Plaintiffs propounded requests for production seeking several categories of financial documents. *See* Exhibit 1, Requests for Production at 10 (requests 1–5, 7–8). In response, Defendants made numerous specious objections[1] and refused to produce the vast majority of responsive documents. *See* Exhibit 2, Defendants' Response at 1–3. The Court overruled those objections and ordered production of all responsive documents on three separate occasions; Defendants did not comply with any of these orders:

- On June 23, 2014, the Court overruled Defendants' objections and ordered production of all responsive documents. Exhibit 3, Transcript of Motion to Compel Hearing at 23:2–9. Defendants did not comply with that order.

---

[1] For example, Defendants offered several objections applicable only to banks and the federal government, respectively.

Exhibit V                                                                 App. 360

- On July 28, 2014, the Court again ordered Defendants to produce all responsive documents "by August 1, 2014." Exhibit 4, Order on Plaintiffs' Third Motion to Compel. Defendants did not comply with that order either.

- On March 30, 2015, the Court ordered Defendants a third time to produce all responsive documents "by 5:00 p.m. on Wednesday, April 1, 2015." Exhibit 5, Order on Plaintiffs' Second Motion to Enforce the Court's Order. Defendants produced 112 additional pages but still failed to comply with the Court's order.[2] *See* Exhibit 6, Document Production. All of these pages included a large and opaque "confidential" watermark obscuring a large portion of the text. *See generally id.*

Defendants' most recent production does not come close to complying with the Court's three orders:

| *What Defendants were ordered to produce:* | *What Defendants actually produced:* |
|---|---|
| All documents and records provided to or received from 8650 Frisco, LLC's accountants (including, but not limited to Mike Verucchi, CPA, Holtman & Company, LLC, or Hal Holtman, CPA), which relate in any way to 8650 Frisco, LLC. | Defendants produced the Holtman Documents[3] but few, if any, documents provided to Verucchi. |
| All documents and records in the possession of 8650 Frisco, LLC's accountants (including, but not limited to Mike Verucchi, CPA, Holtman & Company, LLC, or Hal Holtman, CPA), which relate in any way to 8650 Frisco, LLC. | Defendants produced the Holtman Documents but few, if any, documents from Verucchi. |
| All financial records of 8650 Frisco, LLC. | Defendants produced bank statements for one account from April through July, 2014. *See id.* at SUPP.7236–59. |

---

[2] According to Defendants, they "served" these same 112 pages on August 1, 2014 through an electronic filing service provider in violation of Texas Rule of Civil Procedure 21a(a)(2). But even if that service had been proper, the inadequate production would have still violated the Court's order.

[3] As the Court may recall, Plaintiffs obtained 7,235 pages of documents via subpoena from Hal Holtman (the "Holtman Documents"). Plaintiffs Bates labeled these documents and forwarded them to Defendants. Last June, Defendants "produced" the Holtman Documents, complete with Plaintiffs' original Bates numbering.

2

Exhibit V                                                                                       App. 361

| *What Defendants were ordered to produce:* | *What Defendants actually produced:* |
|---|---|
| All accounting records of 8650 Frisco, LLC. | Defendants produced a spreadsheet which appears to cover three weeks of sales and inventory. *See id.* at SUPP.7275–338. Defendants also produced Defendants produced a "sales report" of unclear origin showing sales for April through July, 2014. *See id.* at 7338–47. |
| All bank statements of 8650 Frisco, LLC. | Defendants produced bank statements for one account from April through July, 2014. *See id.* at SUPP.7236–59. |
| All tax records (including all 1099 forms, W-2 forms, and K-1 forms) related to 8650 Frisco, LLC. | Defendants produced four letters from the IRS concerning 8650 Frisco's tax filings and an email forwarding correspondence from the IRS regarding other tax filings; Defendants did not produce the actual filings being discussed or any other tax filings. *See id.* at 7260–70 |
| All communications and correspondence with 8650 Frisco, LLC's accountants (including, but not limited to Mike Verucchi, CPA, Holtman & Company, LLC, or Hal Holtman, CPA), which relate in any way to 8650 Frisco, LLC | Defendants produced the Holtman Documents and an additional email from Holtman; Defendants did not produce any communications with Verucchi. |

Despite the Court's three orders, Defendants have not produced (1) bank records before April 2014 or after July 2014; (2) accounting records such as QuickBooks files, balance sheets, cash flow reports, profit and loss statements, etc.; (3) tax records (other than a few letters from the IRS); or (4) documents/correspondence from their accountants other the Holtman Documents which had been produced by Plaintiffs to Defendants.

**Discussion**

The Court has unambiguously ordered Defendants to produce all responsive documents on three separate occasions. All three times, Defendants have simply ignored the Court's order. Plaintiffs respectfully request that the Court yet again command Defendants to comply with the Court's orders. Standing alone, the fourth order is no more likely to cause compliance than the

3

Exhibit V

App. 362

prior three.[4] As such, Plaintiffs ask the Court to impose one or more of the following sanctions under Rule 215.2:

- disallowing further discovery by Defendants until Defendants have filed an affidavit swearing to compliance with the Court's orders;

- ordering Defendants to pay the costs incurred by Plaintiffs in all four motions to seeking the documents;

- ordering that the matter at issue (specifically, whether Plaintiffs face irreparable harm from Defendants' failure to provide the note/security required by the parties' contract) be established in Plaintiffs' favor; and/or

- holding Defendants and their attorneys in contempt

*See* TEX. R. CIV. P. 215.2(b).

## Conclusion

Defendants have ignored three orders by the Court to produce documents. Plaintiffs request that the Court (1) issue a fourth order compelling Defendants to produce responsive documents, (2) impose a sanction to ensure compliance with that order, and (3) grant Plaintiffs all other relief to which they are entitled.

---

[4] This is particularly true in light of the Court's prior findings that "Defendants' counsel has abused the discovery process in resisting discovery" and that "Defendants have advanced frivolous arguments without basis in fact or law" as part of "a larger pattern of improper objections, motions to quash, and invocations of privilege." Exhibit 7, Order on Plaintiffs' Emergency Motion to Compel and for Sanctions; Exhibit 8, Order Denying Motion to Quash.

4

Exhibit V                    App. 363

Respectfully submitted,

**Hawash Meade Gaston
Neese & Cicack LLP**

*/s/ Samuel B. Haren*
Andrew K. Meade
State Bar No. 24032854
Jeremy M. Masten
State Bar No. 24083454
Samuel B. Haren
State Bar No. 24059899
2118 Smith Street
Houston, Texas 77002
713-658-9001 (phone)
713-658-9011 (fax)
ameade@hmgnc.com
jmasten@hmgnc.com
sharen@hmgnc.com

**Stephens & Domnitz, PLLC**

Kelly D. Stephens
State Bar No. 19158300
P.O. Box 79734
Houston, Texas 77279-9734
281-394-3287 (phone)
832-476-5460 (fax)
kstephens@stephensdomnitz.com

**Cox Smith Matthews Incorporated**

David Kinder
State Bar No. 11432550
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205
210-554-5500 (phone)
210-226-8395 (fax)

**Attorneys for Plaintiffs**

<u>**Certificate of Conference**</u>

I attempted to confer with Defendants via fax on April 1 and 2, 2015. *See* Exhibit 9, Fax

to Defendants. Shortly after my second fax, Mr. Nicholas Mosser called my office and offered to

5

Exhibit V          App. 364

re-send 7,235 page Holtman Documents which Plaintiffs had previously produced to Defendants. When Mr. Mosser began to raise his voice while refusing to actually discuss the requirements of the Court's order (and in light of his demonstrated history of telephonic discourtesy and distortion), I asked him to contact me in writing and terminated the call. He has not contacted me further.

*/s/ Samuel B. Haren*
Samuel B. Haren

### Certificate of Service

A true and correct copy of the foregoing has been served on all counsel of record via electronic service on April 6, 2015.

James C. Mosser
Nicholas D. Mosser
Mosser Law PLLC
17110 Dallas Pky, Suite 290
Dallas, Texas 75248

*/s/ Samuel B. Haren*
Samuel B. Haren

6

Exhibit V                                                                                    App. 365

| | | |
|---|---|---|
| LOS CUCOS MEXICAN CAFE VIII, INC.; LOS CUCOS MEXICAN CAFE IV, INC.; MANUEL CABRERA; and SERGIO CABRERA, | § § § § § § § | IN THE DISTRICT COURT OF |
| _Plaintiffs_ | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| 8650 FRISCO, LLC D/B/A ESTILO GAUCHO BRAZILIAN STEAKHOUSE; MANDONA, LLC; GALOVELHO, LLC; BAHTCHE, LLC; CLAUDIO NUNES; and DAVID JEIEL RODRIGUES, | § § § § § § § | |
| _Defendants_ | § | 133rd JUDICIAL DISTRICT |

### PLAINTIFFS' FIRST SET OF DISCOVERY REQUESTS TO 8650 FRISCO, LLC D/B/A ESTILO GAUCHO BRAZILIAN STEAKHOUSE

TO:  Defendant 8650 Frisco, LLC d/b/a Estilo Gaucho Brazilian Steakhouse, by and through its counsel of record, Nicholas D. Mosser and Benjamin Casey, Mosser Law PLLC, 17110 Dallas Parkway, Suite 290, Dallas, Texas 75248.

Pursuant to the Texas Rules of Civil Procedure, Plaintiffs Los Cucos Mexican Café VIII, Inc., Los Cucos Mexican Café IV, Inc., Manuel Cabrera, and Sergio Cabrera ("Plaintiffs") serve their First Set of Requests for Admissions, Requests for Production and First Set of Interrogatories on Defendant 8650 Frisco, LLC d/b/a Estilo Gaucho Brazilian Steakhouse ("Defendant") as authorized by Rules 196 and 198, TEX. R. CIV. P. Defendant must specifically admit or deny and produce all requested documents in its possession, custody, or control (as they are kept in the ordinary course of business or organized and labeled to correspond with categories in each request) for inspection and

Exhibit V                    Exhibit 1                    App. 366

copying, and not more than 30 days after service, at the office of HAWASH MEADE GASTON NEESE & CICACK LLP, 2118 Smith Street, Houston, Texas 77002.

Respectfully submitted,

STEPHENS & DOMNITZ, PLLC

/s/ Kelly D. Stephens
Kelly D. Stephens
SBN:  19158300
P.O. Box 79734
Houston, Texas  77279-9734
Tel:     281-394-3287
Fax:     832-476-5460
kstephens@stephensdomnitz.com


**HAWASH  MEADE  GASTON  NEESE
& CICACK LLP**


/s/ Andrew K. Meade
Andrew K. Meade
State Bar No. 24032854
Jeremy M. Masten
State Bar No. 24083454
2118 Smith Street
Houston, Texas 77002
713-658-9006 (Direct & Fax)
ameade@hmgllp.com
jmasten@hmgllp.com

ATTORNEYS FOR PLAINTIFFS
LOS CUCOS MEXICAN CAFÉ VIII, Inc.,
LOS CUCOS MEXICAN CAFÉ IV, Inc.,
MANUEL CABRERA, and
SERGIO CABRERA

2

Exhibit V                                                                      App. 367

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document has been served to the following pursuant to the Texas Rules of Civil Procedure on April 14, 2014.

> *Via Fax:  972-267-5072 and*
> *email:* [courtdocuments@mosserlaw.com](mailto:courtdocuments@mosserlaw.com)
> James C. Mosser
> Nicholas D. Mosser
> Mosser Law PLLC
> 17110 Dallas Pkwy, Suite 290
> Dallas, TX 75248


> */s/ Andrew K. Meade*
> Andrew K. Meade

3

Exhibit V                                                                App. 368

**DEFINITIONS AND INSTRUCTIONS**

1.     As used throughout this request (including these definitions and instructions), the term "documents" means each and every document (as defined in Rule 34, FED. R. CIV. P.), all electronically stored information, and each and every tangible thing, including but not limited to both electronic and hard copy documents, in the possession, custody, or control of Plaintiff, whether a copy, draft, or original, wherever located, with all exhibits, attachments, and schedules, including but not limited to the following: correspondence and drafts of correspondence; notes or summaries of conversations; income tax returns, forms, schedules, or worksheets; inter- and intra-office memoranda; reports; comments; worksheets; plans; minutes; notes; notices or notifications; findings; conclusions; memoranda; contracts or agreements of any kind; brochures, circulars, bulletins, advertisements, sales catalogs or literature; packages, packaging, and package inserts; notes, records, summaries, or other reports of conferences, meetings, visits, surveys, discussions, inspections, examinations, reviews or telephone conversations; purchase orders, quotations, estimates, invoices, bids, receipts, or acknowledgements, including the reverse sides of all such documents with printing, typing or writing on the reverse sides; bills of lading and other shipping documents; credit agreements or credit memoranda; contract or lease offers or proposals; executed or proposed agreements, contracts, franchise agreements, licenses, leases, insurance policies and riders, or options; proposals; diaries; desk calendars, appointment books, or telephone call books; property valuations or appraisals, and their updates; affidavits, depositions, transcripts and statements, or summaries or excerpts thereof; stenographic notes; books and records; financial data; stock certificates and evidence of stock ownership; newspaper or magazine articles; pamphlets, books, texts, notebooks, magazines, manuals, journals, and publications; notepads, tabulations, data compilations, calculations, or computations; schedules; drafts; charts and maps; forecasts and projections; drawings, designs, plans, specifications, graphs, blueprints, sketches, or diagrams; orders; pleadings and court filings; checks and check stubs (front and back); records or transcripts of statements, depositions, conversations, meetings, discussions, conferences or interviews, whether in person or by telephone or by other means; workpapers; printouts or other stored information from computers or other information retention or processing systems; e-mail or electronic mail or communications, in whatever form; instant messages in whatever form; photographic matter or sound reproduction matter however produced, reproduced or stored; government reports, regulations, filings or orders; any other written, printed, typed, taped, recorded, or graphic matters; any exhibits, attachments, or schedules to or with the foregoing; any drafts of the foregoing; and any copies or duplicates of the foregoing that are different because of marginal or handwritten notations, or because of any markings thereon or alterations thereof.

2.     All electronically stored information should be produced as an electronic copy, preserving all metadata.

4

3.      Throughout this request (including these definitions and instructions), the term "communications" means any and all of the following: writings, oral communications, electronic communications (including emails, text messages, and instant messages), wire communications, conversations by telephone, meetings, and any contact, oral or written, formal or informal, at any time or place, and under any circumstance whatsoever, in which information of any nature was transmitted or exchanged in any form or by any medium.

4.      Throughout this request (including these definitions and instructions), the phrases "relating to," "relates to," "related to," "regarding," and "in relation to" mean constituting or evidencing, and directly or indirectly mentioning, describing, referring to, pertaining to, being connected with, reflecting upon, or concerning the stated subject matter.

5.      Throughout this request (including these definitions and instructions), the words "any" and "all" shall be considered to include "each" and "each and every."

6.      Throughout this request (including these definitions and instructions), the singular of any word shall include the plural, and the plural of any word shall include the singular. The masculine form shall include the feminine and neutral forms. The terms "and" and "or" shall mean "and/or" inclusively.

7.      Throughout this request (including these definitions and instructions), the terms "you" and "your" refer to the party responding to the request, as well as his, her, or its present and former agents, employees, counselors, consultants, representatives, attorneys, and any other person or entity acting or purporting to act on behalf of or under the control of the responding party.

8.      Throughout this request (including these definitions and instructions), "Defendant" and "Frisco" mean 8650 Frisco, LLC d/b/a Estilo Gaucho Brazilian Steakhouse, a named defendant in this matter. The term "Defendant" or "Frisco" also includes Defendant's present and former agents, employees, counselors, consultants, representatives, attorneys, and any other person or entity acting or purporting to act on its behalf or under its control.

9.      Throughout this request (including these definitions and instructions), the term "Plaintiff" or "Plaintiffs" means any named Plaintiff in this matter, including their present and former agents, employees, counselors, consultants, representatives, attorneys, and any other person or entity acting or purporting to act on its behalf or under their or its control.

10.     Throughout this request (including these definitions and instructions), "Los Cucos" means Los Cucos Mexican Café VIII, Inc. and Los Cucos Mexican Café IV,

5

Exhibit V                                                                    App. 370

Inc., named defendants in this matter and includes any present and former agents, employees, counselors, consultants, affiliates, subsidiaries, representatives, attorneys, and/or any other person or entity acting or purporting to act on the behalf or under the control of Los Cucos.

11.　　If you contend that any document requested here need not be produced under a privilege or other protection against disclosure, provide an itemized log of the document(s) being withheld from production. In the log, specify the date of each such document, its author(s), all recipient(s), and any person(s) copied on the document, the paragraph of this request to which the document responds, and a brief description of the document's contents that supplies enough detail to assess the applicability of the privilege or protection being claimed. In addition, please specify the privilege or protection upon which you rely as their basis for withholding the document(s) from production.

12.　　If you intend to produce any electronic document or information in response to this request, please contact counsel for Los Cucos to discuss the form in which such electronic document or information will be produced.

13.　　If you have any questions about this request, please contact counsel for Los Cucos promptly for clarification.

14.　　Unless otherwise stated, the time period covered by this request is January 1, 2010 to the present.

15.　　You are reminded of your duty under Rule 193.5, Tex. R. Civ. P., to amend or supplement any response that was incomplete or incorrect when made or that, although correct and complete when made, is no longer complete and correct.

6

Exhibit V　　　　　　　　　　　　　　　　　　　　　　　　　　　App. 371

Admit or deny the following:

**Admission No. 1.** 8650 Frisco, LLC received money from Los Cucos Mexican Café VIII, LLC.

**Admission No. 2.** 8650 Frisco, LLC intended to treat the money it received from Los Cucos Mexican Cafe VIII, LLC as a loan.

**Admission No. 3.** 8650 Frisco, LLC intended to treat the money it received from Los Cucos Mexican Cafe VIII, LLC as an investment.

**Admission No. 4.** 8650 Frisco, LLC intended to repay the money it received from Los Cucos Mexican Cafe VIII, LLC.

**Admission No. 5.** 8650 Frisco, LLC did not intend to repay the money it received from Los Cucos Mexican Cafe VIII, LLC.

**Admission No. 6.** 8650 Frisco, LLC received money from Los Cucos Mexican Cafe IV, LLC.

**Admission No. 7.** 8650 Frisco, LLC intended to treat the money it received from Los Cucos Mexican Cafe IV, LLC as a loan.

**Admission No. 8.** 8650 Frisco, LLC intended to treat the money it received from Los Cucos Mexican Cafe VI, LLC as an investment.

**Admission No. 9.** 8650 Frisco, LLC intended to repay the money it received from Los Cucos Mexican Cafe IV, LLC.

**Admission No. 10.** 8650 Frisco, LLC did not intend to repay the money it received from Los Cucos Mexican Cafe IV, LLC.

**Admission No. 11.** 8650 Frisco, LLC received money from Manuel Cabrera.

**Admission No. 12.** 8650 Frisco, LLC intended to treat the money it received from Manuel Cabrera as a loan.

**Admission No. 13.** Admit that 8650 Frisco, LLC intended to treat the money it received from Manuel Cabrera as an investment.

**Admission No. 14.** 8650 Frisco, LLC intended to repay the money it received from Manuel Cabrera.

7

Exhibit V                                                                 App. 372

**Admission No. 15.** 8650 Frisco, LLC did not intend to repay the money it received from Manuel Cabrera.

**Admission No. 16.** 8650 Frisco, LLC received money from Sergio Cabrera.

**Admission No. 17.** 8650 Frisco, LLC intended to treat the money it received from Sergio Cabrera as a loan.

**Admission No. 18.** 8650 Frisco, LLC intended to treat the money it received from Sergio Cabrera as an investment.

**Admission No. 19.** 8650 Frisco, LLC intended to repay the money it received from Sergio Cabrera.

**Admission No. 20.** 8650 Frisco, LLC did not intend to repay the money it received from Sergio Cabrera.

**Admission No. 21.** 8650 Frisco, LLC received equipment from Los Cucos Mexican Cafe IV, LLC.

**Admission No. 22.** 8650 Frisco, LLC received furniture from Los Cucos Mexican Cafe IV, LLC.

**Admission No. 23.** 8650 Frisco, LLC is currently using equipment it received from Los Cucos Mexican Cafe IV, LLC.

**Admission No. 24.** 8650 Frisco, LLC is currently using furniture it received from Los Cucos Mexican Cafe IV, LLC.

**Admission No. 25.** 8650 Frisco, LLC is currently using equipment paid for by from Los Cucos Mexican Cafe IV, LLC.

**Admission No. 26.** 8650 Frisco, LLC is currently using furniture paid for by Los Cucos Mexican Cafe IV, LLC.

**Admission No. 27.** 8650 Frisco, LLC did not pay Los Cucos Mexican Cafe IV, LLC for any equipment or furniture.

**Admission No. 28.** Los Cucos Mexican Cafe IV, LLC did not gift furniture to 8650 Frisco, LLC.

8

Exhibit V                                                    App. 373

**Admission No. 29.** Los Cucos Mexican Cafe VIII, LLC did not gift money to 8650 Frisco, LLC.

**Admission No. 30.** Admit that Manuel Cabrera did not gift money to 8650 Frisco, LLC.

**Admission No. 31.** Sergio Cabrera did not gift money to 8650 Frisco, LLC.

**Admission No. 32.** 8650 Frisco, LLC is currently operating at a net profit.

**Admission No. 33.** 8650 Frisco, LLC is currently operating at a new loss.

**Admission No. 34.** 8650 Frisco, LLC is currently using the name Estilo Goucho Brazilian Steakhouse.

**Admission No. 35.** 8650 Frisco, LLC is has been using the name Estilo Goucho Brazilian Steakhouse since February, 2013.

**Admission No. 36.** 8650 Frisco, LLC has assigned, in writing, its rights to the mark Estilo Gaucho Bazilian Steakhouse to Bahtche, LLC.

**Admission No. 37.** 8650 Frisco, LLC has not assigned, in writing, its rights to the mark Estilo Gaucho Brazilian Steakhouse to Bahtche, LLC.

**Admission No. 38.** 8650 Frisco, LLC has received compensation from Bahtche, LLC for the ownership of the mark Estilo Gaucho Brazilian Steakhouse.

**Admission No. 39.** 8650 Frisco, LLC has not received compensation from Bahtche, LLC for the ownership of the mark Estilo Gaucho Brazilian Steakhouse.

**Admission No. 40.** Estilo Gaucho Brazilian Steakhouse is a trade name of 8650 Frisco, LLC.

**Admission No. 41.** 8650 Frisco, LLC does business as Estilo Gaucho Brazilian Steakhouse.

9

Exhibit V                                                                    App. 374

<u>**Requests for Production**</u>

**Request No. 1.** Produce all documents and records provided to or received from 8650 Frisco, LLC's accountants (including, but not limited to Mike Verucchi, CPA, Holtman & Company, LLC, or Hal Holtman, CPA), which relate in any way to 8650 Frisco, LLC.

**Request No. 2.** Produce all documents and records in the possession of 8650 Frisco, LLC's accountants (including, but not limited to Mike Verucchi, CPA, Holtman & Company, LLC, or Hal Holtman, CPA), which relate in any way to 8650 Frisco, LLC.

**Request No. 3.** Produce all financial records of 8650 Frisco, LLC.

**Request No. 4.** Produce all accounting records of 8650 Frisco, LLC.

**Request No. 5.** Produce all bank statements of 8650 Frisco, LLC.

**Request No. 6.** Produce all point of sale data and reports related to 8650 Frisco, LLC.

**Request No. 7.** Produce all tax records (including all 1099 forms, W-2 forms, and K-1 forms) related to 8650 Frisco, LLC.

**Request No. 8.** Produce all communications and correspondence with 8650 Frisco, LLC's accountants (including, but not limited to Mike Verucchi, CPA, Holtman & Company, LLC, or Hal Holtman, CPA), which relate in any way to 8650 Frisco, LLC.

**Request No. 9.** Produce all payroll records for 8650 Frisco, LLC.

**Request No. 10.** Produce all records of money received from any Plaintiff in this lawsuit.

**Request No. 11.** Produce all records of money paid or distributed to any Plaintiff in this lawsuit.

**Request No. 12.** Produce all correspondence and communications with each Plaintiff in this lawsuit.

**Request No. 13.** Produce all agreements, including all drafts of agreements, between the Parties, which relate in any way to 8650 Frisco, LLC.

10

Exhibit V      App. 375

**Request No. 14.** Produce all leases and related documents (e.g., guarantees), which relate to the premises currently occupied by 8650 Frisco, LLC.

**Request No. 15.** Produce all records of financial transactions between 8650 Frisco, LLC and Claudio Nunes.

**Request No. 16.** Produce all records of financial transactions between 8650 Frisco, LLC and David Jeiel Rodrigues.

**Request No. 17.** Produce all corporate records of 8650 Frisco, LLC.

**Request No. 18.** Produce quarterly and annual profit and loss statements for 8650 Frisco, LLC from its creation through the present (update quarterly through trial).

**Request No. 19.** Produce quarterly and annual balance sheet statements for 8650 Frisco, LLC from its creation through the present (update quarterly through trial).

**Request No. 20.** Produce all communications and correspondence related to any of the Plaintiffs in this lawsuit.

**Request No. 21.** Produce all records of cash receipts and cash deposits for 8650 Frisco, LLC.

**Request No. 22.** Produce all records, including invoices, for all equipment and furniture purchased for use by 8650 Frisco, LLC.

**Request No. 23.** Produce all documents which reflect or relate to the application to the United States Patent and Trademark office for the mark Estilo GAucho Brazilian Steakhouse.

**Request No. 24.** Produce the assignment of ownership rights for the mark Estilo Gaucho Brazilian Steakhouse to Bahtche, LLC.

**Request No. 25.** Produce documents reflecting the exchange of compensation by and between 8650 Frisco, LLC and Bahtche, LLC, related to the mark Estilo Gaucho Brazilian Steakhouse.

11

Exhibit V

# FIRST SET OF INTERROGATORIES

**Interrogatory No. 1.**  Identify and explain in detail the terms upon which Los Cucos Mexican Cafe VIII, LLC provided money to 8650 Frisco, LLC.

**Interrogatory No. 2.**  If you contend that the money provided to 8650 Frisco, LLC by Los Cucos Mexican Cafe VIII, LLC was a loan, describe in detail the basis of that contention and terms of the loan.

**Interrogatory No. 3.**  If you contend that they money provided to 8650 Frisco, LLC  by Los Cucos Mexican Cafe VIII, LLC was an investment, describe in detail the basis of that contention and terms of the investment.

**Interrogatory No. 4.** Identify and describe in detail the equipment and furnishings provided to 8650 Frisco, LLC by Los Cucos Mexican Cafe, IV.

**Interrogatory No. 5.**  If you contend that the parties had an agreement as to 8650 Frisco, LLC's use of the equipment and furniture provided to 8650 Frisco, LLC by Los Cucos Mexican Cafe, IV, identify and describe in detail the basis of that contention and terms of the agreement.

**Interrogatory No. 6.**  Identify and describe in detail the source, date of purchase, and cost of all equipment and furnishings used at 8650 Frisco, LLC.

**Interrogatory No. 7.**  Detail the circumstances and terms under which the mark Estilo Gaucho Brazilian Steakhouse was transferred to Bahtche, LLC.

12

Exhibit V                                                                                    App. 377

| | | |
|---|---|---|
| LOS CUCOS MEXICAN CAFÉ | § | IN THE DISTRICT COURT OF |
| VIII, INC., LOS CUCOS MEXICAN | § | |
| CAFÉ IV, INC., MANUEL | § | |
| CABRERA, and SERGIO | § | |
| CABRERA | § | |
| PLAINTIFFS, | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| 8650 FRISCO, LLC d/b/a ESTILO | § | |
| GAUCHO BRAZILIAN | § | |
| STEAKHOUSE, MANDONA, | § | |
| LLC, GALOVELHO, LLC, | § | |
| BAHTCHE, LLC, CLAUDIO | § | |
| NUNES and DAVID JEIEL | § | |
| RODRIGUES | § | |
| DEFENDANTS. | § | 133rd JUDICIAL DISTRICT |

## DEFENDANT 8650 FRISCO LLC'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

To: Plaintiffs, Los Cucos Mexican Café VIII, Inc., Los Cucos Mexican Café IV, Inc., Manuel Cabrera, and Sergio Cabrera, by and through their attorney of record, Kelly Stephens, P.O. Box 79734, Houston, Texas 77279.

Defendants, 8650 Frisco, LLC, serves these responses to Plaintiff's request for production.

## RESPONSES TO REQUESTS

**Request No. 1:** Produce all documents and records provided to or received from 8650 Frisco, LLC's accountants (including, but not limited to Mike Verucchi, CPA, Holtmann & Company, LLC, or Hal Holtman, CPA), which relate in any way to 8650 Frisco, LLC.

**RESPONSE:**
OBJECTION. Defendant objects on the grounds that this request seeks information that is privileged. See Tex. Occ. Code § 901.457(a); see also O'Connor's Texas Rules, "Discovery," ch. 6-B, § 3.7, p. 499. Subject to the foregoing objection, and without waiving the same, documents responsive to

this request are being produced.

**Request No. 2:** Produce all documents and records in the possession of 8650 Frisco, LLC's accountants (including, but not limited to Mike Verucchi, CPA, Holtman & Company, LLC, or Hal Holtman, CPA), which relate in any way to 8650 Frisco, LLC.

**RESPONSE:**
OBJECTION. Defendant objects on the grounds that this request seeks information that is privileged. See Tex. Occ. Code § 901.457(a); see also O'Connor's Texas Rules, "Discovery," ch. 6-B, § 3.7, p. 499. Subject to the foregoing objection, and without waiving the same, documents responsive to this request are being produced.

**Request No. 3:** Produce all financial records of 8650 Frisco, LLC.

**RESPONSE:**
OBJECTION. Defendant objects on the grounds that this request is overly broad and seeks information that is not relevant to this matter. Defendant further objects as this request is not narrowly tailored to a specific time, scope or subject matter. Subject to the foregoing objection, and without waiving the same, relevant documents responsive to this request will we produced as requested.

**Request No. 4:** Produce all accounting records of 8650 Frisco, LLC.

**RESPONSE:**
OBJECTION. Defendant objects on the grounds that this request seeks information that is privileged. See Tex. Occ. Code § 901.457(a); see also O'Connor's Texas Rules, "Discovery," ch. 6-B, § 3.7, p. 499. Subject to the foregoing objection, and without waiving the same, documents responsive to this request are being produced.

**Request No. 5:** Produce all bank statements of 8650 Frisco, LLC.

**RESPONSE:**
OBJECTION. Defendant objects on the grounds that this request is overbroad and seeks information that is not relevant to this matter. Defendant objects to

Exhibit V                                                                                    App. 379

this request as it is an improper method to request records of a financial institution. Tex. Fin. Code § 59.006.

**Request No. 6:** Produce all point of sale data and reports related to 8650 Frisco, LLC.

**RESPONSE:**
OBJECTION. Defendant objects on the grounds that this request is overbroad and seeks information that is not relevant to this matter. Defendant further objects as this information contains information related to customer's accounts and disclosure would subject Defendant to liability from customers whose data was released.

**Request No. 7:** Produce all tax records (including all 1099 forms, W-2 forms, and K-1 forms) related to 8650 Frisco, LLC.

**RESPONSE:** OBJECTION. Defendant objects to this request as it is harassing, irrelevant, and confidential by statute. 26 USC §6103.

**Request No. 8:** Produce all communications and correspondence with 8650 Frisco, LLC's accountants (including, but not limited to Mike Verucchi, CPA, Holtman & Company, LLC, or Hal Holtman, CPA), which relate in any way to 8650 Frisco, LLC.

**RESPONSE:**
OBJECTION. Defendant objects on the grounds that this request seeks information that is privileged. See Tex. Occ. Code § 901.457(a); see also O'Connor's Texas Rules, "Discovery," ch. 6-B, § 3.7, p. 499. Subject to the foregoing objection, without waiving the same, documents responsive to this request are being produced.

**Request No. 9:** Produce all payroll records for 8650 Frisco, LLC.

**RESPONSE:**
OBJECTION. Defendant objects on the grounds that this request is overbroad and seeks information that is not relevant to this matter. Defendant further objects to this request as it seeks confidential information related to third parties and is only being requested for harassment purposes.

**Request No. 10:** Produce all records of money received from any Plaintiff in

Exhibit V                                                                                       App. 380

this lawsuit.

**RESPONSE:**
OBJECTION. Defendant objects on the grounds that documents sought relate to information that is already available to Plaintiff and is in plaintiffs possession, custody, and control.

**Request No. 11:** Produce all records of money paid or distributed to any Plaintiff in this lawsuit.

**RESPONSE:**
None.

**Request No. 12:** Produce all correspondence and communications with each Plaintiff in this lawsuit.

**RESPONSE:**
OBJECTION. Defendant objects on the grounds that this request is overbroad and seeks information that is not relevant to this matter. Further, the documents requested can be easily obtained by Plaintiff as Plaintiff is aware of all correspondence and communication with Defendant. Plaintiffs were parties to any communication between Plaintiffs and Defendants. Subject to the foregoing objection, and without waiving the same, relevant documents responsive to this request will we produced as requested.

**Request No. 13:** Produce all agreements, including all drafts of agreements, between the Parties, which relate in any way to 8650 Frisco, LLC.

**RESPONSE:**
OBJECTION. Defendant objects on the grounds that this request is overbroad and seeks information that is not relevant to this matter. Defendant further objects as this information is work product and privileged. Furthermore, Defendant objects to this request as any alleged agreements are in the possession of Plaintiffs and may easily be obtained by Plaintiffs through a search of their own records. Subject to the foregoing objection, and without waiving the same, relevant documents responsive to this request will we produced as requested.

**Request No. 14:** Produce all leases and related documents (e.g.,

Exhibit V App. 381

guarantees), which relate to the premises currently occupied by 8650 Frisco, LLC.

**RESPONSE:**
Subject to the foregoing objection, and without waiving the same, relevant documents responsive to this request will we produced as requested.

**Request No. 15:** Produce all records of financial transactions between 8650 Frisco, LLC and Claudio Nunes.

**RESPONSE:**
OBJECTION. Defendant objects on the grounds that this request is overbroad and seeks information that is not relevant to this matter. Defendant further objects to this request as it is not narrowly tailored and fails to define the request in terms of scope, subject matter, or time.

**Request No. 16:** Produce all records of financial transactions between 8650 Frisco, LLC and David Jeiel Rodrigues.

**RESPONSE:**
OBJECTION. Defendant objects on the grounds that this request is overbroad and seeks information that is not relevant to this matter. Defendant further objects to this request as it is not narrowly tailored and fails to define the request in terms of scope, subject matter, or time.

**Request No. 17:** Produce all corporate records of 8650 Frisco, LLC.

**RESPONSE:**
OBJECTION. Defendant objects on the grounds that this request is overbroad and seeks information that is not relevant to this matter. Defendant further objects to this request as it is confidential. Subject to the foregoing objection, and without waiving the same, relevant documents responsive to this request will we produced as requested.

**Request No. 18:** Produce quarterly and annual profit and loss statements for 8650 Frisco, LLC from its creation through the present (update quarterly through trial).

Exhibit V                                                                    App. 382

**RESPONSE:**
OBJECTION. Defendant objects on the grounds that this request is overbroad and seeks information that is not relevant to this matter. Defendant objects to this request as it exceeds duty imposed on Defendant under Tex. R. Civ. P. 196.1 & 192.3.

**Request No. 19:** Produce quarterly and annual balance sheet statements for 8650 Frisco, LLC from its creation through the present (update quarterly through trial).

**RESPONSE:**
OBJECTION. Defendant objects on the grounds that this request is overbroad and seeks information that is not relevant to this matter. Defendant objects to this request as it exceeds duty imposed on Defendant under Tex. R. Civ. P. 196.1 & 192.3.

**Request No. 20:** Produce all communications and correspondence related to any of the Plaintiffs in this lawsuit.

**RESPONSE:**
OBJECTION. Defendant objects on the grounds that this request is duplicative of request for production no. 12. Defendant further objects as this request is vague, overly burdensome, lacks specificity, fails to limit the request based upon time, scope, or subject matter. Defendant further objects as this request will not result in discoverable information. Defendant further objects as this request seeks to invade the attorney client privilege.

**Request No. 21:** Produce all records of cash receipts and cash deposits for 8650 Frisco, LLC.

**RESPONSE:**
OBJECTION. Defendant objects on the grounds that this request is overbroad and seeks information that is not relevant to this matter. Defendant further objects as this request is overly burdensome, harassing and will not result in production of discoverable information. Subject to the foregoing objection, and without waiving the same, relevant documents responsive to this request will we produced as requested.

**Request No. 22:** Produce all records, including invoices, for all equipment and furniture purchased for use by 8650 Frisco, LLC.

Exhibit V                                                    App. 383

**RESPONSE:**
OBJECTION. Defendant objects on the grounds that this request is overbroad and seeks information that is not relevant to this matter. Defendant further objects to this request as it is vague, lacks specificity, and is not narrowly tailored by time, scope or subject matter. Defendant further objects to this request as it is overly burdensome to require Defendant to scour its records for every purchase of nuts, bolts, bottles, cans, and bottle openers that it may have acquired during the operation of the restaurant. Subject to the foregoing objection, and without waiving the same, relevant documents responsive to this request will we produced as requested.

**Request No. 23:** Produce all documents which reflect or relate to the application to the United States Patent and Trademark office for the mark Estilo Gaucho Brazilian Steakhouse.

**RESPONSE:**
None.

**Request No. 24:** Produce the assignment of ownership rights for the mark Estilo Gaucho Brazilian Steakhouse to Bahtche, LLC.

**RESPONSE:**
None.

**Request No. 25:** Produce all documents reflecting the exchange of compensation by and between 8650 Frisco, LLC and Bahtche, LLC, related to the mark Estilo Gaucho Brazilian Steakhouse.

**RESPONSE:**
None.


Respectfully submitted, *MOSSER LAW PLLC*,


By: /s/ Nicholas D. Mosser
James C. Mosser
Texas Bar No. 00789784
Nicholas D. Mosser

Exhibit V                                                App. 384

Texas Bar No. 24075405
Benjamin Casey
Texas Bar No. 24087267
17110 Dallas Parkway Suite 290
Dallas, TX 75248
Tel. (972) 733-3223
Fax. (972) 267-5072
courtdocuments@mosserlaw.com
**Lawyers for Defendants**

## CERTIFICATE OF SERVICE

I certify that on May 14, 2014, a true and correct copy of this document was served to the following pursuant to Texas Rules of Civil Procedure 21 & 21(a).

Kelly Stephens
P.O. Box 79734
Houston, Texas 77279
Telephone: 1-281-394-3287
Facsimile: 1-832-476-5460


/s/ Nicholas D. Mosser
By: Nicholas D. Mosser

Exhibit V                                                           App. 385

**REPORTER'S RECORD**
**VOLUME 1 OF 1 VOLUME**
**TRIAL COURT CAUSE NO. 2014-10896**

| | |
|---|---|
| LOS CUCOS MEXICAN CAFE VIII( | IN THE DISTRICT COURT OF |
| INC.;LOS CUCOS MEXICAN ( | |
| CAFE IV,INC.; MANUEL ( | |
| CABRERA;AND SERGIO CABRERA ( | |
| ( | |
| VS. ( | HARRIS COUNTY, TEXAS |
| ( | |
| 8650 FRISCO,LLC D/B/A ESTILO | |
| GAUCHO BRAZILIAN ( | |
| STEAKHOUSE; MANDONA,LLC; ( | |
| GALOVELHO,LLC;BAHTCHE, ( | |
| LLC; CLAUDIO NUNES; AND ( | |
| DAVID JEIEL RODRIGUES ( | 133rd JUDICIAL DISTRICT |

_____

**MOTION TO TRANSFER**

_____

On the 23rd day of June, 2014, the following proceedings came on to be held in the above-titled and numbered cause before the Honorable JACLANEL McFARLAND, Judge Presiding, held in Houston, Harris County, Texas.

Proceedings reported by computerized stenotype machine.

**DARLENE STEIN**
**OFFICIAL COURT REPORTER**
**133RD DISTRICT COURT**
**HARRIS COUNTY, TEXAS**

**APPEARANCES**

**Mr. Andrew K. Meade**
SBN 24032854
**Mr. Samuel B. Haren**
SBN 24059899
2118 Smith Street
Houston, Texas 77002
Telephone:  (713)658-9001
Telephone:  (713)658-9011 (Fax)
Attorney for Plaintiffs


**Mr. Nicholas D. Mosser**
SBN 24075405
**Mr. James Mosser**
SBN 00789784
17110 Dallas Parkway, Suite 290
Dallas, Texas97 75248
Telephone:)  (972)733-3223
Telephone:   (972)267-5072
Attorney for Defendants

DARLENE STEIN

Exhibit V

App. 387

**CHRONOLOGICAL INDEX**

**June 23, 2014**

**PAGE**

**Proceedings................................    4**

**Argument by Mr. Meade......................    6**

**Argument by Mr. Mosser....................   11**

**Proceedings concluded.....................   25**

**Reporter's Certificate....................   26**

**(P R O C E E D I N G S)**

June 23, 2014

*THE COURT:* This is Cause No. 2014-10896. And if everyone would announce who they are and who they represent, please.

*MR. MEADE:* Andrew Meade and Sam Haran for the Plaintiffs.

*THE COURT:* Mr. Mosser, if you'll announce who you are and who you represent, please.

*MR. MOSSER:* I'm sorry?

*THE COURT:* Announce who you are and who you represent.

*MR. MOSSER:* Yes, ma'am. This is James Mosser, Mosser Law Firm, PLLC, appearing telephonically on behalf of all Defendants.

*THE COURT:* Okay. I will tell you that I don't have the motions in front of me. My law clerks have gone to get them. For some reason, even though you are on the docket, they thought it had been pulled. So, anyway, but I'm going to let y'all go ahead and start. I think it's Plaintiff's motions. So, I'm going to let them go ahead and start while the law clerks are bringing in the actual written motions.

*MR. MEADE:* All right. Your Honor, if

you'll recall, this is a -- my client supplied about $950,000 in some equipment for a restaurant --

MR. MOSSER: Your Honor, if he could get closer to the microphone or speak up louder, it would be easier to hear.

THE COURT: Yeah. Well, I'll put the phone a little closer. But, you know, have you got a storm in Dallas? Is that the problem or what? You know, when you don't show up, it's -- we can only do the best we can do.

You know, that's why when I practiced law, I didn't depend on Southwest. Now, going to committee meetings, I depended on Southwest a lot. I was on a lot of Baptist boards that met over on North Washington, the Baptist building. But when I had a case, I usually drove down the night before or drove up or drove west or east or wherever I was going.

MR. MEADE: And -- and for convenience, Your Honor, we will try to set hearings in the case on Fridays and Mondays to make that more convenient.

THE COURT: Well, we don't have hearings on Fridays. So, they have to be on Mondays.

MR. MEADE: Mondays.

And so, the situation that we've got here -- Your Honor will recall that we had previously

noticed depositions for early May of the Defendants, that those depositions had been quashed. So, we set a Motion to Compel. The Court ordered the depositions to occur in June. We agreed on dates that were put into the Court's order, which was June 9th and 10th for six depositions to occur.

On the Sunday before -- June 9th was a Monday. 10th was a Tuesday. On the Sunday before, Mr. Mosser left a message on Mr. Stephen's phone, saying that he wouldn't be attending the depositions nor would his clients because -- and they subsequently filed a motion. Mr. Mosser apparently has a nervous system injury of some sort that he came down with the day before the depositions. And there is nobody else within his four-person law firm who's qualified to sit in a chair and defend a deposition.

He then went and set his Motion to Transfer Venue, offered us some dates in late July that -- or -- that conflict with a trial that I have in Judge Englehart's court. And then when I rejected those dates, offered dates in August.

And we have run into a problem now, which is that I leave the country on Saturday for two and a half weeks. I get back and have five days to prepare for a week-long trial in Judge Englehart's court. And then at

DARLENE STEIN

Exhibit V

App. 391

the end of the week that I'm in trial with Judge Englehart is their Motion to Transfer Venue. We have taken the position, which is correct under the rules, that discovery should not be and cannot be, in fact, abated while a Motion to Transfer Venue is pending.

They have taken the position and even set for today and then withdrew a Motion to Stay all proceedings while they have the opportunity to have that Motion to Transfer Venue heard.

We're going to have to take these depositions before the Motion to Transfer Venue hearing. We need them ordered and compelled, and we need the Motion to Transfer Venue hearing pushed back till that can happen.

But we also need Mr. Mosser or his clients to pay the costs of the depositions that were ordered -- I took Certificates of Nonappearance on all six depositions -- and that they ought to have to bear the cost on each of those.

The next issue that we have is as you'll recall, we have an accountant that worked for the company in New Braunfels and then a new accountant in Dallas. We had the -- the letter and correspondence where they said, you know, turn over all records and destroy all in your possession. And -- and we had to move to compel the

DARLENE STEIN

Exhibit V

App. 392

accountant to produce the records from New Braunfels, and he did produce the records to us.

But we have also asked for certain financial records, including tax records and other financial documents from the Defendants themselves; and soon we will -- and, also, their new accountant, who will soon have to come down on a Motion to Compel, as well, although that's not part of today.

The -- the other issue that is part of today is their responses and objections to our requests for production, which deal with the financial and tax records.

Starting with the tax records, there are numerous reasons why as members of the company and -- that -- that we're entitled to the tax records of an LLC. First of all, the statute allows it.

Second, we need to prepare our own tax returns.

Third, how they chose to characterize our capital contributions, the proportion of what is characterized as a loan and capital contribution and all of that is going to be relevant to the parties' agreement or disagreement about our membership status and -- and how much money is owed in terms of -- our position is that part of the money was loaned and part of it was a capital

DARLENE STEIN

Exhibit V

App. 393

contribution, and -- and they may or may not disagree, although they haven't disclosed their theory of the case to us at all in any way.  That will be relevant, those tax records.

The other financial records, which include bank account statements, we're -- we're entitled to the books and records, again, of the company; but, also, these bank account statements are going to be relevant to whether distributions -- because under the -- under the limited liability company act, under the partners' oral agreement, and under the written agreements that were exchanged, we would be entitled to distributions of distributable cash.

None have been made to us.  We believe some have been made to the Defendants, substantial distributions, and that there is distributable cash.  We believe that, but we don't have the records to show it, and the bank statements will go a long ways towards that.

What we've met with to date is an objection every step of the way and resistance even to Court-ordered depositions.  And -- and the objection that was made, for example, to the accountant's records was that objection of privilege that the Texas courts don't recognize.  Well, it was made again in response to requests for production after the Court had already ruled on the objection in

DARLENE STEIN

Exhibit V

App. 394

relation to the accountant.

They made other objections; for example, objecting that the Texas Finance Code provides the exclusive means to get bank account statements, even bank account statements of a party. I -- I assure you that I will go to the bank, under the Texas Finance Code, and get the bank statements separately. But that doesn't alleviate the obligation of a party to produce those bank statements.

So, a recommendation in -- in one of my motions is really -- it's really -- we're asking for the relief but sort of recommending a path for the Court, would be to appoint a discovery master in the case. I don't mind coming down here once a week, and I suspect we will be back here again in a week. And I'll tell you why.

You know, we had these grills. I -- I don't know if you remember the -- the unique grills. Well, we have reason to believe that the grills have been destroyed. And I've asked for an inspection of the collateral, of -- of the property. They haven't responded to it. I'm going to be asking the Court for it and probably having to move it to compel.

When these depositions do occur, I suspect I'm going to meet with a series of objections and probably instructions to the witness not to answer and that sort of

thing.  And I -- and we can have the depositions in your chambers.  I leave it to the Court's discretion of how we deal with these issues; but I would rather, if we can avoid it -- and I -- I know that judges, including yourself, don't like us coming down here all the time on Motions to Compel.  I would like to avoid them, if possible.  And so, the appointment of a discovery master is one suggestion to do that.

And I'll let Mr. Mosser respond.

*THE COURT:*  Mr. Mosser?

*MR. MOSSER:*  Yes, ma'am.

*THE COURT:*  You may respond.

Hello?

*MR. MOSSER:*  Yes, ma'am.  I'm right here.

*THE COURT:*  Where -- you want to respond?

*MR. MOSSER:*  Oh, yes, ma'am.  I surely will.  Thank you.

May it please the Court?  Let me go backwards a little bit here.  Let's start with the grills are being destroyed, which is a false statement made by counsel.  It has become custom in this case.  The problem is we sent notice to counsel that he should come and pick up the grills, and counsel told us they weren't going to pick up the grills.

So, we told them if they leave the grills

that they claim they loaned to my clients, we told them, If you don't pick them up, we'll just put them in storage; and you can pay the storage bill when you get here. Nobody said they were going to destroy them, and it's just outrageous that he would say those kinds of things.

As for bank accounts, the Finance Code does provide the method by which he can obtain the bank accounts. But let's assume he doesn't want to do that and I'm required to deliver bank accounts. If the Court will recall, he mentioned that he held a deposition on written questions for Mr. -- I can't remember the accountant's name -- Hal Holtman, I think -- to produce all the records he had related to anything with my clients.

Now, if you will recall from the -- the Temporary Injunction hearing, Mr. Holtman went and testified on everything we told him he shouldn't be testifying on; and then he subsequently, based on comment from counsel this morning, delivered all the documents he had to the Plaintiff's lawyers in this case. That includes the tax returns, all bank statements, all the income statements, all the financial statements, everything related to the business until Mr. Holtman was fired.

Now, the Court ordered that. Mr. Holtman turned them over, over our objection. So, I don't think

DARLENE STEIN

Exhibit V

App. 397

that we're required to produce records in a duplicitous manner that have already been produced by the accountant in this case.

And, secondly, those documents were produced to opposing counsel who has yet to this day served them on us. When he gets discovery from whatever source it's from, he's required to serve everybody in the lawsuit, all parties, a copy of that discovery. He has not done so. So, I don't have any.

Going back to the top of the complaint from opposing counsel, I'm 69 years old; and I can't help it if my sacral iliac joint gets sprained, inflamed, bruised, and strained. I can't do anything about that. We immediately notified, upon determination that I was immobile, that this deposition had to be reset or postponed.

I think it's outrageous that I can't even pick up the phone and call a counsel for a medical problem that he won't reset depositions for or even respond to the telephone calls. I think it's outrageous that they file motions claiming that they've had a conference with opposing counsel, which is plainly false. They didn't have any conference with us. In fact, they filed these motions and then claimed that they had a conference after they filed the motion.

As for offering dates, we offer to set a date in July; and understanding trial schedules, as I do, I was required to file a Motion to Continuance on -- let's see -- that date that he wanted to do these, the 16th, 17th, somewhere in there because I had a special setting. I had to go into that court and request the Court reset the special setting in that case because of my sacral iliac sprain.

I don't under -- I suppose five years ago when I had my quadruple bypass surgery, opposing counsel would complain because that was just an excuse. These are not excuses. These are real-live things. We've offered a second set of dates. Counsel didn't even respond to them.

Now, counsel also says that we don't -- we should take depositions to get proof for the Motion to Transfer Venue. I don't think the Motion to Transfer Venue is set for today, but he puts it in his -- in his response or his Third Amended Motion to Compel, and I don't understand. He believes that the testimony given in open court on the record and sworn to by his clients can't be used in Motion to Transfer Venue. At some point in time, the Court will have to rule on that motion; and I will be happy to defend that issue.

As for costs, counsel fails to properly prepare any cost statements, hasn't made any cost

DARLENE STEIN

Exhibit V
App. 399

statements, hasn't suffered from any problems other than my sacral iliac joint sprain; and I don't think he would like me sitting in his conference room, taking the narcotics that I was taking and the side effects that go with it.

So, he has all of the financial records we believe that exist, delivered by Holtman over our objection. He did not properly serve the accountant -- the new accountant in Texas, which is more than 150 miles and -- away, and he doesn't have a right to get anything from him.

And as for tax records from the LLC, they're not members. They never have been members. They're not members. They rejected the opportunity to become a member, and that's clear testimony in the Temporary Injunction hearing.

So, I think I've covered the waterfront. But as far as tax returns, the State of Texas has made very clear by the Supreme Court and the Court of Appeals in Houston -- I think every Court of Appeals has said it is an abuse of discretion requiring the disclosure of Federal income tax returns if other documents can provide the information necessary.

But in order to even search out and get that information, opposing counsel is required to provide

the relevancy and materiality that's necessary as to his claims. He has none. He hasn't presented any. He hasn't asked for any. He hasn't said a single word that shows that a tax return, a financial statement, or any of these other intrusive and burdensome matters are necessary for his claims. And the Court should deny his motions in total.

Thank you.

*THE COURT:* When do you want to take the depositions?

*MR. MEADE:* Well --

*MR. MOSSER:* I'm sorry, Judge?

*THE COURT:* I'm -- I'm asking your opposing counsel when he wants to take the depositions.

*MR. MEADE:* I knew you were going to ask that, and I think the simplest answer to that is before the Motion to Transfer Venue is heard.

*THE COURT:* Okay.

*MR. MEADE:* The more complex answer is after the week of the 21st of July because I have a trial that entire week. But we are set number one. So, we will go; and I will be done that week because it's a breach of contract case.

So, following that week, I only have one day that I have a -- I have a deposition currently set

that I'm defending on the 28th of July.  Otherwise, I am wide open to -- to take these depositions.

THE COURT:  Okay.  Counsel, you heard that, I assume.  So, pick a date after his trial in Judge Englehart's court and not on July -- what?

MR. MEADE:  28th.

THE COURT:  -- 28th that you can produce your people for depositions.

MR. MOSSER:  I'm looking at the calendar now, Judge.

THE COURT:  Okay.

MR. MOSSER:  I would recommend August 4th and 5th, and I -- I would like to also add, Judge, that four of the depositions that were set, two of them -- on two separate days, two of them were set at exactly the same time.  And then the next day, two more were set at exactly the same time, which I would discourage that concept as appropriate.

MR. MEADE:  And -- and here would be my response.  If Mr. Mosser would cooperate with me --

MR. MOSSER:  But the 4th and the 5th are good with me, Judge.

MR. MEADE:  If Mr. Mosser would cooperate with me a little bit and let me know -- these are an individual -- two individuals and four corporate

representatives who may be, and I suspect will be, those same individuals -- could all be taken possibly at the same time or concurrently with each other. But Mr. Mosser hasn't identified who are -- who's going to be the corporate representative. So, I don't know how else to do it.

If he will identify who will be the corporate representatives for those entities, I will notice the -- the depositions so that they don't conflict timewise with one other another.

*MR. MOSSER:* As you previously noticed, the doc -- the areas of inquiry, Mr. Rodriguez will be the deponent.

*MR. MEADE:* On all, Mr. Mosser?

*MR. MOSSER:* Yes.

*MR. MEADE:* Okay. Then I will -- I will set it up so that they don't conflict with one another.

*MR. MOSSER:* Thank you.

*THE COURT:* Okay. So, pick, the 4th of the 5th of August?

*MR. MEADE:* It will be both, Your Honor.

*THE COURT:* Oh, both.

*MR. MEADE:* Yeah.

*THE COURT:* Okay. All right. The depositions are set for the 4th and the 5th. And

Plaintiff's counsel will send notice, but they are now set. He'll send notice as to time and place, I assume, which I assume you've already -- where -- where are they going to be?

*MR. MEADE:* Well, as Mr. Mosser doesn't have an office here in Houston --

*THE COURT:* Okay.

*MR. MEADE:* -- I'm just going to do them at my offices here in Houston, Your Honor.

*THE COURT:* Right. And I presume that's okay with you, Mr. Mosser?

*MR. MOSSER:* Oh, yes, ma'am, that's fine with me.

*THE COURT:* Okay. Now, as to fees of the nonappearance, I'm not going to order anything at this time. I will consider it later as the case progresses, depending on how discovery goes. So, I will just hold that under advisement.

What else was there?

*MR. MEADE:* The objections, which I think lie in the Third Motion to Compel, which are Motions to Compel the responses to discovery that ask for a variety -- it's -- it's a variety of financial information, including bank statements and -- and tax returns.

DARLENE STEIN

Exhibit V

App. 404

THE COURT: Mr. Mosser, have -- does your client have the bank statements?

MR. MOSSER: I'm sorry, Judge?

THE COURT: Does your client have the bank statements?

MR. MOSSER: I think Mr. Holtman has them, and opposing counsel has collected everything Holtman has. And I would like the Court to order opposing counsel to deliver those documents that he got from the third-party witness Holtman to us.

THE COURT: Well, let me ask -- that -- that wasn't my question.

MR. MOSSER: I understand.

THE COURT: My question is: Does your client have them?

MR. MOSSER: No. I think -- I think Holtman has them all.

THE COURT: So, your client didn't keep a copy?

MR. MOSSER: Nobody sends out copies of bank statements any more, Judge.

THE COURT: Sure they do. I get them every month.

MR. MOSSER: I appreciate that, Your Honor. Let me put it a different way. Many businesses

DARLENE STEIN

Exhibit V                                                    App. 405

do not get bank statement in paper form.

THE COURT: Well, do they get them electronically where they can print them out?

MR. MOSSER: My understanding, Your Honor, is that Holtman has all the bank statements.

THE COURT: So, your client doesn't get the e-mail saying, Your bank statement is ready to be printed out; or they can't go in and print it out?

MR. MOSSER: I haven't made that particular inquiry.

THE COURT: Yeah.

MR. MOSSER: Because they're with the bank and the accountant.

THE COURT: Well, my guess is your client has access to them by -- if they -- if they're not like me and they don't pay to get a paper statement or get a paper statement, they get an e-mail saying, Your bank statement is online. And you just log in, and you can print it out.

MR. MOSSER: I understand what the Court is saying, but my suggestion is that they already have all of that stuff. They got it from Holtman.

MR. MEADE: Your Honor, if I -- if I could add one -- as Your Honor may recall, they -- the Defendants fired Mr. Holtman, who is the CPA, from the

DARLENE STEIN

Exhibit V

App. 406

company in March, terminated my client's access and his access to all of the bank accounts. Then -- then hired a new accountant located up in Dallas and identified him as the new CPA, to which Holtman was supposed to and did send all of the information.

As far as account statements, the -- it's an ongoing duty, in fact, and they -- they have the duty -- even if, in fact, we had gotten all of the information and -- and Mr. Mosser has just said he doesn't actually know what we've gotten. Even if had gotten all of the information, it wouldn't alleviate their responsibility to produce it, too, because, for example, we might be missing a page of a bank statement. We might want to use a 173, you know, authentication means for the documents.

But there are certainly post termination of Mr. Holtman, zero financial records that we have access to but that the Defendants have access, custody, and control over those documents exclusively; and that's what we're asking for.

THE COURT: Okay. So --

MR. MEADE: Their current accountant has all of it, and they have all of it.

THE COURT: All right.

MR. MOSSER: Well, we don't really know

DARLENE STEIN

Exhibit V

App. 407

that.

THE COURT: Well, I'm going to overrule your objections and tell you to produce it if it's available to you.

MR. MOSSER: From the time that Holtman was terminated? Because they already have everything else.

THE COURT: No. Just from what they've requested.

MR. MOSSER: And will you order them to deliver us what Holtman has?

MR. MEADE: I don't need to be ordered to, Your Honor. I will -- I haven't had him even ask me. If you send me a letter asking for it --

THE COURT: Well, he's asking now. Send it to him.

MR. MEADE: I'll send it to him, Your Honor.

THE COURT: Yeah. I'm not going to order him, but he -- he said on the record now he's going to send you copies of it.

MR. MEADE: Well, in fact, if it's easiest, I will upload it onto FPT link; and you can download it from your computer today.

THE COURT: You want to do that, Counsel?

MR. MOSSER:  Which kind of link?

THE COURT:  I don't know.  It's over my head.

MR. MEADE:  I will suggest a couple of means by which I can deliver the documents to you, Mr. Mosser.

THE COURT:  He will -- he will get them to you.

MR. MEADE:  You can choose the most convenient means to you.

THE COURT:  Okay.  On the -- I've looked at the interrogatories, your objections are overruled.

What else have we got?

MR. MEADE:  The requests for production objections that were --

THE COURT:  Yeah, and they're overruled, also.

Anything else?

MR. MEADE:  And -- nothing else unless Your Honor -- and I -- and from what Your Honor said earlier, I think you're not inclined to appoint a master at this --

THE COURT:  I'm not.

MR. MEADE:  -- point in the discovery. So, I won't --

DARLENE STEIN

Exhibit V

App. 409

THE COURT: And we will reset --

MR. MEADE: -- belabor the point.

THE COURT: -- the motion for change of venue until after the deposition.

MR. MEADE: Thank you, Your Honor. Nothing else today.

THE COURT: Anything else?

MR. MOSSER: No, Your Honor.

THE COURT: Counsel, I hope you feel better. I know --

MR. MOSSER: Thank you very much, Judge.

THE COURT: I know how it feels to get older, but...

MR. MOSSER: I appreciate it, Judge.

THE COURT: Okay. Thank you.

MR. MOSSER: Yes, ma'am.

MR. MEADE: Thank you. Have a good week, Your Honor.

THE COURT: Thank you.

(Proceedings concluded.)

DARLENE STEIN

Exhibit V                                    App. 410

STATE OF TEXAS

COUNTY OF HARRIS

I, DARLENE STEIN, Official Court Reporter in and for the 133rd District Court of Harris, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, offered by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $312.00 and was paid by Mr. Andrew Meade.

```
                              /s/Darlene Stein_____
                              DARLENE STEIN, CSR
                              Texas CSR 2557
                              Official Court Reporter
                              133rd District Court
                              Harris County, Texas
                              201 Caroline, 11th Floor
                              Houston, Texas 77002
                              Telephone:  (713) 368-6402
                              Expiration:  12/31/2014
```

DARLENE STEIN

Exhibit V

App. 411

6/11/2014 2:07:32 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 1510270
By: ARRIAGA, AMANDA R

Cause No. 2014-10896

| | | |
|---|---|---|
| LOS CUCOS MEXICAN CAFE VIII, INC.; LOS CUCOS MEXICAN CAFE IV, INC.; MANUEL CABRERA; AND SERGIO CABRERA, | § § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| 8650 FRISCO, LLC D/B/A ESTILO GAUCHO BRAZILIAN STEAKHOUSE; MANDONA, LLC; GALOVELHO, LLC; BAHTCHE, LLC; CLAUDIO NUNES; and DAVID JEIEL RODRIGUES, | § § § § § § | |
| Defendants. | § | 133rd JUDICIAL DISTRICT |

## ORDER ON DEFENDANTS' MOTION TO STAY ALL MATTERS AND PLAINTIFFS' THIRD MOTION TO COMPEL

The Court, having considered Defendants' Motion to Stay All Matters and Plaintiffs' Third Motion to Compel and the respective responses, arguments of counsel, and evidence, has determined that Defendants' motion should be and is hereby DENIED and that Plaintiffs' motion should be and is hereby GRANTED. Specifically:

The Court DENIES Defendants' request to stay all matters.

The Court hereby OVERRULES Defendants' objections to Plaintiffs' Requests for Production Nos. 1, 2, 3, 4, 5, 7, and 8. IT IS ORDERED that Defendants shall produce all documents responsive to Requests for Production Nos. 1, 2, 3, 4, 5, 7, and 8 within 24 hours of the entry of this order.

The Court FINDS that Defendants' counsel has abused the discovery process in resisting discovery and has determined that the following sanctions are appropriate, satisfy the legitimate

Exhibit V          **Exhibit 4**          App. 412

purposes of discovery sanctions, and are neither more nor less stringent than necessary to accomplish those purposes.

Accordingly, IT IS ORDERED that all expenses of discovery associated with the underlying motion and the deposition of each of the Defendants in accordance with this order are charged to the MOSSER LAW FIRM. The MOSSER LAW FIRM shall pay to Plaintiffs' counsel $_____ within 10 days of the signing of this order.

IT IS FURTHER ORDERED that the following facts are ESTABLISHED for all purposes in this litigation: that Defendants have consented to venue in Harris County, Texas.

IT IS FURTHER ORDERED that failure to comply with this Order may result in the further imposition of sanctions or a holding of contempt, punishable by fine or imprisonment or both. The documents must be produced by Aug 1, 2014 at plaintiff's attorneys office at 5:00 P.M.

DATED: 7-28-2014

_____
JUDGE PRESIDING

Unofficial Copy Office of Chris Daniel District Clerk

Exhibit V                                                                                       App. 413

3/30/2015 4 07 31 PM
Chris Daniel - District Clerk
Harris County
Envelope No 4698208
By GENTRY, EUNIECY M
Filed 3/30/2015 4 07 31 PM

CAUSE NO 2014-10896

| | | |
|---|---|---|
| LOS CUCOS MEXICAN CAFE VIII, INC , LOS CUCOS MEXICAN CAFE IV, INC , MANUEL CABRERA, and SERGIO CABRERA, | § § § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs* | § § | |
| v | § | |
| | § | HARRIS COUNTY, TEXAS |
| 8650 FRISCO, LLC D/B/A ESTILO GAUCHO BRAZILIAN STEAKHOUSE, MANDONA, LLC, GALOVELHO, LLC, BAH'I CHE, LLC, CLAUDIO NUNES, and DAVID JEIEL RODRIGUES, | § § § § § § § | |
| *Defendants* | § | 133rd JUDICIAL DISTRICT |

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO ENFORCE THE COURT'S ORDER

On this day the Court came to consider Plaintiffs Second Motion to Enforce the Court's Order and for Sanctions (the "Motion") After considering the facts, law, and argument of counsel, the Court has decided to grant the Motion in part and deny the Motion in part

Defendants are ordered to produce all documents identified in the Court's July 28, 2014 Order on Defendants Motion to Stay All Matters and Plaintiffs' Third Motion to Compel This production must be made by 5 00 p m on Wednesday, April 1, 2015 to both Sam Haten and Kelly Stephens

Plaintiffs' and Defendants' requests for sanctions are denied

Signed on the 1 day of April , 2015

_____
Judge Presiding

Exhibit V     **Exhibit 5**     App. 414

# EXHIBIT 6

# FILED UNDER SEAL

# EXHIBIT 6

Exhibit V                                    App. 415

CAUSE NO. 2014-10896

| | | |
|---|---|---|
| LOS CUCOS MEXICAN CAFE VIII, INC.; LOS CUCOS MEXICAN CAFE IV, INC.; MANUEL CABRERA; and SERGIO CABRERA, | § § § § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs* | § § | |
| v. | § § | |
| | § | HARRIS COUNTY, TEXAS |
| 8650 FRISCO, LLC D/B/A ESTILO GAUCHO BRAZILIAN STEAKHOUSE; MANDONA, LLC; GALOVELHO, LLC; BAHTCHE, LLC; CLAUDIO NUNES; and DAVID JEIEL RODRIGUES, | § § § § § § | |
| *Defendants* | § | 133rd JUDICIAL DISTRICT |

## ORDER
### ON PLAINTIFFS' EMERGENCY MOTION TO COMPEL AND FOR SANCTIONS

The Court, having considered Plaintiffs' Emergency Motion to Compel and for Sanctions, the response, the arguments of counsel, and the evidence, has determined that the motion is meritorious and should be and is hereby GRANTED in its entirety. Specifically:

The custodian of records of Holtman & Company, LLC is hereby ORDERED to appear before a notary public for deposition as subpoenaed by Plaintiffs on May 26, 2014, at 10:00 a.m. at the office of Gulfstream Legal Group, LLC, 16607 Blanco Road, Suite 1307, San Antonio, Texas 78232.

The custodian of records of Holtman & Company, LLC is hereby ORDERED to preserve all documents and communications related to 8650 Frisco, LLC, including but not limited to those records requested by Plaintiffs, in its possession, custody, or control, during the pendency of this litigation.

Exhibit V

# Exhibit 7

App. 416

The Court FINDS that Defendants' counsel has abused the discovery process in resisting discovery and has determined that the following sanctions are appropriate, that the following sanctions satisfy the legitimate purposes of discovery sanctions, and that the following sanctions are neither more nor less stringent than necessary to accomplish those purposes.

Accordingly, IT IS ORDERED that all expenses of discovery associated with the underlying motion and the production of documents by and from Holtman & Company, LLC, including but not limited to copying charges, shipping fees, and the like, are charged to Nicholas D. Mosser, individually. Nicholas D. Mosser shall pay to Plaintiffs' counsel $_____ within 10 days of the signing of this order.

IT IS FURTHER ORDERED that the following facts are ESTABLISHED for all purposes in this litigation:

1. That 8650 Frisco, LLC has generated profits throughout its entire existence.

2. That Plaintiffs are entitled to one-half of the generated profits.

3. That Plaintiffs are entitled to full repayment of the startup funds they provided (in an amount to be proven at trial) with interest at the highest lawful rate.

4. That Plaintiffs are entitled to reimbursement for wear and tear and depreciation of the equipment they supplied to 8650 Frisco (in an amount to be proven at trial).

IT IS FURTHER ORDERED that Defendants are PROHIBITED from supporting any affirmative defenses, including but not limited to those defenses listed as "affirmative defenses" in Defendants' Original Answer or any subsequent pleading.

IT IS FURTHER ORDERED that Nicholas D. Mosser shall pay the reasonable expenses, including attorneys' fees, caused by his letters to Holtman & Company, LLC. Nicholas D. Mosser shall pay to Plaintiffs' counsel $_____ within ten (10) days of the signing of this order.

Exhibit V

App. 417

IT IS FURTHER ORDERED that failure to comply with this Order may result in the further imposition of sanctions or a holding of contempt, punishable by fine or imprisonment or both.

DATED: ___May 12, 2014___

_____
JUDGE PRESIDING

Unofficial Copy Office of Chris Daniel District Clerk

Exhibit V

CAUSE NO. 2014-10896



| | | |
|---|---|---|
| LOS CUCOS MEXICAN CAFE VIII, INC.; LOS CUCOS MEXICAN CAFE IV, INC.; MANUEL CABRERA; and SERGIO CABRERA, *Plaintiffs* | § § § § § § § § | IN THE DISTRICT COURT OF |
| v. | § § § | |
| 8650 FRISCO, LLC D/B/A ESTILO GAUCHO BRAZILIAN STEAKHOUSE; MANDONA, LLC; GALOVELHO, LLC; BAHTCHE, LLC; CLAUDIO NUNES; and DAVID JEIEL RODRIGUES, *Defendants* | § § § § § § § | HARRIS COUNTY, TEXAS  133rd JUDICIAL DISTRICT |

## ORDER GRANTING PLAINTIFFS' MOTION TO QUASH AND DENYING DEFENDANTS' MOTION TO QUASH DEPOSITION SUBPOENA OF MIKE VERUCCHI AND FOR A PROTECTIVE ORDER

On this day the Court came to consider Defendants' Motion to Quash Deposition Subpoena of Mike Verucchi and for a Protective Order (the "Motion to Quash"). After considering the facts, law, and argument of counsel, the Court has decided to DENY the Motion to Quash. The Subpoena contained in Exhibit A to the Motion (the "Subpoena) is valid and enforceable.

The Court further finds that Defendants filed the Motion without adequately considering the contents of Exhibit A thereto. The Court further finds that Defendants refused to withdraw the Motion once the relevant contents were pointed out. The Court further finds that the Defendants have advanced frivolous arguments without basis in fact or law in support of the Motion. The Court further finds that this misconduct is part of a larger pattern of improper objections, motions to quash, and invocations of privilege. ~~The Court further finds that a sanction of $1,000.00 is the minimum amount necessary to deter Defendants from continuing to~~

Certified Document Number: 61747433 - Page 1 of 2

Exhibit V          **Exhibit 8**          App. 419

engage in this pattern of misconduct. Accordingly, the Court hereby orders that Defendants pay a sanction of $1,000.00 to Plaintiffs. This payment must be made within three business days of the signing of this order.

Signed on the 28 day of July , 2014

Judge Presiding

Certified Document Number: 61747433 - Page 2 of 2

2

Exhibit V

App. 420



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 29, 2014

Certified Document Number:        61747433 Total Pages:  2

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

Exhibit V



HAWASH MEADE GASTON NEESE & CICACK LLP

Samuel B. Haren
sharen@hmgllp.com
713-658-9001 (phone)
713-658-9011 (fax)

April 2, 2015

*Via Facsimile:*
*(469) 626-1073*
Mr. James C. Mosser
Mr. Nicholas D. Mosser
Mosser Law PLLC
17110 Dallas Parkway, Suite 290
Dallas, Texas 75248

   Re: Cause No. 2014-10896, *Los Cucos Mexican Cafe VIII, Inc.* et al. *v. 8650 Frisco, LLC* et al. in the 133rd Judicial District Court of Harris County, Texas

Messrs. Mosser and Mosser:

   I attempted to send the attached to the fax number in the signature block of your most recent pleading. According to our fax service, it did not go through. Hopefully it will fare better with the new fax number in your letterhead.

         Yours truly,

         Samuel B. Haren



# HAWASHMEADE
### HAWASH MEADE GASTON NEESE & CICACK LLP

**Samuel B. Haren**
sharen@hmgllp.com
713-658-9001 (phone)
713-658-9011 (fax)

April 1, 2015

*Via Facsimile:*
*(972) 267-5072*
Mr. James C. Mosser
Mr. Nicholas D. Mosser
Mosser Law PLLC
17110 Dallas Parkway, Suite 290
Dallas, Texas 75248

   Re: Cause No. 2014-10896, *Los Cucos Mexican Cafe VIII, Inc.* et al. *v. 8650 Frisco, LLC* et al. in the 133rd Judicial District Court of Harris County, Texas

Messrs. Mosser and Mosser:

  On three separate occasions, the Court has ordered you to produce the following documents:

- all documents and records provided to or received from 8650 Frisco, LLC's accountants (including, but not limited to Mike Verucchi, CPA, Holtman & Company, LLC, or Hal Holtman, CPA), which relate in any way to 8650 Frisco, LLC;
- all documents and records in the possession of 8650 Frisco, LLC's accountants (including, but not limited to Mike Verucchi, CPA, Holtman & Company, LLC, or Hal Holtman, CPA), which relate in any way to 8650 Frisco, LLC;
- all financial records of 8650 Frisco, LLC;
- all accounting records of 8650 Frisco, LLC;
- all bank statements of 8650 Frisco, LLC;
- all tax records (including all 1099 forms, W-2 forms, and K-1 forms) related to 8650 Frisco, LLC; and
- all communications and correspondence with 8650 Frisco, LLC's accountants (including, but not limited to Mike Verucchi, CPA, Holtman & Company, LLC, or Hal Holtman, CPA), which relate in any way to 8650 Frisco, LLC.

  Your production of March 31, 2015 does not comply with the Court's three orders. If we do not receive all responsive documents by 4:00 p.m. on April 2, 2015, we will be forced to ask the Court to hold you and your clients in contempt for continuing to ignore the Court's orders.

       Yours truly,

       Samuel B. Haren

Exhibit V             App. 423

```
*  *  *  Communication Result Report ( Apr. 2. 2015  8:47AM ) *  *  *
                                                              1)
                                                              2)
```

Date/Time: Apr. 2. 2015  8:46AM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|------|------|-------------|-------|--------|---------------|
| 0846 | Memory TX | 4696261073 | P.  2 | OK | |

```
Reason for error
   E. 1) Hang up or line fail          E. 2) Busy
   E. 3) No answer                     E. 4) No facsimile connection
   E. 5) Exceeded max. E-mail size     E. 6) Destination does not support IP-Fax
```

## HAWASHMEADE
HAWASH MEADE GASTON NEESE & CICACK LLP

Samuel B. Haren
sharen@hmgllp.com
713-658-9001 (phone)
713-658-9011 (fax)

April 2, 2015

*Via Facsimile:*
*(469) 626-1073*
Mr. James C. Mosser
Mr. Nicholas D. Mosser
Mosser Law PLLC
17110 Dallas Parkway, Suite 290
Dallas, Texas 75248

Re:  Cause No. 2014-10896, *Los Cucos Mexican Cafe VIII, Inc.* et al. v. *8650 Frisco, LLC* et al. in the 133rd Judicial District Court of Harris County, Texas

Messrs. Mosser and Mosser:

I attempted to send the attached to the fax number in the signature block of your most recent pleading. According to our fax service, it did not go through. Hopefully it will fare better with the new fax number in your letterhead.

Yours truly,

Samuel B. Haren

2118 Smith Street | Houston, Texas 77002
Main Phone: (713) 658-9001 | Main Facsimile: (713) 658-9011
www.hmgllp.com

Exhibit V                                                    App. 424

| | | |
|---|---|---|
| **LOS CUCOS MEXICAN CAFE VIII,** | § | **IN THE DISTRICT COURT OF** |
| **INC.; LOS CUCOS MEXICAN** | § | |
| **CAFE IV, INC.; MANUEL** | § | |
| **CABRERA; and SERGIO** | § | |
| **CABRERA,** | § | |
| *Plaintiffs* | § | |
| | § | |
| **v.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **8650 FRISCO, LLC D/B/A ESTILO** | § | |
| **GAUCHO BRAZILIAN** | § | |
| **STEAKHOUSE; MANDONA, LLC;** | § | |
| **GALOVELHO, LLC; BAHTCHE,** | § | |
| **LLC; CLAUDIO NUNES; and** | § | |
| **DAVID JEIEL RODRIGUES,** | § | |
| *Defendants* | § | **133rd JUDICIAL DISTRICT** |

### Order Granting Plaintiffs'
### Third Motion To Enforce The Court's Order

On this day the Court came to consider Plaintiffs' Third Motion to Enforce the Court's Order (the "Motion"). After considering the facts, law, and argument of counsel, the Court has decided to GRANT the Motion. Defendants will produce all documents responsive to Requests for Production 1, 2, 3, 4, 5, 7, and 8 contained in Exhibit 1 to the Motion (the "Documents"). This production must be made through hand delivery during normal business hours to Andrew Meade or Samuel Haren at HAWASH MEADE GASTON NEESE & CICACK LLP, 2118 Smith, Houston, Texas 77002.

The Court further finds that Defendants violated three of the Court's prior orders by failing to produce responsive documents. This misconduct is part of a larger pattern of improper objections, meritless motions, frivolous arguments, feigned ignorance of basic factual and legal issues, and dishonest gamesmanship in violation of Texas Rule of Civil Procedure 13. Previous warnings from the Court have been ineffective in forcing Defendants to comply with the Court's

Exhibit V                                                                                    App. 425

orders or with Texas law, and another warning is unlikely to achieve better results. Moreover, another warning would only encourage Defendants to continue their egregious behavior in the future.

Accordingly, the Court imposes the following sanctions:

- Defendants may not conduct additional discovery in this matter until a representative of 8650 Frisco, LLC signs a sworn affidavit of compliance with this order;

- Defendants shall pay $_____ to Plaintiffs for their costs incurred in securing production of the Documents; and

- the issue of whether Plaintiffs face irreparable harm from the lack of the note/security required by the parties' contract is conclusively established in Plaintiffs' favor.

Should Defendants fail to comply with this order within forty-eight hours of the signature hereof, Defendants and their attorneys of record will be asked to personally appear and show cause as to why they should not be held in contempt of this Court.

Signed on the _____ day of _____, 2015.


_____
Judge Presiding

Exhibit V                                                                                                    App. 426

| | |
|---|---|
| Los Cucos Mexican Cafe VIII, Inc.; Los Cucos Mexican Cafe IV, Inc.; Manuel Cabrera; and Sergio Cabrera, Plaintiffs | In the District Court of |
| v. | Harris County, Texas |
| 8650 Frisco, LLC d/b/a Estilo Gaucho Brazilian Steakhouse; Mandona, LLC; Galovelho, LLC; Bahtche, LLC; Claudio Nunes; and David Jeiel Rodrigues, Defendant | 133rd Judicial District |

## Notice of Hearing

Please be advised that the Court will hold an oral hearing on Plaintiffs' Third Motion to Enforce the Court's Order and for Sanctions on **Monday, April 27, 2015, at 10:00 a.m**., in the 133rd Judicial District Court of Harris County, Texas.

Respectfully submitted,

**Hawash Meade Gaston Neese & Cicack LLP**

*/s/ Samuel B. Haren*
Andrew K. Meade
State Bar No. 24032854
Jeremy M. Masten
State Bar No. 24083454
Samuel B. Haren
State Bar No. 24059899
2118 Smith Street
Houston, Texas 77002
713-658-9001 (phone)
713-658-9011 (fax)
ameade@hmgnc.com
jmasten@hmgnc.com
sharen@hmgnc.com

Exhibit V                                    App. 427

**Stephens & Domnitz, PLLC**

Kelly D. Stephens
State Bar No. 19158300
P.O. Box 79734
Houston, Texas 77279-9734
281-394-3287 (phone)
832-476-5460 (fax)
kstephens@stephensdomnitz.com

**Cox Smith Matthews Incorporated**

David Kinder
State Bar No. 11432550
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205
210-554-5500 (phone)
210-226-8395 (fax)

**Attorneys for Plaintiffs**

2

Exhibit V                                                                App. 428

## Certificate of Service

A true and correct copy of the foregoing has been served on all counsel of record via electronic service on April 6, 2015.

James C. Mosser
Nicholas D. Mosser
Mosser Law PLLC
17110 Dallas Pky, Suite 290
Dallas, Texas 75248

*/s/ Samuel B. Haren*
Samuel B. Haren

3

CAUSE NO. 2014-10896

| | | |
|---|---|---|
| **LOS CUCOS MEXICAN CAFÉ VIII, INC., LOS CUCOS MEXICAN CAFÉ IV, INC., MANUEL CABRERA, and SERGIO CABRERA** | §<br>§<br>§<br>§<br>§ | **IN THE DISTRICT COURT** |
| **PLAINTIFFS,** | § | |
| | § | |
| **V.** | §<br>§ | **133rd JUDICIAL DISTRICT** |
| **8650 FRISCO LLC, MANDONA LLC, GALOVELHO LLC, BAHTCHE LLC, CLAUDIO NUNES, AND DAVID JEIEL RODRIGUES** | §<br>§<br>§<br>§<br>§ | |
| **DEFENDANT.** | § | **OF HARRIS COUNTY, TEXAS** |

## DEFENDANT'S RESPONSE TO PLAINTIFFS MOTION TO ENFORCE AND FOR SANCTIONS

Defendant, 8650 Frisco LLC, asks the Court to deny Plaintiffs, Los Cucos Mexican Café VIII, Inc., Los Cucos Mexican Café IV, Inc., Manuel Cabrera, and Sergio Cabrera's, Third Motion to Enforce the Court's Order and for Sanctions, and to impose sanctions on Plaintiffs for their continual filing of frivolous motions, motions that fail to comply with the Texas Rules of Civil Procedure or the Harris County Local Rules, motion with no basis in law or fact, and motions that advance materially false information.

## INTRODUCTION

1. Plaintiffs file their Third Motion to Enforce the Court's Order and for Sanctions alleging of conduct that does not exist, advancing arguments with no support in law or fact, and pointlessly increasing costs of a case that has been settled for approximately eight months.

2. Defendants are in compliance with the Rule 11 Agreement and have been regularly paying each payment under the note agreed upon by the Defendants–Plaintiffs

Defendants' Response to Plaintiffs' Third Motion to Enforce.                    1

Exhibit W                                                                    App. 430

continue to prosecute this case without rhyme or reason.

3.  In an effort to resolve the document drafting issues, Defendants counsel has attempted to reach out at least a dozen times to various lawyers involved in this case, with little or no success.

4.  As of the week of April 13, 2015, Kelly Stephens and Counsel for Defendants were finally able to discuss the issues complained of by Plaintiffs. Defendants requested a mutual canceling of all hearings set for April 27, 2015, the hearings remain set.

5.  Plaintiff offers a bizzare contorted view on reality that reflects the underlying problem with this litigation from the beginning, rather than adhering to the lawyers creed by demonstrating: candor, honesty, and adhering to their duties to the client and the court– Plaintiffs' Counsel wages a warpath of false attribution, misstatement of law and fact, inability to recognize how opposing counsel creates a record for review, and seeks sanctions for every argument raised. Plaintiffs' actions continue in their Third Motion to Enforce and for Sanctions, despite the Attorney in Charge's admission that he was served documents, Mr. Haren falsely contends that Defendants ignored every order from this court.

6.  Rather than stoop to Plaintiffs' level, Defendants will attempt to address what little argument is presented in Plaintiffs' Motion and not endeavor to sling mud on a case that should have been concluded by virtue of the Rule 11 agreement and Defendants continual payment of the settlement amounts. (However, if necessary, Defendants reserve all responses to the false statements, deceptive remarks, and unnecessary misstatements of law and fact for a later time.)

## ARGUMENTS AND AUTHORITIES

Defendants' Response to Plaintiffs' Third Motion to Enforce.                    2

7. Plaintiffs' Motion to Enforce creates a chart of what Plaintiffs requested and compared this to what was received after Defendants served the documents on Plaintiffs twice.

8. Plaintiffs argument is reduced to one sentence immediately following the chart. Plaintiffs' Third Motion to Enforce the Court's Order and for Sanctions, pg. 3.

9. Plaintiffs essentially complain that (1) the dates of production of various documents (including bank accounts, sales reports, and other documents) were limited to a range between April and July 2014; (2) "accounting records" such as "QuickBooks" files and various other *financial statements*[1] were not produced; (3) tax records were not produced; and (4) documents/correspondence from their accountants "other the [sic] Holtman Documents."

*Production of documents between April and July 2014 (inclusive) is proper*.

10. Defendants agree that the documents produced on August 1, 2014 and again on March 31, 2014 encompass a time between April 2014 and July 2014– inclusive.

11. Plaintiff offers no argument or supporting case law related to why this response is objectionable. The Responsive documents were initially tendered on August 1, 2014, the court subsequently ordered Defendants to reproduce what was produced on August 1, 2014 – Defendants produced the same documents again on March 31, 2015.

12. Plaintiffs proffer no argument as to why the production from April 2014 to July,

---

[1] The documents described by Mr. Haren as "accounting records" are not accounting records, rather they are more aptly termed "Financial Statements." See FINANCIAL STATEMENT, Black's Law Dictionary (10th ed. 2014)

Defendants' Response to Plaintiffs' Third Motion to Enforce.                    3

2014 is inappropriate, deserving of sanctions, or in violation of any order of this Court. Defendants cannot properly prepare a response to Plaintiffs' Motion on the relevant issues about which they are complaining until such a time as Plaintiffs articulate their argument.

*Accounting Records*

13. Plaintiffs' inaccurate identification aside–whether Plaintiffs have requested financial statements or accounting records– Plaintiffs provide no argument as to as to why the documents produced are inappropriate.

14. Plaintiffs acknowledge that every document in the possession of Holtman, 8650 Frisco LLC's prior accountant, are in Plaintiffs possession. Plaintiffs' Third Motion to Enforce the Court's Order and for Sanctions, Fn. 3 ("As the Court may recall, Plaintiffs obtained 7,235 pages of documents via subpoena from Hal Holtman (the "Holtman Documents"). Plaintiffs Bates labeled these documents and forwarded them to Defendants. Last June, Defendants "produced" the Holtman Documents, complete with Plaintiffs' original Bates numbering.[sic]").

15. Given that the first time Defendants had been able to retrieve these documents was from Plaintiffs it is difficult to understand why Plaintiffs would want these documents produced back to them, however, Plaintiffs demanded the documents and Defendants complied. *Id.* ("Last June, Defendants "produced" the Holtman Documents, complete with Plaintiffs' original Bates numbering [sic].").

16. Plaintiffs proffer no argument as to why the documents as produced are inappropriate or deserving of sanctions, or in violation of any order of this Court.

Defendants' Response to Plaintiffs' Third Motion to Enforce.                    4

Defendants cannot properly prepare a response to Plaintiffs' Motion on the relevant issues about which they are complaining, until Plaintiffs describe what their objection to the documents produced is, why the documents produced were inappropriate, and how the documents produced failed to comply with the orders of the Court and define the specifics which Order to which they are referring.

*Tax Records*

17. Without delving into greater detail than necessary, Plaintiffs argument fails on the most fundamental basis related to Tax Records.

18. No tax records were produced beyond what Plaintiffs currently have, because at the time of production, August 1, 2014, the tax returns were not due. See generally Instructions to Form 1065, pg 4. Plaintiffs even have correspondence in their possession reflecting that an extension was filed and acknowledged by Plaintiffs' accountant, Hal Holtman.

19. Plaintiffs' "argument," if any, lacks merit as it relates to "Tax Records".

*Documents/correspondence from their accountants "other the [sic] Holtman Documents*

20. Defendants again, admit that documentation or correspondence between 8650 Frisco LLC was scant. However, perhaps this was not due to an improper motive as Plaintiffs suggest–instead, perhaps, Defendants took the 7000 pages produced to Plaintiffs from Mr. Holtman, Plaintiffs' accountant, and had a meeting with their new accountant instead of emailing it to him.

21. Plaintiffs fail to explain what documents are remaining that they believe illustrate a failure to comply with any of the Court's orders. Until Plaintiffs explain how the production was insufficient, and in violation of the Court's Order, Defendants can

Defendants' Response to Plaintiffs' Third Motion to Enforce. 5

hardly be expected to muster a defense to an unarticulated accusation.

*Discussion and Sanctions*

22.     Mr. Haren complains that "All three times, Defendants have simply ignored the Court's order."[sic]. Plaintiffs' Third Motion to Enforce the Court's Order and for Sanctions. Plaintiffs, however, fail to elaborate on where the deficiency lies, how the deficiency warrants sanctions, which document if any they are requesting is actually missing, or any proper efforts of conferring– other than purely self serving statements made in the conference.

23.     None of Mr. Haren's proposed sanctions relate to any of his alleged misconduct. This is especially true given that Mr. Haren fails to identify any conduct sufficient to warrant sanctions.

24.     As to disallowing discovery, Defendant prays that this court will simply enforce the Rule 11 agreement filed with this Court and dismiss this case as Plaintiffs have received their money every single month and the parties are still working on the settlement documents despite Mr. Haren's conduct. Certainly, Defendants request that all activities be terminated until such a time that a breach of the Rule 11 agreement actually occurs.

25.     As to requesting that Defendants pay Plaintiffs' Attorneys' fees, Defendants find little law requiring a party to pay attorney's fees of another party when the other party loses documents served on their counsel. See Supplement to Defendants' Response to Plaintiffs' Second Motion to Enforce the Court's Order and for Sanctions and Defendants' Motion for Sanctions, Exhibit C. If such a case exists, Defendants will be disappointed such a case exists in Texas, however, will revisit

Defendants' Response to Plaintiffs' Third Motion to Enforce.                                      6

Exhibit W                                                                                    App. 435

the argument that Mr. Stephens should be rewarded for losing files served on him for his clients' safekeeping. It is more likely that Texas Law supports the award of attorney's fees to Defendants for responding to Mr. Haren's frivolous motion and Plaintiffs refusal to settle the case as required under the Rule 11 agreement.

26. As to ordering the matter at issue "specifically, whether Plaintiffs face irreparable harm from Defendants' failure to provide the note/security required by the parties contract be established in Plaintiffs' favor. [sic]" Plaintiffs' Third Motion to Enforce the Court's Order and for Sanctions, pg. 4.

27. In reviewing Plaintiffs' Fourth Amended Petition, Defendants find no request for injunctive relief, nor any issues related to "irreparable harm." Therefore, it is unclear why "irreparable harm" is relevant to a breach of contract proceeding– given Plaintiffs do not seek specific performance rather a judgment for exactly what they are being given–money. See Plaintiffs' Fourth Amended Petition Paragraphs 42-45.

28. Even if "irreparable harm" were relevant to these proceedings, Plaintiffs lack any expertise or knowledge sufficient to determine the harm incurred by being paid all monies owed under the contract and whether it is "irreparable". See Correspondence related to Deposition of Samuel Haren and Plaintiffs' Supplemental Response to Defendants' No Evidence Motion for Summary Judgment, Exhibit 12, Affidavit of Samuel Haren.

29. Finally, as to Mr. Haren's request to hold everyone in contempt, Mr. Haren has failed to identify sanctionable conduct, there is certainly no conduct sufficient to

Defendants' Response to Plaintiffs' Third Motion to Enforce. 7

warrant contempt. Even if Mr. Haren had briefed allegations sufficient to warrant contempt, Mr. Haren should familiarize himself with Chapter 21 of the Government Code.

## CONCLUSION

30. The Court should dismiss this case until such a time as a breach of the Rule 11 agreement actually exists. Plaintiffs are receiving regular payments pursuant to the Parties' agreement and have no basis in law or fact for any argument they have presented to this Court. Certainly, Defendants have made a record (time and time again), Defendants have dutifully complied with the orders of the Court and Plaintiffs have no evidence to illustrate otherwise.

## PRAYER

31. Defendants Pray that this court will dismiss this case, until such a time that a party is actually in breach of the Rule 11 agreement. Defendants further pray that the Court deny Plaintiffs' Motion and award Defendants all attorney's fees incurred in responding to both the second and third motions to enforce– as both are frivolous and lacks merit.

Respectfully submitted, *MOSSER LAW PLLC*,

/s/ Nicholas D. Mosser
Nicholas D. Mosser
Texas Bar No. 24075405
Mosser Law, PLLC
2805 Dallas Parkway Suite 222
Plano, Texas 75093
Telephone 972-733-3223
Facsimile 469-626-1073

Defendants' Response to Plaintiffs' Third Motion to Enforce. 8

Exhibit W                                                            App. 437

courtdocuments@mosserlaw.com
LAWYER FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that on April 24, 2015, a true and correct copy of this document was served pursuant to Tex. R. Civ. P. 21 and 21a, to the following counsel/parties:

Kelly Stephens
P.O. Box 79734
Houston, Texas 77279
Telephone: 1-281-394-3287
Facsimile: 1-832-476-5460


Nicholas D. Mosser
By: Nicholas D. Mosser

Defendants' Response to Plaintiffs' Third Motion to Enforce.                    9

2/23/2015 8 39 17 PM
Chris Daniel - District Clerk
Harris County
Envelope No 4254280
By RODRIGUEZ, JIMMY E
Filed 2/23/2015 8 39 17 PM

CAUSE NO 2014-10896

| | | |
|---|---|---|
| LOS CUCOS MEXICAN CAFE VIII, INC , LOS CUCOS MEXICAN CAFE IV, INC , MANUEL CABRERA, and SERGIO CABRERA, | § § § § § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs* | § | |
| v | § § | |
| 8650 FRISCO, LLC D/B/A ESTILO GAUCHO BRAZILIAN STEAKHOUSE, MANDONA, LLC, GALOVELHO, LLC, BAHTCHE, LLC, CLAUDIO NUNES, and DAVID JEIEL RODRIGUES, | § § § § § § § | HARRIS COUNTY, TEXAS |
| *Defendants* | § | 133rd JUDICIAL DISTRICT |

## ORDER DENYING DEFENDANTS' MOTION TO TRANSFER

On this day the Court came to consider (1) Defendants' Emergency Motion to Transfer Venue and (2) Defendants' Supplemental Motion to Transfer Venue (together, the "Motions")

After considering the facts, law, and argument of counsel, the Court has decided to DENY the Motions

Signed on the 23 day of March , 2015

Judge Presiding

App. 439

| | | |
|---|---|---|
| LOS CUCOS MEXICAN CAFÉ VIII, INC., LOS CUCOS MEXICAN CAFÉ IV, INC., MANUEL CABRERA, and SERGIO CABRERA PLAINTIFFS, | § § § § § § § § | IN THE DISTRICT COURT |
| V. | § § | 133rd JUDICIAL DISTRICT |
| 8650 FRISCO LLC, MANDONA LLC, GALOVELHO LLC, BAHTCHE LLC, CLAUDIO NUNES, AND DAVID JEIEL RODRIGUES DEFENDANT. | § § § § § § § | OF HARRIS COUNTY, TEXAS |

## UNSWORN DECLARATION OF PAUL J. DOWNEY REGARDING DISCOVERY REQUESTS FROM PLAINTIFFS

1. My name is Paul J. Downey. I am of sound mind, capable of making this unsworn declaration, and personally acquainted with the facts herein stated.

2. I am a lawyer at Mosser Law, PLLC.

3. I am one of the custodians of the records at Mosser Law, PLLC.

4. As one of the custodians of records at Mosser Law, PLLC, I monitor incoming documents so that deadlines pertaining to those documents are not missed.

5. Discovery requests are among the class of documents that have

Exhibit Y                                                                                              App. 440

deadlines based upon the day the office receives them.

6. Since January 21, 2015, no discovery request propounded under the Texas Rules of Civil Procedure has been served on our office by Counsel for the Paintiffs.

My name is Paul James Downey, my date of birth is January 19, 1984, and my address is C/O Mosser Law, PLLC, 2805 Dallas Parkway, Suite 222, Plano, Texas 75093, United States of America. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Collin County, State of Texas on the 5th Day of May, 2015.

Paul J. Downey

No. _____

IN THE

FIRST/FOURTEENTH JUDICIAL DISTRICT COURT OF APPEALS

at HOUSTON, TEXAS

IN RE 8650 FRISCO, LLC d/b/a ESTILO GAUCHO BRAZILIAN
STEAKHOUSE, MANDONA, LLC, GALOVELHO, LLC, BAHTCHE, LLC,
CLAUDIO NUNES, and DAVID JEIEL RODRIGUES,
Relators

ORIGINAL PROCEEDING FROM THE 133rd JUDICIAL DISTRICT COURT

OF

HARRIS COUNTY, TEXAS

---

STATEMENT OF NO EVIDENCE

---

**UNSWORN DECLARATION OF NICHOLAS D. MOSSER OF NO
EVIDENCE IN SUPPORT OF PETITION FOR WRIT OF MANDAMUS**

1.      My name is Nicholas D. Mosser. I am of sound mind, capable of making this unsworn declaration, and personally acquainted with the facts herein stated.

2.      I represent the relator in the above-styled case, and on the Relator's behalf, I filed a Petition for Writ of Mandamus on May 6, 2015.

3.      The trial court rendered an order on Real Parties' in Interest Second Motion to Enforce the Court's Order on April 1, 2015.

4. The trial court based its April 1, 2015 order on the papers on file in this case and the arguments of the attorneys. No evidence or testimony was received at the March 30, 2015 hearing on the Real Parties' in Interest Second Motion to Enforce the Court's Order.

5. Additionally, the trial court rendered an order on Real Parties' in Interest Third Motion to Enforce the Court's Order on April 27, 2015.

6. The trial court also based April 27, 2015 order on the papers on file in this case and the argument of the attorneys. No evidence or testimony was received at the April 27, 2015, hearing on the Real Parties' in Interest Third Motion to Enforce the Court's Order

7. I have ordered copies of the transcripts of the hearings held on March 30, 2015, and April 27, 2015, from the Court Reporter present on at these hearings. I will supplement the appendix and record as soon as these transcripts become available.

My name is Nicholas Dupont Mosser, my date of birth is March 20, 1984, and my address is C/O Mosser Law, PLLC, 2805 Dallas Parkway, Suite 222, Plano, Texas 75093, United States of America. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Collin County, State of Texas on the 5th Day of May, 2015.



Nicholas D. Mosser